# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

        Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

        Defendants.

_____/

## PLAINTIFF'S INITIAL INTERROGATORIES ON INFORMATION TECHNOLOGY DIRECTED AT DEFENDANT TD BANK, N.A.

Plaintiff Coquina Investments ("Coquina"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 33 and Southern District of Florida Local Rule 26.1(g), hereby requests that Defendant TD Bank, N.A. ("TD Bank") answer each of the following Interrogatories set forth below, separately and fully in writing, under oath, within thirty (30) days from service of these Interrogatories and in the manner provided by the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -2-

Dated:  August 27, 2010

Respectfully submitted,

MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1200
Miami, Florida  33131
Telephone: 305.374.7771
Facsimile: 305.374.7776
dmandel@mandel-law.com

By: _____
DAVID S. MANDEL
    Florida Bar No. 38040
NINA STILLMAN MANDEL
    Florida Bar No.: 843016
JASON B. SAVITZ
    Florida Bar No. 36444

*Attorneys for Coquina Investments*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August 2010, the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

Service List:

Glenn E. Goldstein
Greenberg Traurig, P.A.
410 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile:  (954) 765-1477
goldsteing@gtlaw.com

*Attorneys for Defendant TD Bank*

_____
David S. Mandel

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -3-

## DEFINITIONS

1.  For purposes of these Interrogatories, the term T.D. Bank, N.A. ("TD Bank") means Defendant T.D. Bank, N.A.. ("TD Bank"), and/or any other person, parent, subsidiary, affiliated company, third party, or entity (including directors, officers, employees, agents, representatives, etc.) acting or purporting to act on TD Bank's behalf or under TD Bank's control including, but not limited to, Toronto-Dominion Bank; TD US P&C Holdings, ULC; TD Bank US Holding Company; TD Banknorth; and Commerce Bank.

2.  For purposes of these Interrogatories, the term Scott W. Rothstein ("Rothstein") means Defendant Scott W. Rothstein ("Rothstein"), and/or any other person, third party, or entity (including directors, officers, employees, agents, representatives, etc.) acting or purporting to act on Rothstein's behalf or under his control.

3.  For purposes of these Interrogatories, the term Rothstein, Rosenfeldt, Adler, P.A. ("RRA") means the law firm of Rothstein, Rosenfeldt, Adler, P.A. ("RRA"), and/or any other person, parent, subsidiary, affiliated company, third party, or entity (including directors, officers, employees, agents, representatives, etc.) acting or purporting to act on RRA's behalf or under RRA's control.

4.  For purposes of these Interrogatories, the term "Complaint" or "Action" refers to the Complaint filed in this litigation, *Coquina Investments v. Rothstein, et al.,* Case No. 10-60786-Civ-Cooke in the United States District Court for the Southern District of Florida and any other documents served, filed, or produced in connection therewith.

5.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

6.  "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

7.  "Date" shall mean the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

8.  "Document(s)" shall mean any writing, recording, electronically stored information or photograph in TD Bank's actual or constructive possession, custody, care or control, which relate directly or indirectly, in whole or in part, either to any of the subjects listed in these Interrogatories or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to:  original or exact copies of any tangible written, typed, printed, electronic, photographed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced,

whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, e-mails, text messages, instant messaging records or logs, calendars, diaries, memoranda (including interoffice memoranda, intraoffice memoranda, memoranda for files, and memoranda of telephone, meeting, or other conversations) invoices, bank accounts, wire transfers, wire instructions, reports, receipts and statements of account, ledgers, notes or notations, minutes, booklets, books, drawings, graphs, charts, telephone records, telephone messages, voicemail messages, video cassettes, electronic tapes, microfilms, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the original, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate documents. Documents shall pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents.

9.  "Identify" – when used in reference to a document – shall mean to state (1) the author, (2) the signors, (3) the addressee, (4) the relationship of the signor and addressee to each other (if not obvious from context), (5) its present location, including the identity of the person or entity with custody or control of it, (6) the type of document (e.g., letter, memorandum, telegram, email, chart, sketch, etc.), and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel Spreadsheet, proprietary software, etc.), (7) the general subject matter of the document or electronically stored information, (8) the date of the document or electronically stored information, and (9) any other means of identifying with sufficient particularity to meet the requirements for its inclusion in a Request for Production of Documents pursuant to Federal Rule of Civil Procedure 26(b). In connection with correspondence, "identify" shall also mean to state the date of mail or receipt, whichever is applicable. In the event that a document was, but no longer is, in TD Bank's possession or subject to TD Bank's control, state what disposition was made of it and the reason for that disposition. In lieu of identifying any documents (except in the case of correspondence where the date of mailing or receipt is also required) a true and correct copy may be annexed to and incorporated in the answers to these Interrogatories.

