# EXHIBIT B

## Goldstein, Glenn (Shld-FTL-LT)

| | |
|---|---|
| **From:** | Goldstein, Glenn (Shld-FTL-LT) |
| **Sent:** | Friday, September 03, 2010 10:08 AM |
| **To:** | 'Jason B. Savitz' |
| **Cc:** | David S. Mandel; Nina Stillman Mandel |
| **Subject:** | RE: Joint Scheduling Report -- Due Today (Emess v. TD Bank) |

Jason:

I have been very busy on other matters, including being in court most of yesterday. In the future, please include Donna Evans on all communications. It will speed up our ability to respond to you.

We will try to reach our client contact today, re: the joint scheduling report. Unfortunately, he may already be gone for the holiday weekend. I am sure you appreciate the fact that we need our client's sign-off on something like this, and the short notice doesn't make it easy. Having said that, we will do our best to reach him today. If not, we may need to get this done early next week. We agree this needs to be taken care of in an expeditious manner.

My initial reaction as to timing would be to recommend that we make all of the dates at least 3 months later to give us all a little breathing room after the Coquina trial. However, I will discuss this aspect, and all other aspects of the JSR with my colleagues and our client.

We will also get an answer to your question regarding the Coquina interrogatories, and discuss the timing of exchanging Emess disclosures next week.

Finally, with regard to the issue of a form of confidentiality agreement, I would suggest that you confer with your Emess co-counsel, Bruce Katzen or Michael Landen, and have them provide you with what we agreed to in the bankruptcy. That would be a great starting point to agreeing to a form of order in both of these cases.

Thanks,
Glenn

---

**From:** Jason B. Savitz [mailto:jsavitz@mandel-law.com]
**Sent:** Thursday, September 02, 2010 8:49 PM
**To:** Goldstein, Glenn (Shld-FTL-LT)
**Cc:** David S. Mandel; Nina Stillman Mandel
**Subject:** Joint Scheduling Report -- Due Today (Emess v. TD Bank)

Dear Glenn,

Did you receive my email of last Friday night, August 27th? We had hoped to hear from you by now so we could also discuss related case management and joint scheduling matters on the Emess Capital v. TD Bank case.

We had anticipated that Judge Lenard might issue case scheduling guidance similar to Judge Cooke's guidance in Coquina v. TD Bank. In the absence of such guidance from Judge Lenard, the parties are jointly obligated to submit a Joint Scheduling Report and Case Management Plan without waiting on additional orders from the Court. Our reading of the

Rules suggests that in order to be in technical compliance with the Rules, the abundance of caution approach requires the parties to jointly file a scheduling report and case management plan today.  Please let us know if your time calculations are different.  If your calculations are the same, ideally we would like to jointly file by the end of the week (if not tonight, given the hour).

We have taken the liberty of drafting the Joint Scheduling Report and Case Management Plan.  Please note the following:

(1) For consistency and the convenience of both parties, we have used the prior drafts jointly used and agreed to in the Coquina case.

(2) As to the Joint Scheduling Report, it would be helpful to receive a response to my email of August 27th.  Depending on TD Bank's position, Emess (and TD Bank) may want to amend the Joint Scheduling Report in order to seek the Court's early intervention in managing discovery issues.  See items 11 & 13 in the attached draft Joint Scheduling Report.

(3) For your convenience, I attach a redline of the current draft of the Joint Scheduling Report against that filed in the Coquina litigation.

(4) As for the proposed Case Management Plan, we simply added two months to each of the deadline dates ordered by Judge Cooke this afternoon in Coquina v. TD Bank.  Where a deadline fell on a weekend or a holiday, we moved the deadline to the next business day.  The lone exception is that the trial date fell during the Christmas/New Year holidays, so we moved that deadline two weeks to the next available Monday of a non-holiday week.  It also appears Judge Cooke did not address the deadline for Daubert motions in her order, so we added two months to the deadline originally proposed by the parties in the Coquina case.  Also note that we redacted a reference specific to Judge Cooke on the deadline for final proposed jury instructions.

(5) Although the parties personally attended a planning conference on Coquina v. TD Bank and likely covered all issues similar to the Emess litigation, the parties should schedule a conference call (or meeting) to confirm there are no new issues unique to this particular litigation.  This way, to the extent we haven't already done so, the parties will have met their planning conference obligations.  Please let us know your availability.

(6) We should also discuss a timetable for jointly exchanging initial disclosures in the near future.

We look forward to hearing from you at your earliest convenience.

Kind regards,
Jason

# MANDEL & MANDEL LLP

**Jason B. Savitz**
1200 Alfred I. duPont Building
169 East Flagler Street
Miami, Florida 33131
Telephone:     305 374 7771
Facsimile:     305 374 7776
E-Mail:        jsavitz@mandel-law.com
               www.mandel-law.com

**NOTICE:** This e-mail is from a law firm, Mandel & Mandel LLP ("M&M"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of M&M, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to M&M in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of M&M, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.
IRS CIRCULAR 230 Disclosure: Under U.S. Treasury regulations, we are required to inform you that any tax advice contained in this e-mail or any attachment hereto is not intended to be used, and cannot be used, to avoid penalties imposed under the Internal Revenue Code.