# EXHIBIT J



Donna Evans
Tel 617.310.6054
evansd@gtlaw.com

October 28, 2010

**VIA EMAIL**

Nina Stillman Mandel
Mandel & Mandel LLP
1200 Alfred I duPont Building
169 East Flagler Street
Miami, FL 33131

Re: *Coquina Investments v. TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra

Dear Nina:

    Please find attached a version of the Proposed Protective Order which I believe includes all agreed-upon changes that you, Glenn Goldstein and I discussed. If not, please let me know. As to your request that we permit any confidential information produced in the *Coquina* case, which you filed separately and is pending before Judge Cooke, to be provided to your clients in the *Emess* case, which you separately filed and is pending before Judge Lenard, we do not agree as these cases are separate cases with separate facts underlying, among other things, when each of your clients made their purported investments and the contact, if any, they allege they had with TD Bank. N.A. or others. To the extent we produce a confidential document related solely to Coquina Investments, we do not agree to permit that document to be provided to Emess Capital as a blanket matter.

    We have offered that witnesses common to both cases may be deposed in one deposition and that to the extent you believe it is necessary to share information designated Confidential in one case with your clients in another case, we will reasonably consider each request. We believe this position avoids unnecessarily burdening two courts with a resolvable discovery issue. We continue to believe that the parties should enter into separate Protective Orders in each of the cases which provide the protections needed by Defendant TD Bank, N.A. and give you flexibility to request that documents be shared between your clients, as the issues arise. We would be willing to put this into each agreement. We will oppose, however, a motion before either Court to permit blanket shared discovery.

    Finally, the letter agreement you provided us on October 14, 2010, related to our Interrogatory Answers, not documents. We agreed to produce interrogatory answers due on that day pursuant to your letter agreement to negotiate in good faith a Protective Order and to keep the Interrogatory Responses confidential. In addition, our interrogatory answers state as follows, where relevant: "As the Parties have not yet

Nina Stillman Mandel
October 28, 2010
Page 2

---

negotiated a Protective Order, TD Bank will produce the relevant documents, pursuant to Fed. R. Civ. P. 33(d) and Local Rule 26.1(g)(4), within a reasonable time after the Court enters the Protective Order." We will thus produce such documents as stated in our Interrogatory Answers.

Best regards,

Donna Evans

Attachment