UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60786-Civ-COOKE/BANDSTRA

COQUINA INVESTMENTS,

    Plaintiff,

vs.

SCOTT W. ROTHSTEIN and TD BANK, N.A.,

    Defendants.

_____/

## ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant TD Bank, N.A.'s Motion to Dismiss. I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, the Defendant's motion to dismiss is denied.

### I. BACKGROUND[1]

This is a civil case involving allegations of a complicated ponzi scheme run by Defendant Scott W. Rothstein, and involving Defendant TD Bank, N.A. The Plaintiff, Coquina Investments, is an investment partnership located in the State of Texas. According to the Plaintiff's allegations, Rothstein promoted, managed, and supervised a fraudulent racketeering scheme selling fictitious structured settlements. The settlements were purportedly derived from clients of Rothstein's law firm who were settling potential sexual harassment claims for large

---

[1] These facts are taken from Coquina's Complaint and Civil RICO Case Statement. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff."). A Civil RICO Case Statement is required under Local Rule 12.1 for the Southern District of Florida and may be considered on a motion to dismiss. *See Pierce v. Union Planters Bank, N.A.,* 2002 WL 31750246, *1 n.1 (S.D. Fla. Sept. 26, 2002) (citing *In re Managed Care Litig.,* 135 F. Supp. 2d 1253, 1261 (S.D. Fla. 2001)).

structured settlements, but wished to immediately accept a smaller single payment funded by a victim-investor. Rothstein allegedly sold these settlement contracts to Coquina and dozens of other victim-investors, fraudulently representing that the full amount of the structured settlements had already been deposited into a trust account at TD Bank.

Coquina alleges that TD Bank, through several senior officers and employees, actively participated in Rothstein's racketeering activity. According to Coquina, these TD Bank officials met with victims of the fraud, assuring them of the safety of their investments, and vouching for the integrity of Rothstein and the legitimacy of the settlement transactions. TD Bank also allegedly generated numerous false and fraudulent documents, including letters designating accounts as irrevocably locked, such that funds transferred into the account could not be transferred to anyone other than the victim-investors, as well as statements and letters fraudulently misrepresenting the Plaintiff's account balances.

The Plaintiff alleges four causes of action against Defendant TD Bank: (Count 1) violation of the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, *et seq*. (RICO), under § 1962(c); (Count 2) conspiracy to violation the RICO Act, under 18 U.S.C. § 1962(d); (Count 3) fraudulent misrepresentation; and (Count 4) aiding and abetting fraud.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

When a party makes allegations of fraud, "the circumstances constituting the fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b).[2] "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud. *Id.* At 1316-17.

### III. ANALYSIS

**A.     Count 1: Violation of the Racketeering Influenced and Corrupt Organization Act Through Conduct of an Enterprise, 18 U.S.C. § 1962(c)**

Section 1962(c) of the RICO Act makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). "[T]o establish a federal

---

[2] The purpose of Rule 9(b) is to alert defendants to the precise misconduct with which they are accused and to protect defendants from contrived charges of fraudulent behavior. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370-71 (11th Cir. 1997). Rule 9(b) does not, however, abrogate the concept of notice pleading. *Id.* at 1371.

civil RICO violation under § 1962(c), the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291-92 (11th Cir. 2010).

An "enterprise" is defined as "any union or group of individuals associated in fact." 18 U.S.C. § 1961(4); *see also United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000) ("the existence of an enterprise 'is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit' . . . that furnishes a vehicle for the commission of two more predicate crimes") (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981). "'[R]acketeering activity' means . . . any act which is indictable under . . . [18 U.S.C. § 1343] (relating to wire fraud), . . . [18 U.S.C. § 1956] (relating to the laundering of monetary instruments), . . . [or] [18 U.S.C. §§ 2314 & 2315] (relating to interstate transportation of stolen property)." 18 U.S.C. § 1961(1). A "pattern of racketeering activity" is shown when an enterprise commits at least two distinct but related racketeering acts (referred to as predicate acts). *Edwards*, 602 F.3d at 1292.

