**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 10-60786-Civ-Cooke/Bandstra**

COQUINA INVESTMENTS,
        Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,
        Defendants.

_____/

## DEFENDANT TD BANK, N.A.'s MOTION *IN LIMINE* TO PRECLUDE ANY TESTIMONY, EVIDENCE OR REFERENCE TO AUDIT REPORTS

Defendant TD Bank, N.A. ("TD Bank" or the "Bank"), by and through undersigned counsel, respectfully requests that this Court enter an Order precluding Plaintiff Coquina Investments ("Coquina"), from referring to or introducing evidence, testimony or other references to certain TD Bank audit reports (the "Audit Reports").

## I.      INTRODUCTION

Alleging misrepresentations by TD Bank employees, Coquina has brought four claims against TD Bank in this case:

(1) Violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), under section 1962(c) (Count I);

(2) Conspiracy to violate federal RICO, 18 U.S.C. § 1962(d) (Count II);

(3) Fraudulent misrepresentation (Count III); and

(4) Aiding and abetting fraud (Count IV).

Simply put, the Audit Reports are not material to Coquina's claims for intentional, knowing acts – none of the reports produced mention Plaintiff or any investors in the Rothstein

scheme, Rothstein, the law firm Rothstein Rosenfeldt and Adler ("RRA") or refer to the claims or alleged events in this case.  Moreover, Plaintiff did not plead a cause of action based on TD Bank's policies or procedures (the general subject matter of the Audit Reports), and in any event, there is no private cause of action based on such.  In addition, the admission of this wholly extraneous, irrelevant information will serve only to obfuscate the material issues, distract and confuse the jury, and prejudice TD Bank with potentially out-of-context references that bear no relation to Coquina's allegations, but may be easily misused and misconstrued.  Accordingly, all references to or evidence regarding the Audit Reports should be excluded from trial in this case.

## II.    ARGUMENT

### A.    The Audit Reports Are Not Relevant

To the extent Plaintiff intends to introduce purported evidence of observations made in TD Bank Audit Reports, as an initial matter, there is no actionable private litigant cause of action related to such observations.  Further, such claimed evidence is even more attenuated here, as the Bank has no duty to non-customers like Coquina, including as to its policies which an audit report may reference. Indeed, Florida courts have repeatedly held that banks do not owe any duty to noncustomers.  *See Sroka v. Compass Bank*, No. 2006-CA-00117, 2006 WL 2535656, at *1 (Fla. 4th DCA Aug. 31, 2006); *Carl v. Republic Sec. Bank*, 282 F.Supp. 2d 1358 (S.D. Fla. 2003) (bank owed no duty to non-customer, "however egregious" the bank's actions were); *accord Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 222-223, 225 (4th Cir. 2002) (applying Florida law). Any attempt to thus use Bank Audit Reports to claim that TD Bank is somehow liable to Plaintiff for allegedly having either weak policies or for failing to properly follow policies must be excluded as there is no private cause of action against the Bank for any such alleged failures

and the purported "evidence" does not support a claim asserted in this action nor a cognizable claim period.

Moreover, evidence regarding the Audit Reports is unrelated to Plaintiff's claims in this case, which all require proof of knowing, intentional acts. Specifically, allegations that TD Bank, through its employees, made false representations upon which Coquina relied, aided and abetted fraud or committed civil RICO violations all require proof of knowing, affirmative, intentional participation in the Rothstein scheme. Courts have resoundingly dismissed claims based upon attempts to have a court infer knowing, intentional acts based on information regarding a financial institution's policies, which is precisely the type of information contained in the Audit Reports. *See, e.g., Rosner v. Bank of China*, No. 06 CV 13562, 2008 WL 5416380, *5-7 (S.D.N.Y. Dec. 18, 2008) (dismissing aiding and abetting claim against defendant bank, holding that allegations of the bank's suspicions or ignorance of obvious red flags were insufficient to establish its actual knowledge), *see also Renner v. Chase Manhattan Bank*, C.A. No. 98 CIV. 926 (CSH), 2000 WL 781081, at *6 (S.D.N.Y. June 16, 2000). Here, where none of Coquina's claims may be supported by evidence from Audit Reports nor an alleged violation based upon that information, this information is inadmissible and this Motion should be granted.

Moreover, Plaintiff's Complaint makes no allegations regarding the Bank's policies nor alleges any purported cause of action based upon negligence of the Bank. Not only are Bank Audit Reports, which reference policies, not relevant to Coquina's burden of proof, but Coquina makes no allegations in its Complaint or Civil RICO Statement that the Bank knew or should have known that its controls were purportedly deficient or that the deficiencies somehow caused Coquina to suffer damages. As such, this information is wholly unrelated to Coquina's causes of

action.  *State Farm Mut. Auto. Ins. Co. v. Parrish*, 800 So. 2d 706, 707 (Fla. 3d DCA 2001) (evidence which is "unrelated to the issues raised by the pleadings" is inadmissible).  And, accordingly, any testimony concerning, or other use of the Audit Reports as purported evidence should be precluded.

