UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,
    Plaintiff,
v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,
    Defendants.
_____/

**DEFENDANT TD BANK, N.A.'s MOTION *IN LIMINE* TO PRECLUDE ANY TESTIMONY, EVIDENCE OR REFERENCE TO BANK POLICIES**

Defendant TD Bank, N.A. ("TD Bank" or the "Bank"), by and through undersigned counsel, respectfully requests that this Court enter an Order precluding Plaintiff Coquina Investments ("Coquina"), from referring to or introducing evidence, testimony or other references to TD Bank Anti-Money Laundering, Bank Secrecy Act, Office of Foreign Asset Control ("OFAC"), Patriot Act or Sarbanes Oxley policies and procedures, or other Bank policies (collectively, the "Policies").

## I. INTRODUCTION

Alleging misrepresentations by TD Bank employees, Coquina has brought four claims against TD Bank in this case:

    (1) Violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), under section 1962(c) (Count I);

    (2) Conspiracy to violate federal RICO, 18 U.S.C. § 1962(d) (Count II);

    (3) Fraudulent misrepresentation (Count III); and

    (4) Aiding and abetting fraud (Count IV).

Here, the Policies are not material to Coquina's claims for intentional, knowing acts. Moreover, Plaintiff did not plead a cause of action based on Bank policies nor, in any event, is there a private cause of action for a Bank's alleged violation of its policies nor of federal or state regulations. In addition, the admission of this completely extraneous information will serve only to obfuscate the material issues, distract and confuse the jury, and unduly prejudice TD Bank with misstated, out-of-context and wholly inapplicable references that bear no relation to Coquina's allegations. Accordingly, all references to or evidence regarding the Policies should be excluded from trial in this case.

## II.     ARGUMENT

### A.     The Policies Are Not Relevant

To the extent Plaintiff intends to introduce purported evidence that TD Bank's acts contravened regulatory and statutory requirements, there is no actionable private litigant causes of action for violation of federal and state banking laws that govern the conduct of financial institutions under the facts alleged. Nor is there a legally cognizable private cause of action based upon a bank's application of its policies and procedures. Further, such claimed evidence is even more attenuated here, as the Bank has no duty under such policies to a non-customer such as Coquina. Indeed, Florida courts have repeatedly held that banks do not owe any duty to noncustomers. *See Sroka v. Compass Bank*, No. 2006-CA-00117, 2006 WL 2535656, at *1 (Fla. Cir. Ct. Aug. 31, 2006); *Carl v. Republic Security Bank*, 282 F.Supp. 2d 1358 (S.D. Fla. 2003) (bank owed no duty to non-customer, "however egregious" the bank's actions were); *accord Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 222-223, 225 (4th Cir. 2002) (applying Florida law). Any attempt to thus use Bank policies to claim that TD Bank is somehow liable to Plaintiff for allegedly having either weak policies or for failing to properly follow policies must be

excluded, as there is no private cause of action against the Bank for any such alleged failures, and the purported "evidence" is not relevant to the claims asserted in this action.

Further, evidence regarding the Policies is unrelated Plaintiff's claims in this case, which all require proof of knowing, intentional acts. Specifically, Plaintiff's allegations that TD Bank, through its employees, made false representations upon which Coquina relied, aided and abetted fraud, or committed civil RICO violations, all require proof of knowing, affirmative, intentional participation in the Rothstein scheme. Courts have resoundingly dismissed claims based on attempts to have a court infer knowing, intentional acts based on violations of bank policies. *See*, *e.g.*, *Rosner v. Bank of China*, No. 06 CV 13562, 2008 WL 5416380, *5-7 (S.D.N.Y. Dec. 18, 2008) (dismissing aiding and abetting claim against defendant bank, holding that allegations of the bank's suspicions or ignorance of obvious red flags were insufficient to establish its actual knowledge); *see also Renner v. Chase Manhattan Bank*, C.A. No. 98 CIV. 926 (CSH), 2000 WL 781081, at *6 (S.D.N.Y. June 16, 2000). Here, where none of Coquina's claims may be supported by evidence of Bank policies nor an alleged violation thereof, this Motion should be granted.

Moreover, Plaintiff's Complaint makes no allegations regarding the Bank's Policies and does not allege any cause of action based upon negligence of the Bank. Not only are Bank policies <u>not</u> relevant to Coquina's burden of proof, but Coquina makes no allegations in its Complaint or Civil RICO Statement that the Bank knew or should have known that its controls were purportedly deficient or that the deficiencies somehow caused Coquina to suffer damages. As such, this information is wholly unrelated to Coquina's causes of action. *See State Farm Mut. Auto. Ins. Co. v. Parrish*, 800 So. 2d 706, 707 (Fla. 3d DCA 2001) (evidence which is "unrelated to the issues raised by the pleadings" is inadmissible). And, accordingly, any

testimony concerning or use of the Policies as purported evidence should be precluded.

