UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,
    Plaintiff,
v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,
    Defendants.
_____/

**DEFENDANT TD BANK, N.A.'S MOTION IN *LIMINE* TO PRECLUDE ANY EVIDENCE OR REFERENCE TO ANY ACTS ALLEGED BY OTHER PURPORTED INVESTORS INVOLVING TD BANK**

Defendant TD Bank, N.A. ("TD Bank" or the "Bank"), by and through undersigned counsel, file this Motion in *Limine* to exclude any and all testimony, evidence or other references to any predicate acts based upon TD Bank's alleged conduct involving other investors.

### I.    Introduction.

Plaintiff Coquina Investments ("Coquina") seeks to recover millions of dollars from TD Bank that Coquina alleges it lost as a result of the Scott Rothstein ("Rothstein") Ponzi scheme.

Coquina brings four claims against TD Bank: violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.* ("RICO"), under section 1962(c) (Count I); conspiracy to violate federal RICO, 18 U.S.C. § 1962(d) (Count II); fraudulent misrepresentation (Count III); and aiding and abetting fraud (Count IV).

TD Bank seeks an order precluding Coquina from introducing at trial any evidence, argument, or reference to any alleged acts based upon heretofore unspecified conduct by TD Bank involving other investors. It appears that Coquina may attempt to introduce such evidence

to improperly bolster Coquina's RICO and fraud claims. However, other than vague references to other "victims" and unspecified acts, Coquina failed to provide the identity of these victims and the specific conduct involving TD Bank and these unidentified people. Coquina's vague and generic allegations renders TD Bank unable to defend itself against amorphous claims and phantom victims who may appear at trial. From the beginning of this case, Coquina has ignored the requirements that it set forth such acts in detail in its RICO Case Statement, pursuant to Local Rule 12.1, and still has failed to identify any such conduct involving other so-called victims. When TD Bank has sought additional information through written interrogatories, Coquina in its responses, merely referred TD Bank to the Complaint and Civil RICO Statement. To this date Coquina has not identified other allegations involving other investors and should not be permitted to introduce such evidence in further proceedings in this Court.

Moreover, the admission of such evidence will undoubtedly result in multiple trials within a trial on every alleged wrongdoing by TD Bank and various non-parties with respect to investments and claims not made by Coquina, expanding the scope of this case exponentially by forcing TD Bank to defend itself against unknown allegations unrelated to Coquina's investments or losses. Coquina should be forced to focus on the merits -- or lack thereof -- of their own case.

In sum, Coquina has had ample time to allege such specific acts in its pleadings and has failed to do so. Accordingly, the Court should grant this Motion and exclude any evidence, argument, or reference to unidentified criminal conduct pertaining to other investors in Rothstein's Ponzi scheme.

## II. <u>Argument.</u>

**A.** **Legal Standards.**

Courts have inherent authority to hear "any motion, whether made before or during trial

to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of motions in *limine* is to avoid any futile attempt to "unring the bell" when prejudicial evidence is offered but stricken at trial. *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991).

As the party seeking to introduce this evidence, Coquina bears the burden of establishing its relevance. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). Rule 401 of the Federal Rules of Evidence ("FRE") defines "relevant evidence" as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." Fed. R. Evid. 401. FRE 401 states that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. *See also State Farm Mut. Auto. Ins. Co. v. Parrish*, 800 So. 2d 706, 707 (Fla. 3d DCA 2001) (evidence which is "unrelated to the issues raised by the pleadings" is irrelevant, inadmissible and undiscoverable); *Zabner v. Howard Johnson's Inc. of Fla.*, ,227 So. 2d 543, 545 (Fla. 4th DCA 1969) ("Relevancy describes evidence that has a legitimate tendency to prove or disprove a given proposition that is material as shown by the pleadings."). "Whether to exclude the proffered evidence as irrelevant lies within the sound discretion of the court." *Lanni v. State of N.J.*, 177 F.R.D. 295, 301 (D. N.J. 1998).

