UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

    Defendants.

FILED by AJS D.C.

MAY 12 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### DEFENDANT TD BANK, N.A.'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE NOT PREVIOUSLY DISCLOSED

Pursuant to Fed. R. Civ. P. 9(b), 26(e), 37(c), and Local Rule 12.1, Defendant, TD Bank, N.A. ("TD Bank" or "the Bank") respectfully moves this Court *in limine* for an Order precluding Plaintiff Coquina Investments ("Plaintiff" and/or "Coquina") from referencing or introducing testimony or evidence not previously disclosed -- specifically, that former TD Bank Regional Vice President, Frank Spinosa made representations and/or assurances that the law firm Rothstein Rosenfeldt Adler, P.A. ("RRA") maintained an account with approximately $22 million. In support of this Motion, TD Bank states as follows:

### PRELIMINARY STATEMENT

Perhaps recognizing the weakness of its claims, Plaintiff now claims -- at the eleventh hour -- new factual allegations purportedly in support of its claim that certain TD Bank employees in Florida "made false verbal statements to investors, provided false and misleading documents," and "played an active role in the scheme and facilitated its continued existence." *See* Complaint, p. 2. Specifically, Plaintiff now contends that Mr. Spinosa made representations and/or assurances that approximately $22 million was held in a RRA bank account -- a fact not

included anywhere in the specific, operative facts Plaintiff was required to set forth in its Complaint and its Civil RICO Case Statement.[1] Moreover, at no time did Plaintiff made any attempt to amend either of these pleadings to incorporate this purportedly seminal allegation.

Similarly, when asked to specifically identify all alleged communications whereby Coquina or a Coquina representative spoke with, met with, or received information from a TD Bank employee, Plaintiff failed to disclose <u>any</u> of these purported representations, but rather, simply referred TD Bank to the facts contained in the Complaint and Civil RICO Case Statement.[2] Plaintiff likewise failed to supplement its initial disclosures with this information as mandated by Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses).

Plaintiff was required by Fed. R. Civ. P. 9(b) to state with specificity all fraudulent statements it claims TD Bank made, and Plaintiff was required by Local Rule 12.1 to "separately list" in its Civil RICO Statement each alleged predicate act TD Bank engaged in. Despite those unequivocal obligations, Plaintiff said nothing in its detailed Complaint and its Civil RICO Statement about Mr. Spinosa stating or confirming that there was $22 million in any RRA account at TD Bank. Plaintiff should not be rewarded for such blatant disregard of its pleading and discovery obligations nor should it be allowed to incorporate unsubstantiated self-serving facts (not referenced anywhere in the Complaint or Civil RICO Statement) at this late stage in a last ditch effort to bolster its already tenuous claims.

---

[1] The representations and or assurances purportedly made by Mr. Spinosa were raised -- for the first time -- in the March 31, 2011 deposition of Barrie Damson and the April 1, 2011 deposition of Melvyn Norman Klein. *See* Declaration of Holly R. Skolnick ("Skolnick Decl."), ¶¶ 4 and 5, <u>Exhibits C and D</u>.

[2] *See* Skolnick Decl., ¶ 3, <u>Exhibit B</u> (Plaintiff's Responses and Objections to Defendant TD Bank, N.A.'s First Set of Interrogatories (January 18, 2011), Request and Response No. 17).

2

Accordingly, TD Bank respectfully moves this Court for an Order precluding Plaintiff from referencing or introducing testimony or evidence that Mr. Spinosa made representations and/or assurances that RRA maintained an account with approximately $22 million.

