# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 0:10-cv-60786-Cooke/Bandstra

COQUINA INVESTMENTS,

    Plaintiff,

vs.

SCOTT W. ROTHSTEIN et al.,

    Defendants.

## DEFENDANT TD BANK, N.A.'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF COQUINA INVESTMENTS

Defendant, TD Bank, N.A. ("TD Bank" or the "Bank"), pursuant to Fed. R. Civ. P. 33, hereby propounds the following interrogatories (the "Interrogatories") on Plaintiff, Coquina Investments ("Plaintiff" or "Coquina"), to be answered separately, fully and in writing under oath, within thirty (30) days of service thereof.

### INSTRUCTIONS AND DEFINITIONS

1.     If any of these Interrogatories cannot be answered in full, then you should answer to the extent possible, specify each reason for your inability to answer the remainder and state whatever information or knowledge you have concerning the unanswered portion. In answering the Interrogatories, furnish such information as is available to you, regardless of whether or not it is based on personal knowledge, information or belief.

2.     Your attention is called to the duty to supplement your responses to these Interrogatories with information subsequently acquired by you. Every Interrogatory herein shall be deemed a continuing Interrogatory. You are to supplement your answers promptly if and

when you obtain relevant information, in addition to or in any way inconsistent with your initial answer to any such Interrogatory.

3. Unless otherwise indicated, the relevant time frame for your answers to these Interrogatories is from **January 1, 2007** to the date of your response.

4. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide and state the reason for your inability to provide the remainder.

5. If any of these Interrogatories call for the identification of documents or oral communications which you contend are protected by the attorney-client privilege or another claimed privilege or by the work product rule, provide the following information:

    (a) the nature of the privilege claimed (including work product);

    (b) if the privilege is being asserted in connection with a claim or privilege governed by state law, the state privilege rule being invoked;

    (c) the date of the document or oral communication;

    (d) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

  (e) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

  (f) the general subject matter of the document or oral communication.

6. As used herein, the term "person" means, in the plural as well as the singular, any natural person, business, firm, unincorporated association, partnership, corporation, legal, governmental entity, association or other entity.

7. As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and includes any information electronically stored, printed, written, typed, recorded, transcribed, taped, photographic or graphic matter, however produced or reproduced, including, but not limited to: any e-mail, text message, facsimile, letter, correspondence or communication of any sort; film, print or negative of photograph; sound recording, video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper or draft; computer output or input, data processing card; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill or voucher; financial statement, statement of account, bank statement, check book, stubs or register, cancelled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed and any other data

compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.

The term "document" also means (a) the original and/or any non-identical original or copy including those with any marginal note or comment or showing additions, deletions, or substitutions; (b) drafts; (c) attachment to or enclosure with any document; and (d) every document referred to in any other documents, and requires production of all electronically stored information stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, and includes meta-data.

8.  As used herein, the terms "communication" and "communicated" shall mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise) and includes, without limitation, the following: SMS messages, PIN messages, video or picture messages, letters, e-mails, voicemails, electronic transmission of information, conversations, telephone conversations, statements, discussions, debates, arguments, disclosures, interviews, consultation and every other manner or oral utterance.

9.  As used herein, the terms "identify" and "describe" shall mean:

   (a) To describe fully and in detail by reference to underlying facts rather than by reference to ultimate facts or conclusions of law;

   (b) Where applicable, to particularize as to (i) time, (ii) place, and (iii) manner;

   (c) For a person: include name, occupation, last known address, and telephone number;

   (d) For a business: include name, legal form (e.g. corporation, partnership, etc.), state of incorporation or organization, if any, and principal place of business.

(e)  For an event: time, place, persons present, or description; and

(f)  For a document:

   (i)   type of document (e.g., letter, memo, invoice, e-mail);
   (ii)  general description of the contents of the document;
   (iii) date of the document;
   (iv)  author(s), addressee(s), and recipient(s); and
   (v)   all persons who possess, control or have custody of the document or any copy of it.

(g)  To set forth all relevant facts necessary to the complete understanding of the person, act, process, event, or thing in question.

10. As used herein, the terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates or agents. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. As used herein, "concerning" shall mean about, relates to, refers to, contains, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, contradicts, describes or offers evidence of.

12. As used herein "state the basis" and "set forth all facts" shall mean the party shall provide a substantial summary of the factual basis supporting the claim, allegation, or defense at the time the interrogatory is answered. The summary shall:

(a)  identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions/failures to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory; and

(e) identify the persons and entities that, through firsthand information or possession of documents, are the sources of the party's information regarding the claim, allegation, or defense

In stating the basis, a party may not withhold information from the interrogatory answer because it derives from attorney work product or was obtained in anticipation of litigation if the party intends to offer this information at trial.

