# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

       Plaintiff,

vs.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.

       Defendants.

_____/

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TD BANK, N.A.'S FIRST SET OF INTERROGATORIES

**COMES NOW** Plaintiff Coquina Investments ("Coquina"), and pursuant to Federal Rule of Civil Procedure 33 and Southern District of Florida Local Rule 26.1(g), hereby responds to *Defendant TD Bank, N.A.'s First Set of Interrogatories to Plaintiff Coquina Investments* ("Interrogatories") by serving *Plaintiff's Response and Objections to Defendant TD Bank, N.A.'s First Set of Interrogatories* and in support thereof states as follows:

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## GENERAL RESPONSES AND OBJECTIONS

Each of Plaintiff's responses, in addition to any specific objections, is subject to and incorporates the following general responses and objections. Plaintiff's assertion of the same, similar, or additional objections, or a partial response to any individual interrogatory, does not waive any of Plaintiff's general responses and objections.

1.      The following responses reflect the current state of the Plaintiff's knowledge, understanding, and belief with respect to these Interrogatories. Plaintiff expressly reserves its right to supplement or modify these responses with such pertinent information as it may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. Plaintiff expressly reserves the right to rely on, at any time, including trial, subsequently discovered documents and/or materials.

2.      Plaintiff objects to the Interrogatories because Defendant TD Bank service of multiple simultaneous discovery requests, purposeful timing during the holidays, and method of service, were intended to annoy, harass, and overly burden Plaintiff, its support staff, and counsel.

3.      Plaintiff objects to the Interrogatories because Defendant TD Bank's repeated demands that Plaintiff produce all responsive information at the same time Plaintiff serves its responses to Defendant's multiple simultaneous discovery requests is intended to annoy, harass, and overly burden Plaintiff, its support staff, and counsel.

**CONFIDENTIAL**

Mandel & Mandel LLP

Telephone 305 374 7771

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

4.    None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Defendant TD Bank's Interrogatories. Plaintiff's written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

5.    Plaintiff objects to any interrogatory that seeks information constituting or containing information concerning communications between Plaintiff and its counsel, which is protected by the attorney-client privilege.

6.    Plaintiff objects to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

7.    Plaintiff objects to any interrogatory that seeks information constituting or containing information which is protected by the accountant-client privilege.

**CONFIDENTIAL**

Mandel & Mandel LLP
169 East Flagler Street   ·   Miami, Florida   ·   Telephone 305.374.7771

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

8.     The inadvertent provision of information or the production by Plaintiff of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Defendants shall return all inadvertently produced documents to Plaintiff upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

9.     Plaintiff objects to any interrogatory to the extent that it purports to impose upon it any obligation beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Florida, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

10.     Plaintiff objects to these Interrogatories because numerous individual interrogatories contain multiple discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1) and the Local Rules for the United States District Court for the Southern District of Florida. Furthermore, Defendant TD Bank has violated the prohibition against serving "more than 25 written interrogatories, including all discrete subparts." *See* Fed. R. Civ. P. 33(a)(1). Plaintiff objects to supplying responses to more than 25 interrogatories. Defendant TD Bank's excessive interrogatories in violation of the Rules are unduly burdensome.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

11.     Plaintiff objects to these interrogatories to the extent that they are overbroad, unduly burdensome, vague, ambiguous, confusing, require speculation to determine their meaning or use imprecise specifications of the information sought.

12.     Plaintiff objects to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13.     Plaintiff objects to any interrogatory as unduly and unnecessarily burdensome to the extent the discovery can be obtained via less burdensome means, seeks information that is a matter of public record, already in the Defendants' possession, or otherwise available to the Defendants and can be accessed and obtained by the Defendants with less burden than Plaintiff.

14.     Plaintiff objects to any interrogatory to the extent it requests all facts or identification of all documents supporting certain allegations in the Complaint or Civil Rico Case Statement.

15.     Plaintiff objects to Defendant TD Bank's Instruction and Definition No. 3 to the extent the production period of January 1, 2007, seeks production of information prior to Coquina making its first Investment and earlier documents related thereto.

16.     Plaintiff objects to Defendant TD Bank's Instruction and Definition No. 4 to the extent it seeks responsive information that is not in the custody, care, or control of Plaintiff.

17.     Plaintiff objects to Defendant TD Bank's Instruction and Definition No. 9 because the term "underlying facts" is vague and ambiguous, to the extent it seeks the contact information

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

of individuals who are represented by counsel, to the extent it seeks publicly available information or information already in the possession of Defendant TD Bank, and because it is overbroad and burdensome.

