UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60786-Civ-COOKE/BANDSTRA

COQUINA INVESTMENTS,

    Plaintiff,

vs.

SCOTT W. ROTHSTEIN and TD BANK, N.A.,

    Defendants.

_____/

### ORDER DENYING DEFENDANT TD BANK'S MOTION TO STAY

THIS MATTER is before me on the Defendant TD Bank, N.A.'s Motion for Temporary Stay of Proceedings. (ECF No. 210). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided in this Order, the Defendant's Motion is denied.

TD Bank seeks a stay of this civil action pending the outcome of criminal proceedings against Frank Spinosa, its former Regional Vice President. The Government has not indicted Mr. Spinosa. Shortly before the close of fact discovery in this case, TD Bank deposed Plaintiff's corporate representative, and several of its partners and agents. Two of Plaintiff's deponents testified about an alleged September 25, 2009 meeting and an alleged August 17, 2009 phone call where Mr. Spinosa made false representations to Plaintiff. The crux of TD Bank's Motion is that these are new allegations, and that it cannot defend itself against them because Mr. Spinosa has invoked his Fifth Amendment privilege against self-incrimination. Thus, TD Bank seeks a stay of these civil proceedings.

A district court has broad discretion to stay proceedings. *See, e.g., Landis v. N. American*

1

*Co.*, 299 U.S. 248, 254-55 (1936).  A stay, however, may not be "indefinite in scope." *Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

The mere existence of parallel criminal and civil proceedings does not compel a stay of the civil proceeding.  *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994).  "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'"  *Id.*  "A court must deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant."  *Id.*   Thus, a court must consider whether, "as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue."  *Court-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, No. 05-60584, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009).  A mere "blanket assertion of the privilege is an inadequate basis for the issuance of a stay." *Lot 5, Fox Grove*, 23 F.3d at 364.

The following factors are relevant to determining whether "special circumstances" exist: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Yeomans v. Forster & Howell, Inc.*, No. 09-00488, 2009 WL 2960387, at *1 (M.D. Ala. Sept. 10, 2009).

In reviewing the relevant standards and factors, I find that that a stay is inappropriate in this case.  As I noted above, the crux of TD Bank's argument is that it only recently learned of two "new allegations" regarding misrepresentations Mr. Spinosa allegedly made in an August

17, 2009 phone call and a September 25, 2009 meeting.  Plaintiff's Complaint, filed on May 12, 2010, alleged that "on different occasions" Mr. Spinosa made certain representations, in person and in phone calls, that Mr. Rothstein maintained Plaintiff's funds in TD Bank accounts.  Compl. ¶ 17.  Plaintiff also alleged in its Complaint that Mr. Spinosa made certain misrepresentations regarding its TD Bank account during a meeting with Plaintiff in September 2009.  Compl. ¶¶ 33-35.  In light of the allegations in Plaintiff's Complaint, Plaintiff's deponents' testimony that Mr. Spinosa made misrepresentations in an August 17, 2009 phone call and in a September 25, 2009 meeting can hardly be characterized as "new allegations."  This case should not be stayed merely because TD Bank waited until just before close of fact discovery to take the deposition of Plaintiff's corporate representative, agents, and partners.

 That Mr. Spinosa would invoke his Fifth Amendment privilege is also not new information.  Mr. Spinosa invoked the privilege on June 10, 2010 and December 3, 2010, in two other cases, and he invoked the privilege in a February 17, 2011 deposition in this case.

 I also note that TD Bank has failed to show that Mr. Spinosa's invocation of the privilege will result in certain loss by automatic summary judgment, not merely the loss of its "most effective defense."  *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 947 (11th Cir. 1990); *see United States v. Two Parcels of Real Prop.*, 92 F.3d 1123, 1129 (11th Cir. 1996); *Lauer*, 2009 WL 800144, at *2.  Plaintiff must carry its burden to prove its allegations; Mr. Spinosa's silence alone will not give rise to automatic liability.  *See SEC v. Rehtorik*, 755 F. Supp. 1018, 1020 (S.D. Fla. 1990).  Further, Mr. Spinosa allegedly made misrepresentations in phone calls or meetings in the presence of at least one other person.  TD Bank has failed to show why it cannot substantiate its defense by using the testimony of other parties, expert testimony, or other evidence.  S*ee Lot 5, Fox Grove*, 23 F.3d at 364.

3

Most importantly, the Government has not indicted Mr. Spinosa, so no pending parallel criminal proceeding exists.[1] *See United States v. All Meat & Poultry Prods.*, No. 02-5145, 2003 U.S. Dist. LEXIS 17677, at *8 (N.D. Ill. Oct. 2, 2003) ("[C]ourts generally require that an indictment be issued before they will grant a stay."). TD Bank has provided no clarification on the status, if any, of the Government's investigation into Mr. Spinosa. TD Bank has not stated, for example, whether the Government has provided Mr. Spinosa with a target letter or otherwise alerted him to the existence of a criminal investigation. TD Bank states only that Mr. Spinosa "is believed to be under criminal investigation." Thus, the existence of an investigation is entirely speculative. It is possible that the Government may never bring any charges against Mr. Spinosa, or it may decide to conduct an investigation that takes months or even years. A stay under these circumstances would necessarily be of indefinite duration, and therefore improper. *See Trujillo*, 221 F.3d at 1264.

Finally, I have considered the status of the present case. The Plaintiff has proceeded diligently in litigating this matter. Fact discovery is now closed and the parties have filed dispositive motions. Trial is set for the two-week trial period commencing October 24, 2011. Because this case is close to trial and fact discovery is now closed, and no parallel criminal proceeding is pending, the most effective use of judicial resources weighs against a stay. The Court and the public have an interest in resolving this matter, which has been pending for over a year.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Defendant TD

---

[1] TD Bank cites several cases in support of its Motion, where courts have imposed a stay pending parallel criminal proceedings. However, in those cases the corporate officers at issue were already indicted, and in many cases those officers were also defendants in the civil case. *See, e.g., Am. Express Business Fin. Corp. v. RW Prof'l Leasing Servs.*, 225 F. Supp. 2d 263, 264 (E.D.N.Y. 2002); *United States v. All Meat & Poultry Prods.*, No. 02-5145, 2003 U.S. Dist. LEXIS 17677, at *8 (N.D. Ill. Oct. 2, 2003); *Taylor,*

Bank, N.A.'s Motion for Temporary Stay of Proceedings (ECF No. 210) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 24th day of June 2011.

*[signature: Marcia G. Cooke]*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*

---

*Bean & Whitaker Mortgage Corp. v. Triduanum Fin., Inc.*, No. 09-0954, 2009 WL 2136986, at *1 (E.D. Cal. Jul. 15, 2009).