## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

      Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

      Defendants.

---

### MOTION OF TD BANK, N.A., SEEKING THE ISSUANCE OF A *WRIT OF HABEAS CORPUS AD TESTIFICANDUM* COMPELLING THE UNITED STATES GOVERNMENT TO PRODUCE SCOTT W. ROTHSTEIN FOR TRIAL

TD Bank, N.A. ("TD Bank" or the "Bank"), by and through its undersigned counsel, respectfully moves this Court to issue a *Writ of Habeas Corpus Ad Testificandum* directing the federal agency or officer (the "Government") with custody and control over Scott W. Rothstein ("Rothstein") to present him in a timely manner for trial in this case.  In the alternative, and at a minimum, the Government should be directed to produce Rothstein at a time and place agreed to by the parties so that his sworn testimony may be obtained and preserved for use at trial.  In support of this motion, TD Bank states:

### I.  PRELIMINARY STATEMENT

Rothstein is the lead defendant in this litigation and was disclosed as a witness on TD Bank's witness list served on Plaintiff in March 2011 in connection with the trial scheduled to commence on October 24, 2011.  His direction of and control over the operation of the massive Ponzi scheme, and the events and circumstances at issue in this case, make him a critical witness

in this litigation with substantial personal knowledge of the material allegations asserted by the Plaintiff in its complaint.  Indeed, Rothstein was at the epicenter of the wide-ranging Ponzi scheme, attracting and deceiving investors, controlling the funds received from investors, and directing co-conspirators to engage in fraudulent and deceptive acts for his (and their) personal benefit.  As alleged in both the Plaintiff's complaint [D.E. 1] (the "Complaint") and the Civil RICO Case Statement [D.E. 16] (the "RICO Statement"), Rothstein "managed and supervised the fraudulent racketeering scheme of selling fictitious structured settlements."[1]  The RICO Statement further provides that Rothstein and his associates, including employees at his firm, engaged in criminal conduct in preparing and selling false civil settlements of sexual harassment and whistleblower claims.

In light of recent guilty pleas entered, and sworn Stipulated Statements of Facts executed, by certain Rothstein co-conspirators in their respective criminal cases, the need for Rothstein to appear at trial is even more compelling and necessary for the just adjudication of this case. The sworn statements of former Rothstein Rosenfeldt Adler, P.A. ("RRA") employees Curtis Renie ("Renie") and William Corte ("Corte")[2] state that Rothstein directed Renie and Corte to, among other things, create a false TD Bank website and falsify documents purporting to be from TD Bank.[3]  In addition, another Rothstein associate, Stephen Caputi ("Caputi"), recently entered a guilty plea and admitted that Rothstein directed him to pose as a purported settlement plaintiff at meetings with Plaintiff's investors and, at different times, as a TD Bank employee in meetings

---

[1] RICO Statement at p.2; *See also* Complaint, ¶13 ("Rothstein promoted, managed, and supervised the scheme…").

[2] TD Bank did not include Corte in their initial witness list for trial, but have sought to amend the witness list, *see* D.E. #373), to include Corte in light of the sworn admissions that he helped create a fake TD Bank website at the direction of Rothstein and in furtherance of the fraud.

[3] In addition, former RRA employee Debra Villegas ("Villegas"), admitted that she assisted Rothstein with, among other things, preparing fraudulent settlement documents, including forging names of purported plaintiffs and defendants to fictitious settlement agreements, and creating fictitious trust account statements and "lock-letters," all of which she knew were being used to deceive investors.  Statement of Facts, Case No. 10-cr-60126-WJZ, [D.E. 20-3] (S.D. Fla. 2010).  A true and correct copy of the Villegas Stipulated Statement of Facts is attached hereto as **Exhibit A**.

with other investors.  Renie, Corte and Caputi entered their guilty pleas after the close of discovery in this case;[4] however, the significance of the facts acknowledged by them and attributed to the actions of Rothstein cannot be ignored.  As a direct result of these specific revelations, Rothstein's testimony and his availability at the trial scheduled for October is essential to TD Bank's defenses at the trial of this case and critical to the just adjudication of this matter.

Under these highly compelling circumstances, TD Bank is therefore seeking the issuance of a *Writ of Habeas Corpus Ad Testificandum* from this Court directing the Government to produce Rothstein for the trial in October.

