UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,
        Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,
        Defendants.

_____/

**DEFENDANT TD BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY FROM MICHAEL SZAFRANSKI**

**I.    INTRODUCTION**

Defendant TD Bank, N.A. ("TD Bank" or "the Bank") respectfully submits this

Memorandum of Law in Opposition to Plaintiff Coquina Investments' ("Coquina" or "Plaintiff")

Motion *in Limine* to Exclude the Testimony of Michael Szafranski ("Szafranski "), who Plaintiff

stated in its Civil RICO Statement was an alleged conspirator who worked closely with Coquina

and who allegedly made representations to Coquina regarding the balance of funds in TD Bank

accounts.[1]  For the reasons set forth below, Coquina's motion should be denied.

As an initial matter, and dispositive of Coquina's Motion, it is more than four months

late.  Pursuant to this Court's Scheduling Order, all motions *in limine* were to be filed on or

before May 11, 2011.  Plaintiff filed the instant Motion on September 16, 2011 -- long after the

deadline imposed by this Court's Order and on the brink of trial.  Plaintiff has been aware of

Szafranski's existence -- and his role in the underlying transactions -- since prior to the filing of

_____

[1] "Michael Szafranski … participated in the RICO Enterprise/fraudulent scheme by falsely representing to Coquina that he personally 'verified' numerous aspects of the 'transaction' including: that the 'plaintiff' and the 'defendant' to the settlement agreement had signed the agreement; that the 'defendant' had transferred the full amount of the settlement to a TD Bank escrow account for the Plaintiff's sole benefit; and more."  Plaintiff's Civil Rico Statement, Section (c)3. [D.E. 16].

its Complaint.  It is not simply credible to suggest that his being included as a possible witness by TD Bank could have been a surprise to Plaintiff.  Indeed, Szafranski was deposed in this case. Plaintiff had its opportunity to file a Motion seeking Szafranski's exclusion on or before May 11, 2011.  It waived that right.  As a result, Plaintiff's Motion should be denied.

Moreover, while the predominant argument in Plaintiff's Motion is that TD Bank should not receive the benefit of an adverse inference with respect to the questions that Szafranski refused to answer during his deposition -- and will presumably continue to refuse to answer at trial -- the relief effectively sought by Coquina is the exclusion of Szafranski's testimony in its entirety.  Plaintiff never advances anything resembling a logical or legal basis for a complete exclusion of Szafranski's testimony, however.  Indeed, any such effort would be antithetical to the full presentation of fact witnesses at trial, as no logical or legal basis exists for excluding the testimony of a principal fact witness and paid representative of Plaintiff.  In fact, and not surprisingly, Plaintiff did not cite a single case in support of the proposition that the testimony of a witness must excluded because the witness was pleading the Fifth Amendment privilege.

Further, Plaintiff's entire Motion relies upon the premise that there was no formal relationship or bond between Plaintiff and Szafranski.  Despite Plaintiff's protestations to the contrary, it is not subject to legitimate dispute that Szafranski was hired and paid by Coquina to act as an agent or "verifier" of the underlying transactions.  Indeed, Barrie Damson -- who claims to have invested through Coquina -- not only acknowledged the relationship during his deposition, but also stated flatly that without Szafranski acting as Coquina's "agent" and "verifier," Coquina "would not" have entered into the transactions at issue.  Szafranski was an agent and paid representative of Coquina, and Coquina cannot credibly argue otherwise.

Finally, even if there is no adverse inference to be drawn against Coquina due to Szafranksi's invocation of the Fifth Amendment, the invocation -- as well as evidence regarding and related to the invocation -- is still admissible.  Indeed, the Court may use an instruction to the jury to address the appropriate use of inferences based upon Szafranski's testimony.  It is within the purview of the jury to determine the weight that the invocation should be afforded.  That does not affect the admissibility of the evidence.

For those reasons, Coquina's motion to exclude Szafranski's testimony should be denied.