10. "Identify" – when used in reference to an entity other than an individual person – means to state: (1) whether that entity is a corporation, partnership, or other organization, (2) its name, (3) its present and last known address and principal place of business, and (4) state of incorporation. Once any person or entity has been identified properly, it shall be sufficient thereafter when identifying that person or entity to state only the name.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -5-

11.  "Identify" – when used in reference to an individual person – shall mean to state: (1) his or her full name, (2) present residence address, (3) present residence telephone number, (4) present employer, (5) present business address, (6) present business telephone number, (7) present employment position, department, and job title, and (8) job description.

12.  "Identify" – when used in reference to information technology – shall mean to state the information requested in the Interrogatory and state (as applicable): (1) the name, title, version, platform, and manufacturer of hardware, software, components, removable media, mobile devices, etc., (2) the information technology's present location, (3) the information technology's relationship and connectivity to TD Bank's computer system, and (4) the identity of all corresponding users of the information technology.

13.  "Identify" – when used in reference to an oral transaction or communication – shall mean to state: (1) a description of its nature (telephone, conversation in person, meeting etc.), (2) the date and place thereof, (3) the identity and address of each person participating therein, or present during, or witness to any part thereof, and (4) the participants and witnesses relationship to one another (if not obvious from context).

14.  "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

15.  "Related to" or "Relating to" shall mean directly or indirectly, relates to, refers to, reflects, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, contradicts, pertains to, arises out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

16.  "Third party" or "third parties" refers to individuals or entities that are not a party to this action.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -6-

## <u>INSTRUCTIONS</u>

1.   The discovery called for in these Interrogatories, unless otherwise specified (as, for example, by a specific date, the word "ever" or the phrase "at any time," and without regard to the tenses used in these Interrogatories) shall be limited in scope to the following:

> information relating to (a) this Action (as defined above), (b) the support of any claim or defense in this Action, (c) current or former TD Bank employees identified in this Action or (d) any other individual or entity who accessed information relating to banking activity by Defendant Rothstein, RRA, Plaintiff Coquina, or their respective agents for the period of January 1, 2005, to the present time.  In addition, to the extent a TD Bank system integration in or around September 2009 necessitates a different response with respect to pre-integration versus post-integration, please so state and describe with particularity the relevant information and differences for both pre-integration and post-integration.

2.   If any of the information requested in an answer to all or part of an Interrogatory is not known by TD Bank, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to TD Bank any part of the information furnished.

3.   If any of the information requested in an answer to all or part of an Interrogatory is not presently known or available to TD Bank, include a statement to that effect, and furnish the information now known or otherwise available to TD Bank.

4.   If TD Bank contends that it would be unreasonably burdensome to obtain and provide any or all of the information called for in response to any Interrogatory or subpart thereof, then in response to the appropriate Interrogatory or subpart:

> a.   set forth all such information that is available to TD Bank without undertaking what TD Bank contends to be an unreasonable burden;

> b.   state with particularity the grounds on which TD Bank contends that additional efforts to obtain such information would be unreasonably burdensome; and

> c.   describe with particularity the efforts made by TD Bank to secure such information, including the identity of all persons consulted; all files, records, and documents reviewed; and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -7-

5.      If TD Bank believes that any of the Interrogatories call for information subject to a claim of
        privilege, please answer so much as is not objected to, specify that part of each Interrogatory
        as to which TD Bank objects, identify the privilege TD Bank is asserting, and set forth the
        specific basis for TD Bank's claim of privilege concerning the information TD Bank refuses
        to give, including a statement identifying the nature of the information withheld and
        providing as much of the information requested as possible.