A civil RICO-plaintiff must plead and prove injury to its business or property and must show that its injuries were caused by the defendants' substantive RICO violations. *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1283 (11th Cir. 2006) (citing 18 U.S.C. § 1964(c)). Additionally, a RICO-plaintiff must establish that the RICO-defendants participated in the operation or management of the enterprise itself; in other words, the RICO-defendants must have some part in directing the affairs of the enterprise. *Id.* at 1285. This requirement does not mean that RICO liability is limited to those with primary responsibility for the enterprise's affairs. *Id.* It is sufficient for a plaintiff to allege that a civil RICO defendant exercised some degree of direction and control of the enterprise. "[L]iability depends on showing that the defendants

4

conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (internal quotation marks omitted).

### *1. Plaintiff's allegations regarding the existence of a RICO enterprise.*

TD Bank argues that Coquina has failed to adequately plead the existence of a RICO enterprise. (Mot. To Dismiss 7, ECF No. 20). It is TD Bank's position that, at best, Coquina's allegations make out a case that the bank and Rothstein conspired to commit fraud, and that merely conspiring to commit a fraud is not enough to trigger the RICO Act if the Defendants are not organized in a fashion that would enable them to function as a racketeering organization for other purposes. (*Id.*) (citing *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1274 (S.D. Fla. 2003). Coquina responds by arguing that "Defendants Rothstein and TD Bank, through senior bank officials such as Frank Spinosa and others, worked seamlessly together to extract money from investors, pretend to secure the money, and then moved that money around in a way that suggested Rothstein way paying out on the structured settlement investments when he was not." (Resp. in Opp'n to Mot. To Dismiss 11-12, ECF No. 31); *see also* Civil RICO Case Stmt. 7-12, ECF No. 16).

"[A] RICO enterprise need not possess an 'ascertainable structure' distinct from the associations necessary to conduct the pattern of racketeering activity." *United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1274-75 (11th Cir. 2000) (noting that the Eleventh Circuit Court of Appeals has rejected other circuits requirements that a RICO enterprise possess a structure distinct from the pattern of racketeering activities). In this case, Coquina has sufficiently alleged that Rothstein and TD Bank, through Frank Spinosa, a former Regional Vice President, as well as several other individuals, operated together functioning as a continuing unit from 2005 until

November 2009, and that their association served as the vehicle for the commission of two or more predicate crimes. (Compl. ¶¶ 32-36, 44, 46, 48, 65-66, ECF No. 1).

### 2. *Plaintiff's allegations regarding TD Bank's participation the alleged enterprise.*

TD Bank argues that Coquina's complaint should be dismissed because it fails to allege any facts showing that the Bank had a part in directing the affairs of the alleged enterprise. (Mot. To Dismiss 9). TD Bank relies on a case from the Eighth Circuit Court of Appeals which states, "[a] bank's financial assistance and professional services may assist a customer engaging in racketeering activities, but that alone does not satisfy the stringent 'operation and management' test" for RICO liability. (*Id.*) (citing *Dahlgren v. First Nat. Bank of Holdrege*, 533 F.3d 681, 690 (8th Cir. 2008)).

The critical inquiry in determining whether a RICO-defendant was involved in the "operation or management" of the enterprise is whether the defendant "conducted or participated in the conduct of the '*enterprise's affairs*,' not just [his or her] *own* affairs." *Reves*, 507 U.S. at 185. Here, Coquina has alleged that TD Bank participated in the direction of the affairs of the enterprise by preparing and issuing multiple letters that affirmatively mislead investors that their accounts were irrevocably "locked" and therefore safe, when in fact Rothstein was able to access the accounts at any time and transfer the funds without the investors' knowledge. (Civil RICO Stmt. 18-20, ECF No. 16). Coquina has also alleged that TD Bank met with investors and assured them of the safety of their investments, and vouched for the integrity of Rothstein and the legitimacy of the settlement transactions. (*Id.* at 2-3). Specifically, Coquina has asserted that TD Bank played an important role in the enterprise, and that Rothstein needed TD Bank to "take steps to maintain the appearance of legitimacy of the overall operation, including meeting with investors, speaking with investors on the telephone, providing documents, such as the "lock

6

letters," account balances, and other documents to conceal the truth from investors, keep the investors and encourage them to re-invest, and to attract additional investors. (Compl. ¶ 14, ECF No. 1).