As the party seeking to introduce this evidence, Coquina bears the burden of establishing such relevance, and it has not done so.  *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).  Rule 401 of the Federal Rules of Evidence ("FRE") defines "relevant evidence" as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence."  Fed. R. Evid. 401.  FRE 401 states that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  *See also Zabner v. Howard Johnson's Inc. of Fla.*, ,227 So. 2d 543, 545 (Fla. 4th DCA 1969) ("Relevancy describes evidence that has a legitimate tendency to prove or disprove a given proposition that is material as shown by the pleadings.").  "Whether to exclude the proffered evidence as irrelevant lies within the sound discretion of the court."  *Lanni v. State of N.J.*, 177 F.R.D. 295, 301 (D. N.J. 1998).

Accordingly, this Court should resist a sleight of hand attempt to gain an undue advantage through irrelevant information that does not even reference Plaintiff, Scott Rothstein, RRA or the events alleged and this Court should require Coquina to meet its burden of establishing by admissible and relevant evidence the precise misrepresentations it alleges pertaining to its own transactions.

**B.**     **The Introduction of Audit Reports As "Evidence" Will Not Assist The Trier of Fact, Will Serve Only To Confuse The Jury and Is Highly Prejudicial**

If the Audit Reports are introduced in this case, TD Bank cannot be expected to stand mute and without defense to any insinuation of wrongdoing Plaintiff may hope to evince.  TD

Bank will be required to mount a defense not only as to the allegations and investments that pertain to Coquina's specific claims, but also as to any allegations set forth as to the information contained in the reports.  This would be an enormous burden on the parties', the Court's and jury's time and resources while not assisting the trier of facts with the evidence necessary to determine the actual claims before it.

Moreover, the purported information will likely serve only to only confuse the issues and mislead the jury where the claims before it are ones that require proof of intentional and knowing acts unrelated to and not proven by any information contained in the Audit Reports.  As a matter of law, the jury may not infer that TD Bank had *actual knowledge* of the Rothstein scheme, much less intentionally conspired with Rothstein, or that Plaintiff has a right to relief from TD Bank for alleged losses caused by *Rothstein's* wrongdoing based upon observations in Audit Reports not issued in connection with any acts alleged in this case and not written for the purpose of addressing any acts alleged in this case.

In addition, the information at issue is highly and unduly prejudicial weighed against any even arguable probative value – of which the Bank contends there is none.  Even to the extent that the Audit Reports could be considered relevant, which the Bank contends they cannot, such evidence fails the balancing test for admissibility set forth in FRE 403:  "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Courts have inherent authority to hear "any motion, whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984).  The purpose of motions in *limine* is to avoid any futile attempt to "unring the

bell" when prejudicial evidence is offered but stricken at trial.  *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991).

Accordingly, the Court should grant this Motion and exclude any testimony, evidence, argument, or reference to certain TD Bank, N.A. Audit Reports produced in this case.

### III.    CONCLUSION

Any use of the Audit Reports in this case will likely lead to a jury misinterpreting their import and relevancy as proof of the alleged wrongdoing. Coquina should be required to establish the facts that the law requires to support their claims, including that TD employees or TD Bank intentionally and knowingly committed the alleged acts and that conduct proximately caused Coquina's losses.  Any attempt to introduce this irrelevant information, prolong a trial with testimony regarding this extraneous "evidence," distract the jury with irrelevant information and unduly prejudice TD Bank, N.A., should be rejected.

TD Bank's motion should be granted, and the Court should bar all reference to or evidence of TD Bank, N.A. Audit Reports from the trial of this case.

WHEREFORE, for the foregoing reasons, and for good cause shown, TD Bank respectfully requests that the Court grant TD Bank's Motion in *Limine* and exclude any and all testimony, evidence, or reference to the Bank's to TD Bank's Audit Reports.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has made reasonable efforts to confer with Plaintiff's counsel by telephone but was unable to reach Plaintiff's counsel.

BOS/46,754,757V1

GREENBERG TRAURIG, LLP
*Attorneys for TD Bank, N.A.*
One International Center
Boston, MA  02110
Telephone:  (617) 310-60000
Facsimile:  (617) 310-60001

*/s/ Donna M. Evans*
DONNA M. EVANS
Massachusetts Bar No. 554613
(admitted *pro hac vice*)

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, N.A.*
333 Avenue of the Americas
Miami, Florida  33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

*/s/ Holly R. Skolnick*
HOLLY R. SKOLNICK
Florida Bar No. 390860

MARK P. SCHNAPP
Florida Bar No. 501689
*schnappm@gtlaw.com*
*skolnickh@gtlaw.com*

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, N.A.*
GLENN E. GOLDSTEIN
 Florida Bar No. 435260
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Mark P. Schnapp*
MARK P. SCHNAPP

7

<u>**SERVICE LIST**</u>

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*BOS/46,754,757V1*