As the party seeking to introduce this evidence, Coquina bears the burden of establishing such relevance, and it has not done so.  *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).  Rule 401 of the Federal Rules of Evidence ("FRE") defines "relevant evidence" as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence."  Fed. R. Evid. 401.  FRE 401 states that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  *See also Zabner v. Howard Johnson's Inc. of Fla.*, ,227 So. 2d 543, 545 (Fla. 4th DCA 1969) ("Relevancy describes evidence that has a legitimate tendency to prove or disprove a given proposition that is material as shown by the pleadings.").  "Whether to exclude the proffered evidence as irrelevant lies within the sound discretion of the court."  *Lanni v. State of N.J.*, 177 F.R.D. 295, 301 (D. N.J. 1998).

Accordingly, this Court should resist Coquina's unabashed attempt to gain an undue advantage and require Coquina to meet its burden of establishing by admissible and relevant evidence the precise misrepresentations it alleges pertaining to its own transactions.

**B.** **The Introduction of Bank Policies As "Evidence" Will Not Assist The Trier of Fact, Will Serve Only To Confuse The Jury and Is Highly Prejudicial**

If the Policies are introduced in this case, TD Bank will be required have to mount a defense not only as to the allegations and investments that pertain to Coquina's specific claims, but also as to any allegations in as to Bank Policies.  This would be an enormous burden on the parties', the Court's and jury's time and resources while not assisting the trier of facts with the evidence necessary to determine the actual claims before it.

Moreover, the purported information will likely serve only to confuse the issues and mislead the jury where the claims before it are ones that require proof of intentional and knowing

4

acts unrelated to and not proven by any alleged violation of Bank Policies.  As a matter of law, the jury may not infer that TD Bank had *actual knowledge* of the Rothstein Scheme, much less intentionally conspired with Rothstein, or that Plaintiff has a right to relief from TD Bank for alleged losses caused by *Rothstein's* wrongdoing, based upon a non-customer's allegations of acts taken by the Bank in connection with its Policies.

In addition, the information at issue is highly and unduly prejudicial weighed against any even arguable probative value – of which the Bank contends there is none.  Even to the extent that the Policies could be considered relevant, which the Bank contends they cannot, such evidence fails the balancing test for admissibility set forth in FRE 403:  "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Courts have inherent authority to hear "any motion, whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984).  The purpose of motions in *limine* is to avoid any futile attempt to "unring the bell" when prejudicial evidence is offered but stricken at trial.  *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991).

Accordingly, the Court should grant this Motion and exclude any testimony, evidence, argument, or reference to TD Bank's Anti-Money Laundering, Bank Secrecy Act, Office of Foreign Asset Control ("OFAC"), Patriot Act or Sarbanes Oxley policies and procedures, or other Bank policies.

BOS/46,754,761V1

### III. CONCLUSION

Rather than being able to point to the Policies in the hopes a jury will misinterpret their import and relevancy as proof of the alleged wrongdoing, Coquina should be required to establish the facts that the law requires to support their claims, including that TD employees or TD Bank intentionally and knowingly committed the alleged acts, and that TD Bank's alleged conduct proximately caused Coquina's losses. Any attempt to introduce this irrelevant information, prolong a trial with testimony regarding this extraneous "evidence," or distract the jury with irrelevant information and unduly prejudice TD Bank should be rejected.

TD Bank's motion should be granted, and the Court should bar all reference to or evidence of TD Bank Policies from the trial of this case.

WHEREFORE, for the foregoing reasons, and for good cause shown, TD Bank respectfully requests that the Court grant TD Bank's Motion in *Limine* and exclude any and all testimony, evidence, or reference to the Bank's to TD Bank's Anti-Money Laundering, Bank Secrecy Act, Office of Foreign Asset Control ("OFAC"), Patriot Act or Sarbanes Oxley policies and procedures, or other Bank policies.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has made reasonable efforts to confer with Plaintiff's counsel by telephone but was unable to reach Plaintiff's counsel.

| | |
|---|---|
| GREENBERG TRAURIG, LLP<br>*Attorneys for TD Bank, N.A.*<br>One International Center<br>Boston, MA  02110<br>Telephone:  (617) 310-6000<br>Facsimile:  (617) 310-6001<br><br>*/s/ Donna M. Evans*<br>DONNA M. EVANS<br>Massachusetts Bar No. 554613<br>(admitted *pro hac vice*) | GREENBERG TRAURIG, P.A.<br>*Attorneys for TD Bank, N.A.*<br>333 Avenue of the Americas<br>Miami, Florida  33131<br>Telephone:  (305) 579-0500<br>Facsimile:  (305) 579-0717<br><br>*/s/ Holly R. Skolnick*<br>HOLLY R. SKOLNICK<br>Florida Bar No. 390860<br><br>MARK P. SCHNAPP<br>Florida Bar No. 501689<br>*schnappm@gtlaw.com*<br>*skolnickh@gtlaw.com*<br><br>GREENBERG TRAURIG, P.A.<br>*Attorneys for TD Bank, N.A.*<br>GLENN E. GOLDSTEIN<br> Florida Bar No. 435260<br>401 East Las Olas Boulevard<br>Suite 2000<br>Fort Lauderdale, FL  33301<br>Telephone:  (954) 765-0500<br>Facsimile:  (954) 765-1477 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Mark P. Schnapp* _____
MARK P. SCHNAPP

7

## SERVICE LIST

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida 33131
Telephone: (305) 374-7771
Facsimile: (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

BOS/46,754,761V1