Even to the extent that any evidence could ever be considered relevant, such evidence could still fail the balance test for admissibility set forth in FRE 403 because "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

3

B.  **The Court Should Exclude Any References to or Presentation of Evidence Relating to Acts Based Upon TD Bank's Alleged Conduct Towards Other Investors.**

As per Local Rule 12.1, Coquina was required to provide a detailed RICO case statement. In particular, Coquina was required to "List the victims, and separately state when and how each victim was injured". Local Rule 12.1(d). Further, the Rule mandates that the RICO case statement set forth with detailed specificity the acts which constitute the pattern of racketeering activity.

Coquina was thus required to "describe in detail the pattern of racketeering activity." Local Rule 12.1(e). To meet that requirement, the Rule specifically requires Coquina to "(1) separately list the predicate acts/incidents of criminal activity and the specific statutes violated by each predicate act of racketeering activity;" and "(2) separately state the dates of the predicate acts/incidents of criminal activity and a description of the facts surrounding each predicate act/incident of criminal activity." Coquina completely ignored these requirements and while its allegations may have been sufficient as to the acts involving Coquina only, Coquina certainly did not specify any acts involving any other alleged victim. Indeed, when as here, the RICO activity is predicated on acts of mail or wire fraud, or fraud as defined by Florida Statute § 817, the Rule further requires that the "circumstances involving fraud or mistake shall be pleaded with particularity." Local Rule 12(c)(3). According to the Rule, this requires specific allegations of "the time, place and content of the misrepresentation or omission ad the identity of persons to whom and by whom the misrepresentations or omissions were made". *Id.* In short, Coquina failed to identify even a single predicate act that involved any other party. Further, in written discovery, TD Bank was not provided sufficient information about other potential victims.

Having failed in pleadings and discovery to identify any predicate racketeering acts involving any other party, the court should exclude such evidence at trial. *See Acafrao v. U.S.*

4

*Century Bank*, No. 09-21695-CIV, 2010 WL 4261435, *5 (S.D. Fla. Aug. 4, 2010) (precluding plaintiffs from using withheld evidence at trial and concluding that plaintiffs' failure to supplement was neither harmless, nor substantially justified); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (noting that "[l]iberal pleading does not require that that … defendants must infer all possible claims that could arise out of the facts set forth in the complaint."); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) ("Having proceeded through discovery without amending (or seeking to amend) [the] complaint to reflect [a] fundamental change, [plaintiff] was not entitled to raise it in the midst of summary judgment.").

### III.  Conclusion.

For the foregoing reasons, and for good cause shown, TD Bank respectfully requests that the Court grant TD Bank's Motion in *Limine* and exclude any and all testimony, evidence, or reference to any predicate act involving TD Bank's alleged conduct relating to other investors.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has made reasonable efforts to confer with Plaintiff's counsel by telephone but was unable to reach Plaintiff's counsel.

| | |
|---|---|
| GREENBERG TRAURIG, LLP<br>*Attorneys for TD Bank, N.A.*<br>One International Center<br>Boston, MA  02110<br>Telephone:  (617) 310-60000<br>Facsimile:  (617) 310-60001<br><br>*/s/ Donna M. Evans*<br>DONNA M. EVANS<br>Massachusetts Bar No. 554613<br>(admitted *pro hac vice*) | GREENBERG TRAURIG, P.A.<br>*Attorneys for TD Bank, N.A.*<br>333 Avenue of the Americas<br>Miami, Florida  33131<br>Telephone:  (305) 579-0500<br>Facsimile:  (305) 579-0717<br><br>*/s/ Holly R. Skolnick*<br>HOLLY R. SKOLNICK<br>Florida Bar No. 390860 |

5

BOS 46,754,770v1 5-11-11

MARK P. SCHNAPP
Florida Bar No. 501689
*schnappm@gtlaw.com*
*skolnickh@gtlaw.com*

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, N.A.*
GLENN E. GOLDSTEIN
Florida Bar No. 435260
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of May, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Mark P. Schnapp* _____
MARK P. SCHNAPP

**SERVICE LIST**

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200

6

Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*BOS 46,754,770v1 5-11-11*