## BACKGROUND FACTS

1. On May 12, 2010, Plaintiff filed a detailed twenty-four (24) page Complaint [D.E. 1] seeking to recover millions of dollars it alleges it lost as a result of a Ponzi scheme run by Scott W. Rothstein ("Rothstein"), former partner and co-founder of RRA located in Fort Lauderdale, Florida. Plaintiff seeks to recover these purported losses from TD Bank alleging, *inter alia*, that certain TD Bank employees in Florida "made false verbal statements to investors, provided false and misleading documents," and "played an active role in the scheme and facilitated its continued existence." *See* Complaint, p. 2. Since Plaintiff's Complaint included claims for fraud and for violations of RICO, Plaintiff was required by Fed. R. Civ. P. 9(b) to plead in the Complaint the time, place and substance of all of the fraudulent statements that TD Bank or its employees made to Plaintiff or its representatives. The Complaint mentioned absolutely nothing about Frank Spinosa "confirming" that there was $22 million dollars in any RRA bank account.

2. On June 16, 2010, shortly after filing its Complaint, Plaintiff filed a twenty-six (26) page Civil RICO Case Statement [D.E. 16]. Pursuant to Local Rule 12.1, Plaintiff was required to set forth in that RICO Statement the "facts relied upon to initiate the RICO claim", and to "separately list" each predicate act it claimed TD Bank had engaged in.

3. On November 30, 2010, TD Bank served its First Set of Interrogatories on Plaintiff. *See* Declaration of Holly R. Skolnick In Support of TD Bank's Motion *In Limine* to Preclude Evidence Not Previously Disclosed Pursuant to Fed. R. Civ. P. 26(e)(1) ("Skolnick

3

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Decl."), ¶ 2, Exhibit A. Request No. 17 of TD Bank's First Set of Interrogatories states: "For each time that you contend Coquina or a Coquina representative spoke with, met with, or received information from a TD Bank employee identify: the Coquina representative(s) who was present by name, occupation, his/her affiliation to Coquina, address and telephone number; the TD Bank employee(s) present; anyone else who was present; where the meeting, discussion or exchange of information took place; the date thereof; the specific statements made or information provided by TD Bank to Coquina; and, in the event of the provision of a document, whether the document was supplied directly from a TD Bank employee to the Coquina representative." *Id.* at p. 15 (Request No. 17).

4. On January 18, 2011, Plaintiff served its Responses and Objections to TD Bank's First Set of Interrogatories. *Id.* at ¶ 4, Exhibit B. In response to Request No. 17, Plaintiff simply lists (without explanation) the names of three TD Bank employees (Regulo Araujo, Frank Spinosa, and Ana Tarazona), and directs TD Bank to the facts contained in the Complaint and Civil RICO Case Statement. *Id.* at pp. 31-33 (Response No. 17).

5. On March 31, 2011, Barrie Damson, a Coquina investor, was deposed and testified, *inter alia*, that Mr. Spinosa confirmed that Coquina had approximately $22 million in a RRA bank account. *See* Skolnick Decl., ¶ 4, Exhibit C.

6. On April 1, 2011, Melvyn Klein, a Coquina investor, was deposed and testified, *inter alia*, that someone on the phone, who Rothstein said was Mr. Spinosa, confirmed there was a RRA bank account and that it contained approximately $22 million. *See* Skolnick Decl., ¶ 5, Exhibit D.

7. Other than this unsubstantiated eleventh-hour self-serving testimony by Messrs. Damson and Klein, Plaintiff has failed to provide <u>any</u> evidence and/or testimony in support of its

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

contention that Mr. Spinosa made a representation and/or assurance that RRA maintained a bank account with approximately $22 million. Tellingly, while Plaintiff produced extremely detailed notes taken by a Coquina representative of her meeting with Scott Rothstein, Plaintiff did not produce a single note, letter, email or other document containing any reference to Mr. Spinosa allegedly referring to $22 million in any RRA account.