13. As used herein, the terms "you," "your," "Plaintiff," "Coquina" shall mean Plaintiff Coquina Investments, includes anyone acting for, on behalf or at the direction of Coquina Investments, including, but not limited to, its principals, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives, agents, or anyone who has acted on behalf of Coquina.

14. As used herein, the terms "Defendant," "TD Bank, N.A.," "TD Bank," or the "Bank" shall mean Defendant TD Bank, N.A. or Commerce Bank.

15. As used herein, the term "Structured Settlement(s)" shall mean any of the confidential structured settlements referred to in Plaintiff's Complaint.

16. As used herein, the term "Investment(s)" shall mean your participation in or funding of any Structured Settlement(s) on your own behalf or on behalf of anyone else.

17. As used herein, the term "the Complaint" shall mean Plaintiff's Complaint filed in this action on or about May 12, 2010.

18. As used herein, the term "CRS" shall mean Plaintiff's Civil Rico Statement filed in this action on June 16, 2010.

19. "RRA" shall mean the former law firm Rothstein, Rosenfeldt and Adler and its representatives, agents, affiliates, attorneys, employees and all persons acting or purporting to act on its behalf.

20. "Rothstein" shall mean Defendant Scott W. Rothstein and his representatives, agents, affiliates, attorneys, employees and all persons acting or purporting to act on his behalf.

21. "Trustee" shall refer to Herbert Stettin, his affiliates, subsidiaries, representatives, agents, attorneys, officers, employees and all persons acting or purporting to act on his behalf.

## INTERROGATORIES

1. State the name, address, telephone number, place of employment and job title of any person who communicated with a partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative or anyone acting on behalf of Coquina, regarding the Investments, whom each communication was between, when the communication was made, and what was communicated.

**ANSWER:**

2. Describe in detail the role of any partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative or anyone acting on behalf of Coquina, including, but not limited to, Barrie Damson, Kathleen White and Melvyn Klein, in connection with the Investments and describe any actions taken by them regarding the Investments.

**ANSWER:**



3. For <u>each</u> alleged Investment set forth in the chart of purported Investments, A-L, in Paragraph 49 the Complaint, identify every person on whom, or information on which, Coquina relied in any part in making each Investment, including, but not limited to, what was stated or provided Coquina's, by whom, when, and the actions Coquina took in so relying.

**ANSWER:**

4. State the factual basis for your allegations in paragraph (d)(2) of the CRS that you have suffered lost investment opportunities as a result of the alleged acts of TD Bank, including identifying who provided the investment opportunities to you, when each opportunity was available to you, the specific time period for which you claim you have damages for lost investment opportunities, and the returns on each opportunity lost to you during the time period in which you claim you would have invested.

**ANSWER:**

5. List all investments made or owned by Deborah Eckhardt, Barbara May or David May individually, collectively, or on behalf of any person or entity for the time period January 2007 to November 1, 2009, and any returns or losses on those investments for the same period.

**ANSWER:**

6. State the basis for your contentions that the Bank made misrepresentations to Coquina, including each direct or indirect misrepresentation, action or inaction, that you allege the Bank made regarding the Coquina Investments and, as to each alleged misrepresentation: to whom the misrepresentation was made, by whom the misrepresentation was made, where the misrepresentation occurred, all persons present, the date, the manner of the misrepresentation (by phone, e-mail, in person), the specific statement and how you allege it was false.

**ANSWER:**

7. Identify the sources of any funds you invested in the Structured Settlement(s) including, but not limited to, identifying any person entity, partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative on anyone acting on behalf of Coquina, or for other sources of funds, the name and address of each source, amount and date of the provision of the funds.

**ANSWER:**

8. Identify the amount of all funds you or anyone acting on your behalf received from any source whatsoever as a return on the alleged Investment(s), when such return was received and by whom, state whether that return was reinvested in the Investment(s), or invested/transferred to any other investment(s) or business opportunity, and, if so, identify that other investment(s) or business opportunity.

**ANSWER:**

9. For the period January 1, 2007 through November 1, 2009, describe specifically all actions taken by you, or anyone of whom you aware, to conduct market or other research, due diligence or otherwise investigate any of the Investment(s) or Structured Settlement(s) at any time before or after you made your Investment(s), including, but not limited to, identifying who performed each of these actions, and for <u>each</u> such action, specify the action performed, the date(s) of each such action, all information received as a result of each of those actions and who received the information.

**ANSWER:**

10. For <u>each</u> alleged Investment identify every person who participated in the decision to make each Investment, and how he or she participated.

**ANSWER:**

11. State every fact on which you base your allegation that TD Bank knew of Rothstein's Ponzi Scheme or should have known of Rothstein's Ponzi Scheme.