18.     Plaintiff objects to Defendant TD Bank's Instruction and Definition No. 12 because it is overbroad and burdensome and seeks information regarding the ultimate facts supporting legal allegations, legal conclusions, and legal defenses.

19.     Plaintiff objects to Defendant TD Bank's Instruction and Definition No. 13 to the extent it includes anybody other than the named Plaintiff or individuals or entities acting on its behalf.

20.     Unless otherwise indicated, Plaintiff will not provide information encompassed by these General Responses and Objections or by the Specific Responses and Objections set forth below.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

State the name, address, telephone number, place of employment and job title of any person who communicated with a partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative or anyone acting on behalf of Coquina, regarding the Investments, whom each communication was between, when the communication was made, and what was communicated.

### RESPONSE TO INTERROGATORY NO. 1

Plaintiff objects to this interrogatory because it requests that Plaintiff identify and provide specific information concerning third parties. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the individuals that it seeks to have identified to those who have information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, and the interrogatory requires an extensive written itemization (1) identifying a multitude of individuals and (2) identifying (a) a multitude of written and oral communication by each, (b) the date of each communication, and (c) what was communicated. Plaintiff additionally objects because this interrogatory contains, at a minimum, two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff also objects because the information sought in Defendant TD Bank's interrogatory is, in large part, in the possession of Defendant TD Bank. Plaintiff additionally objects because this

**CONFIDENTIAL**

Mandel & Mandel LLP

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

interrogatory requests information concerning lawyers, accountants, and other privileged and protected work product and communications.

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Coquina communicated with the following individuals in connection with the Investments:

1.    Regulo Araujo

      a.    Employer:  TD Bank, N.A.

2.    Scott Rothstein

      a.    Employer: Rothstein Rosenfedlt Adler, P.A.

3.    Ira Sochet

      a.    The date and nature of the communication:  For the period on or about, March 2009 to the present, Melvyn Klein communicated with Ira Sochet via telephone and email regarding due diligence for and investing in Structured Settlements.

4.    Frank Spinosa

      a.    Employer:  TD Bank, N.A.

5.    Michael Szafranski

6.    Ana Tarazona

      a.    Employer:  TD Bank, N.A.

7.    Individuals as identified in Coquina's Complaint in this action.

8.    Individuals as identified in Coquina's Civil Rico Case Statement in this action.

9.    Individuals as identified in Coquina's Rule 26(a)(1) Initial Disclosures.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## INTERROGATORY NO. 2

Describe in detail the role of any partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative or anyone acting on behalf of Coquina, including, but not limited to, Barrie Damson, Kathleen White and Melvyn Klein, in connection with the Investments and describe any actions taken by them regarding the Investments.

## RESPONSE TO INTERROGATORY NO. 2

Plaintiff objects to this interrogatory because it is overbroad and unduly burdensome to the extent it seeks a written itemization of the multitude of "actions" taken by Plaintiff in connection with the Investments. Plaintiff also objects because this interrogatory requests information concerning lawyers, accountants, and other privileged and protected work product and communications. Plaintiff additionally objects because this interrogatory contains, at a minimum, two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1) because it requests a written itemization (1) describing the "role" of numerous individuals and (2) identifying "any actions" regarding the Investments.

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

1. Barrie Damson

    a. Barrie Damson considered, conducted due diligence, and participated in the management of the Investments.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

2.     Melvyn Klein

    a.    Melvyn Klein considered, conducted due diligence, and participated in the management of the Investments.

3.     Kathleen White

    a.    Kathleen White considered, conducted due diligence, and participated in the management of the Investments.

## INTERROGATORY NO. 3

For each alleged Investment set forth in the chart of purported Investments, A-L, Paragraph 49 the Complaint, identify every person on whom, or information on which, Coquina relied in any part in making each Investment, including, but not limited to, what was stated or provided Coquina's, by whom, when, and the actions Coquina took in so relying.

## RESPONSE TO INTERROGATORY NO. 3

Plaintiff objects to this interrogatory because it improperly requests all facts supporting certain allegations in the Complaint and Coquina's reliance thereon. Such discovery is premature, unproductive, expensive, and overly burdensome, particularly at this stage of discovery. Plaintiff also objects to the extent this interrogatory requests information concerning lawyers, accountants, and other privileged and protected work product and communications. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia*, it does not limit the individuals that it seeks to have identified to those who have information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, and the interrogatory requires an extensive written itemization (1) identifying various individuals

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

who relied on information; (2) identifying (a) the multitude of written and oral communications by individuals, (b) the date of each communication, (c) what was communicated, (d) who communicated it; (3) what actions were taken in response to those individuals; (4) identifying a multitude of individual pieces of information; (4) identifying (a) a multitude of written and oral communication regarding that information, (b) the date of each communication, (c) what was communicated, (d) who communicated it; and (6) and the multitude of actions were taken in response to that information. Plaintiff additionally objects because this interrogatory contains, at a minimum, six (6) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Coquina identifies and refers Defendant TD Bank to the following documents from which the answer to this interrogatory may, in substantial part, be ascertained.

1. The Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010)

2. Coquina's *Civil Rico Case Statement* (DE 16).

### INTERROGATORY NO. 4

State the factual basis for your allegations in paragraph (d)(2) of the CRS that you have suffered lost investment opportunities as a result of the alleged acts of TD Bank, including identifying who provided the investment opportunities to you, when each opportunity was available to you, the specific time period for which you claim you have damages for lost investment

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

opportunities, and the returns on each opportunity lost to you during the time period in which you claim you would have invested.

## RESPONSE TO INTERROGATORY NO. 4

Plaintiff objects to this interrogatory because it improperly requests all facts supporting certain allegations in the Complaint and such discovery is premature, unproductive, expensive, and overly burdensome, particularly at this stage of discovery. Plaintiff also objects because this interrogatory requests information concerning lawyer, accountant, and other privileged and protected work product and communications. Plaintiff further objects because the words "available" and "returns" are vague and ambiguous in this context. Plaintiff additionally objects to this interrogatory because it is overbroad and unduly burdensome because it requires an extensive written itemization identifying (1) who provided investment opportunities, (2) the date each opportunity was "available," (3) the time period of each loss, and (4) the "returns" on each opportunity lost.

## INTERROGATORY NO. 5

List all investments made or owned by Deborah Eckhardt, Barbara May, or David May individually, collectively, or on behalf of any person or entity for the time period January 2007 to November 1, 2009, and any returns or losses on those investments for the same period.

## RESPONSE TO INTERROGATORY NO. 5

Plaintiff objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the investments that it seeks to have identified to information that is either

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, and the interrogatory requires an extensive written itemization from (1) identifying (a) all investments made or owned by Deborah Eckhardt individually, (b) all investments made or owned by Deborah Eckhardt collectively with Barbary May or David May, (c) all investments made or owned by Deborah Eckhardt on behalf of any person, (d) all investments made or owned by Deborah Eckhardt on behalf of any entity, (e) each investment return realized by Deborah Eckhardt individually, (f) each investment return realized by Deborah Eckhardt collectively with Barbary May or David May, (g) each investment return realized by Deborah Eckhardt on behalf of any person, (h) each investment return realized by Deborah Eckhardt on behalf of any entity, (i) each investment loss sustained by Deborah Eckhardt individually, (j) each investment loss sustained by Deborah Eckhardt collectively with Barbary May or David may, (k) each investment loss sustained by Deborah Eckhardt on behalf of any person, (l) each investment loss sustained by Deborah Eckhardt on behalf of any entity; (2) identifying (a) all investments made or owned by Barbara May individually, (b) all investments made or owned by Barbara May collectively with Deborah Eckhardt or David May, (c) all investments made or owned by Barbara May on behalf of any person, (d) all investments made or owned by Barbara May on behalf of any entity, (e) each investment return realized by Barbara May individually, (f) each investment return realized by Barbara May collectively with Deborah Eckhardt or David May, (g) each investment return realized by Barbara May on behalf of any person, (h) each investment return realized by Barbara May on behalf of any entity, (i) each investment loss sustained by Barbara May individually, (j) each investment loss sustained by Barbara May collectively with Deborah Eckhardt or David May, (k) each investment loss sustained by Barbara

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

May on behalf of any person, (l) each investment loss sustained by Barbara May on behalf of any entity; (3) identifying (a) all investments made or owned by David May individually, (b) all investments made or owned by David May collectively with Deborah Eckhardt or Barbara May, (c) all investments made or owned by David May on behalf of any person, (d) all investments made or owned by David May on behalf of any entity, (e) each investment return realized by David May individually, (f) each investment return realized by David May collectively with Deborah Eckhardt or Barbara May, (g) each investment return realized by David May on behalf of any person, (h) each investment return realized by David May on behalf of any entity, (i) each investment loss sustained by David May individually, (j) each investment loss sustained by David May collectively with Deborah Eckhardt or Barbary May, (k) each investment loss sustained by David May on behalf of any person, (l) each investment loss sustained by David May on behalf of any entity. Plaintiff additionally objects because this interrogatory contains, at a minimum, three (3) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff also objects to the extent this interrogatory because this interrogatory requests information concerning lawyers, accountants, and other privileged and protected work product and communications.

## INTERROGATORY NO. 6

State the basis for your contentions that the Bank made misrepresentations to Coquina, including each direct or indirect misrepresentation, action or inaction, that you allege the Bank made regarding the Coquina Investments and, as to each alleged misrepresentation: to whom the misrepresentation was made, by whom the misrepresentation was made, where the misrepresentation

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

occurred, all persons present, the date, the manner of the misrepresentation (by phone, e-mail, in person), the specific statement and how you allege it was false.

## RESPONSE TO INTERROGATORY NO. 6

Plaintiff objects to this interrogatory because it improperly requests all facts supporting certain allegations in the Complaint. Such discovery is premature, unproductive, expensive, and overly burdensome, particularly at this stage of discovery. Plaintiff also objects because this interrogatory requests information concerning lawyer, accountant, and other privileged and protected work product and communications. Plaintiff further objects to this interrogatory because it is overboard and unduly burdensome because it requires an extensive written itemization (1) identifying (a) a multitude of misrepresentations, (b) who said each, (c) to whom, (d) whether it was made directly from TD Bank, (e) the location, (f) the individuals present, (g) the date, (h) the "manner" of misrepresentation, (i) the content of the communication, and (2) identifying how Coquina alleges each misrepresentation was false. Plaintiff additionally objects because this interrogatory contains, at a minimum, two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Coquina identifies and refers Defendant TD Bank to the following documents from which the answer to this interrogatory may, in substantial part, be ascertained.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

1.     The Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*,
Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010)

2.     Coquina's *Civil Rico Case Statement* (DE 16).

## INTERROGATORY NO. 7

Identify the sources of any funds you invested in the Structured Settlement(s) including, but not limited to, identifying any person entity, partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative on anyone acting on behalf of Coquina, or for other sources of funds, the name and address of each source, amount and date of the provision of the funds.

## RESPONSE TO INTERROGATORY NO. 7

Plaintiff objects to this interrogatory because the term "on anyone acting" is unintelligible and the interrogatory is generally unintelligible and confusing. Plaintiff also objects because the terms "or for other sources of funds" is vague, ambiguous, and confusing in this context. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the sources and individuals that it seeks to have identified to those who have information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, and the interrogatory requires extensive written itemization identifying (1) the name of each and every source of funds, (2) the address of each source, (3) the amount of each funding source, and (4) each and every date "of the provision" of the funds.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

Subject to and without waiving the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Coquina invested money into the Structured Settlements with money received from the following active investors:

1.   Barrie Damson

   a.   Address:   Mandel & Mandel
                   1200 Alfred I. duPont Building
                   169 East Flagler Street
                   Miami, FL 33131

2.   Melvyn Klein

   a.   Address:   Mandel & Mandel
                   1200 Alfred I. duPont Building
                   169 East Flagler Street
                   Miami, FL 33131

3.   Kathleen White

   a.   Address:   Mandel & Mandel
                   1200 Alfred I. duPont Building
                   169 East Flagler Street
                   Miami, FL 33131

## INTERROGATORY NO. 8

Identify the amount of all funds you or anyone acting on your behalf received from any source whatsoever as a return on the alleged Investment(s), when such return was received and by whom, state whether that return was reinvested in the Investment(s), or invested/transferred to any other investment(s) or business opportunity, and, if so, identify that other investment(s) or business opportunity.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## RESPONSE TO INTERROGATORY NO. 8

Plaintiff objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it requires an extensive written itemization (1) identifying (a) each and every amount of funds received, (b) the date of each amount, (c) from whom the funds were received; and (2) identifying (a) whether it was reinvested in any other investment or business opportunity and (b) the identity of the other investment or business opportunity. Plaintiff additionally objects because this interrogatory contains, at a minimum, two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Pursuant to Federal Rule of Civil Procedure 33(d) and Southern District of Florida Local Rule 26.1(g)(4) Coquina will produce wire transfer records in its possession that indicate the amount of funds received as a return on the Investments, when the return was received, and by whom.

Coquina further states that returns on the Investments were ultimately reinvested into additional Investments.

## INTERROGATORY NO. 9

For the period January 1, 2007 through November 1, 2009, describe specifically all actions taken by you, or anyone of whom you aware, to conduct market or other research, due diligence or otherwise investigate any of the Investment(s) or Structured Settlement(s) at any time before or after you made your Investment(s), including, but not limited to, identifying who performed each of these

**CONFIDENTIAL**

Coquina Investments v. Rothstein and TD Bank
Case No. 10-60786-Civ-Cooke/Bandstra

actions, and for each such action, specify the action performed, the date(s) of each such action, all information received as a result of each of those actions and who received the information.

## RESPONSE TO INTERROGATORY NO. 9

Plaintiff objects to this interrogatory because the term "describe specifically all actions" is vague, ambiguous, overboard and unduly burdensome. Plaintiff also objects to this interrogatory because the term "whom you aware" is vague, ambiguous, unintelligible, and presumably requests that Plaintiff describe and provide specific information concerning third parties. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the individuals that it seeks to have identified to those who have information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, the interrogatory requires an extensive written itemization (1) identifying a multitude of "actions" (a) to conduct market research, (b) to conduct other research, (c) to conduct due diligence, (d) to investigate the Investments, (e) who performed each "action," (f) specifying the action performed, (g) the date(s) of each action and (2) identifying (a) all information received, and (b) who received it. Plaintiff additionally objects because this interrogatory contains, at a minimum, two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff also objects because this interrogatory requests information concerning lawyer, accountant, and other privileged and protected work product and communications.

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

Coquina identifies and refers Defendant TD Bank to the following documents from which the answer to this interrogatory may, in substantial part, be ascertained.

1. The Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010)

2. Coquina's *Civil Rico Case Statement* (DE 16).

## INTERROGATORY NO. 10

For each alleged Investment identify every person who participated in the decision to make each Investment, and how he or she participated.

## RESPONSE TO INTERROGATORY NO. 10

Plaintiff objects to this interrogatory because it requests that Plaintiff identify and provide specific information concerning third parties and seeks information that is otherwise not in the custody, care, or control of Plaintiff. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the sources and individuals that it seeks to have identified to those who have information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence. Plaintiff also objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks the extensive written itemization (1) identifying each participant, (2) "how" he or she participated, for (3) each of 19 different Plaintiff Investments. Plaintiff also objects because this interrogatory requests information concerning lawyer, accountant, and other privileged and protected work product and communications.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

Subject to and without waiving the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:-

The following individuals participated in Coquina' decision to make the Investments:

1.   Barrie Damson

 a.   Barrie Damson considered, conducted due diligence, and participated in the management of the Investments.

2.   Melvyn Klein

 a.   Melvyn Klein considered, conducted due diligence, and participated in the management of the Investments.

3.   Kathleen White

 a.   Kathleen White considered, conducted due diligence, and participated in the management of the Investments.

## INTERROGATORY NO. 11

State every fact on which you base your allegation that TD Bank knew of Rothstein's Ponzi Scheme or should have known of Rothstein's Ponzi Scheme.

## RESPONSE TO INTERROGATORY NO. 11

Plaintiff objects to this interrogatory because it improperly requests all facts supporting certain allegations in the Complaint and Plaintiff's reliance thereon. Such discovery is premature, unproductive, expensive, and overly burdensome, particularly at this stage of discovery. Plaintiff also objects because this interrogatory requests information concerning lawyer, accountant, and other privileged and protected work product and communications. Plaintiff further objects to this

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it requests Plaintiff

to identify "every fact" relating to the Interrogatory. Plaintiff also objects because the information

sought in Defendant TD Bank's interrogatory is, in large part, in the possession of Defendant TD

Bank.

Subject to and without waiving these objections and the foregoing General Responses and

Objections, Plaintiff answers this interrogatory as follows:

Coquina identifies and refers Defendant TD Bank to the following documents from which

the answer to this interrogatory may, in substantial part, be ascertained.

1. The Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.* ,
   Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010)

2. Coquina's *Civil Rico Case Statement* (DE 16).

## INTERROGATORY NO. 12

State whether you have communicated at any time with any other investors in any of the

Structured Settlements or Investments which formed Rothstein's Ponzi Scheme, whom you

communicated with, when, the manner of the communication (e-mail, letter, phone or other method),

and the nature and contents of the communication.

## RESPONSE TO INTERROGATORY NO. 12

Plaintiff objects to this interrogatory because it requests that Plaintiff identify and provide

specific information concerning third parties. Plaintiff also objects to this interrogatory as overbroad

and unduly burdensome because it requires extensive written itemization (1) identifying all

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

communications, (2) to whom, (3) when, (4) the manner of communication, and (5) the "nature" of the communication.

Subject to and without waiving the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

For the period on or about, March 2009 to the present, Melvyn Klein communicated with Ira Sochet via telephone and email regarding due diligence for and investing in Structured Settlements.

## INTERROGATORY NO. 13

For the specified time period, state whether Coquina, including, but not limited to, any partner, officer, director, principal, owner, manager, employee, consultant, agent, attorney, representative or anyone who has acted on behalf of Coquina, has had a business or social relationship, including the time period and a description of the nature of the business or social relationship with any of the following: Rothstein, Michael Szafranski, Frank Preve, George G. Levin, Andrew Barnett, Ted Morse, Edward Morse, Morse Operations, Inc., Barry R. Bekkedam, AJ. Discala, R.L. Pearson & Associates, Inc., Ballamor Capital Management, LLC, Platinum Partners Value Arbitrage Fund (USA), LP, Centurion Structured Growth, LLC, the accounting firm of Berenfeld Spritzer Shechter & Sheer, LLP, the law firm of Rothstein, Rosenfeldt and Adler and any of its former employees, officers, partners, directors or attorneys, Banyon 1030-1032, LLC, Banyon Income Fund, LP, Banyon USVI, LLC, Onyx Options Consultants Corporation, Alexa Funding, LLC and/or ABS Capital Funding, LLC.

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

**RESPONSE TO INTERROGATORY NO. 13**

Plaintiff objects to this interrogatory because it is overbroad because, *inter alia,* it does not

limit the sources and individuals that it seeks to have identified to those who have information that

is either relevant to the subject matter of the action or likely to lead to the discovery of admissible

evidence.

Subject to and without waiving the foregoing General Responses and Objections, Plaintiff

answers this interrogatory as follows:

1.    Alexa Funding, LLC

    a.    Time period of relationship:  Coquina identifies and refers Defendant TD
Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD
Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and
Coquina's *Civil Rico Case Statement* (DE 16).

    b.    Nature of relationship:  Coquina identifies and refers Defendant TD Bank to
the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank,
N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's
*Civil Rico Case Statement* (DE 16).

2.    Onyx Capital Management

    a.    Time period of relationship:  Coquina identifies and refers Defendant TD
Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD
Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and
Coquina's *Civil Rico Case Statement* (DE 16).

    b.    Nature of relationship:  Coquina identifies and refers Defendant TD Bank to
the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank,
N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's
*Civil Rico Case Statement* (DE 16).

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

3.  Scott Rothstein

    a.  Time period of relationship: Coquina identifies and refers Defendant TD Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

    b.  Nature of relationship: Coquina identifies and refers Defendant TD Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

4.  Rothstein Rosenfeldt and Adler

    a.  Time period of relationship: Coquina identifies and refers Defendant TD Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

    b.  Nature of relationship: Coquina identifies and refers Defendant TD Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

5.  Michael Szafranski

    a.  Time period of relationship: Coquina identifies and refers Defendant TD Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

    b.  Nature of relationship: Coquina identifies and refers Defendant TD Bank to the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

**CONFIDENTIAL**

Mandel & Mandel LLP

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## INTERROGATORY NO. 14

Describe specifically the role of each of the following persons concerning the Investments including as to each, with whom each person had contact regarding the Investments at Coquina and on behalf of Coquina, whether such person has knowledge regarding Plaintiff's allegations against TD Bank and, if so, describe the facts which form the basis of each person's knowledge regarding Plaintiffs allegations against TD Bank: Barrie Damson, Kathleen White and Melvyn Klein.

## RESPONSE TO INTERROGATORY NO. 14

Plaintiff objects to this interrogatory because it improperly requests all facts supporting certain allegations in the Complaint and such discovery is premature, unproductive, expensive, and overly burdensome, particularly at this stage of discovery. Plaintiff also objects because this interrogatory requests information concerning lawyer, accountant, and other privileged and protected work product and communications. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because it requires extensive written itemization (1) describing the role of Barrie Damson, (2) describing the multitude of people with whom Barrie Damson "had contact," (3) (a) whether Barrie Damson has knowledge regarding Plaintiff's allegations in the Complaint against TD Bank and (b) describing all facts that form the basis of Barrie Damson's knowledge regarding the allegations in the Complaint against TD Bank; (4) describing the role of Melvyn Klein, (5) describing the multitude of people with whom Melvyn Klein "had contact," (6) (a) whether Melvyn Klein has knowledge regarding Plaintiff's allegations in the Complaint against

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

TD Bank and (b) describing all facts that form the basis of Melvyn Klein's knowledge regarding the allegations in the Complaint against TD Bank; (7) describing the role of Kathleen White, (8) describing the multitude of people with whom Kathleen White "had contact," (9) (a) whether Kathleen White has knowledge regarding Plaintiff's allegations in the Complaint against TD Bank and (b) describing all facts that form the basis of Kathleen White's knowledge regarding the allegations in the Complaint against TD Bank.  Plaintiff additionally objects because this interrogatory contains, at a minimum, three (9) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Barrie Damson's role concerning the Investments was to consider, conduct due diligence, and participate in the management of the Investments.  Barrie Damson has knowledge regarding Plaintiff's allegations in the Complaint against TD Bank.  The facts that form the basis of Barrie Damson's knowledge regarding the allegations against TD Bank may be substantially ascertained in the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.* , Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

Melvyn Klein's role concerning the Investments was to consider, conduct due diligence, and participate in the management of the Investments. Melvyn Klein has knowledge regarding Plaintiff's allegations in the Complaint against TD Bank. The facts that form the basis of Melvyn Klein's knowledge regarding the allegations against TD Bank may be substantially ascertained in the

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

Kathleen White's role concerning the Investments was to consider, conduct due diligence, and participate in the management of the Investments. Kathleen White has knowledge regarding Plaintiff's allegations in the Complaint against TD Bank. The facts that form the basis of Kathleen White's knowledge regarding the allegations against TD Bank may be substantially ascertained in the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010) and Coquina's *Civil Rico Case Statement* (DE 16).

### INTERROGATORY NO. 15

Identify and describe specifically all efforts you have made to preserve relevant data in this matter, including identifying all computers, servers, blackberries, PDAs, cell phones, or any other electronic devices that are, or have been preserved, what data is present, its format, search functionality, its location, the recovery and restore process, and identify any data that has been deleted, destroyed or otherwise not preserved and the date of such deletion and/or destruction.

### RESPONSE TO INTERROGATORY NO. 15

Plaintiff objects because this interrogatory contains two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1) because it requires Plaintiff to (1) identify and describe all efforts to preserve relevant data, including (a) preserved computers, (b) preserved servers, (c) preserved blackberries, (d) preserved PDAs, (e) preserved cell phones, (f) identify other preserved

**CONFIDENTIAL**

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

electronic devices, (g) what preserved data is present, (h) the preserved data's format, (i) the preserved data's search functionality, (j) the preserved data's location, (k) the preserved data's recovery and restore process and (2) identify (a) any data deleted, destroyed, or not preserved, and (b) the date of deletion and/or destruction.

Subject to and without waiving the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

Documents and email have been preserved from file and email servers and desktop computers that contain files and documents used during Plaintiffs' course of its business operations. Email mailboxes and files were identified and both the files and email were forensically preserved from desktop computers.

Encrypted external hard drives containing a set of forensic preservation tools and space to contain the content to be preserved were connected to hard drives via USB connection. Once connected, the data was accessed for preservation. The forensic preservation tools were then deployed and documents and email mailboxes were forensically preserved on encrypted hard drives.

The email and file data are in the format of native and .PST files stored within logical forensic images. The content from the forensic images is extracted to allow for native processing, indexing, and searching. The preserved data is presently in the possession of Plaintiff or its agents in Florida. As a result of the manner in which Plaintiff's electronic data has been preserved, no recovery and restore efforts were performed on the preserved data.

**CONFIDENTIAL**

Mandel & Mandel LLP

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

No blackberries, PDAs, cell phones or other electronic devices have been preserved. Plaintiff is presently not aware of any relevant data that has been deleted, destroyed, or not preserved.

## INTERROGATORY NO. 16

Identify and describe any requests made by you or anyone on your behalf to any individuals or entities for electronically stored or other information concerning relevant data in this matter, including, but not limited to, requests to Rothstein or his counsel, and the Trustee, or his counsel, to whom the requests were made, whether such persons searched for, preserved and provided you with electronically stored information in any form and, if so, describe the nature of the data you received from each.

## RESPONSE TO INTERROGATORY NO. 16

Plaintiff objects to this interrogatory because it requests that Plaintiff identify and provide specific information concerning third parties. Plaintiff also objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the sources and individuals that it seeks to have identified to those who have information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, and the interrogatory requires extensive written itemization (1) identifying and describing to whom any data requests were made and (2) (a) whether such persons searched for electronically stored information, (b) whether such persons preserved electronically stored information, (c) whether such persons provided electronically stored information, and (d) describe the nature of the data received from each.

**CONFIDENTIAL**

Mandel & Mandel LLP
1200 Alfred I. duPont Building

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

Plaintiff additionally objects because this interrogatory contains, at a minimum, two (2) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

## INTERROGATORY NO. 17

For each time that you contend Coquina or a Coquina representative spoke with, met with, or received information from a TD Bank employee identify: the Coquina representative(s) who was present by name, occupation, his/her affiliation to Coquina, address and telephone number; the TD Bank employee(s) present; anyone else who was present; where the meeting, discussion or exchange of information took place; the date thereof; the specific statements made or information provided by TD Bank to Coquina; and, in the event of the provision of a document, whether the document was supplied directly from a TD Bank employee to the Coquina representative.

## RESPONSE TO INTERROGATORY NO. 17

Plaintiff objects to this interrogatory because it improperly requests all facts supporting certain allegations in the Complaint. Such discovery is premature, unproductive, expensive, and overly burdensome, particularly at this stage of discovery. Plaintiff also objects because the term "received information" is vague and ambiguous. Plaintiff further objects to this interrogatory because it is overbroad and unduly burdensome because, *inter alia,* it does not limit the information that it seeks to information that is either relevant to the subject matter of the action or likely to lead to the discovery of admissible evidence, and the interrogatory requires an extensive written itemization (1) identifying a multitude of conversations by identifying (a) the Coquina

**CONFIDENTIAL**

Mandel & Mandel LLP

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

representative(s) present, (b) their occupation, (c) their affiliation to Coquina, (d) their address, (e) their telephone number, (f) the other individuals present, (g) where the discussion took place, (h) the date, (i) the statements made; (2) identifying a multitude of meetings by identifying (a) the Coquina representative(s) present, (b) their occupation, (c) their affiliation to Coquina, (d) their address, (e) their telephone number, (f) the other individuals present, (g) where the discussion took place, (h) the date, (i) the statements made; (3) identifying a multitude of "other" information received from TD Bank  by identifying (a) the Coquina representative(s) present, (b) their occupation, (c) their affiliation to Coquina, (d) their address, (e) their telephone number, (f) the other individuals present, (g) where the exchange of information took place, (h) the date, (i) the information provided; and (4) identifying all documents handed directly from a TD Bank employee.  Plaintiff additionally objects because this interrogatory contains, at a minimum, four (4) discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff additionally objects because this information requested in this interrogatory is in the possession of TD Bank.

Subject to and without waiving these objections and the foregoing General Responses and Objections, Plaintiff answers this interrogatory as follows:

1.     Regulo Araujo

   a.     Employer:  TD Bank, N.A.

2.     Frank Spinosa

   a.     Employer:  TD Bank, N.A.

**CONFIDENTIAL**

Mandel & Mandel LLP

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

3.     Ana Tarazona

       a.     Employer:  TD Bank, N.A.

4.     The facts contained in the Complaint in *Coquina Investments v. Scott W. Rothstein and TD Bank, N.A.*, Case No. 10-60786-Civ-Cooke/Bandstra (SD. Fla. 2010).

5.     The facts contained in Coquina's *Civil Rico Case Statement* (DE 16).

6.     Coquina identifies and refers Defendant TD Bank to the following documents from which the answer to this interrogatory may, in substantial part, be ascertained.

**CONFIDENTIAL**

Mandel & Mandel LLP
1200 Alfred I. duPont Building

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## VERIFICATION

I, Kathleen White, have read the foregoing document. Answers to these Interrogatories were prepared by and with the assistance of representatives of Coquina Investments and with the assistance and the advice of counsel, upon which I have relied. I provide the answers set forth herein in my representative capacity at Coquina Investments. The answers set forth herein, subject to inadvertent or undiscovered errors, are based on, and therefore necessarily limited by, the records and information still in existence, presently collected, and thus far discovered in the course of the preparation of these answers. Consequently, I and Coquina Investments reserve the right to make any change in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available. Subject to the limitations set forth herein, the answers are true to the best of my present knowledge, information, and belief.

*Kathleen White*
Coquina Investments
By: Kathleen White

**As to objections:**

Mandel & Mandel LLP

Dated: January 18, 2011

**CONFIDENTIAL**

-34-

Mandel & Mandel LLP
1200 Alfred I. duPont Building    •    169 East Flagler Street    •    Miami, Florida    •    Telephone 305.374.7771

*Coquina Investments v. Rothstein and TD Bank*
Case No. 10-60786-Civ-Cooke/Bandstra

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January 2011, the foregoing document is

being served via U.S. Mail on all counsel of record identified on the attached Service List:

Service List:

Glenn E. Goldstein
Greenberg Traurig, P.A.
410 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
goldsteing@gtlaw.com
evans@gtlaw.com

*Attorneys for Defendant TD Bank*

**CONFIDENTIAL**