Finally, as explained further below, in connection with a series of attempts by parties in other proceedings to obtain the deposition testimony of Rothstein and after those requests were certified to Judge Cohn, the Government intervened and requested that Judge Cohn stay the issuance of a writ for a period of time deemed necessary to pursue additional criminal indictments.  Judge Cohn granted the Government's request, but expressly limited his ruling to the matters certified before him and not to litigation pending in other courts, such as this litigation.  Judge Cohn's order thus does not operate to affect the timetable or availability of Rothstein's testimony in this proceeding.[5]

Accordingly, TD Bank respectfully requests that this Court issue a *Writ of Habeas Corpus Ad Testificandum* compelling the Government to produce Rothstein to testify at trial in this litigation, or, at a minimum, to make Rothstein available to provide sworn testimony for use

---

[4] TD Bank has already served Renie and is attempting to serve Caputi with a trial subpoena, however, they are each scheduled to be sentenced within the next six weeks.  To the extent they are in federal custody during the trial, TD Bank will seek the issuance of a *Writ of Habeas Corpus Ad Testificandum* to compel the Government to produce them for the October trial or, at a minimum, to make them available to provide sworn testimony for use at the trial.

[5] In the event that the Government intervenes to seek, and the Court is inclined to grant, a similar stay in this case, TD Bank respectfully requests that in light of the importance of the Rothstein testimony to its defense and the legal factors set forth below, the trial in this case should be continued until such time as Rothstein can be produced for trial or, at a minimum, made available for sworn testimony to be used at trial.

in lieu of live trial testimony.  As set forth below, TD Bank satisfies the factors considered by courts in determining whether to issue a *Writ of Habeas Corpus Ad Testificandum*.[6]

## II.   FACTUAL BACKGROUND

In April 2009, Plaintiff began purchasing fictitious settlements with unreasonably favorable rates of return from Rothstein, the former CEO and co-founder of RRA.  Several months after Plaintiff began making these investments, federal authorities discovered and exposed that Rothstein's enterprise was a fraud, and that he was operating a massive Ponzi scheme through his sale of fictitious sexual harassment and whistle-blower settlements.

### Scott W. Rothstein

On December 1, 2009, the United States of America charged Rothstein by criminal Information with RICO, money laundering, substantive wire fraud, and mail fraud and wire fraud conspiracies in connection with running a Ponzi scheme.  On January 27, 2010, Rothstein pled guilty to all charges contained in the Information, and on June 9, 2010, the Hon. James I. Cohn of this Court sentenced him to 50 years in prison.  Having pled guilty to all the charges against him in the Information, the Government has already indicated that they do not believe that Rothstein can properly assert the Fifth Amendment privilege in response questions relating to those crimes.[7]  *See Mitchell v. U.S.*, 526 U.S. 314, 326 (U.S. 1999) (noting that the general rule is that "where there can be no further incrimination, there is no basis for the assertion of the privilege," and concluding that this legal principle applies where the defendant's sentence has been fixed and the judgment of conviction has become final).  It is generally believed, though

---

[6] If the Government does not have custody and control of Rothstein, the Court should require the Government to identify who has custody and control of the prisoner so that the Writ can be directed to the appropriate official.  *See U.S. v. Rinchack*, 820 F.2d 1557, 1567 n.13 (11th Cir. 1987) (providing that *writ of habeas corpus ad testificandum* is directed to the custodian of the prisoner from whom testimony is sought).

[7] *See* Transcript of July 1, 2011 Hearing ("Hearing Tr."), at 22:24-23:1 (comments by the Government indicating that they do not believe that Rothstein can invoke his Fifth Amendment privilege).  A true and correct copy of the transcript of the July 1, 2011, hearing before Judge Cohn is attached hereto as **Exhibit B**.

CASE NO. 10-60786-Civ-Cooke/Bandstra

TD Bank has been unable to verify, that Rothstein has been in the custody of the United States Marshals Service since his December 2009 arrest and that his Inmate Number is 91256-004.

### *The Rothstein Co-Conspirators – William Corte, Curtis Renie, and Stephen Caputi – Admitted Critical Facts that Further Require Rothstein's Trial Testimony*

The United States of America recently charged Corte, Renie, and Caputi by Information for their roles in assisting Rothstein to perpetrate and prolong his fraud.[8]

Renie and Corte were former RRA information technology specialists who, at the direction and under the guidance of Rothstein, created a fake TD Bank website and electronically altered evidence to deceive Rothstein's investors and prolong the fraud.[9]  Renie pled guilty to "Conspiracy to Commit Wire Fraud" on June 17, 2011,[10] and Corte pled guilty to the same charge on July 22, 2011.[11]

Caputi was an acquaintance of Rothstein who, at the direction and guidance of Rothstein, met with potential investors and posed as a TD Bank customer service representative.[12]  In at least one instance, Caputi also posed as a plaintiff for a fictitious ten million dollar settlement purchased by the Plaintiff for only five million dollars, with an expected payout of the entire principal sum within two months.[13]  Caputi pled guilty to "Conspiracy to Commit Wire Fraud" on June 15, 2011.[14]

Plaintiff commenced this action seeking to hold TD Bank liable for Rothstein and his co-conspirators' nefarious conduct, notwithstanding that the Bank was neither a participant in, nor a beneficiary of, Rothstein's scheme.  Indeed, TD Bank's defenses include that it did not know of

---

[8] *See* Case Nos. 11-cr-60123-WPD, D.E. 1 (S.D. Fla. 2011), and 11-cr-60124-WJZ, D.E. 1 (S.D. Fla. 2011).
[9] *See* Stipulated Statements of Facts, Case No. 11-cr-60123-WPD, D.E. 20 and 27 (S.D. Fla. 2011).  True and correct copies of the Renie and Corte Statements of Facts are attached hereto as **Exhibit C**.
[10] *See* Case No. 11-cr-60123-WPD, D.E. 19 (S.D. Fla. 2011).
[11] *See* Case No. 11-cr-60123-WPD, D.E. 26 (S.D. Fla. 2011).
[12] *See* Stipulated Statement of Facts, 11-cr-60124-WJZ, D.E. 13-1 (S.D. Fla. 2011).  A true and correct copy of the Caputi Stipulated Statement of Facts is attached hereto as **Exhibit D**.
[13] *Id*.
[14] *See* Plea Agreement, 11-cr-60124-WJZ, D.E. 13 (S.D. Fla. 2011).

the fraud perpetrated by Rothstein, Renie, Corte, Caputi, Villegas,[15] and others, and should not be held liable for the criminal conduct of those individuals.  Rothstein's attendance at the trial in this case is critical.

### Proceedings before Judge Ray and Judge Cohn

Multiple parties-in-interest in the RRA bankruptcy case[16] recently filed motions in that case requesting authority to depose Rothstein and seeking the Bankruptcy Court's issuance of a *Writ of Habeas Corpus Ad Testificandum* to compel the Government's production of Rothstein for depositions in connection with pending civil and bankruptcy-related litigation.  On June 2, 2011, the Bankruptcy Court entered an Agreed Order granting the motions to depose Rothstein, in a form that was negotiated by various parties-in-interest (not the Government) and included an agreed protocol that would enable multiple parties to take Rothstein's deposition in connection with pending civil and bankruptcy-related litigation.[17]   In the Agreed Order, the Bankruptcy Court recommended that the United States District Court issue a *Writ of Habeas Corpus Ad Testificandum*, and ordered the clerk to certify the recommendation to the District Court for consideration.  The matter was referred to the District Court on June 14, 2011, and assigned to Judge Moore, before being transferred to Judge Cohn.

In the ensuing District Court proceedings before Judge Cohn, the Government objected to the Bankruptcy Court's recommendation and requested, at a minimum, a 180-day stay of the Agreed Order.  The Government argued that permitting Rothstein to be deposed before the conclusion of its ongoing criminal investigation would interfere with its ability to pursue

---

[15] Villegas pled guilty to the one count Information, which charged her with Conspiracy to Commit Money Laundering, and she was sentenced to 120 months in prison on October 12, 2010.  *See* Case No. 10-cr-60126-WJZ, D.E. 33 (S.D. Fla. 2010).
[16] Bankruptcy Case No. 09-34791-RBR (Bankr. S.D. Fla. 2009) (Ray, J.).
[17] A true and correct copy of the Agreed Order entered by Judge Ray on June 2, 2011, Case No. 09-34791-RBR, D.E. 1751 (the "Agreed Order"), is attached hereto as **Exhibit E**.

additional indictments of other Rothstein co-conspirators.  The government did note, however, that it may consent to Rothstein's testimony being provided in connection with this case notwithstanding any stay issued by Judge Cohn.[18]

After weighing the Government's interest in pursuing additional indictments against the prejudice to the civil litigants if Rothstein were not made available to be deposed, Judge Cohn entered an Order[19] granting a six-month stay of the Agreed Order to enable the Government to complete its criminal investigation and pursue additional indictments.  Judge Cohn noted, however, that no further stay would be granted and, recognizing that Rothstein did not object to the relief being sought, directed the Government to make Rothstein available for depositions beginning on December 12, 2011, in accordance with the protocol set forth in the Agreed Order.[20]  Judge Cohn also made clear that it would apply only to the matters before him, but recognized that his ruling could inconvenience and highly prejudice parties to litigation outside of his Court.[21]  Further addressing that issue, Judge Cohn noted that other courts presiding over Rothstein related litigation would need to determine whether to issue a writ or impose a stay of discovery or litigation in their respective cases.[22]  Finally, in directing the Government to make Rothstein available for depositions in December, Judge Cohn recognized the importance of making Rothstein available to those parties engaged in civil litigation as a consequence of the massive fraud that he perpetrated.

TD Bank included and identified Rothstein on its witness list served on Plaintiff on March 14, 2011, in connection with the trial in this case scheduled for October 24, 2011.  While

---

[18] See Hearing Tr., at 10:2-11:4 ("if it is matters that have essentially come into the public sphere….the government might not object").
[19] Case No. 11-cv-61338-JIC, D.E. 32 (the "Order").  A true and correct copy of Judge Cohn's Order is attached hereto as **Exhibit F**.
[20] The Order provides that the Government may object to the Agreed Order protocol by filing a written objection on or before August 1, 2011.
[21] See Hearing Tr. at 6:10-11 ("this Court should not be dictating to any other judge how to schedule their case").
[22] See Id. at 25:9-20; Order, at fn. 6.

TD Bank has always represented that Rothstein is a critical TD Bank witness necessary for trial, the recent guilty pleas entered by Rothstein co-conspirators as set forth above underscore that the inability to obtain and introduce Rothstein's testimony at the October trial would cause severe and irreparable prejudice to TD Bank's ability to defend the claims asserted against it. Accordingly, TD Bank respectfully requests that this Court issue a *Writ of Habeas Corpus As Testificandum* compelling the Government to produce Rothstein in a timely manner for or in connection with the upcoming trial.

### III.   <u>ARGUMENT</u>

Scott Rothstein is the lead defendant in this action and the key perpetrator of, and mastermind behind, the fraudulent investment scheme surrounding this case.  Recent guilty pleas of Rothstein co-conspirators firmly establish that Rothstein directed others to create a fictitious TD Bank website, forged what he represented to others as genuine TD Bank documents and financial information, and hired an individual unaffiliated with TD Bank to pose as a TD Bank customer representative.  Rothstein's unlawful and nefarious conduct, including those described above, continues to cause substantial harm to the Bank, and his live testimony at trial on these issues is critical to TD Bank's defense, including to demonstrate that Rothstein and his co-conspirators – not TD Bank – caused Plaintiff's claimed losses.  Moreover, Rothstein himself has not objected to parties' in other proceedings seeking his sworn testimony, and there is no reason to believe that he will resist the request contained herein.  Accordingly, this Court should issue a *Writ of Habeas Corpus Ad Testificandum* directing the Government to make Rothstein available to testify in a timely manner at the trial scheduled to commence on October 24, 2011, so that TD Bank may offer his testimony in defense of the claims asserted against it in this case.

CASE NO. 10-60786-Civ-Cooke/Bandstra

***The Court has the Authority to Issue a Writ of Habeas Corpus Ad Testificandum Directing the Government to Produce Rothstein – the Central Figure to this Fraud – in a Timely Manner for Trial***

Federal district courts may issue *writs of habeas corpus ad testificandum* where "[i]t is necessary to bring him [the prisoner] into court to testify or for trial." *See* 28 U.S.C. § 2241; *Ballard v. Spradley*, 557 F.2d 476, 480-81 (5th Cir. 1977) (federal courts have discretionary authority under 28 U .S.C. § 2241(c)(5) to issue *writs of habeas corpus ad testificandum* to secure the appearance of a state or federal prisoner in federal court). The All Writs Act "…empowers the court to issue such commands … as may be necessary or appropriate to effectuate and prevent frustration of orders it has previously issued in its exercise of jurisdiction." *U.S. v. Mandel*, 857 F.Supp. 253, 254 (E.D.N.Y. 1994) (quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 42 (1985); *see also U.S. v. Rinchack*, 820 F.2d 1557, 1567 (11th Cir. 1987) ("As a technical matter, the proper method for securing a prisoner's presence at trial is a petition for a *writ of habeas corpus ad testificandum*.").

In determining whether to issue a *writ of habeas corpus ad testificandum*, most courts consider the eight-factor test set forth by the Seventh Circuit in *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976):

(1)   The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom;

(2)   Any potential danger or security risks which the presence of the prisoner would pose to the court;

(3)   Whether the matter at issue is substantial;

(4)   The need for an early determination;

(5)   The possibility of delaying the trial until the prisoner is released;

(6)   The probability of success on the merits;

(7)   The integrity of the correctional system; and

(8)   The interests of the inmate in presenting his testimony in person rather than by deposition.

9

*Id.* at 735;[23] *see also Ballard v. Spradley*, 557 F.2d at 480-81 (5th Cir. 1977) (stating that the district court should consider the following factors: "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted."); *Jerry v. Francisco*, 632 F.2d 252, 255-256 (3d Cir. 1980) (applying the *Stone v. Morris* factors and noting that those factors should be considered in determining whether a *writ of habeas corpus ad testificandum* should be issued to secure the appearance of an <u>incarcerated non-party witness</u>); *Holt v. Pitts*, 619 F.2d 558, 561 (8th Cir. 1980) (applying factors enumerated in *Stone v. Morris*). An analysis of the instructive *Stone v. Morris* factors here supports the Court's issuance of the Writ.

### *Cost and Inconvenience*

The cost and inconvenience of transporting Rothstein to the courtroom (or such other pretrial location as the Court may direct) are significantly outweighed by the substantial prejudice TD Bank will suffer if Rothstein is not made available to testify at trial.  Rothstein has been on TD Bank's witness list since March and his trial testimony in this case has always been critical to TD Bank.  As the recent plea agreements of his law firm cohorts and others has brought to light, Rothstein devised and directed a scheme that included creating fake TD Bank documents and a phony TD Bank website.  In short, this new evidence further points to the compelling need that the Bank has for his testimony.

Plaintiff seeks to hold TD Bank liable for millions of dollars in damages and any cost incurred by the Government to produce Rothstein will be minimal in comparison to the damages

---

[23] While the eight factor test set forth in *Stone v. Morris* was developed in the context of, and is more commonly applied to, civil rights actions commenced by prisoners under 42 U.S.C. § 1983, the factors are nonetheless instructive here.

CASE NO. 10-60786-Civ-Cooke/Bandstra

being sought in this action.  Moreover, once a district court determines that a prisoner's presence is essential, the mere cost of producing him is no justification for refusing to issue the writ.  *See Ballard v. Spradley*, 557 F.2d at 481 (where court determines that prisoner's presence at trial is essential, cost alone should not prevent court from issuing writ). (citing *Ball v. Woods*, 402 F. Supp. 803, 810 (N.D. Ala. 1975).

### Danger to the Court

Rothstein has pled guilty to and is serving his prison sentence as a result of engaging in "white-collar" crimes, and there is thus no basis to believe that he poses any physical threat to the Court.  Moreover, while during the July 1st proceedings before Judge Cohn the Government expressed concern regarding the timing of Rothstein's availability, they did not indentify any danger to the Court in producing Rothstein.  In the event that the Court is persuaded otherwise, any such danger can be avoided by issuing a writ directing Rothstein's appearance to provide sworn testimony at a secure location prior to trial.  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1213 (11th Cir. 1981) (party can seek sworn testimony for trial from incarcerated witness under Federal Rules of Civil Procedure where court refused to grant *writ of habeas corpus ad testificandum*); *see also Muhammad v. Page*, No. Civ. 01-198-GPM, 2005 WL 2261042, *3 (S.D. Ill. Sept. 16, 2005) (granting the petitioner's *writ of habeas corpus ad testificandum* to provide his testimony and conduct his entire case via video-conferencing, but not to appear in person).[24]  TD Bank will undertake to cooperate reasonably with the Government to address any security issues associated with Rothstein's production and appearance.

---

[24] Courts have noted, however, that a jury trial conducted by videoconference is not the same as a trial where the witnesses testify in the same room as the jury.  *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005); *U.S. v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) ("[V]irtual reality is rarely a substitute for actual presence and ... even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it."); *Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) ("Video conferencing ... is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process,

### Issue is Substantial

The issues before the Court in this case, and Rothstein's direct knowledge and involvement in the key activities surrounding those issues, are unquestionably substantial. Plaintiff is seeking to hold TD Bank liable for the nefarious conduct of Rothstein and his co-conspirators, without regard to the Bank's defense that it was neither a participant in nor a beneficiary of the scheme that allegedly caused Plaintiff to incur millions of dollars in losses.

Rothstein is unquestionably the key figure with personal knowledge of material facts that bear directly on TD Bank's defenses. In addition to the key role that Rothstein played in the fraud set forth in the Complaint, there are documents and now admitted Statements of Facts in four other cases (Corte, Renie, Caputi and Villegas) stating that Rothstein directed his employees to forge a TD Bank employee's signature; create a fake TD Bank website; create fictitious documents and information purportedly from TD Bank; and that he used an individual to pose as a fake TD Bank representative as well as a fictitious RRA client/settlement plaintiff. TD Bank's ability to examine Rothstein on these and other facts is critical to TD Bank's defense, and in light of his role as mastermind of the fraudulent scheme and these specific acts, his absence from trial would effectively deprive the Bank of due process.

### Need for an Early Determination

There is an acute need for an early determination of Rothstein's availability for trial or deposition in this case. Plaintiff has sued TD Bank seeking substantial damages, the discovery cutoff in this case was April 11, 2011, and the case is scheduled to proceed to trial in October of this year. While this Court may accommodate reasonable requests to extend the trial date, such

---

may be lessened in a particular case by video conferencing. This may be particularly detrimental where it is a party to the case who is participating by video conferencing, since personal impression may be a crucial factor in persuasion.").

CASE NO. 10-60786-Civ-Cooke/Bandstra

extensions are not lightly granted and would not, in any event, be indefinite nor outlast Rothstein's 50-year sentence. TD Bank would be severely, and irreparably, prejudiced if it were denied the opportunity to call Rothstein at trial or, at a minimum, if it were unable to obtain his sworn testimony for use in lieu of live testimony at trial.

### *Delaying the Trial until the Prisoner is Released*

Given the length of Rothstein's prison sentence, delaying the trial until he is released from prison is simply not a practical option in this case.

The remaining legal factors under *Stone v. Morris* are not particularly relevant, inasmuch as it is not the inmate himself seeking the writ, but other parties in the litigation. In any event, the integrity of the correctional system will not be compromised by Rothstein's appearance at trial in this case, where he is a named defendant and an individual with substantial personal knowledge of certain critical facts underlying Plaintiff's causes of action and many of the factual defenses to be offered by TD Bank at trial.

In the alternative, if this Court refuses to issue the Writ compelling the Government to produce Rothstein at the October trial, the Court should permit TD Bank to obtain Rothstein's sworn testimony for use at trial in accordance with Fed. R. Civ. P. 32(a)(3). *See Bonner*, 661 F.2d at 1213 (stating that where *writs of habeas corpus ad testificandum* are denied, the party may seek leave of court under Fed. R. Civ. P. 30(a) to depose the witness, and those depositions can be used as a substitute for live testimony at trial under Fed. R. Civ. P. 32(a)(3)). Denying TD Bank access to Rothstein would impose severe prejudice on the Bank and its ability to obtain a fair trial in this case.

WHEREFORE, TD Bank respectfully requests that this Court grant this Motion and issue a *Writ of Habeas Corpus Ad Testificandum* compelling the Government to produce Scott W.

CASE NO. 10-60786-Civ-Cooke/Bandstra

Rothstein to appear at trial in this case, or in the alternative, compelling the Government to make

Scott W. Rothstein available so that TD Bank may obtain and preserve his sworn testimony to be

used in lieu of live testimony at the trial, and for such further relief as the Court deems just and

proper.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

I hereby certify that counsel for the movant has conferred with Plaintiff's counsel in a

good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted this 2nd day of August, 2011.

By */s/ Mark P. Schnapp*
MARK P. SCHNAPP
Florida Bar No. 501689
*schnappm@gtlaw.com*
HOLLY R. SKOLNICK
Florida Bar No. 390860
*skolnickh@gtlaw.com*
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
Suite 44000
Miami, Florida  33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

- and -

GLENN E. GOLDSTEIN
Florida Bar No. 435260
*goldsteing@gtlaw.com*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

CASE NO. 10-60786-Civ-Cooke/Bandstra

- and -

DONNA M. EVANS, Admitted *Pro Hac Vice*
Massachusetts Bar No. 554613
*evansd@gtlaw.com*
GREENBERG TRAURIG, LLP
One International Center
Boston, MA  02110
Telephone:  (617) 310-6000
Facsimile:  (617) 310-6001

*Attorneys for Defendant, TD Bank, N.A.*

CASE NO. 10-60786-Civ-Cooke/Bandstra

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 2nd day of August, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark P. Schnapp*

## <u>SERVICE LIST</u>

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Counsel for Plaintiff*