## II.     ARGUMENT

### A.     Coquina's Motion is Untimely.

On September 2, 2010, this Court issued a Scheduling Order setting May 11, 2011 as the deadline for the filing of motions *in limine*.  *See* Scheduling Order, dated September 2, 2010 [D.E. 42], at ¶ 3.  Coquina filed the instant motion on September 16, 2011, a full four months after that deadline.  Coquina did not request leave of this Court to file a motion after the deadline.  Moreover, Coquina does not, in its Motion, provide any reason for its failure to abide by this Court's deadline.

Coquina's failure to articulate any reason for its failure to adhere to this Court's deadline is not surprising.  Coquina has no excuse.  There can be no claim that Coquina was not aware of Szafranksi or that it is a surprise that TD Bank included Szafranski on its witness list.  Szafranksi is -- as Coquina is very well aware -- a key fact witness to the transactions underlying the alleged scheme at issue in this litigation.   In fact, Plaintiff describes, in relative detail, Szafranksi's alleged role in the scheme in its Complaint and in its Civil RICO Statement.

Moreover, Szafranski was deposed on April 11, 2011 and Plaintiff's counsel attended that deposition.  Indeed, it was Szafranski's invocation of his Fifth Amendment rights during that

deposition that has given rise to this Motion.  There is no reason that Coquina could not have made this Motion in a timely fashion.  For this reason alone, Coquina's motion should be denied.

        **B.**        **Szafranski's Testimony is Relevant.**

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

It cannot be seriously argued that Szafranski's testimony is not relevant to the determination of this matter.  Szafranski is a ***primary*** fact witness.  Indeed, Plaintiff has alleged in its Complaint and Civil RICO Statement that Szafranski participated in the alleged underlying scheme with Scott Rothstein ("Rothstein") and Rothstein's law firm Rothstein, Rosenfeldt & Adler (the "firm" or "RRA").   Szafranski acted as Coquina's agent and "verifier" of the underlying transactions, thus, he is familiar with those transactions as well as the negotiations and due diligence performed by Coquina.    It is also clear from the deposition testimony of Plaintiff's witnesses and from Plaintiff's Complaint and Civil RICO Statement that the investors who invested through Coquina claim that they relied on representations from Szafranski to conclude that the supposed "settlement proceeds" that they "bought" were held in accounts at TD Bank.   Since Plaintiff itself alleges that it obtained information from Szafranski regarding funds at TD Bank, Szafranski's testimony is undisputably relevant to this proceeding.

Moreover, even if there was ***no*** relationship between Szafranski and Coquina -- and it is manifest that there was -- Szafranski's testimony would still be relevant and is, therefore, admissible.  It is axiomatic that a non-party can be called as a witness in a civil trial, even where

that witness has no relationship whatsoever with either party.  Szafranski's testimony is plainly relevant, and, indeed, Plaintiff does not argue to the contrary.

      **C.**      **Szafranski's Testimony is Admissible Under Federal Rule of Evidence 403.**

      No doubt aware that there is no argument that Szafranski's testimony is irrelevant, Plaintiff relies on Federal Rule of Evidence 403 and *LiButti v. United States*, 107 F.3d 110 (2d. Cir. 1999) for the proposition that Szafranski's invocation of the Fifth Amendment during his testimony, while relevant, should be excluded, apparently because such evidence is "prejudicial" to Plaintiff.  Rule 403, however, is an "'extraordinary remedy' whose function … is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'"  *In re Seroquel Prods. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, at *277-278 (M.D. Fla. Jan. 30, 2009) (quoting *U.S. v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)).  Szafranski's testimony does not even remotely approach this strict standard.  It is not cumulative or of scant probative value.  To the contrary, Szafranski is a key witness who was alleged -- by Plaintiff -- to have been an important participant in the underlying alleged scheme.  Plaintiff does not, in its motion, even attempt to argue otherwise.  In *LiButti*, the case Plaintiff relies on most heavily, the Court *admitted* the testimony of the witness who plead the Fifth.

      In fact, Plaintiff's Motion is nothing more than an argument against an adverse inference being drawn against Plaintiff as a result of Plaintiff's agent and "verifier" having invoked the Fifth Amendment in refusing to answer a number of questions during his deposition, made in the guise of a Motion for exclusion.  Indeed, Plaintiff's argument amounts to nothing more than the idea that the evidence should be excluded because it is damaging to Plaintiff's case.  That is not,

however, an appropriate basis for exclusion of Szafranski's testimony.  As a result, Szafranski's testimony must be admitted.

      **D.**    **Even if There is No Adverse Inference to be Drawn Against Coquina, Szafranski's Testimony is Still Admissible.[2]**

There is no categorical rule against preventing a party "from calling, as a witness, a non-party who had no special relationship to the party, for the purpose of having that witness exercise his Fifth Amendment right." *FDIC v. Fid. & Dep. Co. of Md.*, 45 F.3d 969, 978 (5th Cir. 1995). Rather, district courts are required "to evaluate these situations on a case-by-case basis," using instructions to guard against undue prejudice.  *Id.*  As the United States Court of Appeals for the Third Circuit noted in *RAD Servs. Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271 (3d Cir. 1986), the witnesses' invocation of the privilege is based on constitutional right, and that the jury "may, but … need not infer by such refusal that the answers would have been adverse to the plaintiff's interests." *RAD Servs. Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d at 277.  Indeed, "[t]he inference is permissible, but not required."  *Daniels v. Pipefitters' Assn. Local Union No. 597*, 983 F.2d 800, 802 (7th Cir. 1993).   Thus, even if there is no adverse inference against Coquina, Szafranski's testimony is still admissible.

As the United States District Court for the Middle District of Florida noted in *U.S. Commodity Futures Trading Comm'n v. Capital Blu Mgmt., LLC*, 2011 WL 52994 (M.D. Fla. Jan. 7, 2011), the issue is not a question of whether the jury may draw an inference against the party for a non-party's invocation of the Fifth Amendment privilege.  *Id.* at *3.  Rather, the "issue is a matter of what instruction, if any, should be given the jury regarding the effect of [the]

---

[2] Whether the jury should be permitted to draw any adverse inferences from Szafranski's pleading the Fifth Amendment privilege at trial (if in fact he invokes the Fifth Amendment at trial) is an issue that should be considered at trial on the basis of evidence admitted at trial. Thus, to the extent Plaintiff argues this in its Motion, the purported issue is premature.

assertion of the Fifth Amendment."  *Id.*  Further, the Court noted that "[t]he matter of an appropriate jury instruction regarding drawing of inferences will be addressed during trial as necessary based upon [the witness's] testimony."  *Id.*  Thus, the Court can decide at a later date whether the jury should be instructed regarding an inference and it would then be up to the jury to determine what inference, if any, they wanted to infer against Coquina.  Regardless of what inference the jury infers, however, Szafranski's testimony -- and evidence that he invoked the Fifth Amendment -- is admissible.

## III.    CONCLUSION

For the reasons set forth above, Coquina's Motion *in Limine* to Exclude the Testimony of Michael Szafranski should be denied in its entirety.

Respectfully submitted: October 3, 2011

> GREENBERG TRAURIG, P.A.
> 333 Avenue of the Americas
> Miami, Florida  33131
> Telephone:  (305) 579-0500
> Facsimile:  (305) 579-0717
>
> /s/ *Mark P. Schnapp*
> MARK P. SCHNAPP
> Florida Bar No. 501689
> *schnappm@gtlaw.com*
> HOLLY R. SKOLNICK
> Florida Bar No. 390860
> *skolnickh@gtlaw.com*

GREENBERG TRAURIG, P.A.
GLENN E. GOLDSTEIN
Florida Bar No. 435260
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

and

GREENBERG TRAURIG, LLP
DONNA M. EVANS
Massachusetts Bar No. 554613
(admitted *pro hac vice*)
One International Center
Boston, MA  02110
Telephone:  (617) 310-6000
Facsimile:  (617) 310-6001

**Attorneys for TD Bank, N.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of October, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark P. Schnapp*
MARK P. SCHNAPP

## **SERVICE LIST**

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Counsel for Plaintiff*