6.      If TD Bank objects to fully identifying a document, electronically stored information or oral
        communication because of a privilege, TD Bank must nevertheless provide the following
        information pursuant to Local Rule 26.1(g)(3), unless divulging the information would
        disclose the privileged information:

        a.      the nature of the privilege claimed (including work product);

        b.      if the privilege is being asserted in connection with a claim or defense governed by
                state law, the state privilege rule being invoked;

        c.      the date of the document, electronically stored information, or oral communication;

        d.      if a document: its type (e.g., letter or memorandum) and, if electronically stored
                information, the software application used to create it (e.g., MS Word, MS Excel
                Spreadsheet, proprietary software, etc.), and the custodian, location, and such other
                information sufficient to identify the material for a subpoena duces tecum or a
                production request, including where appropriate the author, the addressee, and, if not
                apparent, the relationship between the author and addressee;

        e.      if an oral communication: the place where it was made, the names of the persons
                present while it was made, and, if not apparent, the relationship of the persons
                present to the declarant; and

        f.      the general subject matter of the document, electronically stored information or oral
                communication.

7.      TD Bank is under a continuous obligation to supplement its answers to these Interrogatories
        under the circumstances specified in Federal Rule of Civil Procedure 26(e).

8.      The subheading titles of the Interrogatories below are intended to enhance general
        understanding and readability of these Interrogatories. They are not intended and should not
        be construed to limit the scope of any Interrogatory.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -8-

## INTERROGATORIES

1.    Identify each person responding to these Interrogatories or who has assisted in their preparation.

## Computer System and Management

2.    Identify and describe any graphical representation of the components of TD Bank's computer network, and the relationship of those components to each other, including, but not limited to, flow charts, videos, photos, or drawings that facilitate the flow of electronic information and communications.

3.    Identify all employees, nonemployee consultants, consulting firms, contractors, or similar individuals or entities who are or were employed or retained by TD Bank and responsible for installing, servicing, managing, or maintaining TD Bank's technology infrastructure including, but not limited to, servers or other network storage devices and related peripheral equipment, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices, all used in TD Bank's normal course of business.

## Networking and Connectivity

4.    Identify and describe all groups of connected computer systems and all available third-party connectivity between the computer systems, used in TD Bank's normal course of business that permit users to share, store, preserve, backup information and transfer data, including, but not limited to, local area networks (LANs), wide area networks (WANs), metropolitan area networks (MANs), client-server networks, virtual private networks (VPNs), remote access, peer-to-peer networks (P2Ps), integrated services digital networks (ISDNs), and storage area networks (SANs), identify the ISP (Internet Service Provider), email servers, and connections to the computers; and identify all equipment, devices, components and network resources that establish and maintain the network environment, including, but not limited to, routers, switches, hubs, bridges, firewalls, proxies, etc.

5.    Identify and describe the remote access of TD bank employees including, but not limited to, whether TD Bank employees are permitted to remotely access TD Bank networks, information, or email; the identity of each employee who obtained remote access (and whether it was authorized or unauthorized); and, for each corresponding remote user, whether the access was by personal or TD Bank provided desktop or laptop computer.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -9-

**Hardware and Electronic Devices**

6.      Identify each individual computer (stand alone or part of TD Bank's computer system) and electronic device and its corresponding user(s) that is or has been used. This includes, but is not limited to, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices, including descriptions of equipment and any peripheral technology attached to the computer system.

**Software**

7.      Identify the title and version number of any and all operating systems and software installed on each of TD Bank's computers or systems. This includes, but is not limited to, programs for electronic mail (e-mail), instant messaging, voicemail messaging, calendars, project management, word processing, spreadsheets, financial operations, banking operations, databases, and any other programs used to access TD Bank data, transactions, and customer information. If any software is proprietary to or specifically developed for TD Bank, also provide a detailed description of the software, the version number, the software's platform, the name(s) of the developer and manufacturer, and their address, telephone number, and facsimile number.

**System Modifications**

8.      Identify all hardware or software modifications made to the computer systems identified in TD Bank's answers to these Interrogatories, including type and nature of each modification, dates of modification, software and hardware titles, version numbers, identities of the person(s) performing the modification, and location of data backups made prior to modification. For each system modification, identify and describe all methods used in the migration of old data to the new system, including identifying and describing any data that was not able to migrate to the new system, and the methods used to preserve such data.

**Removable Media**

9.      Identify and describe TD Bank's policies and procedures governing the use of and any restrictions on removable media, such as CD-ROMs, Zip disks, floppy disks, tape drives, usb drives, removable hard drives, etc., associated with TD Bank's computer systems or network.

10.     Identify all removable media that may contain information including the type of media, model number, version number, and present location.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -10-

**Electronic Mail**

11.   Identify all e-mail accounts (internal and/or external) used by TD Bank and its employees, including all user accounts or sub directories (including the identity of the corresponding user) that store or manage email accounts, the type of e-mail system used (e.g. Microsoft Outlook or Exchange), any off site storage of e-mail, backup and recovery systems for e-mail, and the search ability of stored and backed up e-mail.

**Telephone and Mobile Communications**

12.   Identify the components and design implementation or distribution of telephone, cellular phone, personal digital assistant (PDA), hand held devices, and voice messaging systems, including all hardware, software, and third-party service providers.

13.   Identify the user(s) and their corresponding cell phones, PDAs, digital convergence devices, or other portable electronic devices, whether owned by TD Bank or by others.  For each electronic device, identify the manufacturer, model, serial number, and if applicable, the telephone number, service provider, account holder, and telephone or data service account number.

14.   Is or was electronic communication using text messaging via cellular telephone utilized?  If so, identify those individuals who text message and the corresponding manufacturer, model number, serial number, telephone number, service provider, account holder, and telephone or data service account number.

**Logging and Monitoring**

15.   Identify and describe in detail any logging, saving, or monitoring of internet activity, remote access connections, instant messaging, text messaging, telephone activity, cellular phone activity, call records, caller ID logs, voicemail messages, banking activity, bank account access, and computer or account log-in/log-out by TD Bank employees, agents, or customers. Identify how and where the logging information is kept, the software name and version, the type of information that is logged and captured, and the period of retention and location of the logs.

16.   Identify and describe any computer-based encryption or security device used by TD Bank or its employees that would prevent the reading of any data or email communication.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -11-

**Data Retention, Recovery, and Destruction**

17.    Identify and describe TD Bank's policies, procedures, and plans pertaining to data retention, data backup, data archiving, disaster recovery, data deletion or destruction of documents, including, but not limited to, computer systems data, e-mail messages, telephone call records, voicemail messages or records, and identify the model and version of any hardware or software used to perform such retention, backup, archiving, recovery, and deletion or destruction.

18.    Identify and describe specifically any migration of data from old or legacy systems, to new or current systems.

19.    Identify all current and former TD Bank employees who are or were responsible for conducting data and electronic information backup, archiving, recovery, restoration, destruction, deletion, and their dates of employment.

20.    Identify and describe specifically the steps taken to preserve relevant data in this matter, including identifying the computers, servers, or any other electronic devices that are, or have been, backed up, the type of backup, what data is present, its format, search functionality, its location, and the recovery and restore process.

21.    Identify any and all servers or other network storage devices, desktop computers, portable computers, laptop computers, personal digital assistants (PDAs), telephones, and other similar electronic devices that have had their hard drives reformatted, deleted, wiped, or replaced in whole or in part.

22.    Identify and describe any and all information deleted, physically destroyed, corrupted, damaged, lost, or overwritten, whether pursuant to the data retention and destruction policies and procedures identified in TD Bank's answer to Interrogatory 18 above or not. For each piece of information, describe in detail the reasons for the deletion, destruction, corruption, damage, loss or overwriting, the methods employed, and the ability to recover or restore the data.

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke
Page -12-

## **VERIFICATION**

    I HEREBY CERTIFY under penalty of perjury that I, _____,
                                                    (print full name)
_____ of T.D. Bank, N.A., am authorized to verify this response
   (print full title)
on behalf of Defendant T.D. Bank, N.A. I have read each of the above definitions, instructions, and

questions and answered them fully and truthfully.


Executed at _____ on this \_\_\_\_\_ day of _____, 2010.
            (city, state)


By:_____, on behalf of T.D. Bank, N.A.
         (Signature)


STATE OF               )
                         )
COUNTY OF           )

    SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2010, by

_____ who is personally known to me or has produced _____

as identification.


_____
(Signature of Notary Public)

Notary Public, State of_____


_____
(Print, type or stamp commissioned name of Notary Public)

My Commission Expires:_____