Coquina has made sufficient allegations in its Complaint and Civil RICO Statement, to survive a motion to dismiss. Coquina's assertions paint a picture of TD Bank's involvement in the enterprise that go beyond the Bank merely rendering financial assistance and professional services to assist a customer who happened to be engaging in racketeering activities. Coquina has sufficiently pleaded that TD Bank conduced or participated in the conduct of the affairs of the enterprise.

### 3. *Plaintiff's allegations regarding predicate acts.*

TD Bank argues that Coquina has failed to adequately plead that the Bank committed two or more distinct but related predicate acts. (Mot. To Dismiss 13, ECF No. 20). Specifically, TD Bank asserts that Coquina's allegations of wire fraud, money laundering, and violation of the National Stolen Property Act are simply formulaic recitations and lack any factual allegations that would support a strong inference that the Bank possessed the requisite intent. (*Id.* at 13-14). Coquina responds that "[t]he fact that Bank employees were pretending to secure accounts with no real security, and were creating and distributing bogus account balances via letters and computer 'screenshots' provides a permissible and plausible inference that Defendant TD Bank, through its employees, had the requisite intent to engage in the predicate acts alleged in the Complaint." (Resp. in Opp'n to Mot. To Dismiss 14, ECF No. 31).

"In order to survive the motion to dismiss, [Coquina] . . . must allege either that [TD Bank] had fraudulent intent when committing the banking transactions outlined in the complaint or, at a minimum, knew that the money involved in these transactions derived from unlawful

7

activity." *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). Coquina has provided detailed allegations, including testimony from a TD Bank employee, which supports a reasonable inference that the Bank acted with the requisite intent.[3] Coquina asserts that TD Bank provided investors with fraudulent account balance statements. (Civil RICO Stmt. 15, ECF No. 16). Additionally, Coquina has alleged that the Bank provided the "lock letters," bearing the signature of TD Bank Regional Vice President Frank Spinosa, to induce investors to invest with Rothstein, even though these "lock letters" were meaningless and misleading. (*Id.*).

Coquina's allegations, that TD Bank was providing false balance statements and misleading "lock letters," support a strong inference that TD Bank possessed the requisite knowledge and intent to satisfy Coquina's allegations of wire fraud, money laundering, and violation of the National Stolen Property Act on the part of the Bank. It is a reasonable and logical inference that TD Bank provided these fraudulent or misleading documents for the purpose of facilitating and assisting Rothstein in the ongoing enterprise. If Coquina can prove up these allegations, it should be able to meet its burden of production on the issue of intent with respect to the allegations of wire fraud, money laundering, and violation of the National Stolen Property Act.

### 4. *Plaintiff's allegations regarding the pattern of racketeering activity.*

Coquina has adequately alleged a pattern of racketeering activity. It has asserted that the enterprise here was fraudulent from its inception, that it was perpetuated over a period of four years, that it involved approximately 400 investors, about $1.2 billion, and losses over $400 million. (Civil RICO Stmt. 2, ECF No. 16). These allegations are sufficient to satisfy the

---

[3] "[I]ntent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

closed-ended continuity requirements for RICO litigation. *Cf. Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1266-67 (11th Cir. 2004) (reasoning that "a substantial period of time," as required by the RICO Act, is at least a year long, and that "racketeering activity" must go beyond a single fraudulent event).

**B.    Count 2:  Conspiracy to Violate the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(d)**

Section 1962(d) of the RICO statutes makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 1962(c). *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (citing 18 U.S.C. § 1962(d)). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997). "A plaintiff need not offer direct evidence of a RICO agreement; the existence of conspiracy 'may be inferred from the conduct of the participants.'" *Am. Dental Ass'n*, 605 F.3d at 1293 (quoting *BCCI Holdings*, 119 F.3d at 950).

TD Bank argues that Coquina has merely made formulaic allegations that the Bank agreed to participate with Rothstein in the enterprise. (Mot. To Dismiss 17). Coquina counters that it has sufficiently alleged evidence of collaboration among the Defendants.

In the *American Dental* case, the plaintiff merely alleged that the defendants committed the criminal acts as part of a common scheme and conspiracy. *Am. Dental Ass'n*, 605 F.3d at 1293. The Eleventh Circuit explained that "[t]hese are the kinds of 'formulaic recitations' of a conspiracy claim that the Court in *Twombly* and *Iqbal* said were insufficient." *Id.* at 1294. In contrast to the statements in *American Dental*, in this case Coquina has made specific allegations of fraudulent documents, which passed directly from TD Bank to Rothstein. (Civil RICO Stmt.

9

14-16 ECF No. 16). In one instance, it appears that when a lower-level employee brought the discrepancy to the attention of Frank Spinosa, then a Regional Vice President of TD Bank, she was told "not to worry about it." (*Id.*).

This is not a case where the Plaintiff is merely relying on formulaic recitations of agreement to support its conspiracy claims. The fact that Coquina has specifically detailed two, allegedly fraudulent, letters that contain the signatures of both Rothstein and TD Bank is sufficient to infer the existence of a RICO conspiracy between the Defendants. Additionally, Coquina's allegations that TD Bank provided investors with falsified account statements of Rothstein's TD Bank account is further evidence that Rothstein and TD Bank either agreed to the overall objective of the conspiracy, or at least agreed to commit two predicate acts.

### C. Count 3: Fraudulent Misrepresentation

> To state a cause of action for fraudulent misrepresentation, a plaintiff is required to allege the following elements in the complaint: (1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages.

*Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 650-51 (Fla. Dist. Ct. App. 2006).

TD Bank argues that the Plaintiff's complaint fails to adequately plead who made the alleged misrepresentations, to whom the alleged misrepresentations were made, the context of the alleged misrepresentations, and when the alleged misrepresentations were made. (Mot. To Dismiss 19).

Coquina has alleged that on August 17, 2009, and on September 18, 2009 Frank Spinosa, Regional Vice President of TD Bank, signed letters purporting to restrict funds in a TD Bank account for the sole benefit of the Plaintiff. Coquina has further alleged that these letters were sent via email to Coquina, and that based on these misrepresentations, Coquina made wire

10

transfers to Rothstein's account at TD Bank. Coquina has sufficiently plead the who, what, where, when, and how of TD Bank's alleged misrepresentations so as to satisfy the pleadings requirements of Rule 8 and Rule 9(b).

D.  **Count 4: Aiding and Abetting Fraud**

To state a cause of action for aiding and abetting fraud a plaintiff must allege (1) that there existed an underlying fraud, 2) that the defendant had knowledge of the fraud, and 3) that the defendants provided substantial assistance to advance the commission of the fraud. *ZP No. 54 Ltd. P'ship v. Fidelity & Deposit*, 917 So. 2d 368, 372 (Fla. Dist. Ct. App. 2005).

Coquina has alleged that there existed an underlying fraud, namely that Rothstein engaged in a ponzi scheme and defrauded approximately 400 investors out of more than $400 million. (Civil RICO Stmt. 2, ECF No. 16). Coquina has also sufficiently alleged that the TD Bank had knowledge of the fraud and that it provided substantial assistance by asserting that Frank Spinosa, former Regional Vice President of TD Bank, actively participated in Rothstein's ponzi scheme by signing fraudulent or misleading letters purporting to restrict funds in a TD Bank account for the sole benefit of the Plaintiff, when in fact there was no restriction on the funds, and by generating fraudulent documents misrepresenting Coquina's account balances.

IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** as follows:

1. The Defendant's Motion to Dismiss (ECF No. 20) is **DENIED**.
2. Relatedly, the Defendant's Motion for Extension of Pretrial Deadlines for Amendment of Pleadings and Joinder of Parties (ECF No. 59) is **GRANTED**. The pretrial deadline for joinder of parties and amendment of pleadings set forth in paragraph 3 of the Court's

September 2, 2010 Order Setting Civil Jury Trial Date and Pretrial Deadlines (ECF No. 42) is extended twenty days from the date of this order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of January 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*