## ARGUMENT

### I. THE COURT SHOULD PROHIBIT ANY REFERENCES OR PRESENTATION OF EVIDENCE NOT PREVIOUSLY DISCLOSED

As a preliminary matter (and as referenced above), it is indisputable that none of the operative pleadings in this matter (Complaint and Civil RICO Case Statement) reference the purported representations and/or assurances that RRA maintained an account with approximately $22 million -- a fact asserted 11 days before the close of fact discovery by Plaintiff in the depositions of Messrs. Damson and Klein. Notwithstanding this fact, Plaintiff was required to plead this fact under the federal and local rules, and specifically asked to identify such information in interrogatories. Specifically, Plaintiff was asked to describe in detail "each time that [Plaintiff] contends Coquina or a Coquina representative spoke with, met with, or received information from a TD Bank employee" including, but not limited to, "the Coquina representative(s) who was present by name, occupation, his/her affiliation to Coquina, address and telephone number; the TD Bank employee(s) present; anyone else who was present; where the meeting, discussion or exchange of information took place; the date thereof; the specific statements made or information provided by TD Bank to Coquina; and, in the event of the provision of a document, whether the document was supplied directly from a TD Bank employee to the Coquina representative." See Skolnick Decl., ¶ 2, Exhibit A, p. 15 (Request No. 17).

5

However, rather than respond to this Request as is required under the Federal Rules, Plaintiff instead chose to assert a blanket objection stating that such request was "premature, unproductive, expensive, and overly burdensome" and directing TD Bank to the facts contained in the Complaint and Civil RICO Case Statement, which did not reference this newly-alleged representation. *See* Skolnick Decl., ¶ 3, Exhibit B, pp. 31-33 (Response No. 17). Now, with trial just around the corner, Plaintiff continues to conjure up additional facts in a last ditch attempt to constructively amend its Complaint and Civil RICO Case Statement without seeking TD Bank's written consent or this Court's leave. Moreover, Plaintiff cavalierly ignores its discovery obligations under Fed. R. Civ. P. 26(e) which explicitly states that a party "***must***" timely supplement incomplete disclosures. *See* Fed. R. Civ. P. 26(e) (emphasis added). Plaintiff should not be rewarded for this blatant misconduct nor should it be countenanced by this Court.

A. **Plaintiff's Failure to Include Allegedly Critical Evidence of Fraud and of a Predicate Act Under RICO Requires Preclusion of Such Evidence**

Plaintiff was required to plead in its Complaint ((Rule 9(b)) and in its Civil RICO Statement (Local Rule 12.1)) all fraudulent conduct that Plaintiff alleged TD Bank engaged in and for which Plaintiff sought to recover. *See Bankers Mut. Capital Corp. v. United States Fidelity and Guarantee Co.*, 784 So. 2d 485, 490 (Fla. 4th DCA 2001) (Adequate pleading of a claim of fraud requires allegations of "who made the false statement, the substance of the false statement, the time frame in which it was made and the context in which the statement was made."). Plaintiff chose to plead what is set forth in those two documents and not to claim in either the Complaint or its Civil RICO Statement that Mr. Spinosa made any false statement relating in any way to $22 million being in a RRA bank account. Having failed to make the allegation when it was required to, Plaintiff should be precluded from introducing evidence in support of its late claim. *Fisher v. Samuels*, No. 84 C 3385, 1988 WL 112196 (N.D. Ill. Oct. 20,

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

1988) (barring introduction of evidence of alleged misrepresentations not pled in the complaint pursuant to Fed. R. Civ. P. 9(b)); *see also Tirapelli v. Advance Equities, Inc.*, 215 F. Supp. 2d 964, 969 (N.D. Ill. 2002) (excluding evidence of fraud that the plaintiff failed to include in the complaint).

There are only two possible explanations for Plaintiff having failed to include the allegations regarding Mr. Spinosa in both the twenty-four page Complaint and the detailed RICO statement. Either Plaintiff's representatives have, subsequent to filing the Complaint and RICO Statement, made up the allegations to bolster the very meager evidence they have to support their claims against TD Bank; or Plaintiff and its counsel made a deliberate decision to violate Rule 9(b) and Local Rule 12.1 by omitting the allegations from the Complaint and Civil RICO Statement. Whichever is the case, this Court should not countenance such conduct and should preclude Plaintiff from introducing these late allegations.

**B.   Plaintiff's Failure To Disclose Or Supplement Its Responses To TD Bank's Interrogatories Warrants Preclusion Of The Withheld Information**

Fed. R. Civ. P. 26(e) provides that a party has a continuing duty to supplement or correct a response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See* Fed. R. Civ. P. 26(e). Moreover, it is well established that a party that runs afoul of Fed. R. Civ. P. 26(e) is subject to sanctions under Fed. R. Civ. P. 37(c)(1) which provides that "[i]f a party fails to provide information ... as required by Rule 26(e), *the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1) (2011) (emphasis added); *see also Lesser v. Camp Wildwood, et al.*, No. 01 Civ. 4209(RWS), 2003 WL 22228757 (S.D.N.Y.

7

Sep. 29, 2003), *2-3 (noting the Federal Rules are designed "to avoid surprise or trial by ambush" and that "[t]he sanction of preclusion under Rule 37(c)(1) is automatic absent a determination of either substantial justification or harmlessness.") (internal citations omitted).

1.   **Plaintiff had a duty to supplement its disclosures and failed to do so**

The law is clear that a party cannot intentionally withhold facts and information upon which its claims are purportedly based and then assert those facts at the eleventh hour as if they were part of the operative factual record in this matter. *Id.*; *see also Acafrao v. U.S. Century Bank*, No. 09-21695-CIV, 2010 WL 4261435, *5 (S.D. Fla. Aug. 4, 2010) (precluding plaintiffs from using withheld evidence at trial and concluding that plaintiffs' failure to supplement was neither harmless, nor substantially justified); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (noting that "[l]iberal pleading does not require that that … defendants must infer all possible claims that could arise out of the facts set forth in the complaint."); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) ("Having proceeded through discovery without amending (or seeking to amend) [the] complaint to reflect [a] fundamental change, [plaintiff] was not entitled to raise it in the midst of summary judgment.").[3] That, however, is precisely what Plaintiff attempts to do here. As referenced above [Background Facts, ¶ 3], Request No. 17 of TD Bank's First Set of Interrogatories explicitly requested that:

> For each time that you contend Coquina or a Coquina representative spoke with, met with, or received information from a TD Bank employee identify: the Coquina representative(s) who was present by name, occupation, his/her affiliation to Coquina, address and telephone number; the TD Bank employee(s) present; anyone else who was

---

[3] While TD Bank understands that Motions for Summary Judgment have yet to be filed with this Court, such motions are due to be filed simultaneously with all pretrial motions *in limine*. *See* Order Setting Civil Jury Trial Date and Pretrial Deadlines (September 2, 2010), ¶ 3 [D.E. 42]. While TD Bank will certainly address this issue to the extent it arises in the context of summary judgment, it is also an issue that must be raised prior to the May 11, 2011 deadline for all pretrial motions *in limine* as it will have a significant impact on both summary judgment and the upcoming trial.

> present; where the meeting, discussion or exchange of information took place; the date thereof; the specific statements made or information provided by TD Bank to Coquina; and, in the event of the provision of a document, whether the document was supplied directly from a TD Bank employee to the Coquina representative.

See Skolnick Decl., ¶ 2, Exhibit A, p. 15 (Request No. 17). That the purported representations and/or assurances by Mr. Spinosa that RRA maintained a bank account with approximately $22 million is encompassed within this Request is beyond dispute.

Plaintiff objected to this Request as "premature, unproductive, expensive, and overly burdensome" because (1) responding to such request would require "an extensive written itemization" identifying "a multitude of conversations"; (2) that the information requested is "in the possession of TD Bank"; and (3) the information sought is contained in the operative facts set forth in the Complaint and Civil RICO Case Statement. See Skolnick Decl., ¶ 3, Exhibit B, pp. 31-33 (Response No. 17). This is simply not true. As referenced above, none of the operative pleadings in this matter (Complaint and Civil RICO Case Statement) reference the purported representations and/or assurances that RRA maintained a bank account with approximately $22 million. In fact, other than the unsubstantiated self-serving testimony by Messrs. Damson and Klein, Plaintiff has failed to provide any evidence and/or testimony in support of its contention that Mr. Spinosa made representations and/or assurances that RRA maintained an account with approximately $22 million.

In addition, Plaintiff's failure to respond or supplement its response to TD Bank's Request because it would be required to provide an "extensive written itemization" is of little import and does not justify Plaintiff's failure to comply with Fed. R. Civ. P. 26(e) requiring a supplemental disclosure of the facts and information upon which it now relies. Plaintiff should not be allowed to hide behind its amorphous reference to "a multitude of conversations" and simply assert new factual allegations when it sees fit.

9

### 2. Plaintiff's failure to supplement was not substantially justified or harmless

Plaintiff's failure to supplement its discovery responses to address the alleged conversations during which Mr. Spinosa purportedly made representations and/or assurances that RRA maintained an account with approximately $22 million is not substantially justified or harmless as the new factual allegations raised by Plaintiff just prior to the close of discovery[4] raise entirely new issues that can no longer be explored through discovery. Indeed, knowing that they would ultimately be relying on these additional "facts" in support of their claims, Plaintiff was effectively on notice that it needed to supplement its disclosure to include this information which had not been made known to TD Bank. Moreover, Plaintiff had ample time and multiple opportunities to supplement its responses to TD Bank's Interrogatories and simply chose not to do so.[5]

### CONCLUSION

For foregoing reasons, TD Bank respectfully requests that this Court issue an Order precluding Plaintiff from referencing or introducing testimony or evidence not previously disclosed -- specifically, that former TD Bank Regional Vice President, Frank Spinosa made representations and/or assurances that RRA maintained a bank account with approximately $22 million.

---

[4] The representations by Messrs. Damson and Klein were raised for the first time on March 31, 2011 and April 1, 2011 respectively. The deadline for fact discovery in this matter was April 11, 2011 -- a mere ten days later.

[5] Significantly, when asked why these purported facts were not included in the Complaint, Mr. Klein stated: "I relied upon our counsel having received truthfully all the facts from Coquina to decide what was or wasn't in the complaint. That's the decision of counsel." See Skolnick Decl., ¶ 5, Exhibit D (Deposition Transcript of Melvyn Klein), p. 104.

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## **CERTIFICATE OF COUNSEL**

Pursuant to Local Rules 7.1(a)(3) and 26.1(i), the undersigned certifies that counsel for TD Bank made reasonable efforts to reach Plaintiff's counsel in an attempt to resolve the issues raised herein, but was unable to reach him.

Respectfully submitted this 11th day of May, 2011.

*Co-Counsel for TD Bank, N.A.:*
Donna M. Evans
Massachusetts Bar No. 554613
GREENBERG TRAURIG, LLP
One International Center
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
(admitted *pro hac vice*)

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, N.A.*
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

GLENN E. GOLDSTEIN
Florida Bar No. 435260
CARAN ROTHCHILD
Florida Bar No. 983535

GREENBERG TRAURIG, P.A.
*Attorneys for TD Bank, N.A.*
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477

MARK P. SCHNAPP
Florida Bar No. 501689
*schnappm@gtlaw.com*

HOLLY R. SKOLNICK
Florida Bar No. 390860
*skolnickh@gtlaw.com*
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

## CERTIFICATE OF SERVICE

I hereby certify that on this 11<u>th</u> day of May 2011, the foregoing document was served via electronic mail and U.S. Mail (a courtesy copy will be hand delivered on May 12, 2011) to all counsel of record identified on the attached Service List.

*/s/ Mark P. Schnapp*
MARK P. SCHNAPP

## SERVICE LIST

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida 33131
Telephone: (305) 374-7771
Facsimile: (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Counsel for Plaintiff*

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com