**ANSWER:**

12. State whether you have communicated at any time with any other investors in any of the Structured Settlements or Investments which formed Rothstein's Ponzi Scheme, whom you communicated with, when, the manner of the communication (e-mail, letter, phone or other method), and the nature and contents of the communication.

**ANSWER:**

13. For the specified time period, state whether Coquina, including, but not limited to, any partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative or anyone who has acted on behalf of Coquina, has had a business or social relationship, including the time period and a description of the nature of the business or social relationship with any of the following: Rothstein, Michael Szafranski, Frank Preve, George G. Levin, Andrew Barnett, Ted Morse, Edward Morse, Morse Operations, Inc., Barry R. Bekkedam, A.J. Discala, R.L. Pearson & Associates, Inc., Ballamor Capital Management, LLC, Platinum Partners Value Arbitrage Fund (USA), LP, Centurion Structured Growth, LLC, the accounting firm of Berenfeld Spritzer Shechter & Sheer, LLP, the law firm of Rothstein, Rosenfeldt and Adler and any of its former employees, officers, partners, directors or attorneys, Banyon 1030-1032, LLC, Banyon Income Fund, LP, Banyon USVI, LLC, Onyx Options Consultants Corporation, Alexa Funding, LLC and/or ABS Capital Funding, LLC.

**ANSWER:**

14. Describe specifically the role of each of the following persons concerning the Investments including as to each, with whom each person had contact regarding the Investments at Coquina and on behalf of Coquina, whether such person has knowledge regarding Plaintiff's allegations against TD Bank and, if so, describe the facts which form the basis of each person's knowledge regarding Plaintiff's allegations against TD Bank: Barrie Damson, Kathleen White and Melvyn Klein.

**ANSWER:**


15. Identify and describe specifically all efforts you have made to preserve relevant data in this matter, including identifying all computers, servers, blackberries, PDAs, cell phones, or any other electronic devices that are, or have been preserved, what data is present, its format, search functionality, its location, the recovery and restore process, and identify any data that has been deleted, destroyed or otherwise not preserved and the date of such deletion and/or destruction.

**ANSWER:**

16. Identify and describe any requests made by you or anyone on your behalf to any individuals or entities for electronically stored or other information concerning relevant data in this matter, including, but not limited to, requests to Rothstein or his counsel, and the Trustee, or his counsel, to whom the requests were made, whether such persons searched for, preserved and provided you with electronically stored information in any form and, if so, describe the nature of the data you received from each.

**ANSWER:**

17. For <u>each</u> time that you contend Coquina or a Coquina representative spoke with, met with, or received information from a TD Bank employee identify: the Coquina representative(s) who was present by name, occupation, his/her affiliation to Coquina, address and telephone number; the TD Bank employee(s) present; anyone else who was present; where the meeting, discussion or exchange of information took place; the date thereof; the specific statements made or information provided by TD Bank to Coquina; and, in the event of the provision of a document, whether the document was supplied directly from a TD Bank employee to the Coquina representative.

**ANSWER**

| | Respectfully submitted, |
|---|---|
| Donna M. Evans<br>Massachusetts Bar No. 554613<br>GREENBERG TRAURIG, LLP<br>One International Center<br>Boston, MA 02110<br>Telephone: (617) 310-60000<br>Facsimile: (617) 310-60001<br>(admitted *pro hac vice*) | GREENBERG TRAURIG, P.A.<br>*Attorneys for TD Bank, N.A.*<br>401 East Las Olas Boulevard<br>Suite 2000<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 765-0500<br>Facsimile: (954) 765-1477<br><br>_____<br>GLENN E. GOLDSTEIN<br>Florida Bar No. 435260 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via hand delivery upon those individuals listed on the following Service List on this 30th day of November, 2010.

_____
GLENN E. GOLDSTEIN

## SERVICE LIST

David Scott Mandel, Esq.
Jason Brent Savitz, Esq.
Nina Stillman Mandel, Esq.
Mandel & Mandel LLP
Attorneys for Plaintiff
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida 33131
Telephone: (305) 374-7771
Facsimile: (305) 374-7776
Email: dmandel@mandel-law.com
       jsavitz@mandel-law.com
       nsmandel@mandel-law.com

## **VERIFICATION**

I, _____, being duly sworn, depose and say:

1. I am a Plaintiff in the above-referenced matter. I am fully familiar with the facts set forth herein.

2. I have reviewed the above answers to Interrogatories, and verify upon penalty of perjury that they are all true and correct.

_____
Signature of Affiant

_____
Print Name

State of _____ )
                       ) ss:
County of _____ )

SWORN TO AND SUBSCRIBED to before me this _____ day of _____, 20____, by _____, who is personally known to me or has produced _____ as identification.

_____
Signature of Notary Public

_____
Print Name

My Commission Expires/Seal: