**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-60786-Civ-Cooke/Bandstra**

COQUINA INVESTMENTS,

     Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

     Defendants.

---

**JOINT PROPOSED JURY INSTRUCTIONS**

Plaintiff Coquina Investments ("Coquina") and Defendant TD Bank N.A. (the "Bank" or TD Bank") hereby jointly submit the following requested jury instructions pursuant to this Court's Scheduling Order. (D.E. 42.)  The parties reserve the right to supplement or amend these requests and/or raise additional objections, in keeping with the evidence introduced at trial and the applicable law.

In addition, each party's requested instructions should not be construed as an admission that any of the claims or defenses addressed therein is properly before this Court.  Rather, each party has attempted to address all of the claims or defenses being asserted by the opposing party, whether or not each party, respectively, believes the same are properly before the Court.  The parties, therefore, reserve the right to oppose the inclusion of certain instructions in any form on the grounds that such instructions improperly would inject irrelevant and/or immaterial issues of fact and/or law into this trial.

In accordance the Court's Order, where the parties have agreed on a proposed instruction or question, that instruction or question has been set forth in Times New Roman 14-point

typeface.  Instructions and questions proposed only by Plaintiff to which Defendant has objected are italicized.  Instructions and questions proposed only by Defendant to which Plaintiff has objected are **bold-faced**.  Each disputed instruction states the basis for the objection(s) at the bottom of the sheet, before the citations of authority.  A copy of these instructions and verdict forms have been delivered to chambers in Corel WordPerfect format at the time of filing via computer disk or emailed to Cooke@flsd.uscourts.gov.

*FTL 108,398,551v3 10-18-11*

## TABLE OF CONTENTS

THE PARTIES' GENERAL OBJECTIONS ........................................................................ 6
    Coquina ................................................................................................................................ 6
    TD Bank ............................................................................................................................... 7
GENERAL/STANDARD INSTRUCTIONS ..................................................................... 9
    Plaintiff's Proposed Instruction No. 1:  Preliminary Instructions Before Trial ....................... 9
    (Agreed) Proposed Jury Instruction No. 2:  Face Page, Introduction ..................................... 14
    Plaintiff's Proposed Instruction No. 3:  Consideration of the Evidence and Duty to Follow
    Instructions .......................................................................................................................... 15
    Plaintiff's Proposed Instruction No. 4:  Credibility of Witnesses ........................................... 17
    Plaintiff's Proposed Instruction No. 5:  Impeachment of Witnesses - Inconsistent Statements 18
    Plaintiff's Proposed Instruction No. 6:  Impeachment of Witnesses - Inconsistent Statement
    and Felony Conviction ......................................................................................................... 19
    (Agreed) Proposed Instruction No. 7:  Expert Witnesses - General Instruction ...................... 21
    Plaintiff's Proposed Instruction No. 8:  Burden of Proof ...................................................... 22
    Defendant's Proposed Instruction No. 9:  Burden of Proof .................................................... 23
COUNT I        FEDERAL RICO VIOLATIONS (1962(c)) .......................................... 24
    (Agreed) Proposed Instruction No. 10:  RICO -- General Instructions ................................... 24
    Plaintiff's Proposed Instruction No. 11 - Civil RICO - 18 U.S.C. §§ 1962(c), 1964(c)), cont'd
    ............................................................................................................................................ 25
    Defendant's Proposed Instruction No. 12:  RICO – Overview ............................................... 30
    Defendant's Proposed Instruction No. 13:  RICO Burden of Proof ........................................ 32
    Defendant's Proposed Instruction No. 14:  Definition of "Person" ......................................... 33
    Plaintiff's Proposed Instruction No. 15:   Summary of Factual Allegations .......................... 34
    Defendant's Proposed Instruction No. 16:   Definition of "Enterprise" .................................. 36
    Defendant's Proposed Instruction No. 17:  Enterprise – Different from "Pattern" ................. 38
    Defendant's Proposed Instruction No. 18:  Enterprise – Interstate Commerce ....................... 39
    Defendant's Proposed Instruction No. 19:  Racketeering Activity .......................................... 40
    Defendant's Proposed Instruction No. 20:  Pattern of Racketeering Activity – Relatedness ... 41
    Defendant's Proposed Instruction No. 21:  RICO Elements .................................................. 42
    Plaintiff's Proposed Instruction No. 22:  Predicate Acts ....................................................... 44
    Defendant's Proposed Instruction No. 23:  Predicate Acts ..................................................... 49
    Plaintiff's Proposed Instruction No. 24:  Wire Fraud ............................................................ 50
    Defendant's Proposed Instruction No. 25:  Wire Fraud – Generally ...................................... 53
    Defendant's Proposed Instruction No. 26:  Wire Fraud – Knowledge ................................... 54
    Defendant's Proposed Instruction No. 27:  Wire Fraud – Material Facts ............................... 55
    Defendant's Proposed Instruction No. 28:  Wire Fraud – Intent ........................................... 56
    Defendant's Proposed Instruction No. 29:  Wire Fraud – Purpose of Transmission ............... 57
    Plaintiff's Proposed Instruction No. 30:  Interstate Transportation of Stolen Property ........... 58
    Defendant's Proposed Instruction No. 31:  Interstate Transportation of Stolen Property –
    General ................................................................................................................................ 61
    Defendant's Proposed Instruction No. 32:  Interstate Transportation of Stolen Property –
    Interstate Transfer ............................................................................................................... 62
    Defendant's Proposed Instruction No. 33:  Interstate Transportation of Stolen Property –
    Value ................................................................................................................................... 63

Defendant's Proposed Instruction No. 34:  Interstate Transportation of Stolen Property –
Knowledge ................................................................................................................ 64
Plaintiff's Proposed Instruction No. 35:  Money Laundering (Promoting Unlawful Activity 18
USC § 1956 (a)(1)(A)(I) and  (a)(1)(B)(i) and (ii)) .................................................... 65
Plaintiff's Proposed Instruction No. 36:  Money Laundering (18 U.S.C. § 1957) ................... 69
Defendant's Proposed Instruction No. 37:  Money Laundering – General ................................ 72
Defendant's Proposed Instruction No. 38:  Money Laundering – Knowledge......................... 73
Defendant's Proposed Instruction No. 39:  Money Laundering – Knowledge of Unlawful
Activity ..................................................................................................................... 74
Defendant's Proposed Instruction No. 40:  Money Laundering – Knowledge of Unlawful
Activity ..................................................................................................................... 75
Defendant's Proposed Instruction No. 41:  Money Laundering – Intent to Conceal .............. 76
Plaintiff's Proposed Instruction No. 42:  Civil RICO - 18 U.S.C. §§ 1962(c), 1964(c)) (cont'd)
.................................................................................................................................. 77
Defendant's Proposed Instruction No. 43:  Pattern of Racketeering Activity – Continuity ..... 78
Plaintiff's Proposed Instruction No. 44:  Civil RICO - 18 U.S.C. §§ 1962(c), 1964(c)) (cont'd)
.................................................................................................................................. 81
Defendant's Proposed Instruction No. 45:  Conducting or Participating in the Enterprise ...... 82
Defendant's Proposed Instruction No. 46:  Interstate Commerce ........................................... 85
Plaintiff's Proposed Instruction No. 47:  Civil RICO (18 U.S.C. § 1964(c))......................... 86
Defendant's Proposed Instruction No. 48:  Causation............................................................ 89
Defendant's Proposed Instruction No. 49:  RICO Compensatory Damages ........................... 91
**COUNT II        CONSPIRACY TO VIOLATE FEDERAL RICO (1962(d))............................ 93**
Plaintiff's Proposed Instruction No. 50:  Conspiracy to Violate Federal RICO - 18 U.S.C.§
1962(d) ...................................................................................................................... 93
Defendant's Proposed Instruction No. 51:  Section 1962(d) -- Introduction............................ 96
Plaintiff's Proposed Instruction No. 52:  Conspiracy General Instruction .............................. 97
Plaintiff's Proposed Instruction No. 53:  Civil RICO – No Organized Crime Requirement . 100
Defendant's Proposed Instruction No. 54:  RICO Conspiracy Burden of Proof.................... 101
Defendant's Proposed Instruction No. 55:  Section 1962(d) -- Elements............................... 102
Defendant's Proposed Instruction No. 56:  Existence of a Conspiracy .................................. 103
Defendant's Proposed Instruction No. 57:  Knowingly or Willfully Participating in Conspiracy
................................................................................................................................ 105
Defendant's Proposed Instruction No. 58:  Overt Act ......................................................... 107
Defendant's Proposed Instruction No. 59:  Causation.......................................................... 109
Defendant's Proposed Instruction No. 60:  Section 1962(d) Compensatory Damages.......... 111
**COUNT III        FRAUDULENT MISREPRESENTATION ................................................ 113**
Plaintiff's Proposed Instruction No. 61 - Fraudulent Misrepresentation ............................... 113
Defendant's Proposed Instruction No. 62:  Fraudulent Misrepresentation Introduction........ 122
Defendant's Proposed Instruction No. 63:  Fraudulent Misrepresentation Burden of Proof.. 123
Defendant's Proposed Instruction No. 64:  Fraudulent Misrepresentation Elements............. 124
Defendant's Proposed Instruction No. 65:  Misrepresentation ............................................. 125
Defendant's Proposed Instruction No. 66:  Material Existing Fact ....................................... 126
Defendant's Proposed Instruction No. 67:  Material Fact as Opposed to Expression of Opinion
................................................................................................................................ 127
Defendant's Proposed Instruction No. 68:  Knowledge ....................................................... 128
Defendant's Proposed Instruction No. 69:  Reliance............................................................ 129

Defendant's Proposed Instruction No. 70:  Reliance – Willful Blindness ............................ 130
Defendant's Proposed Instruction No. 71:  Reliance – Sophistication of Party .................... 131
Defendant's Proposed Instruction No. 72:  Causation .......................................................... 132
Plaintiff's Proposed Instruction No. 73:  Damages .............................................................. 134
Plaintiff's Proposed Instruction No. 74:  Punitive Damages ................................................ 136
Defendant's Proposed Instruction No. 75:  Fraud Compensatory Damages ......................... 138
**COUNT IV    AIDING AND ABETTING FRAUD ........................................................... 140**
Plaintiff's Proposed Instruction No. 76:  Aiding and Abetting Fraud .................................. 140
Defendant's Proposed Instruction No. 77:  Aiding and Abetting Fraud Introduction ........... 145
Defendant's Proposed Instruction No. 78:  Aiding and Abetting Elements .......................... 146
Defendant's Proposed Instruction No. 79:  Fraud .................................................................. 147
Defendant's Proposed Instruction No. 80:  Knowledge ........................................................ 148
Defendant's Proposed Instruction No. 81:  Knowledge of "Red Flags" Insufficient ............ 150
Defendant's Proposed Instruction No. 82:  Provision of Basic Banking Services Not
Knowledge ............................................................................................................................. 152
Defendant's Proposed Instruction No. 83:  Knowledge – Not Enough to Show That Defendant
Could Have Known ................................................................................................................. 153
Defendant's Proposed Instruction No. 84:  Knowledge – High Conscious Intent ................ 154
Defendant's Proposed Instruction No. 85:  Substantial Assistance ...................................... 155
Defendant's Proposed Instruction No. 86:  Normal Banking Activities Not Substantial
Assistance .............................................................................................................................. 157
Defendant's Proposed Instruction No. 87:  Conduct Constitutes "Substantial Assistance" Only
if it Proximately Caused Coquina's Alleged Injury ............................................................... 159
Defendant's Proposed Instruction No. 88:  Aiding and Abetting Fraud Compensatory
Damages ................................................................................................................................. 161
**ADDITIONAL INSTRUCTIONS ...................................................................................... 163**
Plaintiff's Proposed Instruction No. 89:  Respondeat Superior for Civil RICO Claims ........ 163
Plaintiff's Proposed Instruction No. 90:  Respondeat Superior for Fraud ............................ 166
Defendant's Proposed Instruction No. 91:  Vicarious Liability ............................................ 168
Plaintiff's Proposed Instruction No. 92:  Imputation Doctrine ............................................. 171
Defendant's Proposed Instruction No. 93:  Bank Duty to Noncustomers ............................. 172
Plaintiff's Proposed Instruction No. 94:  Adverse Inference ................................................ 174
Defendant's Proposed Instruction No. 95:  Fifth Amendment/Adverse Inference Instructions
............................................................................................................................................... 177
**AFFIRMATIVE DEFENSES ............................................................................................. 180**
Defendant's Proposed Instruction No. 96:  Affirmative Defenses Introduction ................... 180
Defendant's Proposed Instruction No. 97:  Estoppel ............................................................ 181
Defendant's Proposed Instruction No. 98:  Waiver .............................................................. 183
Defendant's Proposed Instruction No. 99:  Unclean Hands, In Pari Delicto ........................ 185
Defendant's Proposed Instruction No. 100:  Offset .............................................................. 189
Defendant's Proposed Instruction No. 101:  Failure to Mitigate Damages ........................... 190
Defendant's Proposed Instruction No. 102:  Uniform Commercial Code and Florida Statutory
Law Preemption ..................................................................................................................... 191
(Agreed) Proposed Instruction No. 103:  Duty to Deliberate When Only the Plaintiff Claims
Damages ................................................................................................................................. 192
(Agreed) Proposed Instruction No. 104:  Election of Foreperson; Explanation of Verdict
Form(s) ................................................................................................................................... 193

**THE PARTIES' GENERAL OBJECTIONS**
*Coquina*

The Eleventh Circuit Pattern Jury Instructions should be used whenever possible.  As the committee of District Judges of the Eleventh Circuit who drafted the pattern instructions indicated, "[a]part from reflecting evolving changes in the law, the prime objective of the committee has remained constant - - to provide in words of common usage and understanding a body of brief, uniform jury instructions, fully stating the law without needless repetition." Moreover, the committee noted that "[i]t is the hope of the Committee that this work will not only ease the burden of district judges in preparing instructions, but will also provide a technique for the rapid preparation and assembly of complete instructions in suitable form for submission to the jury in writing. The experience of an increasing number of district judges in the submission of written instructions to the jury has been good and the practice is recommended by the Committee."

In addition, this Court has recommended the use of the Eleventh Circuit Pattern Jury Instructions, "[i]n preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein."  Order Setting Pretrial Deadlines at 3 (DE 42).

In addition, Coquina generally objects to TD Bank's use of jury instructions that are allegedly "derived from" Eleventh Circuit Pattern Jury Instructions, Fifth Circuit Jury Pattern Instructions, Florida Federal Jury Practice and Instructions, or Criminal Justice Section, RICO Cases Committee, American Bar Association, *Jury Instructions for Civil and Criminal RICO Cases*, as misleading, unnecessary and confusing to the jury.

Furthermore, Coquina strongly objects to TD Bank's assertion that "[w]ith certain designated exceptions TD Bank has relied upon the Eleventh Circuit Pattern Civil Jury Instructions.  Where the pattern instructions have been modified (except for aesthetic changes in tense), TD Bank has marked deletions with ~~strikeout~~ and additions with <u>redlining</u>."

TD Bank's assertion misleadingly suggests that – in the absence of a "strikeout" or "redline", TD Bank's proposed instruction accurately represents a verbatim recitation of the exact 11th Circuit Civil Pattern Jury Instructions.  As the vast majority of TD Bank's instructions are merely "derived from" a pattern instruction, Coquina objects to Coquina's use of "strikeouts" and "redlining".  Again, Coquina respectfully requests this Court to use the 11th Circuit Pattern Jury Instructions, whenever possible.

### *TD Bank*

In a number of its Proposed Instructions, the Plaintiff refers to "Defendants."   In this trial, there is only one defendant – TD Bank.   Plaintiff's references to "Defendants" are an improper attempt to lump factual allegations against Scott Rothstein with factual allegations against TD Bank in an attempt to cause the jury to believe that TD Bank engaged in conduct that, if it was committed at all, was committed by Scott Rothstein.  TD Bank objects to all references to "Defendants."

In a number of its Proposed Instructions, Plaintiff refers to "lock letters."   This is an unduly prejudicial term and an attempt to improperly create in the minds of the jurors the purpose of the letters which is an issue in the case.   TD Bank objects to all references to "lock letters."

TD Bank objects to Plaintiff's reference in its Proposed Instructions to an "open-ended" theory of continuity in its RICO claim.  This theory was not pleaded in its Complaint, and, to the

7

extent this Court allows Plaintiff to proceed on this theory, TD Bank reserves the right to supplement its jury instructions and verdict form special interrogatories.

Finally, the Bank has submitted no instructions regarding Coquina's original allegations of lost opportunities in reliance on Coquina's expressed written intention not to base any of its claims at trial on those allegations.

With certain designated exceptions, TD Bank has relied upon the Eleventh Circuit Pattern Civil Jury Instructions.  Where the pattern instructions have been modified (except for aesthetic changes in tense) by TD Bank, TD Bank has marked deletions with ~~strikeout~~ and additions with redlining.

If the Court believes that portions of these proposed instructions are incorrect, TD Bank requests that the Court either correct those portions or notify TD Bank of the Court's concerns so that the appropriate corrections can be made.  *See United States v. Morris*, 20 F.3d 1111, 1116 n. 7 (11th Cir. 1994) (reversible error not to issue defendant's requested instruction on his good faith belief that he did not intend to violate the law, ruling that "the obligation to give a proper instruction is not defeated by the language used by the requesting party" and that if a requested instruction is "substantially correct," it "must be given" in some form).

## GENERAL/STANDARD INSTRUCTIONS

***Plaintiff's Proposed Instruction No. 1:  Preliminary Instructions Before Trial***

*Ladies and Gentlemen:*

*You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.*

*I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.*

*The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."*

*Transcripts Not Available.  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the court reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.*

*Exhibits Will Be Available.  On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.*

*Notetaking - Permitted.  If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.*

If you decide to take notes, be careful not to get so involved in note-taking that you become distracted from the ongoing proceedings. Just make notes of names, or dates and places -- things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instruction or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial. [You should also avoid communications with the media concerning the trial. Furthermore, you should also avoid conducting any independent research concerning the case, including internet research, nor use email, blogs, or social networking such as Facebook or Twitter to communicate about the case.][1]

---

[1] This bracketed material is intended to supplement the 11th Cir. Pattern Jury Instruction in order to address media interest in the case and juror use of social media.

In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."  When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

11

*When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.*

*Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.*

*I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidences as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.[2]*

## RESPONSE TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank does not object to the Eleventh Circuit's Preliminary Instructions; however, Plaintiff's Proposed Instruction No. 1 makes changes in language in the instruction as drafted above, and TD Bank respectfully requests that this Court instead use the language in the Eleventh Circuit's Preliminary Instructions. TD Bank does not object to the bracketed language in Plaintiff's modified instruction.

TD Bank respectfully notes that the Eleventh Circuit's Directions to Counsel, contained in the Pattern Jury Instructions for Civil Cases, state that it is "not necessary to duplicate or request the Court's standard instructions which precede and follow this page," and that counsel should "[c]onfine [its] package of requested instructions to those prepared in accordance with the

---

[2] Eleventh Circuit Civil Pattern Jury Instructions, Preliminary Instructions Before Trial (2005).

directions given on this page." (Emphasis in original.) Accordingly, TD Bank has not included the Eleventh Circuit's Basic Instructions in its Proposed Instructions.

*(Agreed)* **Proposed Jury Instruction No. 2:  Face Page, Introduction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

       Plaintiff,

vs.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

       Defendants.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.[3]

_____

[3] Eleventh Circuit Civil Pattern Jury Instructions, Face Page, Introduction (2005).

14

**Plaintiff's Proposed Instruction No. 3:  Consideration of the Evidence and Duty to Follow Instructions**

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.[4]

---

[4] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 2.2 (2005).

FTL 108,398,551v3 10-18-11

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank does not object to the Eleventh Circuit's "Consideration of the Evidence and Duty to Follow Instructions" instruction except that TD Bank does object to the second sentence of the second paragraph because it does not contain a complete discussion of vicarious liability. TD Bank respectfully submits that its proposed instruction on vicarious liability more fully explains the law on vicarious liability as applied to these causes of action.   The instruction misstates the law, is incomplete, and will mislead the jury into applying vicarious liability without having found all of the prerequisites that are required by law for such a finding.   *See Quick v. People's Bank of Cullman Cty*, 993 F.2d 793, 797-98 (11th Cir. 1993); Defendant's Proposed Instruction on Vicarious Liability.   In particular, a jury may not find a corporation responsible for any of the alleged wrongful acts of any of its employees unless its finds all of the following:   (1) the acts were related to and committed within the course of the employees' employment by the corporation;   (2) the acts were committed in furtherance of the business of the corporation; and   (3) TD Bank authorized or subsequently acquiesced in those acts by its employees.

FTL 108,398,551v3 10-18-11

*Plaintiff's Proposed Instruction No. 4:  Credibility of Witnesses*

*Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true and accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.*

*In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?*[5]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank does not object to the Eleventh Circuit's "Credibility of Witnesses" instruction; however, Plaintiff's proposed instruction makes changes in language in the instruction as drafted above, some of which change the substantive meaning and intent of the instruction.  TD Bank respectfully requests that this Court instead use the language in the Eleventh Circuit's Preliminary Instructions.

---

[5] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 3 (2005).

***Plaintiff's Proposed Instruction No. 5:  Impeachment of Witnesses - Inconsistent Statements***

*You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important facts; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.*

*You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to decide whether that misstatement, you need to decide whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.*[6]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank does not object to the Eleventh Circuit's "Impeachment of Witnesses – Inconsistent Statements" instruction; however, Plaintiff's proposed instruction makes changes in language in the instruction as drafted above.  TD Bank respectfully requests that this Court instead use the language in the Eleventh Circuit's Preliminary Instructions.

---

[6] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 4.1 (2005).

***Plaintiff's Proposed Instruction No. 6:  Impeachment of Witnesses - Inconsistent Statement and Felony Conviction***

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[7]

## OBJECTION TO PLAINTIFF'S JURY INSTRUCTION

TD Bank does not object to the Eleventh Circuit's "Impeachment of Witnesses – Inconsistent Statement and Felony Conviction" instruction.  TD Bank respectfully notes that this

---

[7] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 4.2 (2005).

instruction can be given in lieu of Plaintiff's Proposed Instruction No. 5, as Proposed Instruction

No. 6 contains identical language but simply adds a paragraph.

***(Agreed) Proposed Instruction No. 7:  Expert Witnesses - General Instruction***

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.[8]

---

[8] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 5.1 (2005).

***Plaintiff's Proposed Instruction No. 8:  Burden of Proof***

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is something called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.[9]

**OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION**

TD Bank does not object to the Eleventh Circuit's "Burden of Proof When There Are Multiple Claims Or When Both Plaintiff And Defendant Or Third Parties Have Burden of Proof" instruction.  However, TD Bank respectfully requests that this Court use its version of this instruction.

---

[9] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 6.2 (2005).

FTL 108,398,551v3 10-18-11

*Defendant's Proposed Instruction No. 9:  Burden of Proof*

In this case, it is the responsibility of the Plaintiff, Coquina Investments ("Coquina"), to   prove every essential part of each of Plaintiff's claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

Because Coquina has made more than one claim and because TD Bank has asserted more than one defense, you must consider each claim and each defense separately.[10]

**OBJECTION TO DEFENDANT'S PROPOSED JURY INSTRUCTION**

Coquina objects to Defendant's instruction as unnecessarily repetitive to the 11th Circuit Basic Instruction 6.2.

---

[10] This instruction is derived from the Eleventh Circuit Pattern Civil Jury Instructions ("Eleventh Circuit Instructions"); *see also Cavalier Carpets, Inc. v. Caylor*, 746 F.3d 749, 758 (11th Cir. 1984).

FTL 108,398,551v3 10-18-11

<u>**COUNT I      FEDERAL RICO VIOLATIONS (1962(c))**</u>

***(Agreed) Proposed Instruction No. 10:  RICO -- General Instructions***

    In this case, <u>Coquina</u> claims that <u>TD Bank</u> violated a federal law known as the Racketeer Influenced and Corrupt Organizations Act<u>, or "RICO,"</u> and Coquina seeks an award of damages as compensation for that alleged violation.[11]

---

[11] This instruction is derived from the Eleventh Circuit Instructions, Federal Claims Instruction 5.1 (RICO) (2005).

*FTL 108,398,551v3 10-18-11*

*Plaintiff's Proposed Instruction No. 11 - Civil RICO - 18 U.S.C. §§ 1962(c), 1964(c)), cont'd*

It is unlawful under the so-called RICO statute for anyone associated with an "enterprise" to conduct, or to participate in conducting, the affairs of the enterprise through a "pattern of racketeering activity."

The term "enterprise" as defined in the law includes any partnership, corporation, association or other legal entity, and any union or other group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate commerce. In this case the Plaintiff claims that Defendants Scott Rothstein and TD Bank, and various other co-conspirators, constituted an "enterprise" within the meaning of the RICO law.

Plaintiff has alleged that Defendant TD Bank participated in the direction of the affairs of the enterprise by controlling the transfer of funds into and out of the TD Bank accounts, by preparing and issuing the "lock letters," and by actively misleading investors about the account, that the accounts were "irrevocably" "locked," and that the funds were completely safe. Plaintiff claims that Defendant TD Bank knew that Defendant Scott Rothstein was able to transfer funds out of the supposedly "locked" trust accounts at any time without the Plaintiff Coquina's knowledge.

The term "racketeering activity" includes any act in violation of Title 18, United States Code relating to wire fraud (§ 1343), interstate transportation of property stolen, converted or obtained by fraud (§ 2314), and money laundering (§§ 1956(a)(1)(A), (B) and 1957).

The term "pattern of racketeering activity" requires proof of at least two acts of "racketeering activity," sometimes called predicate acts, which must have been committed as part of a common plan or scheme and thus connected with each other as part of a pattern rather than being a series of isolated or disconnected acts.

So, in order to prevail on the RICO claim Coquina must prove each of the following things by a preponderance of the evidence:

First:       That the Defendants were associated with an "enterprise" as alleged by Coquina and as defined in these instructions;

Second:    That the Defendants "knowingly" committed at least two of the predicate acts hereafter described;

Third:      That the predicate acts formed a pattern by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events;

Fourth:     That the predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future;

Fifth:      That through the commission of the two or more connected predicate acts, the Defendants conducted or participated in the conduct of the affairs of the "enterprise;"

Sixth:      That the "enterprise" was engaged in, or that its activities affected interstate commerce; and

Seventh:  *That Coquina was injured in its business or property as a result of the Defendants' commission of the pattern of racketeering activity.*

*In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.*

*The first fact the Plaintiff must prove, therefore, is that the Defendants was associated with an "enterprise," as previously defined.*

*The second fact the Plaintiff must prove is that the Defendants knowingly committed at least two so-called "predicate acts."*

*To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident.[12]*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on the following grounds.

First, TD Bank objects to this Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

Second, this Proposed Instruction purports to reflect Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 5.1 (2005), but it differs materially from the Pattern Instruction and there is no reasonable way of ascertaining, other than by a word-by-word review, how the Pattern Instruction has been modified.

Third, this Proposed Instruction is flatly inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet." Instead, this Proposed Instruction is a nearly three-page instruction that does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

---

[12] Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 5.1, RICO (2005).

Fourth, this Proposed Instruction repeatedly misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein.  Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.  For example, to find that TD Bank is liable for a violation of 18 U.S.C. § 1962(c), the jury must find that TD Bank knowingly committed acts of racketeering – separate and apart from whether Rothstein committed such acts. Similarly, the jury must find that TD Bank conducted and participated in the alleged "enterprise," regardless of whether it finds that Rothstein did so.  Further, Plaintiff must prove that TD Bank had some part in directing the alleged enterprise's affairs and exercised some control over those affairs.  And finally, the jury must find alleged racketeering activity committed by TD Bank, not Rothstein, was a proximate cause of the damages which Plaintiff seeks to recover from TD Bank.  If the jury fails to find that any of these elements are satisfied as to TD Bank, then Plaintiff cannot recover on its RICO claim, regardless of whether it can establish those elements as to Rothstein.  The jury should be so instructed, and TD Bank respectfully submits that its instructions better explain the elements of Plaintiff's RICO claim and how those elements can be explained to the jury.

Fifth, this Proposed Instruction includes an instruction for open-ended continuity in a RICO claim although Plaintiff has specifically admitted, and repeatedly argued, that it has only alleged closed-ended continuity.  (*See*, *e.g.*, Complaint ¶ 66 (alleging predicate acts "over a substantial, but closed, period of time").)  Federal Rule of Civil Procedure 9(b) required Plaintiff to plead its RICO claims with particularity, and Southern District of Florida Local Rule 12.1 similarly requires that Plaintiff's Civil RICO Case Statement provide specific detail regarding its RICO allegations.  Since discovery has long since closed and the parties are on the eve of trial, it

28

is far too late for Plaintiff to be permitted to add a new theory of liability not set forth in its Complaint or its Civil RICO statement.  Accordingly, this Court should use the closed-ended continuity instruction proposed by TD Bank.

*Defendant's Proposed Instruction No. 12:  RICO – Overview*

Let me explain these RICO claims to you in further detail.

The RICO statute makes certain criminal conduct actionable in a civil case, but only where that conduct has a certain affect on a so-called enterprise.  I will define each of the special elements of RICO for you in detail, but, in short, a RICO claim may be described as follows:

First, a defendant or "person" must commit two or more federal crimes.  These criminal acts are called acts of racketeering.

Second, these acts of racketeering must be conducted over a sufficiently long period of time to form a "pattern."

Third, the defendant Person must use that pattern of racketeering to affect an enterprise, which generally is some entity that is the target of the defendant's pattern of racketeering.

In particular, the defendant must illegally affect the enterprise by  conducting the affairs of or operating the enterprise through a pattern of racketeering activity.

Finally, if the defendant is found to have committed a violation of RICO, as I have just described, you must then determine whether it should be held liable in damages to the plaintiff for such violation.  Before a plaintiff can recover damages, however, the plaintiff must further prove that its business or property was injured directly "by reason of" the defendant's RICO violation.

I will now explain in detail to you each of these elements of a RICO claim which Coquina must prove.[13]

---

[13] This instruction is derived from Federal Jury Practice and Instructions §§ 161.20 *et seq*.

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and misleading and inaccurate, specifically regarding the definition of terms.  The 11th Circuit pattern instruction should be used.

*Defendant's Proposed Instruction No. 13:  RICO Burden of Proof*

**Coquina must establish by a preponderance of the evidence every element of a RICO claim.  You should consider each and every element of a RICO claim only in the precise way that I will define them in these instructions.[14]**

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

_____

[14] This instruction is derived from Federal Jury Practice and Instructions § 161.20.

***Defendant's Proposed Instruction No. 14:  Definition of "Person"***

**Only a defendant "person" can violate RICO.  The law defines "person" to include "any individual or entity capable of holding legal or beneficial interest in property."[15]  In this case, Coquina alleges that TD Bank is a "person" who committed two RICO violations.**

**<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>**

Coquina objects to this instruction as unnecessary, redundant (particularly as to instruction No. 3), not an 11th Circuit pattern instruction, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[15]  This instruction is derived from Federal Jury Practice and Instructions § 161.40.

***Plaintiff's Proposed Instruction No. 15:   Summary of Factual Allegations***

*In this case Coquina claims that Defendants Scott Rothstein and TD Bank, and various other co-conspirators, constituted an "enterprise" within the meaning of the RICO law.*

*Plaintiff has alleged that Defendant TD Bank participated in the direction of the affairs of the enterprise by controlling the transfer of funds into and out of the TD Bank accounts, preparing and issuing the "lock letters," actively misleading investors regarding account balances and that the accounts were "irrevocably" "locked" and were totally safe. Yet Defendant TD Bank knew that Defendant Scott Rothstein was able to transfer funds out of the purportedly "locked" trust accounts at any time without the Plaintiff Coquina's knowledge.*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction because there is no factual or evidentiary basis for several of the statements in this Proposed Instruction.  The Eleventh Circuit Pattern Instruction contemplates that the parties describe in the Instruction Plaintiff's *allegations*; instead, Plaintiff includes legal argument and improper accusations amplified by prejudicial conclusory descriptions and adjectives, for example, "Yet Defendant TD Bank knew that Defendant Scott Rothstein was able to transfer funds out of the purportedly "locked" trust accounts at any time without the Plaintiff Coquina's knowledge."  These allegations are written in an argumentative manner that mischaracterize the evidence, and if used they would give the jury an unfair, unduly prejudicial, and improper understanding of the case as well as suggest their findings.  To the extent any description is required, TD Bank respectfully requests a

balanced description which makes clear that the description is what "Plaintiff claims" and is based upon evidence adduced at trial.

*Defendant's Proposed Instruction No. 16:   Definition of "Enterprise"*

The term "enterprise" as defined in the law includes any partnership, corporation, association or other legal entity, and any union or other group of individuals associated in fact although not a legal entity, that is engaged in, or the activities of which affect, interstate commerce.[16]

In this case <u>Coquina</u> claims that <u>Scott W. Rothstein and TD Bank</u> constituted an "enterprise" within the meaning of the RICO law.[17]

- ▪ To find that Rothstein and TD Bank constituted an enterprise, you must find that Rothstein and TD Bank had an ongoing organization, formal or informal, and that they functioned as a continuing unit for a common purpose.  The enterprise must have a certain amount of organizational structure; in other words, it must continue in an essentially unchanged form during substantially the entire period alleged by Coquina.  At the same time, while the structure of the enterprise need not have been formal, its existence must be proved by evidence of its continuing activities for a common purpose.[18]

- • The "enterprise" cannot simply be an agreement to commit fraud.  Instead, the parties must be organized in a way that would enable them to function as a racketeering organization for other purposes as well.[19]

_____

[16] This instruction is from the Eleventh Circuit Instructions.

[17] This instruction is derived from the Eleventh Circuit Instructions; *see* Complaint ¶ 56-57.

[18] *United States v. Turkette*, 452 U.S. 576, 581-84 (1981).  This instruction is derived from Criminal Justice Section, RICO Cases Committee, American Bar Association, *Jury Instructions for Civil and Criminal RICO Cases*, *reprinted in*, 7 RICO L. Rptr. 376 (1988).

[19] *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1274 (S.D. Fla. 2003); *Millette v. DEK Techs., Inc.*, No. 08-60639-CV, 2008 WL 5054741, at *4 (S.D. Fla. Nov. 25, 2008) (citation omitted).

36

## **OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and misleading and inaccurate, specifically regarding the definition of enterprise.  The 11th Circuit pattern instruction should be used.

*FTL 108,398,551v3 10-18-11*

***Defendant's Proposed Instruction No. 17:  Enterprise – Different from "Pattern"***

The "enterprise" element is different from the "pattern of racketeering activity" element which will be defined for you shortly.  While the evidence or proof to establish each of these elements may overlap, proof of one element does not necessarily establish the other.  Rather, the enterprise must be an entity or an association-in-fact separate and apart from the pattern of racketeering activity by which it is conducted.[20]

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[20] This instruction is derived from Criminal Justice Section, RICO Cases Committee, American Bar Association, *Jury Instructions for Civil and Criminal RICO Cases*, *reprinted in*, 7 RICO L. Rptr. 376 (1988).

*Defendant's Proposed Instruction No. 18:  Enterprise – Interstate Commerce*

**RICO also requires that** you decide whether the "enterprise" was engaged in, or whether its activities affected, "interstate commerce."  The term interstate commerce" refers to business transactions occurring between places in different states.[21]

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects because this instruction is redundant to the 11th Circuit pattern instruction and therefore unnecessary.

---

[21] This instruction is derived from the Eleventh Circuit Instructions.  *See also Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) (explaining interstate commerce requirement).

*Defendant's Proposed Instruction No. 19:  Racketeering Activity*

      **The term "racketeering activity" includes any act in violation <u>of certain federal statutes including the statutes for wire fraud (18 U.S.C. Section 1343), interstate transportation of stolen property (18 U.S.C. Section 2314), and money laundering (18 U.S.C. Sections 1956 and 1957)</u>.**[22]

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

      Coquina objects because this instruction is redundant to the 11th Circuit pattern instruction and therefore unnecessary.

---

[22] This instruction is derived from the Eleventh Circuit Instructions.

***Defendant's Proposed Instruction No. 20:  Pattern of Racketeering Activity – Relatedness***

The term "pattern of racketeering activity" requires proof of at least two acts of "racketeering activity," sometimes called predicate acts, which must have been committed as part of a common plan or scheme and thus connected with each other as part of a pattern rather than being a series of isolated or disconnected acts.[23]

For plaintiffs to prove that the predicate crimes of racketeering are related, plaintiffs must prove and you must find that the crimes embrace the same or similar purposes, the same or similar results, the same or similar participants, the same or similar victims, or the same or similar methods of commission, or are otherwise interrelated by distinguishing characteristics.

If you find that TD Bank committed criminal acts of racketeering, but you find that they were isolated events and not interrelated, then you must find that no RICO claim has been proved.

You are to consider only those specific racketeering acts alleged by Coquina.  You cannot find that TD Bank has engaged in a "pattern of racketeering activity" unless you unanimously agree to which of the alleged predicate acts, if any, make up the pattern.[24]

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as not part of and repetitive of the 11th Circuit pattern instructions regarding the elements of RICO, set forth in a separate instruction above. Also, this instruction improperly includes legal decisions that are for the Court, not the jury, to decide.

---

[23] This instruction is from the Eleventh Circuit Instructions.
[24] This instruction is derived from Federal Jury Practice and Instructions § 161.01 *et seq.*

*Defendant's Proposed Instruction No. 21:  RICO Elements*

In order to prevail on the RICO claim **Coquina** must prove each of the following facts by a preponderance of the evidence:

- o  First, that **TD Bank** was associated with an "enterprise" as alleged and described by Coquina and as defined in these instructions;

- o  Second, that TD Bank "knowingly" committed at least two of the predicate acts hereinafter described;

- o  Third, that the predicate acts formed a pattern by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events;

- o  Fourth, that the predicate acts amounted to, or threatened the likelihood of, continued criminal activity **extending over a substantial period of time which period was at least eighteen months**;

- o  Fifth, that through the commission of the two or more connected predicate acts, TD Bank conducted or participated in the conduct of the affairs of the "enterprise;"

- o  Sixth, that the "enterprise" was engaged in, or that its activities affected, interstate commerce; and

- o  Sixth, that **Coquina** was injured in its business or property as a proximate result of **TD Bank's** commission of the pattern of racketeering activity.[25]


## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

---

[25] This instruction is derived from the Eleventh Circuit Instructions.

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

*FTL 108,398,551v3 10-18-11*

***Plaintiff's Proposed Instruction No. 22:  Predicate Acts***

First, the Plaintiff claims that Defendants committed the following acts of wire fraud. Between April 2009 and September 2009, Defendants and co-conspirators sent emails to the Plaintiff regarding approximately nineteen (19) structured settlement agreements.  These emails contained numerous false representations including, but not limited to, the existence of a structured settlement agreement, the existence of parties to a structured settlement agreement, the transfer of funds by the purported "defendant" to the structured settlement agreement into a TD Bank account to be held solely for the benefit of the Plaintiff.  Based on these false representations, Plaintiff wire transferred approximately $37.7 million from its bank in Texas to TD Bank in Florida as payment for the various structured settlements.  With respect to each transaction, Plaintiff sought and received verbal and written assurances from the Defendants and others at their direction, sent primarily by telephone or by email, stating that the agreements had been executed and the funds deposited into Defendant TD Bank for the Plaintiff's account. The following is a chart showing the dates and amounts of the wire transfers made by Plaintiff:

| Settlement Agreement Number | Date of wire transfer | Amount Plaintiff wire transferred |
|---|---|---|
| S 13B | April 29, 2009 | $600,000 |
| S 26 | June 2, 2009 | $800,000 |
| S 32 | June 22, 2009 | $1,400,000 |
| S 31 | June 23, 2009 | $1,100,000 |
| S 39 | July 2, 2009 | $2,800,000 |

44

| | | |
|---|---|---|
| *S 43* | *July 16, 2009* | *$600,000* |
| *S 44* | *July 16, 2009* | *$600,000* |
| *S 80* | *July 29, 2009* | *$600,000* |
| *S 81* | *July 29, 2009* | *$600,000* |
| *S 82* | *July 29, 2009* | *$600,000* |
| *S 119* | *August 12, 2009* | *$800,000* |
| *S 120* | *August 12, 2009* | *$800,000* |
| *S 121* | *August 12, 2009* | *$800,000* |
| *S 122* | *August 12, 2009* | *$800,000* |
| *S 123* | *August 12, 2009* | *$800,000* |
| *S 127* | *August 18, 2009* | *$15,000,000* |
| *S 143* | *September 14, 2009* | *$2,000,000* |
| *S 144* | *September 14, 2009* | *$2,000,000* |
| *S 154* | *September 29, 2009* | *$5,000,000* |
| | *TOTAL* | *$37,700,000* |

*In addition, the Plaintiff received via email a "lock letter" dated August 17, 2009, signed by Defendant TD Bank's Regional Vice-President Frank Spinosa. The "lock letter" purported to restrict funds in a TD Bank account for the exclusive benefit of Plaintiff. Also, the Plaintiff*

45

*received a second "lock letter" dated September 18, 2009, signed by Defendant TD Bank's Regional Vice-President Frank Spinosa and on TD Bank stationary. The second "lock letter" again purported to restrict funds in a TD Bank account for the exclusive benefit of Plaintiff.*

*Second, the Plaintiff claims that Defendants committed interstate transport of property stolen, converted, and taken by fraud based on the wire transfers of approximately $37.7 million made between April 2009 and September 2009 from Plaintiff's Texas bank account to TD Bank in Florida. Finally, the Plaintiff claims that Defendants committed acts of money laundering, namely that the aforementioned financial transactions were carried out to promote their unlawful misappropriation of investor funds and to conceal their unlawful activity.[26]*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on several grounds.

First, TD Bank objects to this Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

Second, this Proposed Instruction purports to reflect Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 5.1 (2005), but it differs materially from the Pattern Instruction and there is no reasonable way of ascertaining, other than by a word-by-word review, how the Pattern Instruction has been modified. In connection with this objection, TD Bank objects to the use of a chart which does not relate to the instructions to be provided, is highly prejudicial and suggests the findings to be made by the jury.

Third, this Proposed Instruction is flatly inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet." Instead, this Proposed Instruction is a

---

[26] Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 5.1, RICO(2005) (summary of predicate acts).

lengthy instruction that simply does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Fourth, this Proposed Instruction repeatedly misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein. Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank. For example, to find that TD Bank is liable for a violation of 18 U.S.C. § 1962(c), the jury must find that TD Bank knowingly committed acts of racketeering – separate and apart from whether Rothstein committed such acts. Similarly, the jury must find that TD Bank conducted and participated in the alleged "enterprise," regardless of whether it finds that Rothstein did so. Further, Plaintiff must prove that TD Bank had some part in directing the alleged enterprise's affairs and exercised some control over those affairs. And finally, the jury must find alleged racketeering activity committed by TD Bank, not Rothstein, was a proximate cause of the damages which Plaintiff seeks to recover from TD Bank. If the jury fails to find that any of these elements are satisfied as to TD Bank, then Plaintiff cannot recover on its RICO claim, regardless of whether it can establish those elements as to Rothstein. The jury should be so instructed, and TD Bank respectfully submits that its instructions better explain the elements of Plaintiff's RICO claim and how those elements can be explained to the jury.

Fifth, this Proposed Instruction includes instructions for the alleged predicate act in this case that are *not* drawn from Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 5.1 (2005). Plaintiff has not identified the source for those instructions and TD Bank respectfully suggests that this Court use its individual instructions of the predicate acts, which it believes accurately reflects Eleventh Circuit law.

Sixth, there is no factual or evidentiary basis for several of the paragraphs in this Proposed Instruction.  The Eleventh Circuit Pattern Instruction contemplates that the parties describe in the Instruction Plaintiff's *allegations*; instead, Plaintiff includes legal argument and improper accusations amplified by prejudicial conclusory descriptions and adjectives.  These allegations are written in an argumentative manner that mischaracterize the evidence, and if used they would give the jury an unfair, unduly prejudicial, and improper understanding of the case as well as suggest their findings.  To the extent any description is required, TD Bank respectfully requests a balanced description which makes clear that the description is what "Plaintiff claims" and is based upon evidence adduced at trial.

***Defendant's Proposed Instruction No. 23:  Predicate Acts***

The second fact **Coquina** must prove is that **TD Bank** knowingly committed at least two **acts of racketeering, or** so-called "predicate acts."  **These are certain designated federal crimes which may provide the basis for a violation of the RICO statute.**[27]

To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident.[28]

Coquina must prove that TD Bank had a fraudulent intent when committing these acts.[29]

The "predicate acts" claimed by Coquina are **wire fraud, interstate transportation of stolen property, and money laundering**.[30]

I am now going to explain each of these alleged crimes, and the specific elements which Coquina must prove for you to find the commission of each.[31]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[27] This instruction is derived from the Eleventh Circuit Instructions, modified in part to include language derived from Criminal Justice Section, RICO Cases Committee, American Bar Association, *Jury Instructions for Civil and Criminal RICO Cases*, *reprinted in*, 7 RICO L. Rptr. 376 (1988).

[28] This instruction is from the Eleventh Circuit Instructions.

[29] *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997).

[30] This instruction is derived from the Eleventh Circuit Instructions.  (*See also* Complaint ¶¶ 35-51.)

[31] This instruction is derived from Criminal Justice Section, RICO Cases Committee, American Bar Association, *Jury Instructions for Civil and Criminal RICO Cases*, *reprinted in*, 7 RICO L. Rptr. 376 (1988).

*Plaintiff's Proposed Instruction No. 24:  Wire Fraud*

The "predicate acts" alleged by the Plaintiff would constitute the following offenses:

Coquina alleges that the Defendants committed wire fraud in violation of Title 18, United States Code, _ 1343, which makes it a Federal crime or offense to use interstate wire communications to carry out a scheme to defraud someone else.  The Defendants can be found to have committed this offense only if all the following facts are proved by a preponderance of the evidence:

First:          the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations or promises;

Second:       the false pretenses, representations or promises were about a material fact;

Third:        the Defendant acted with the intent to defraud; and

Fourth:       the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud.  A statement or representation may be "false" or "fraudulent" when it is a half truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important  fact that a reasonable person would use to decide whether to do or not to do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

Coquina does not have to prove all the details alleged in the Complaint about the precise nature and purpose of the scheme.  It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire facilities was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wires. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications to act so that something would normally be sent through wire, radio or television communications in the normal course of business. Each separate use of the interstate wire communications as part of a scheme to defraud is a separate offense.[32]


**<u>OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION</u>**

TD Bank objects to this Proposed Instruction on several grounds.

First, TD Bank objects to this Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

---

[32] Eleventh Circuit Pattern Criminal Jury Instruction 51 Wire Fraud -18 U.S.C. §1343 (2010).

FTL 108,398,551v3 10-18-11

Second, this Proposed Instruction is inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet."  Instead, this Proposed Instruction is a lengthy instruction that simply does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Third, this Proposed Instruction misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein.  Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

Fourth, this Proposed Instruction fails to include a definition for "knowingly" as it is used in the first element of the wire fraud predicate act.  TD Bank respectfully submits that the definition of "knowingly" included in TD Bank's Proposed Instruction No. 30 should be used, as that definition is consistent with the definition of "knowingly" used in the Eleventh Circuit Pattern Civil Jury Instructions.

TD Bank respectfully submits that this Proposed Instruction may be given instead of TD Bank's Proposed Instructions on "wire fraud" if the Proposed Instruction is revised so that it is consistent with TD Bank's objections, above.

*Defendant's Proposed Instruction No. 25:  Wire Fraud – Generally*

**Coquina claims that TD Bank committed wire fraud, a predicate act.[33]**

**Title 18, United States Code, Section 1343, makes it a Federal offense for anyone to use interstate or international wire communications facilities in carrying out a scheme to defraud.[34]**

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used. Further, there is no requirement to prove "actual knowledge" – TD Bank misstates the applicable law.

---

[33] (Complaint ¶¶ 39-45.)

[34] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

*FTL 108,398,551v3 10-18-11*

*Defendant's Proposed Instruction No. 26: Wire Fraud – Knowledge*

**TD Bank can be found to have committed wire fraud if TD Bank knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false pretenses, representations, or promises.**[35]

**<span style="color:red">Actual knowledge is required.</span>   To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident.**[36]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[35] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (same definition of knowledge).

[36] This instruction is derived from the Eleventh Circuit Instructions.

*Defendant's Proposed Instruction No. 27:  Wire Fraud – Material Facts*

To find that TD Bank committed wire fraud, you must also find that the alleged false pretenses, representations or promises related to a material fact.[37]

The fact must be material in the sense that it relates to a matter of some importance or significant rather than a minor or trivial detail.  A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.[38]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction because it is included in the full 11th Circuit pattern instructions for Wire Fraud.

_____

[37] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

[38] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (definition of "material fact").

*FTL 108,398,551v3 10-18-11*

***Defendant's Proposed Instruction No. 28:  Wire Fraud – Intent***

**You must also find that TD Bank acted willfully and with an intent to defraud. Coquina must prove that TD Bank purposefully intended to defraud, as opposed to doing so as a result of mistake or accident.[39]**

**The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.[40]**

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[39] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

[40] This instruction is from the Eleventh Circuit Pattern Criminal Jury Instructions.

*FTL 108,398,551v3 10-18-11*

*Defendant's Proposed Instruction No. 29:  Wire Fraud – Purpose of Transmission*

**Finally, Coquina must prove that TD Bank transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.[41]**

**Unless Coquina proves each of these elements, it has not proved that TD Bank committed wire fraud.**

**<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>**

Coquina objects to this language as not included in the Eleventh Circuit Pattern instructions and also not included in the instructions as listed in the case citation provided by the Defendant TD Bank.

---

[41] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

*FTL 108,398,551v3 10-18-11*

**Plaintiff's Proposed Instruction No. 30:  Interstate Transportation of Stolen Property**

The second predicate act is the interstate transportation of stolen property offense in violation of Title 18, United States Code, _ 2314.  It's a federal crime for anyone to transport, or cause to be transported in interstate commerce, property that has been stolen, converted, or taken by fraud and has a value of at least $5,000.

The Defendant can be found to have committed this crime only if all the following facts are proved by a preponderance of the evidence:

(1)     the Defendant transmitted or transferred, or caused to be transmitted or transferred, in interstate commerce, property that was stolen, converted or taken by fraud as described in the Complaint;

(2)      the property had a value of at least $5,000; and

(3)     when the Defendant transmitted or transferred the items, the Defendant knew the property had been stolen, converted, taken by fraud.

To "steal" property is to wrongfully or dishonestly take property with the intent to deprive the owner of the rights and benefits of owning it.  To "convert" is to take control over the property without permission and to control it in a way that interfere's with the owner's rights. To "take by fraud" is to deceive or cheat someone out of property by false or fraudulent pretenses, representations or promises.

It doesn't matter whether the Defendant stole, converted or took the property by fraud or someone else did, but to find the Defendant committed the offense, you must find that the Defendant knew it had been stolen, converted, or taken by fraud.

*"Interstate commerce"* includes any movement or transportation of goods, wares, merchandise, securities or money from one state into another state, the District of Columbia, and any commonwealth, territory, or possession of the United States.[42]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on several grounds.

First, TD Bank objects to this Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

Second, this Proposed Instruction is inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet."  Instead, this Proposed Instruction is a lengthy instruction that simply does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Third, this Proposed Instruction misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein.  Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

Fourth, this Proposed Instruction fails to include definitions for "intentional" and "knowingly" necessary to understand the elements of the interstate transportation of stolen property" predicate act.  TD Bank respectfully submits that the definition of "intentional" included in TD Bank's Proposed Instruction No. 35, and the definition of "knowingly" in TD Ban's Proposed Instruction No. 37, should be used, as those definition are consistent with the

[42] Eleventh Circuit Pattern Criminal Instruction 88.1 - 18 U.S.C. §2314 (First Paragraph) (2010)

59

definitions of "intentional" and "knowingly" used in the Eleventh Circuit Pattern Civil Jury Instructions.

TD Bank respectfully submits that this Proposed Instruction may be given instead of TD Bank's Proposed Instructions on "interstate transportation of stolen property" if the Proposed Instruction is revised so that it is consistent with TD Bank's objections, above.

***Defendant's Proposed Instruction No. 31:  Interstate Transportation of Stolen Property –
General***

Coquina claims that TD Bank committed interstate transportation of stolen
property, a predicate act.[43]

Title 18, United States Code, Section 2314, makes it a Federal offense for anyone to
transport, or cause to be transported in interstate of foreign commerce, property which has
been stolen, converted, or taken by fraud and has a value of $5,000 or more.[44]

**<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>**

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit
pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be
used.

---

[43] (Complaint ¶ 46.)

[44] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*,
No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

61

***Defendant's Proposed Instruction No. 32:  Interstate Transportation of Stolen Property –
Interstate Transfer***

**Coquina must prove that TD Bank intentionally transferred or caused to be
transferred, in interstate or foreign commerce, items of property stolen, converted or taken
by fraud.[45]**

**Coquina must show that TD Bank's action was intentional, not as a result of
mistake or accident.[46]**

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit
pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be
used.

---

[45] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*,
No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern
Criminal Jury Instructions (similar instruction).
[46] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*,
No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

**Defendant's Proposed Instruction No. 33:  Interstate Transportation of Stolen Property –
Value**

Coquina must also prove that the items had a value of $5,000 or more.[47]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as already included in the 11th Circuit pattern
instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[47] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*,
No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern
Criminal Jury Instructions (similar instruction).

***Defendant's Proposed Instruction No. 34:  Interstate Transportation of Stolen Property – Knowledge***

Coquina must also prove that TD Bank transported the items willfully and with knowledge that the property had been stolen, converted, or taken by fraud.[48]

<u>**Actual knowledge is required.**</u>  To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident.[49]

The word "stolen" includes any wrongful and dishonest taking of property with the intent to deprive the owner of the rights and benefits of ownership.

The word "converted" means the unauthorized exercise of control over the property of another inconsistent with the owner's rights.[50]

Unless Coquina proves each of these elements, it has not proved that TD Bank committed the predicate act of interstate transportation of stolen property.


**<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>**

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[48] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (similar instruction).

[49] This instruction is derived from the Eleventh Circuit Instructions.

[50] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (similar instructions fir "steal" and "convert").

64

**Plaintiff's Proposed Instruction No. 35:  Money Laundering (Promoting Unlawful Activity 18 USC § 1956 (a)(1)(A)(I) and  (a)(1)(B)(i) and (ii))**

The third group of predicate acts are money laundering offenses.  It's a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found to have committed this offense only if all of the following facts are proved by a preponderance of the evidence:

First:        the Defendant knowingly conducted, or tried to conduct, a financial transaction;

Second:      the Defendant knew that the money or property involved in the transaction were the proceeds of some form of unlawful activity;

Third:        the money or property did come from an unlawful activity, in this case, the money came from the wire fraud and/or interstate transportation of property stolen, converted or taken by fraud offenses as alleged in the Complaint; and

Fourth:      either A) - the Defendant was involved in the financial transaction with the intent to promote the carrying on of such specified unlawful activity,

or alternatively,

B) the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition of funds or property.  A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit,

65

*purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or use of a safe deposit box or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.*

*A "financial transaction" means - - a transaction that in any way or to any degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or a transaction involving the use of a financial institution that is involved in interstate or foreign commerce, or whose activities affect interstate or foreign commerce, in any way or degree.*

*The phrase financial institution includes an insured bank under federal law, 31 U.S.C. § 5312(a)(2).  I instruct you that Defendant TD Bank is a financial institution under this federal law.*

*"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.*

*To "know that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, federal or foreign law.*

*The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.*

*The term "specified unlawful activity" in this case means wire fraud or interstate transportation of property stolen, converted or taken by fraud.*

*The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.[51]*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on several grounds.

First, TD Bank objects to this Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

Second, this Proposed Instruction is inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet."  Instead, this Proposed Instruction is a lengthy instruction that simply does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Third, this Proposed Instruction misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein.  Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

Fourth, this Proposed Instruction fails to include a definition for "knowingly" as it is used in the first element of the money laundering predicate act.  TD Bank respectfully submits that the definition of "knowingly" included in TD Bank's Proposed Instruction No. 39 should be used, as that definition is consistent with the definition of "knowingly" used in the Eleventh Circuit Pattern Civil Jury Instructions.

---

[51] Eleventh Circuit Pattern Criminal Instruction 74.1, 74.2 - 18 U.S.C. §1956(a)(1)(A)(i) and (a)(1)(B)(i) (2010).

*FTL 108,398,551v3 10-18-11*

TD Bank respectfully submits that this Proposed Instruction may be given instead of TD Bank's Proposed Instructions on "money laundering" if the Proposed Instruction is revised so that it is consistent with TD Bank's objections, above.

**Plaintiff's Proposed Instruction No. 36:  Money Laundering (18 U.S.C. § 1957)**

It's a Federal crime to knowingly engage in other kinds of financial transactions also commonly known as money laundering.

The Defendant can be found to have committed this offense only if all of the following facts are proved by a preponderance of the evidence:

(1)     the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2)     the Defendant knew transaction involved property or funds that were the proceeds of some criminal activity;

(3)     the property had a value of more than $10,000;

(4)     the property was in fact proceeds of wire fraud and/or interstate transportation of stolen property (as previously explained); and

(5)     the transaction too place in the United States.

The term "monetary transaction" means the deposit, withdrawal, or transfer of funds by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an insured bank as defined under federal law 31 U.S.C. § 5312 as alleged in the Complaint.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

*It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing wire fraud or interstate transportation of stolen property. But the Plaintiff must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.*

*Also, it doesn't matter whether all the property involved was derived from a crime. The Plaintiff only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.*[52]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on several grounds.

First, TD Bank objects to this Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

Second, this Proposed Instruction is inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet." Instead, this Proposed Instruction is a lengthy instruction that simply does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Third, this Proposed Instruction misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein. Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

---

[52] Eleventh Circuit Pattern Criminal Instruction 74.6 - 18 U.S.C. §1957 (2010).

70

Fourth, this Proposed Instruction fails to include a definition for "knowingly" as it is used in the first element of the money laundering predicate act. TD Bank respectfully submits that the definition of "knowingly" included in TD Bank's Proposed Instruction No. 39 should be used, as that definition is consistent with the definition of "knowingly" used in the Eleventh Circuit Pattern Civil Jury Instructions.

TD Bank respectfully submits that this Proposed Instruction may be given instead of TD Bank's Proposed Instructions on "money laundering" if the Proposed Instruction is revised so that it is consistent with TD Bank's objections, above.

FTL 108,398,551v3 10-18-11

*Defendant's Proposed Instruction No. 37:  Money Laundering – General*

**Coquina claims that TD Bank committed money laundering, a predicate act.[53]**

**Title 18, United States Code, Section 1956, makes it a Federal offense for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering.[54]**

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[53] (Complaint ¶¶ 47-48, 51.)

[54] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

*Defendant's Proposed Instruction No. 38:  Money Laundering – Knowledge*

Coquina must prove that TD Bank knowingly conducted, or attempted to conduct, a "financial transaction."[55]

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.[56]

**Actual knowledge is required.**  To act "knowingly" means to act voluntarily and intentionally, and not because of mistake or accident.[57]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of and repetitive of the 11th Circuit pattern instructions regarding the elements of RICO, set forth in a separate instruction above. Also, this instruction improperly includes legal decisions that are for the Court, not the jury, to decide. Further, there is no requirement to prove "actual knowledge" - TD Bank misstates the applicable law.

---

[55] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (similar instruction).

[56] This instruction is from the Eleventh Circuit Pattern Criminal Jury Instructions.

[57] This instruction is derived from the Eleventh Circuit Instructions.

*Defendant's Proposed Instruction No. 39:  Money Laundering – Knowledge of Unlawful Activity*

Coquina must also prove that TD Bank knew that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity.[58]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[58] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (similar instruction).

74

***Defendant's Proposed Instruction No. 40:  Money Laundering – Knowledge of Unlawful Activity***

**Coquina must also prove that the funds or property involved in the financial transaction did, in fact, represent the proceeds of "specified unlawful activity" – in this case, the proceeds of wire fraud, transportation of property stolen, converted, or taken by fraud, and fraud against a foreign bank.**[59]

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[59] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (similar instruction).

*Defendant's Proposed Instruction No. 41:  Money Laundering – Intent to Conceal*

Finally, **Coquina must prove that TD Bank engaged in the financial transaction knowing that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or the control of the proceeds of such specified unlawful activity.[60]**

Unless **Coquina proves each of these elements, it has not proved that TD Bank committed money laundering.**

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[60] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Eleventh Circuit Pattern Criminal Jury Instructions (similar instruction).

*FTL 108,398,551v3 10-18-11*

*Plaintiff's Proposed Instruction No. 42:  Civil RICO - 18 U.S.C. §§ 1962(c), 1964(c)) (cont'd)*

*If you find that the Defendants committed two or more of the predicate acts, you must then decide whether those acts constituted a "pattern of racketeering activity," as previously described, and whether that "pattern" of activity amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future.*

*You must next decide whether the "pattern of racketeering activity" was engaged in by the Defendants while conducting, or participating in the conduct of, the affairs of the "enterprise."*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects because this Proposed Instruction includes an instruction for open-ended continuity in a RICO claim although Plaintiff has specifically admitted, and repeatedly argued, that it has only alleged closed-ended continuity.  (*See*, *e.g.*, Complaint ¶ 66 (alleging predicate acts "over a substantial, but closed, period of time").)  Federal Rule of Civil Procedure 9(b) required Plaintiff to plead its RICO claims with particularity, and Southern District of Florida Local Rule 12.1 similarly requires that Plaintiff's Civil RICO Case Statement provide specific detail regarding its RICO allegations.  Since discovery has long since closed and the parties are on the eve of trial, it is far too late for Plaintiff to be permitted to add a new theory of liability not set forth in its Complaint or its Civil RICO statement.  Accordingly, this Court should use the closed-ended continuity instruction proposed by TD Bank.

*Defendant's Proposed Instruction No. 43:  Pattern of Racketeering Activity – Continuity*

In addition to proving criminal acts of racketeering, Coquina must prove, and you must find, that TD Bank engaged in a pattern of racketeering activity.  The law defines the term "pattern of racketeering activity" as requiring at least two acts of racketeering activity, sometimes called "predicate acts," over a substantial period of time.  The requirement of showing continued activity can be satisfied by proving a "closed-ended" pattern – a series of related predicate acts extending over a substantial period of time over at least eighteen months.  If you find that any proven criminal racketeering acts did not extend over a substantial period of time which was period was least eighteen months, those acts cannot satisfy the requirement of a "pattern."[61]

Coquina claims that Rothstein and TD Bank conducted and participated in their enterprise in a pattern of related and continuous predicate acts over a closed period of time.[62]

In deciding whether or not a period of time was "substantial," you should consider only the period of time during which Coquina alleges that TD Bank was allegedly committing acts of racketeering.  You should not consider racketeering acts before or after this which were not allegedly committed by TD Bank.[63]

---

[61] *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241-42 (1989); *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1264-65 (11th Cir. 2004); *DeFalco v. Bernas*, 244 F.3d 286, 321-22 (2d Cir. 2001); *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 46 (1st Cir. 1991); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008).
[62] (Complaint ¶ 66.)
[63] *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008); *DeFalco v. Bernas*, 244 F.3d 286, 321 n.22 (2d Cir. 2001).

78

**Coquina must prove by a preponderance of the evidence presented and based upon the facts alleged in this case that the "predicate acts" committed by TD Bank occurred over a substantial period of time which period was at least eighteen months.[64]**

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as not part of and repetitive of the 11th Circuit pattern instructions regarding the elements of RICO, set forth in a separate instruction above. Also, this instruction improperly includes legal decisions that are for the Court, not the jury, to decide. The elements the jury must decide are set forth in the Eleventh Circuit's special interrogatories regarding RICO, which are included in the proposed verdict forms. *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1266 (11th Cir. 2004) ("no court has unequivocally declared a minimum period of time that can be considered 'substantial'" for purposes of RICO continuity pattern requirement); *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1398 (11th Cir.), *modified on other grounds by,* 30 F.3d 1347 (11th Cir. 1994) (upholding as reasonable a jury's finding of a RICO pattern of one month and one year as "sufficiently long" to establish continuity); *Coquina Invs. v. Rothstein,* 2011 U.S. Dist. LEXIS 7062, *14 (S.F. Fla.  Jan. 20,

---

[64] *Jackson v. BellSouth Telecomms.*, 372 F. 3d 1250, 1264 (11th Cir. 2004) (stating that 9 months is not a substantial period for a pattern, and citing cases holding that 17 months is not sufficient and questioning whether 2 years was sufficient); *Ferrell v. Durbin*, No. 07-14878, 2009 WL 322049, at *3 (11th Cir. Feb. 9, 2009); *see also Magnifico v. Villanueva*, 783 F. Supp. 2d 1217 (S.D. Fla. 2011) (noting that if discovery showed that alleged pattern of racketeering lasted less than 18 months, plaintiff might not be able to establish closed-end continuity at summary judgment); *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d. Cir. 1999) (Second Circuit has "never held a period of less than two years to constitute a substantial period of time"); *Hutchinson v. Wickes Cos., Ins.*, 726 F. Supp. 1315, 1320 (N.D. Ga. 1989) (questions in *dicta* whether two years can be a "substantial period of time"). In light of the *Jackson* decision, and other similar decisions, by proposing the above instruction, TD Bank does not agree and does not concede that one year is sufficient for the "substantial period" requirement for a closed-end pattern under RICO.

2011) (Cooke, J.) (on motion to dismiss, Coquina's **"**allegations are sufficient to satisfy the closed-ended continuity requirements for RICO litigation"); *Millette v. DEK Techs., Inc.,* 2008 U.S. Dist. LEXIS 95933, *9 (S.D. Fla. Nov. 25, 2008) (Cohn, J.) ( "There is no definitive demarcation for what constitutes a substantial period of time and the duration element might not always be enough to establish closed-ended continuity when there is only one scheme used to accomplish a discrete goal."); *Ward v. Nierlich*, 617 F. Supp. 2d 1226, 1236 n.13 (S.D. Fla. 2008) (Moore, J.) (citing  *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 243 (1989)) ("The Supreme Court cautioned lower courts engaging in the continuity analysis that 'the precise methods by which relatedness and continuity or its threat may be proved, cannot be fixed in advance with such clarity that it will always be apparent whether in a particular case a 'pattern of racketeering activity' exists.'"); *Delfrate v. Letts***,** 1996 U.S. Dist. LEXIS 10670 *25-26 (M.D. Fla. Mar. 25, 1996) (in regards to a RICO claim, "there is no *per se* rule of time that satisfies the 'substantial period of time' requirement that would display continuity. Congress drafted RICO broadly and declined to give a specific time frame to which courts must adhere to in determining whether the conduct at issue occurred over a 'substantial period of time.'").

*Plaintiff's Proposed Instruction No. 44:  Civil RICO - 18 U.S.C. §§ 1962(c), 1964(c)) (cont'd)*

     *If so, you must then decide whether the "enterprise" was engaged in, or whether its activities affected, "interstate commerce."  The term "interstate commerce" refers to business transactions occurring between places in different states; and, in this case, the Plaintiff claims that in conducting the affairs of the enterprise the Defendants TD Bank and Scott Rothstein utilized interstate communications facilities by:  (1) engaging in interstate telephone conversations; (2) by traveling in interstate commerce from one state to another; and (3) causing the interstate transmission of funds and (4) causing other interstate communications by mail and/or by wire.  If you find from a preponderance of the evidence that these transactions or events occurred, and that they occurred in, or as a direct result of, the conduct of the affairs of the alleged "enterprise," then the required effect upon interstate commerce has been established.  If you do not so find, then the required effect upon interstate commerce has not been established.*[65]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

     This Proposed Instruction misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein.  Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.  Accordingly, the reference to Rothstein should be removed from the Proposed Instruction.

---

[65] Eleventh Circuit Civil Pattern Jury Instructions, Civil RICO Instruction 5.1 (2005), modified to include relevant facts.

*Defendant's Proposed Instruction No. 45:  Conducting or Participating in the Enterprise*

You must next decide whether the "pattern of racketeering activity" was engaged in by TD Bank while TD Bank was conducting, or participating in the conduct of, the affairs of the "enterprise."[66]

In order to participate, directly or indirectly, in the enterprise, the participant must have some part in directing those affairs.  Coquina must prove that TD Bank had some part in directing the enterprise's affairs, and exercised an element of control over those affairs.[67]

It is not enough for Coquina to show only that TD Bank exercised an element of control over its own affairs.  In other words, Coquina must do more than prove that TD Bank provided professional services to Rothstein; in other words, Coquina, to show that TD Bank did more than simply act as a bank.[68]

Thus, if you do not find that TD Bank's acts of racketeering were part of the operation or management of the enterprise with Rothstein, you cannot find TD Bank liable for conducting or participated in or conducted the affairs of the enterprise.[69]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to Defendant's instruction because it is not supported by any citation to the 11th Circuit Pattern Instruction, or any other model instruction.  It also improperly attempts to

---

[66] This instruction is from the Eleventh Circuit Instructions.
[67] *Reves v. Ernst & Young*, 507 U.S. 179, 185 (1993); *Super Vision Int'l, Inc. v. Mega Int'l Comm. Bank Co., Ltd.*, 534 F. Supp. 2d 1326, 1338 (S.D. Fla. 2008).
[68] *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 690 (8th Cir. 2008); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 430-31 (S.D.N.Y. 2007).
[69] *United States v. Weiner*, 3 F.3d 17, 23 (1st Cir. 1993); *United States v. Mandel*, 591 F.2d 1347, 1365 (4th Cir. 1978), *reh'g denied*, 609 F.2d 1079 (1979), *cert. denied*, 445 U.S. 961 (1980).

82

heighten Coquina's burden of proof with respect to the structure of the enterprise and TD Bank's participation in it.  As this Court has already observed:

> An "enterprise" is defined as "any union or group of individuals associated in fact." 18 U.S.C. § 1961(4); *see also United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000) ("**the existence of an enterprise 'is proved by evidence of an ongoing organization, formal or informal**, and by evidence that the various associates function as a continuing unit' . . . that furnishes a vehicle for the commission of two more predicate crimes") (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)).

*Order Denying Defendant's Motion to Dismiss* (DE 87 at 4) (Cooke, J.) (emphasis added).

Courts within the Eleventh Circuit are in similar agreement.  *See Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1284 (11th Cir. 2006) (stating that "[t]his **Court has never required anything other than a 'loose or informal' association** of distinct entities.") (emphasis added); *Jackson v. Bellsouth Telecommuns.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (citation omitted) ( "A RICO enterprise exists **'where a group of persons associates, formally or informally**, with the purpose of conducting illegal activity.'") (emphasis added); *Avirgan v. Hull*, 932 F.2d 1572, 1578 (11th Cir. 1991) (observing that plaintiffs "note that this circuit has ruled that a **RICO enterprise may be an "amoeba-like" structure or a loose informal association**. *See United States v. Cagnina*, 697 F.2d 915, 921 (11th Cir. 1983), *cert. denied*, 464 U.S. 856, 104 S. Ct. 175, 78 L. Ed. 2d 157 (1983). **We have so held**.).

In addition, this Court has previously ruled:

> "**[A] RICO enterprise need not possess an 'ascertainable structure' distinct from the associations necessary to conduct the pattern of racketeering activity**." *United States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1274-75 (11th Cir. 2000) (noting that the Eleventh Circuit Court of Appeals has rejected other circuits requirements that a RICO enterprise possess a structure distinct from the pattern of racketeering activities).

*Order Denying Defendant's Motion to Dismiss* (DE 87 at 4) (Cooke, J.) (emphasis added).

83

Moreover, TD Bank's proposed instruction confusingly overstates TD Bank's required

level of participation in the enterprise.  As this Court has also held:

> Additionally, a RICO-plaintiff must establish that the RICO-defendants **participated in** the operation or management of the enterprise itself; in other words, the RICO-defendants must have **some part** in directing the affairs of the enterprise. *Id.* at 1285. **This requirement does not mean that RICO liability is limited to those with primary responsibility for the enterprise's affairs**. *Id.* It is sufficient for a plaintiff to allege that a civil RICO defendant exercised **some degree of direction and control** of the enterprise. "[L]iability depends on showing that the defendants **conducted or participated in the conduct** of the *enterprise's* affairs, not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (internal quotation marks omitted).

*Order Denying Defendant's Motion to Dismiss* (DE 87 at 4-5) (Cooke, J.) (emphasis added).

The 11th Circuit pattern instruction should be used.

84

*Defendant's Proposed Instruction No. 46:  Interstate Commerce*

**Next**, **you must decide whether the "enterprise" was engaged in, or whether its activities affected, "interstate commerce."   The term "interstate commerce" refers to business transactions occurring between places in different states.[70]**

**In this case, Coquina claims that in conducting the affairs of the enterprise TD Bank utilized interstate communications (such as telephone and email), transported stolen property between states, and used interstate means to execute financial transactions.[71]**

**If you find from a preponderance of the evidence that these transactions or events occurred, and that they occurred in, or as a direct result of, the conduct of the affairs of the alleged "enterprise," then the required effect upon interstate commerce has been established.  If you do not so find, then the required effect upon interstate commerce has not been established.[72]**

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[70] This instruction is derived from the Eleventh Circuit Instructions.  *See also Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) (explaining interstate commerce requirement).
[71] This instruction is derived from the Eleventh Circuit Instructions.  (*See* Complaint ¶¶ 39-51.)
[72] This instruction is from the Eleventh Circuit Instructions.

*FTL 108,398,551v3 10-18-11*

*Plaintiff's Proposed Instruction No. 47:  Civil RICO (18 U.S.C. § 1964(c))*

If you resolve all of the issues relating to Coquina's RICO claim in favor of Coquina you must then decide whether Coquina has suffered injury in its business or property as a "proximate result" of the Defendant's pattern of racketeering activity. To be the "proximate result" of such activity it must be proved that, except for such activity by the Defendant, the injury or damage claimed by Coquina would not have occurred.

In considering the issue of Coquina's damages, you are  instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Coquina' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others::

1.      Compensatory damages in the amount of    __[To Be Determined]

2.      Punitive damages.

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Coquina failed to seek out or take advantage of a business or employment opportunity that was reasonably available

*under all the circumstances shown by the evidence, then you should reduce the amount of*

*Coquina's damages by the amount that could have been reasonably realized if Coquina had*

*taken advantage of such opportunity.]*

*Coquina also claims that the acts of TD Bank were done willfully, intentionally or with*

*callous and reckless indifference to Coquina's rights so as to entitle Coquina to an award of*

*punitive damages in addition to compensatory damages.*

*If you find for Coquina, and if you further find that TD Bank did act with malice,*

*willfulness or callous and reckless indifference to the rights of others, the law would allow you,*

*in your discretion, to assess punitive damages against TD Bank as punishment and as a deterrent*

*to others.*

*If you find that punitive damages should be assessed against TD Bank, you may consider*

*TD Bank's financial resources in fixing the amount of such damages.*[73]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on several grounds.

First, TD Bank objects to the Proposed Instruction on the basis of its general objection that all references to "Defendants" are improper and should be stricken.

Second, the Proposed Instruction misstates the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein. Plaintiff's proposed instruction improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank. The jury must find alleged racketeering activity committed by TD Bank, not Rothstein or the "Defendants," was a

---

[73] Eleventh Circuit Civil Pattern Jury Instructions, Civil RICO Instruction 5.1 (2005).

*FTL 108,398,551v3 10-18-11*

proximate cause of the damages which Plaintiff seeks to recover from TD Bank.  If the jury fails to find that this element is satisfied as to TD Bank, then Plaintiff cannot recover on its RICO claim, regardless of whether it can establish that element as to Rothstein.  The jury should be so instructed, and TD Bank respectfully submits that its instructions better explain the elements of causation and damages and how those elements can be explained to the jury.

Third, the Proposed Instruction is inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet."  Instead, the Proposed Instruction combines causation and damage instructions in a manner likely to confuse the jury as to two separate legal issues.

Fourth, the Proposed Instruction does not take into account Defendant's Proposed Instructions on its affirmative defenses, which may reduce damages due to failure to mitigate, offset, or may bar damages entirely under the doctrine of estoppel, unclean hands, or waiver.

*Defendant's Proposed Instruction No. 48:  Causation*

If all of those issues are resolved in favor of <u>Coquina</u>, you must then decide whether <u>Coquina</u> has suffered <u>its alleged</u> injury in its business or property as a "proximate result" of <u>TD Bank's</u> pattern of racketeering activity.  To be <u>a</u> "proximate result" of such activity it must be proved <u>at least</u> that, except for such activity by <u>TD Bank</u>, the injury or damage claimed by <u>Coquina</u> would not have occurred.[74]

Coquina must prove that the damages it seeks to recover from TD Bank were proximately caused by TD Bank's alleged violation of the RICO statute.  Coquina must prove that TD Bank's alleged conduct is both the "actual cause" and the "proximate cause" of the damages Coquina seeks to recover from TD Bank .[75]

"Actual cause" means that you must find that TD Bank's alleged RICO violation was a material cause or a substantial factor in bringing about the damages Coquina seeks to recover from TD Bank .[76]

"Proximate cause" means that you must find TD Bank could reasonably foresee that its alleged conduct would result in the type of the damages Coquina seeks to recover from TD Bank.[77]

To prove proximate cause, Coquina must show that the damages Coquina seeks to recover from TD Bank were the direct result of TD Bank's allegedly unlawful conduct.[78]

---

[74] This instruction is derived from the Eleventh Circuit Instructions.
[75] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).
[76] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).
[77] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

**In considering whether or not the alleged damages Coquina seeks to recover from TD Bank are a direct result of TD Bank's alleged conduct, you may find that the link between the alleged damages and conduct is too remote or insufficient to find a direct result.[79]**

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of and repetitive of the 11th Circuit pattern instructions regarding the elements of RICO, including proximate causation, set forth in a separate instruction above. Also, this instruction improperly states the law – there is no requirement that Coquina prove "actual cause.

---

[78] *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 989-90 (2010)("Proximate cause for RICO purposes ...  requires 'some direct relation between the injury asserted and the injurious conduct alleged.'") (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992)); *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F. Supp. 2d 1270, 1279-80 (S.D. Fla. 2009) (to establish proximate cause under RICO, plaintiff's injuries must be the direct result of defendants' unlawful conduct); *Ironworkers Local Union No. 68 v. AstraZeneca Pharmaceuticals LP*, 585 F. Supp. 2d 1331, 1343 (M.D. Fla. 2008) (same).

[79] *Marini v. Adamo*, No. 08-CV-3995 (JFB) (ETB), 2011 WL 4442710, *15 (E.D.N.Y. Sept. 26, 2011) (citing *Hemi Group, LLC v. City of New York, N.Y.*, -- U.S. --, 130 S. Ct. 983, 991 (2010)).

*Defendant's Proposed Instruction No. 49:  RICO Compensatory Damages*

If you find that TD Bank is not liable, you need not give any consideration to the issue of damages.   If you find TD Bank liable on any of Coquina's claims, I instruct you as follows with regard to damages.

In considering the issue of **Coquina's alleged** damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all **damages you find that Coquina suffered and that you find were the proximate result of TD Bank's conduct** ~~no more and no less~~. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize **TD Bank**.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.[80]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[81]

So, if you should find from a preponderance of the evidence that **Coquina** failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the

---

[80] This instruction is derived from the Eleventh Circuit Instructions.
[81] This instruction is derived from the Eleventh Circuit Instructions.

amount of <span style="color:red">**any damages you would otherwise award Coquina**</span> by the amount that could

have been reasonably realized if <span style="color:red">**Coquina**</span> had taken advantage of such opportunity.[82]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to No. 49 as an inaccurate statement of the legal requirements for

damages.  This is included in the 11th Circuit pattern instructions regarding the damages for

RICO, set forth in a separate instruction above

---

[82] This instruction is derived from the Eleventh Circuit Instructions(*see* RICO damages instruction).

*FTL 108,398,551v3 10-18-11*

## COUNT II     CONSPIRACY TO VIOLATE FEDERAL RICO (1962(d))

***Plaintiff's Proposed Instruction No. 50:  Conspiracy to Violate Federal RICO - 18 U.S.C.§ 1962(d)***

Coquina also claims that TD Bank violated Section 1962(d) of the federal RICO statute because TD Bank agreed or conspired with Defendant Rothstein and/or others to violate the RICO statute. Coquina alleges that the scheme is the same scheme, including the same alleged enterprise and racketeering activities, that I have already described to you in Count I.

For Coquina to prove a violation of the RICO conspiracy claim, Coquina must establish that either:

(1)     The Defendants agreed to the overall objective of the conspiracy; <u>or</u>

(2)     The Defendants agreed to commit two predicate acts (as described in the civil RICO jury instruction).

The existence of the conspiracy may be inferred from the Defendants' conduct.   The Plaintiff does not need to offer direct evidence of a RICO conspiracy agreement.[83]


## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction because it is not supported by Eleventh Circuit law and does not accurately state the elements of a claim under 18 U.S.C. § 1962(d).  For example, this Proposed Instruction does not include a causation element, although Eleventh Circuit law holds that causation is a required element of Plaintiff's claim.  *See Beck v. Prupis*, 162 F.3d 1090, 1098 (11th Cir. 1998) (affirming summary judgment against Plaintiff on RICO

---

[83] *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (quoting *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997)).

conspiracy claim, noting that "RICO was enacted with an express target – racketeering activity – and only those injuries that are proximately caused by racketeering activity should be actionable under the statute"); *Ironworkers Local Union No. 68 v. AstraZeneca Pharms. LP*, 585 F. Supp. 2d 1339, 1345 (M.D. Fla. 2008) (dismissing RICO conspiracy claim for lack of proximate cause).

Similarly, this Proposed Instruction does not require Plaintiff to show that TD Bank knowingly and willingly became a member of the alleged conspiracy; however, Eleventh Circuit law requires that the plaintiff show that the defendant knowingly and willfully join the alleged conspiracy.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1410 (11th Cir. 1994) ("To be adjudged liable, 'each defendant in a RICO conspiracy case must have joined knowingly in the scheme and been involved himself, directly or indirectly, in the commission of at least two predicate offenses.") (citation omitted).    The Proposed Instruction also does not require Plaintiff to show that an overt act that was an act of racketeering was committed in furtherance of the conspiracy, but this is also a clear requirement of a civil RICO conspiracy claim.  *See Beck v. Prupis*, 529 U.S. 494, 504 (2000) ("The principle that a civil conspiracy plaintiff must claim injury from an act of a tortious character was so widely accepted at the time of RICO's adoption as to be incorporated in the common law understanding of 'civil conspiracy.'… We presume, therefore, that when Congress established in RICO a civil cause of action for a person 'injured … by reason of' a 'conspir[acy],' it meant to adopt these well-established common-law civil conspiracy principles.") (citation omitted); *Lockheed Martin Corp. v. Boeing Co.*, 314 F. Supp. 2d 1198, 1217 (M.D. Fla. 2004) (to prove RICO conspiracy must show that member of the conspiracy "committed an overt act of racketeering"); *see also* Fifth

Circuit Civil Jury Pattern Instructions, available at http://www.lb5.uscourts.gov/juryinstructions/fifth/2006civil.pdf (same). TD Bank respectfully submits that its proposed instructions for Plaintiff's RICO conspiracy claim better reflect Eleventh Circuit law and set forth all required elements.

In addition, this Proposed Instruction misstates the law for the same reason that the law is misstated in Coquina's Proposed Instructions on RICO. This Proposed Instruction fails to differentiate between the alleged acts of TD Bank and those of Scott W. Rothstein, and thus improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank. Specifically, to prevail on its RICO conspiracy claim Plaintiff must prove that TD Bank knowingly and willingly joined the conspiracy, and that it agreed to the overall objective of the conspiracy or that it agreed to commit two acts of racketeering (or predicate acts).

*FTL 108,398,551v3 10-18-11*

***Defendant's Proposed Instruction No. 51:  Section 1962(d) -- Introduction***

Coquina also claims that TD Bank violated Section 1962(d) of the RICO statute because TD Bank agreed or conspired with Rothstein to violate the RICO statute.[84]  Coquina alleges that the scheme is the same scheme, including the same alleged enterprise and racketeering activities, that I have already described to you in Count I.[85]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to No. 51 as an inaccurate "derivation" of the 11th Circuit's pattern instruction for RICO conspiracy.

---

[84] This instruction is derived from Federal Jury Practice and Instructions § 161.01 *et seq*.

[85] (*See* Complaint ¶¶ 77-82.)

*Plaintiff's Proposed Instruction No. 52:  Conspiracy General Instruction*

Under federal law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member. In order to establish a conspiracy offense it is not necessary for the Plaintiff to prove that all of the people named in the Complaint were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the Complaint states would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Coquina to prove that the conspirators actually succeeded in accomplishing their unlawful plan.[86]

What the evidence in the case must show by a preponderance of a is:

First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as described in the Complaint;

Second: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

---

[86] Unlike the general federal conspiracy statute, RICO conspiracy does not require proof of an over act.  *See United States v. McNair*, 605 F.3d 1152, 1213 (11th Cir. 2010); *United States v. Gonzalez*, 921 F.2d 1530, 1548 (11th Cir. 1991) (citation and quotation marks omitted) (determining RICO conspiracy statute, unlike the general federal conspiracy statute, does not require an overt act).

*Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts")described in the complaint; and*

*Fourth: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.*

*An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.*

*A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.*

*Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims does not, standing alone, establish proof of a conspiracy.*

*Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.*[87]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on two grounds.

---

[87] Eleventh Circuit Pattern Instructions, Conspiracy 18 USC § 371.

First, the Proposed Instruction fails to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein.  The Proposed Instruction should be revised to make clear that Plaintiff must establish each of the elements of its claim against TD Bank; otherwise, the Proposed Instruction will improperly conflate TD Bank with Rothstein in a manner that confuses the jury.

Second, the Proposed Instruction is taken from the Eleventh Circuit Pattern Criminal Jury Instruction for a conspiracy to defraud the United States under 18 U.S.C. § 371, a different statute containing instructions for a different criminal act.  This Proposed Instruction is thus inappropriate for a claim brought under the RICO conspiracy statute and completely inconsistent with Eleventh Circuit law on what constitutes a conspiracy to violate RICO under 18 U.S.C. § 1962(d).

*Plaintiff's Proposed Instruction No. 53:  Civil RICO – No Organized Crime Requirement*

*Although the RICO statute uses the term "racketeering" and "corrupt organizations," the statute does not require you to determine whether each Defendant is a "racketeer" in the every day sense of the word, or whether each Defendant is associated with "organized crime" in the every day sense of the word.*[88]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction because it departs from the Eleventh Circuit Civil Pattern Jury Instructions in a manner inconsistent with those Instructions that misstates the applicable law.  The Proposed Instruction is unnecessary and may confuse the jury because the Eleventh Circuit Pattern Civil Jury Instructions RICO instructions state the elements of a RICO claim and do *not* require that the jury make any finding that the defendant is a "racketeer" or is associated with "organized crime."   The effect of the Proposed Instruction will be to create undue prejudice in the minds or the jurors.

---

[88] ABA Model Jury Instructions, Business Torts Litigation, Chapter 5.3 (4th ed. 2005).

100

*Defendant's Proposed Instruction No. 54:  RICO Conspiracy Burden of Proof*

Coquina must establish by a preponderance of the evidence every element of its RICO conspiracy claim.  You should consider each and every element of a RICO claim only in the precise way that I will define them in these instructions.  You must avoid confusing any of the elements of a RICO claim with your prior conceptions of the meaning of the terms that are used to describe the elements of a RICO claim.[89]

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[89] This instruction is derived from Federal Jury Practice and Instructions § 161.01 *et seq*.

***Defendant's Proposed Instruction No. 55:  Section 1962(d) -- Elements***

To establish a violation of Section 1962(d), Coquina must prove by a preponderance of the evidence:

- **First, that TD Bank and Rothstein entered into a conspiracy to commit a violation of the RICO statute,**

- **Second, that TD Bank knowingly and willingly became a member of the alleged conspiracy,**

- **Third, that TD Bank or Rothstein committed at least one overt act in furtherance of their alleged conspiracy, and**

- **Fourth, that Coquina was injured in its business or property as a proximate result of the alleged conspiracy.[90]**

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[90] This instruction was derived in part from Federal Jury Practice and Instructions § 161.01 *et seq.*; *see also* Fifth Circuit Civil Jury Pattern Instructions (same).

*FTL 108,398,551v3 10-18-11*

*Defendant's Proposed Instruction No. 56:  Existence of a Conspiracy*

First, Coquina must show that TD Bank and at least one other person in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan, that is, that while being employed by or associated with an enterprise, they engaged in activities which affected interstate or foreign commerce, or conducted the affairs of the alleged enterprise through a pattern of racketeering activities, in the manner charged.[91]

The evidence does not need to show that the alleged members of the conspiracy entered into any express or formal agreement.  On the other hand, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts or racketeering alleged by Coquina, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise.  Instead, the plaintiff must prove by a preponderance of the evidence that the alleged conspirators agreed to conduct or participate in the conduct of the affairs of the alleged enterprise and that they further agreed that their individual participations would be through two or more racketeering acts in furtherance of the affairs of the alleged enterprise.[92]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

---

[91] This instruction was derived in part from Federal Jury Practice and Instructions § 161.01 *et seq.*; *see also Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1353 (11th Cir. 2008); *Sterling Nat'l Mortgage, Co., Inc. v. Infinite Title Solutions, LLC*, No. 10-22147, 2011 WL 1303225, at * 5 (S.D. Fla. Mar. 4, 2011).

[92] This instruction was derived from Federal Jury Practice and Instructions § 161.01 *et seq.*; *see also see also* Fifth Circuit Civil Jury Pattern Instructions (same).

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.   The 11th Circuit pattern instruction should be used.

*FTL 108,398,551v3 10-18-11*

***Defendant's Proposed Instruction No. 57:  Knowingly or Willfully Participating in Conspiracy***

Second, Coquina must prove that TD Bank knowingly and willfully became a member of a conspiracy by objectively indicating, through its words or actions, its agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity.

Regarding the second element, Coquina must prove by a preponderance of the evidence that TD Bank knew of the basic object of the alleged conspiracy was conducting the alleged enterprise through a pattern of racketeering activity, and either (i) that TD Bank knowingly and willfully agreed to commit, or aid and abet the commission of, at least two acts of racketeering as a "pattern of racketeering activity as I have defined it, or (ii) that TD Bank knowingly and willfully agreed to conduct or participate in the conduct of the affairs of the alleged enterprise through this pattern of racketeering activity.[93]

The mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interest, does not necessarily prove the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.[94]

---

[93] *See Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1353 (11th Cir. 2008) (RICO conspiracy many be shown "either by proving 'an agreement on the overall objective of the conspiracy' or by showing that the defendant agreed to commit two predicate acts") (quoting *United States v. Browne*, 505 F.3d 1229, 1264 (11th Cir. 2007); *Lockheed Martin Corp. v. Boeing Co.*, 314 F. Supp. 2d 1198, 1217 (M.D. Fla. 2004); *see also* Fifth Circuit Civil Jury Pattern Instructions (requiring both an agreement on the overall conspiracy and an agreement to commit two predicate acts).

[94] This instruction was derived from Federal Jury Practice and Instructions § 161.01 *et seq.*; *see also* Fifth Circuit Civil Jury Pattern Instructions (same).

## <u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

**Defendant's Proposed Instruction No. 58:  Overt Act**

Third, Coquina must prove that at least one of the conspirators, Rothstein or TD Bank, committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy

Coquina must prove by a preponderance of the evidence that either TD Bank or Rothstein committed at least one "overt act' during the existence of the alleged conspiracy.  An "overt act" is a transaction or event that constitutes an act of racketeering and is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.[95]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to No. 58 as an inaccurate statement of the legal requirements for RICO Conspiracy.  Moreover, unlike the general federal conspiracy statute, RICO conspiracy does not require proof of an overt act.  *See United States v. McNair*, 605 F.3d 1152, 1213 (11th Cir. 2010); *United States v. Gonzalez,* 921 F.2d 1530, 1548 (11th Cir. 1991) (citation and quotation

---

[95] *See Beck v. Prupis*, 529 U.S. 494, 504 (2000) ("The principle that a civil conspiracy plaintiff must claim injury from an act of a tortious character was so widely accepted at the time of RICO's adoption as to be incorporated in the common law understanding of 'civil conspiracy.'… We presume, therefore, that when Congress established in RICO a civil cause of action for a person 'injured … by reason of' a 'conspir[acy],' it meant to adopt these well-established common-law civil conspiracy principles.") (citation omitted); *Lockheed Martin Corp. v. Boeing Co.*, 314 F. Supp. 2d 1198, 1217 (M.D. Fla. 2004) (to prove RICO conspiracy must show that member of the conspiracy "committed an overt act of racketeering"); *see also* Fifth Circuit Civil Jury Pattern Instructions (same).

107

marks omitted) (determining RICO conspiracy statute, unlike the general federal conspiracy statute, does not require an overt act).

108

**Defendant's Proposed Instruction No. 59:  Causation**

If all of those issues are resolved in favor of Coquina, you must then decide whether Coquina has suffered injury in its business or property as a "proximate result" of TD Bank's alleged participation in the RICO conspiracy.  To be the "proximate result" of such activity it must be proved at least that, except for TD Bank's alleged participation in the RICO conspiracy, the damages Coquina seeks to recover from TD Bank would not have occurred.

Coquina must prove that TD Bank's alleged participation in the conspiracy is both the "actual cause" and the "proximate cause" of the damages Coquina seeks to recover from TD Bank.

"Actual cause" means that you must find that TD Bank's alleged participation in the RICO conspiracy was a material cause or a substantial factor in bringing about the damages Coquina seeks to recover from TD Bank.

"Proximate cause" means that you must find TD Bank could reasonably foresee that its alleged participation in the RICO conspiracy would result in the damages Coquina seeks to recover from TD Bank.[96]

To prove proximate cause, Coquina must show that the damages Coquina seeks to recover from TD Bank were the direct result of TD Bank's alleged participation in the RICO conspiracy.[97]

---

[96] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005); *see also* Fifth Circuit Civil Jury Pattern Instructions (stating that the injury to the plaintiff's business or property must be caused by reason of the violation).

[97] *See Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 989-90 (2010)("Proximate cause for RICO purposes ...  requires 'some direct relation between the injury asserted and the injurious conduct alleged.'") (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of and repetitive of the 11th Circuit pattern instructions regarding the elements of RICO, including proximate causation, set forth in a separate instruction above. Also, this instruction improperly states the law – there is no requirement that Coquina prove "actual cause."

---

(1992)); *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F. Supp. 2d 1270, 1279-80 (S.D. Fla. 2009) (to establish proximate cause under RICO, plaintiff's injuries must be the direct result of defendants' unlawful conduct); *Ironworkers Local Union No. 68 v. AstraZeneca Pharmaceuticals LP*, 585 F. Supp. 2d 1331, 1343 (M.D. Fla. 2008) (same).

110

***Defendant's Proposed Instruction No. 60:  Section 1962(d) Compensatory Damages***

If you find that TD Bank is not liable, you need not give any consideration to the issue of damages.   If you find TD Bank liable on any of Coquina's claims, I instruct you as follows with regard to damages.

In considering the issue of <u>Coquina's alleged</u> damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all <u>damages you find that Coquina suffered and that you find were the proximate result of TD Bank's conduct</u> ~~no more and no less~~.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize <u>TD Bank</u>.   Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.[98]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[99]

So, if you should find from a preponderance of the evidence that <u>Coquina</u> failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of <u>any</u>

---

[98] This instruction is derived from the Eleventh Circuit Instructions.
[99] This instruction is derived from the Eleventh Circuit Instructions.

111

damages you would otherwise award Coquina by the amount that could have been reasonably realized if Coquina had taken advantage of such opportunity.[100]


**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to No. 60 as an inaccurate statement of the legal requirements for damages.  The correct instruction is part of the 11th Circuit pattern instructions regarding the damages for RICO, set forth in a separate instruction above.

---

[100] This instruction is derived from the Eleventh Circuit Instructions(*see* RICO damages instruction).

*FTL 108,398,551v3 10-18-11*

## COUNT III   FRAUDULENT MISREPRESENTATION

***Plaintiff's Proposed Instruction No. 61 - Fraudulent Misrepresentation***

*In this case the Plaintiff claims that the Defendants committed a fraud - - that the Defendants made certain allegedly false and fraudulent misrepresentations and omissions to the Plaintiff.*

*The term "fraud" is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting injury or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by the Defendants not misleading to the Plaintiff.*

*In this instance the alleged misrepresentations and omissions that the Plaintiff claims the Defendants fraudulently made are as follows:*

*TD Bank provided fraudulent letters and false account balance statements regarding the allegedly "locked" and "restricted" account specifically designated solely for the benefit of Coquina, which were false. Frank Spinosa, then TD Bank's Regional Vice President, made false and fraudulent representations in personal meetings, in conversations over the telephone, and in writing (the "lock letters"), on which he knew Coquina, as well as other investor-victims, would rely. Specifically:*

1. *On August 17, 2009, Frank Spinosa, then TD Bank's Regional Vice President, signed a "lock letter" falsely stating that funds were restricted in a TD Bank account for the exclusive benefit of Coquina.*

FTL 108,398,551v3 10-18-11

2.      *On August 17, 2009, Frank Spinosa and Scott Rothstein had a telephone conversation together with Barrie Damson regarding the Coquina investment account, in which Coquina investor Melvyn Klein listened.   During the conversation, Spinosa falsely confirmed the details of the lock letter and that the balance in the Coquina account was $22 million.*

3.      *On September 18, 2009, Frank Spinosa, then TD Bank's Regional Vice President, signed a second "lock letter" on TD Bank stationary a "lock letter" falsely stating that funds were restricted in a TD Bank account for the exclusive benefit of Coquina.*

4.      *On September 25, 2009, Spinosa and Rothstein met with Kathleen White and Barrie Damson at Spinosa's office at TD Bank's corporate office in Ft. Lauderdale to discuss the Coquina lock letters and Coquina account at TD Bank. Frank Spinosa falsely confirmed the terms of the lock letter were accurate, that the funds in the account designated for Coquina were restricted and could not be transferred to anyone else.*

5.      *TD Bank failed to inform Coquina that the TD Bank accounts could not be restricted in the manner represented by TD Bank in the "lock letters."*

6.      *TD Bank failed to inform Coquina that the Coquina account did not contain $22 million, but in fact contained $100.*

*Each of these alleged misrepresentations and omissions should be considered and judged separately in accordance with the instructions that follow.  It is not necessary that the Plaintiff prove all of them in order to recover.*

114

To prevail on this claim of fraud, therefore, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Defendants made one or more of those alleged misrepresentations or omissions;

Second:       That the misrepresentation or omission related to a material existing fact;

Third:        That the Defendants knew at the time they made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading;

Fourth:       That the Defendants intended to induce the Plaintiff to rely and act upon the misrepresentation or omission; and

Fifth:        That the Plaintiff relied upon the misrepresentation or omission and suffered injury or damage as a result.[101]

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

To make a "misrepresentation" simply means to state as a fact something that is false or untrue.  To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading.

To constitute fraud, then, a misrepresentation must not only be false or an omission must make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

---

[101]    Note that the pattern instruction allows for the choice of inserting either of two words ("reasonably" or "justifiably") to define the type of reliance made by the plaintiff.  However, under Florida law, the reliance need not be either justifiable or reasonable.  *See* Florida Standard Jury Instructions in Civil Cases, 409.7; *see also Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010) ("Justifiable reliance is not a necessary element of fraudulent misrepresentation.").

*It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it. Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.*

*To constitute fraud the Plaintiff must also prove that the Defendants made the misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident. It must be proved that the Defendants either knew of the falsity of the misrepresentation or the false effect of the omission, or that the Defendants made the misrepresentation or omission in reckless disregard for its truth or falsity.*

*Finally, to constitute fraud the Plaintiff must prove that the Defendants intended for the Plaintiff to rely upon the misrepresentation or omission; that the Plaintiff did in fact rely upon the misrepresentation or omission; and that the Plaintiff suffered injury or damage as a proximate result of the fraud.*

*Florida Law.*

*When it is shown that the Defendants made a material misrepresentation or omission with the intention that the Plaintiff rely upon it, then, under the law, the Plaintiff may rely upon the truth of the representation even though its falsity could have been discovered had the Plaintiff made an investigation, unless the Plaintiff knows the representation to be false or its falsity is obvious to him.*

*Return to General Charge*

116

*Damages are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for the fraudulent act, the damages would not have occurred. The fraudulent act may be a proximate or legal cause of damages even though the act operates in combination with the act of another so long as the fraud contributes substantially to producing the damages.*

*If you find for the Plaintiff on the claim of fraud, and against the Defendant on the defense to that claim, you will then consider the amount of money damages to be awarded to the Plaintiff. In that respect you should award the Plaintiff an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.*

*In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.*

*You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:*

*1.     Compensatory damages in the amount of     [To Be Determined]*

*2.     Punitive damages.*

*The Plaintiff also claims that the acts of the Defendants were done with malice or reckless indifference to the Plaintiff's rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.*

*If you find for the Plaintiff, and if you further find that the Defendants did act with malice or reckless indifference to the rights of others, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.*

*If you find that punitive damages should be assessed against Defendant TD Bank, you may consider the financial resources of Defendant TD Bank in fixing the amount of such damages.*[102]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on the following grounds.

First, the Proposed Instruction purports to reflect Eleventh Circuit Pattern Civil Jury Instructions, Federal Claims Instruction 5.1 (2005), but it differs materially from the Pattern Instruction, including in the damages instructions, and there is no reasonable way of ascertaining, other than by a word-by-word review, how the Pattern Instruction has been modified.

Second, the Proposed Instruction is flatly inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet." Instead, the Proposed Instruction is a lengthy instruction that simply does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Third, the Proposed Instruction includes language from the Intentional Fraud pattern instruction that is not applicable here: specifically, the Proposed Instruction includes optional language from the pattern instruction for cases where the plaintiff alleges material false *omissions*

---

[102] Eleventh Circuit Civil Pattern Jury Instructions, State Claims Instruction 3.1 (2005).

in addition to, or in lieu of, false misstatements.  Plaintiff did not allege any omission in its fraud claim (or anywhere else in its Complaint).  (*See* Complaint ¶¶ 83-89.)   Accordingly, the references to "omissions" in the Proposed Instruction are improper, not at issue in this case, and should be removed.

Fourth, the footnote to the Proposed Instruction suggests a departure from the pattern instruction as to the reliance element that does not fully and accurately explain Florida law on reliance.  As Plaintiff notes, the Florida Supreme Court in *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) found that reliance does not need to be justifiable; however, it also expressly stated that its decision was consistent with its earlier decision in *Besett v. Basnett*, *id.*  The Florida Supreme Court held in *Besett* that a plaintiff may not rely on a misrepresentation where he or she "knows the representation to be false or its falsity is obvious to him."  389 So. 2d 995, 998 (Fla. 1980).  It is essential to TD Bank's defense that the jury be properly instructed on the language in *Besett*, reaffirmed in *Yusem*, that a party may not rely on a misrepresentation where the falsity of that misrepresentation is obvious.  Accordingly, TD Bank respectfully submits that its instructions on reliance more accurately describe Florida common law.

Fifth, the Proposed Instruction instructs the jury on punitive damages even though Plaintiff already include a punitive damages instruction elsewhere in their Proposed Instruction. Because this instruction is duplicative of other instructions in Plaintiff's Proposed Instructions, and because, as stated below, the instruction does not fully explain Florida common law, TD Bank respectfully submits that the punitive damages instruction should not be given, or alternatively, that it be given only with TD Bank's proposed additional instruction explaining how Florida law limits the award of punitive damages against corporations.

119

Sixth, the Proposed Instruction misstates the law for the same reason that the law is misstated in its RICO Proposed Instruction. The Proposed Instruction fails to differentiate between the alleged misrepresentations and actions of TD Bank and those of Scott W. Rothstein, and thus improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

Seventh, the Proposed Instruction does not properly explain that Plaintiff can only recover on its claim if the jury finds that TD Bank's alleged misrepresentations were a proximate cause of the damages Plaintiff seeks to recover for TD Bank. Proximate cause is an essential element of a fraud claim under Florida law, and the Proposed Instruction fails to instruct the jury that it must find that Plaintiff's purported reliance on TD Bank's alleged misrepresentations was a substantial factor causing the damages Plaintiff seeks to recover from TD Bank. The jury must be instructed that if Plaintiff would have suffered its same alleged damages whether or not TD Bank's alleged misrepresentations were true, then TD Bank's alleged misrepresentations cannot be found to be a proximate cause of those damages. Restatement (Second) of Torts § 546 ("The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss suffered by one who justifiably relies upon the truth of the matter misrepresented, if his reliance is a substantial factor in determining the course of conduct that results in his loss."); *see Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004) ("[F]raud cannot form the basis for recovery of damages unless the damages arise from the fraud and are causally connected to the fraud."); *Morgan Stanley & Co. Inc. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124, 1129 (Fla. 4th DCA 2007) (reversing jury verdict for plaintiff and finding that the plaintiff had failed to prove that its alleged damages would have occurred "had the representations been *true*") (emphasis in

120

original); *Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176, 1179 (Fla. 5th DCA 2006); *see also Prime Equity Fund, LP v. Lichtman (In re Lichtman)*, 388 B.R. 396, 411 (M.D. Fla. 2008) (although the plaintiffs "certainly have suffered substantial losses due to their purchase of FinancialWeb stock," "the losses are not attributable to any bad act, misrepresentation, or omission" of the defendant).

Eighth, there is no factual or evidentiary basis for several of the paragraphs in the Proposed Instruction.  The Eleventh Circuit Pattern Civil Jury Instruction contemplates that the parties describe in the Instruction Plaintiff's *allegations*; instead, Plaintiff includes prejudicial accusations that are written in an argumentative manner that mischaracterize the evidence, and allegations that do not appear anywhere in its Complaint.  Specifically, Plaintiff includes in numbered paragraphs 2., 4., and 6. of their Proposed Instruction references to a supposed conversation and representation that was never alleged in the Complaint.  These alleged representations are the subject of a pending motion *in limine*; however, even this Court allows the representations, Plaintiff never alleged these representations in their Complaint and, because the Eleventh Circuit Pattern Civil Jury Instruction states that they should include only "the specific misrepresentations and/or omissions claimed to have been fraudulently made," Plaintiff may not include them in its proposed instruction.

121

*Defendant's Proposed Instruction No. 62:  Fraudulent Misrepresentation Introduction*

In this case **Coquina also** claims that TD Bank committed a fraud – that **TD Bank** made certain allegedly false and fraudulent misrepresentations to **Coquina.  TD Bank denies that it engaged in any fraudulent conduct and denies that it made any misrepresentations or failed to disclose any material facts to Coquina.**[103]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit Pattern Jury Instructions, confusing and prejudicial to the jury.  Also, a specific denial is improper at this point in the instructions.

---

[103] This instruction is derived from the Eleventh Circuit Instructions.

*FTL 108,398,551v3 10-18-11*

***Defendant's Proposed Instruction No. 63:  Fraudulent Misrepresentation Burden of Proof***

As I explained before, it is the responsibility of the Plaintiff, <u>Coquina</u>, to  prove every essential part of <u>its fraud</u> claim by a "preponderance of the evidence."  If the proof fails to establish any essential part of the <u>Coquina's</u> claim by a preponderance of the evidence, you should find for the <u>TD Bank</u> as to that claim.[104]

<u>**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[104] This instruction is derived from the Eleventh Circuit Instructions.

***Defendant's Proposed Instruction No. 64:  Fraudulent Misrepresentation Elements***

- **To prevail on this claim on fraud, therefore, Coquina must prove each of the following facts by a preponderance of the evidence:**

   o  **First, that TD Bank made one or more of the alleged misrepresentations;**

   o  **Second, that the misrepresentation related to a material existing fact;**

   o  **Third, that TD Bank knew at the time it made the misrepresentations that they were false or acted with reckless disregard for their truth or falsity;**

   o  **Fourth, that TD Bank intended to induce Coquina to rely and act upon the misrepresentation;**

   o  **Fifth, that Coquina and relied upon the misrepresentation; and**

   o  **Sixth, that Coquina suffered injury or damage as a result.[105]**

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[105] This instruction is derived from the Eleventh Circuit Instructions.  *See also Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir. 1984); *Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004).

*Defendant's Proposed Instruction No. 65:  Misrepresentation*

To make a "misrepresentation" simply means to state as a fact something that is false or untrue.[106]

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[106] This instruction is from the Eleventh Circuit Instructions.

*Defendant's Proposed Instruction No. 66:  Material Existing Fact*

To constitute fraud, then, a misrepresentation must not only be false, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.[107]

It must also relate to an "existing fact."  Ordinarily, a promise to do something in the future does not related to an existing and cannot be the basis of a claim unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it.[108]

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[107] This instruction is from the Eleventh Circuit instructions.
[108] This instruction is from the Eleventh Circuit instructions.

***Defendant's Proposed Instruction No. 67:  Material Fact as Opposed to Expression of Opinion***

~~Similarly,~~ **A mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.**[109]

## <u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[109] This instruction is derived from the Eleventh Circuit Instructions.

127

*Defendant's Proposed Instruction No. 68:  Knowledge*

To constitute fraud, **<span style="color:red">Coquina</span>** must also prove that **<span style="color:red">TD Bank</span>** made the misrepresentation knowingly and intentionally, not as a result of mistake or accident.  It must be proved that **<span style="color:red">TD Bank</span>** either knew of the falsity of the misrepresentation, or that **<span style="color:red">TD Bank</span>** made the misrepresentation in reckless disregard for its truth or falsity.[110]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[110] This instruction is derived from the Eleventh Circuit Instructions.

128

*Defendant's Proposed Instruction No. 69:  Reliance*

      **Finally, to constitute fraud <u>Coquina</u> must prove that <u>TD Bank</u> intended for <u>Coquina</u> to rely upon the misrepresentation; that <u>Coquina</u> did in fact rely upon the misrepresentation; and that <u>Coquina</u> suffered injury or damage as a proximate result of the fraud.**[111]

      **When it is shown that <u>TD Bank</u> made a material misrepresentation with the intention that <u>Coquina</u> rely upon it, then, under the law, <u>Coquina</u> may rely upon the truth of the representation even though its falsity could have been discovered had <u>Coquina</u> made an investigation, unless <u>Coquina</u> knows the representation to be false or its falsity is obvious to <u>it</u>.**[112]

**<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>**

      Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[111] This instruction is derived from the Eleventh Circuit Instructions.

[112] This instruction is derived from the Eleventh Circuit Instructions.

*FTL 108,398,551v3 10-18-11*

*Defendant's Proposed Instruction No. 70:  Reliance – Willful Blindness*

Coquina cannot have relied on a misrepresentation if it was "willfully blind" to the representation; in other words, if it knew the misrepresentation was false or if it was obvious that the misrepresentation was false.[113]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, is an inaccurate statement of the law, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[113] *Besett v. Basnett*, 389 So. 2d 995, 997 (Fla.  1980); *see* Florida Supreme Court, Florida Standard Jury Instruction in Civil Cases  § 409.7 n.3 (recipient does not have to perform an investigation for reliance but cannot rely if "he or she knows the representation to be false or its falsity is obvious to him or her"); *Addison v. Carballosa*, 48 So. 3d 951, 955 (Fla. 3d DCA 2010); *see also Mahaney v. John Hancock Mutual Life Ins. Co.*, 380 N.E.2d 140, 141 (Mass. App. Ct. 1978) (a party is not justified in relying on representations that are "preposterous or palpably false"); *Cudemo v. Al and Lou Constr. Co., Inc.*, 387 N.Y.S.2d 929, 930 (N.Y. App. Div. 1976) (quotation omitted) ("if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations").

*Defendant's Proposed Instruction No. 71:  Reliance – Sophistication of Party*

You may find that the partners and investors in Coquina, based on their professional experience and financial background, should be held to a higher standard, as sophisticated parties who could have recognized immediately the falsity of the alleged representations.[114]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, is an inaccurate statement of the law, and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

[114] *See* Restatement (Second) of Torts s 541, cmt. a (cited favorably in the Florida Supreme Court's decision in *Besett v. Basnett*, 389 So. 2d 995, 997 (Fla.  1980), and holding that a plaintiff must use his senses based on his experience in appreciating the truth of representations); *see also Posner & Sons, Inc. v. Transcapital Bank*, No. 4D09-4139, 2011 WL 3109205, at **4-5 (Fla. 4th DCA July 27, 2011); *Warfield v. Stewart*, 2009 WL 2392036, at *3 (M.D. Fla. Aug. 2, 2009) (a court should consider "a purchaser's degree of skill and knowledge"); *In re Reynolds*, 221 B.R. 828, 839 (N.D. Ala. 1998) (holding that AT&T could not have relied on misrepresentations where "AT&T is a corporate creditor that does credit card business with consumers throughout the United States on a mass basis"); *In re Meyer*, 296 B.R. 849, 863 (N.D. Ala. 2003) (holding that creditor cannot simply rely on representations because "[c]redit card issuers are sophisticated business operations who should known that card holders sometimes use their cards when there is little likelihood that the debt can be repaid").

131

*Defendant's Proposed Instruction No. 72:  Causation*

If all of those issues are resolved in favor of Coquina, you must then decide whether Coquina has suffered injury in its business or property as a "proximate result" of the fraud.[115]

**The damages Coquina seeks to recover from TD Bank** are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for the **alleged** fraudulent act, **those** damages would not have occurred.  The **alleged** fraudulent act may be a proximate or legal cause of **the damages Coquina seeks to recover from TD Bank** even though the act operates in combination with the act of another so long as the fraud contributes substantially to producing **those** damages.[116]

Coquina must prove that its reliance on TD Bank's alleged misrepresentations was a substantial factor in causing the damages Coquina seeks to recover from TD Bank.  In other words, Coquina must show that if TD Bank's alleged misrepresentations had been true, Coquina would not have incurred the damages Coquina seeks to recover from TD Bank.  If Coquina would have incurred those same alleged damages whether or not TD Bank's alleged misrepresentations were true, then those alleged misrepresentations were not the cause of those damages.[117]

---

[115] This instruction is derived from an instruction given in *Banco Intercontinental, S.A. v. Renta*, No. 104CV20727, 2005 WL 6110982 (S.D. Fla. Nov. 8, 2005).

[116] This instruction is from the Eleventh Circuit Instructions.

[117] Restatement (Second) of Torts § 546 ("The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss suffered by one who justifiably relies upon the truth of the matter misrepresented, if his reliance is a substantial factor in determining the course of conduct that results in his loss."); *see Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004) ("[F]raud cannot form the basis for recovery of damages unless the damages arise from the fraud and are causally connected to the fraud."); *Morgan Stanley & Co. Inc. v. Coleman (Parent)*

132

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, redundant to the pattern instruction, and misleading and confusing to the jury.  The 11th Circuit pattern instruction should be used.

---

*Holdings Inc.*, 955 So. 2d 1124, 1129 (Fla. 4th DCA 2007) (reversing jury verdict for plaintiff and finding that the plaintiff had failed to prove that its alleged damages would have occurred "had the representations been *true*") (emphasis in original); *Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176, 1179 (Fla. 5th DCA 2006); *see also Prime Equity Fund, LP v. Lichtman (In re Lichtman)*, 388 B.R. 396, 411 (M.D. Fla. 2008) (although the plaintiffs "certainly have suffered substantial losses due to their purchase of FinancialWeb stock," "the losses are not attributable to any bad act, misrepresentation, or omission" of the defendant).

*FTL 108,398,551v3 10-18-11*

*Plaintiff's Proposed Instruction No. 73:  Damages*

Damages are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for the fraudulent act, the damages would not have occurred.  The fraudulent act may be a proximate or legal cause of damages even though the act operates in combination with the act of another so long as the fraud contributes substantially to producing the damages.

Now, if you find that the Plaintiff has failed to prove the claim of fraud under these instructions, then, of course, your verdict will be for the Defendant.  On the other hand, if you find for the Plaintiff, you must then consider the defense of waiver as to which the Defendant has the burden of proof by a preponderance of the evidence. ... (SEE AFFIRMATIVE DEFENSES)

If you find for the Plaintiff on the claim of fraud and against the Defendant on the defense to that claim, you will then consider the amount of money damages to be awarded to the Plaintiff. In that respect you should award the Plaintiff an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.

In considering the issue of Coquina's damages you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Coquina's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

*You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:*

*Damages to be determined.*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction.  TD respectfully submits that the Eleventh Circuit Pattern Civil Jury Instructions on compensatory damages more accurately and better reflect Eleventh Circuit law.  TD Bank also notes that this Proposed Instruction is duplicative of instructions included in the instructions for other claims, and need not be given multiple times, or given apart from any discussion of the individual causes of actions.  TD Bank respectfully submits that its proposed instructions on compensatory damages more closely mirror the Eleventh Circuit Civil Pattern Jury Instructions.  Moreover, those instructions also include an instruction on mitigating damages, which TD Bank respectfully suggests should be included in this instruction, as TD Bank has raised an affirmative defense consistent with that instruction.

Finally, Plaintiff's Proposed Instruction disregards that the jury should only award damages that they find are the direct and proximate result of the specific conduct by TD Bank that the jury found met the all elements of a particular claim.  Their instruction could mislead a jury into thinking that if it finds any liability on any count, that they should award Coquina all of the damages it is claiming instead of awarding only damages that were proximately caused by conduct that formed the basis of their finding of liability.

FTL 108,398,551v3 10-18-11

*Plaintiff's Proposed Instruction No. 74:  Punitive Damages*

The Plaintiff also claims that the acts of the Defendants were done with malice or reckless indifference to the Plaintiff's rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendants did act with malice or reckless indifference to the Plaintiff's rights, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendants for the specific conduct that harmed the Plaintiff in the case and for only that conduct.  For example, you cannot assess punitive damages for the Defendants being a distasteful individual or business. Punitive damages are meant to punish the Defendants for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendants for the actions they took in this particular case.

If you find that punitive damages should be assessed against the Defendants, you may consider the financial resources of the Defendants in fixing the amount of such damages.[118]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction because, first, the Proposed Instruction improperly conflates TD Bank with Rothstein, and second, that instruction is not intended to be the law applied when punitive damages are sought against a corporation based one or more of its current or former employee's conduct.  Under Florida law, separate fault on the part of the

---

[118] Eleventh Circuit Civil Pattern Jury Instructions, Supplemental Damages Instruction 2.1 (2005).

corporation must be established before punitive damages are assessed against a corporation based on the actions off its current or former employees. *Schropp v. Crown Eurocars*, 654 So. 2d 1158, 1160 (Fla. 1995) (the plaintiff must "allege and prove some fault on the part of the employer which foreseeably contributed to the plaintiff's injury to make [the employer] vicariously liable for punitive damages") (quoting *Mercury Motors Express, Inc. v. Smith*, 393 So. 2d 545, 549 (Fla. 1981)). Accordingly, the jury may only be instructed on punitive damages if included as part of that instruction are directions to the jury stating that the jury must separately find some fault on TD Bank's part – which foreseeably contributed to Coquina's alleged injury – before assessing punitive damages against TD Bank.  TD Bank respectfully request that, if this Court intends to instruct the jury using this Proposed Instruction, the following paragraph be added to the end of the instruction to reflect Florida law:

You may only assess punitive damages against TD Bank if you find that there some fault on TD Bank's part that is different and separate from the alleged conduct by its employees, and if you find that this fault on TD Bank's part contributed in a foreseeable way to Coquina's alleged damages.  If you do not find that TD Bank is at fault for anything other than the alleged conduct of its employees, or if you find that TD Bank was at fault but that this fault did not contribute in a foreseeable way to Coquina's alleged injury, then you should not assess punitive damages against TD Bank.

*Defendant's Proposed Instruction No. 75:  Fraud Compensatory Damages*

If you find that TD Bank is not liable, you need not give any consideration to the issue of damages.   If you find TD Bank liable on any of Coquina's claims, I instruct you as follows with regard to damages.

In considering the issue of **Coquina's alleged** damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all **damages you find that Coquina suffered and that you find were the proximate result of TD Bank's conduct** ~~no more and no less~~. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize **TD Bank**.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.[119]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[120]

So, if you should find from a preponderance of the evidence that **Coquina** failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the

---

[119] This instruction is derived from the Eleventh Circuit Instructions (*see* RICO damages instruction).
[120] This instruction is derived from the Eleventh Circuit Instructions (*see* RICO damages instruction).

**amount of <u>any damages you would otherwise award Coquina</u> by the amount that could have been reasonably realized if <u>Coquina</u> had taken advantage of such opportunity.[121]**

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and redundant and confusing to the jury. The 11th Circuit pattern instruction should be used.

---

[121] This instruction is derived from the Eleventh Circuit Instructions(*see* RICO damages instruction).

139

## COUNT IV    AIDING AND ABETTING FRAUD

***Plaintiff's Proposed Instruction No. 76:  Aiding and Abetting Fraud***

The Plaintiff also claims that Defendant TD Bank aided and abetted the fraud.  To prevail on this claim of aiding and abetting fraud, therefore, the Plaintiff must prove each of the following facts:

<u>First</u>:         The existence of fraud;

<u>Second</u>:      That TD Bank had knowledge of the fraud; and

<u>Third</u>:       That TD Bank provided substantial assistance to advance the fraud's commission.[122]

Plaintiff claims that:

1.       TD Bank knew of the fraudulent structured settlement scheme.

2.       TD Bank knew that the "lock letters" given to Plaintiff were not binding on TD Bank, and that the funds that Plaintiff transferred to TD Bank were not secure or protected in the Coquina account.

Plaintiff also claims that TD Bank substantially assisted Defendant Rothstein's fraud in numerous ways including, but not limited to:

---

[122]  *Tew v. Chase Manhattan Bank*, 728 F.Supp. 1551, 1568 (S.D. Fla. 1990), *amended*, 741 F. Supp. 220 (S.D. Fla. 1990); *Tippens v. Round Island Plantation, L.L.C.*, 2009 U.S. Dist. LEXIS 66224, *20 (S.D. Fla. July 31, 2009); *ZP No. 54 Ltd. Partnership, et al., v. Fidelity and Deposit Co. of Maryland*, 917 So. 2d 368, 371 (Fla. 5th DCA 2005); *See also Bocciolone v. Solowsky,* 2009 U.S. Dist. LEXIS 34296 *24 (S.D. Fla. Apr. 3, 2009) (Case No. 08-20200-Civ-Cooke); *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 94-95 (5th Cir. 1975); *Smith v. First Union Nat'l Bank*, 2002 WL 31056104, 2002 U.S. Dist. LEXIS 17759, 2002 WL 31056104, at *2 (S.D. Fla. Aug. 23, 2002).

1. *Generating, signing, acknowledging, and supplying Plaintiff with false "lock letters."*

2. *Generating and supplying Plaintiff with false bank account statements and letters.*

3. *Falsely informing Coquina that there were millions of dollars in the Coquina account.*

4. *Vouching for the legitimacy of the "lock letters" and the safety of the investments through telephone conversations and meetings with Plaintiff.*

5. *Repeatedly violating TD Bank's own banking policies and procedures regarding detection of fraudulent activity.*

6. *Repeatedly violating United States regulatory and banking laws regarding detection of fraudulent activity.*

7. *Repeatedly disregarding red flags of suspicious activity in Rothstein's accounts.*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

TD Bank objects to this Proposed Instruction on several grounds.

First, this Proposed Instruction is flatly inconsistent with this Court's Order that "[e]ach jury instruction shall be typed on a separate sheet." The Proposed Instruction discusses separate and different legal elements and issues and does not allow TD Bank to meaningfully respond to the individual changes to the Pattern Instruction.

Second, the Proposed Instruction incorrectly omits the proximate cause instruction necessary to explain the substantial assistance element in Plaintiff's purported aiding and abetting claim. As TD Bank has briefed to this Court, aiding and abetting fraud should not be recognized

as a valid common law cause of action under Florida law.  However, even if it is recognized as a valid common law cause of action, to prove aiding and abetting liability, it is black letter law that Plaintiff can only establish the "substantial assistance" element of its claim by showing that TD Bank's alleged conduct in the alleged fraud against Coquina was a proximate cause of the damages that it seeks to recover from TD Bank.  *See In re Maxxim Med. Group, Inc.*, 434 B.R. 660, 683, 686 (Bankr. M.D. Fla. 2010) (judgment for defendant on aiding and abetting claim where plaintiff failed to show that defendant's assistance in the fraud caused plaintiff's losses); *Temporomandibular Joint (TMJ) Implant Recipients v. Dow Chem. Co.*, 113 F.3d 1484, 1495 (8th Cir. 1997) ("the alleged substantial assistance must be the proximate cause of plaintiffs' harm") (citations omitted); *In re Optimal U.S. Litigation*, No. 10 Civ. 4095 (SAS), 2011 WL 1676067, at *17 (S.D.N.Y. May 2, 2011) (aiding and abetting claims dismissed where plaintiff's injuries were not caused by the defendant's alleged substantial assistance in the fraud); *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 905 (W.D. Mich. 2010) (plaintiff "must demonstrate that its injury was a direct and reasonably foreseeable result of the [substantial assistance]").  TD Bank respectfully requests that this Court use its proposed instructions on substantial assistance and the proximate causation component of substantial assistance, as it believes that these instructions more accurately describe the aiding and abetting fraud cause of action

Third, more generally, TD Bank respectfully requests that this Court use its proposed instructions on Plaintiff's aiding and abetting fraud claim.  Even if the cause of action is found to exist under Florida law, the cause of action exists only where Plaintiff is able to show that a fraud

142

*against Plaintiff* was perpetrated, that TD Bank had actual knowledge of the fraud *against Plaintiff*, and that TD Bank substantially assisted in the fraud *against Plaintiff*.   Plaintiff's proposed instructions inaccurately suggest that the mere exist of "a fraud" and alleged knowledge of "a fraud" are sufficient; this is not the law.   Instead, Plaintiff must show the existence of a fraud against Plaintiff, *actual* knowledge of that fraud, and TD Bank's substantial assistance (including showing that TD Bank's alleged conduct was a proximate cause of their alleged damages) in that fraud.   TD Bank's proposed instructions more accurately reflect Plaintiff's burden with regard to this claim.

Fourth, there is no factual or evidentiary basis for several of the paragraphs in the Proposed Instruction.   The Eleventh Circuit Pattern Civil Jury Instructions contemplate that the parties describe in the Instruction Plaintiff's *allegations*; instead, Plaintiff includes legal argument and unsupported accusations amplified by prejudicial descriptions and adjectives, such as accusing TD Bank of "[r]epeatedly violating TD Bank's own banking policies and procedures… [and] United States regulatory and banking laws," and "repeatedly disregarding red flags of suspicious activity.'"   These descriptions are argumentative and objectionable in their own right; moreover, they also mischaracterize the evidence and are inconsistent with the actual allegations in Plaintiff's Complaint.   TD Bank respectfully requests that this Court, in explaining Plaintiff's allegations, use balanced descriptions based on the evidence that is actually introduced at trial.   In addition, Plaintiff includes prejudicial allegations that do not appear anywhere in its Complaint. Specifically, Plaintiff includes in numbered paragraph 3. a reference to a supposed conversation

FTL 108,398,551v3 10-18-11

and representation that was never alleged in the Complaint.  These alleged representations are the subject of a pending motion *in limine*.

Fifth, Plaintiff's references to "lock letters" are unduly prejudicial and attempts to improperly create in the minds of the jurors the purpose of the letters which is an issue in the case. TD Bank objects to all references to "lock letters."

*Defendant's Proposed Instruction No. 77:  Aiding and Abetting Fraud Introduction*

**Coquina also claims that TD Bank aided and abetted Rothstein's fraud.**

***Defendant's Proposed Instruction No. 78:  Aiding and Abetting Elements***

**To prevail on a claim for aiding and abetting fraud, Coquina must prove:**

- **First, that there was an underlying fraud;**

- **Second, that TD Bank had actual knowledge of the fraud;**

- **Third, that TD Bank provided substantial assistance to advance the commission of the fraud; and**

- **Fourth, that Coquina was injured in its business or property as a proximate result of TD Bank's substantial assistance in the fraud.[123]**

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects based on Defendant's misstatement of the law of aiding and abetting tortious conduct.  *See Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 94-95 (5th Cir. 1975); *Smith v. First Union Nat'l Bank*, 2002 WL 31056104, 2002 U.S. Dist. LEXIS 17759, 2002 WL 31056104, at *2 (S.D. Fla. Aug. 23, 2002).

---

[123] *See ZP No. 54 Ltd. P'ship v. Fidelity & Deposit*, 917 So. 2d 368, 372 (Fla. 5th DCA 2005); *Tippens v. Round Island Plantation L.L.C.*, No. 09-CV-14036, 2009 WL 2365347, at *5 (S.D. Fla. July 31, 2009); *see Bruhl v. Pricewaterhousecoopers Int'l*, No. 03-23044-Civ, 2007 WL 983263, at *10 (S.D. Fla. 2007).

146

***Defendant's Proposed Instruction No. 79:  Fraud***

**First, Coquina must prove each element of what it alleges is the underlying fraud.**

**To do so, it must prove that:**

- **(1) that TD Bank made one or more of the alleged misrepresentations;**

- **(2) that the misrepresentation related to a material existing fact;**

- **(3) that TD Bank knew at the time it made the misrepresentations that they were false or acted with reckless disregard for their truth or falsity;**

- **(4) that TD Bank intended to induce Coquina to rely and act upon the misrepresentation;**

- **(5) that Coquina and relied upon the misrepresentation; and**

- **(6) that Coquina suffered injury or damage as a result.[124]**

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects based on Defendant's misstatement of the law and failure to properly include the Eleventh Circuit pattern instruction for fraudulent misrepresentation.

---

[124] This instruction is derived from the Eleventh Circuit Instructions.  *See also Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir. 1984); *Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004).

***Defendant's Proposed Instruction No. 80:  Knowledge***

To constitute aiding and abetting fraud, Coquina must prove that TD Bank aided in the fraud knowingly and intentionally, not as a result of mistake or accident.[125]

Actual knowledge is required; constructive knowledge or negligence is not enough. Thus, it is not enough that Coquina show that TD Bank should have known it was aiding in the fraud; Coquina must show that TD Bank actually knew of the fraud.[126]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects because this is not a complete statement of the law.  In this circuit, "a person may be held as an aider and abettor … if the accused party has a general awareness that his role was a part of an overall activity that is improper, and if the accused aider-abettor knowingly and substantially assisted the violation."  *Smith v. First Union Nat'l Bank*, 2002 U.S. Dist. LEXIS 17759 (S.D. Fla. Aug. 23, 2002), quoting *Woods v. Barnett Bank of Fort Lauderdale*, 765 F.2d 1004, 1009 (11th Cir. 1985).  *See Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 94-95 (5th

---

[125] This instruction is derived from the Eleventh Circuit jury instruction for fraud.

[126] *Lawrence v. Bank of America, N.A.*, No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, at *3 (M.D. Fla. Aug. 30, 2010) ; *see also Renner v. Chase Manhattan Bank*, 2000 WL 781081, at *6, *21 (S.D.N.Y. June 16, 2000); *Rosner v. Bank of China*, 2008 WL 5416380, *5-7 (S.D.N.Y. Dec. 18, 2008) (dismissing aiding and abetting claim against bank, holding that allegations of the bank's suspicions or ignorance of obvious red flags were insufficient to establish its actual knowledge); *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 905 (W.D. Mich. 2010); *Cahaly v. Benistar Prop. Exch. Trust Co., Inc.*, 68 Mass. App. Ct. 668 (2007) (applying New York law); *Halifax Corp. v. Wachovia Bank*, 604 S.E. 2d 403, 412-414 (Va. 2004) (dismissing claims against a bank, where the bank accepted deposits of many large handwritten checks drawn on an account of the primary wrongdoer's employer without authorization, on the grounds that the plaintiff failed to allege facts that would permit an inference that the bank had actual knowledge of the fact that the depositor did not have authority to draw the checks).

148

Cir. 1975)); *Monsen v. Consolidated Dressed Beef Co.*, 579 F.2d 793, 802-803 (3rd Cir.), cert. denied, 439 U.S. 930 (1978) (involvement "may be demonstrated by proof that the aider-abettor had general awareness that his role was part of an overall activity that is improper;" evidence supported jury's verdict holding bank liable as aider and abettor).

149

***Defendant's Proposed Instruction No. 81:  Knowledge of "Red Flags" Insufficient***

Showing that TD Bank ignored "red flags" or signs of a fraud is also not enough to show actual knowledge.[127]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction based on Defendant's misstatement of the law and improper.  In this circuit, "a person may be held as an aider and abettor … if the accused party has a general awareness that his role was a part of an overall activity that is improper, and if the accused aider-abettor knowingly and substantially assisted the violation."  *Smith v. First Union Nat'l Bank*, 2002 U.S. Dist. LEXIS 17759 (S.D. Fla. Aug. 23, 2002), quoting *Woods v. Barnett Bank of Fort Lauderdale*, 765 F.2d 1004, 1009 (11th Cir. 1985).  *See Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 94-95 (5th Cir. 1975)); *Monsen v. Consolidated Dressed Beef Co.*, 579 F.2d 793, 802-803 (3rd Cir.), cert. denied, 439 U.S. 930 (1978) (involvement "may be demonstrated by proof that the aider-abettor had general awareness that his role was part of an overall activity that

---

[127] *Lawrence v. Bank of America, N.A.*, No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, at *3 (M.D. Fla. Aug. 30, 2010); *see also Renner*, v. *Chase Manhattan Bank*, No. 98 Civ. 926(CSH, 2000 WL 781081, at **6, 21 (S.D.N.Y. June 16, 2000) (dismissing aiding and abetting claim against bank, holding that allegations of the bank's suspicions or ignorance of obvious red flags were insufficient to establish its actual knowledge); *Rosner v. Bank of China*, 2008 WL 5416380, *5-7 (S.D.N.Y. Dec. 18, 2008) (dismissing aiding and abetting claim against bank, holding that allegations of the bank's suspicions or ignorance of obvious red flags were insufficient to establish its actual knowledge); *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 905 (W.D. Mich. 2010); *Cahaly v. Benistar Prop. Exch. Trust Co., Inc.*, 68 Mass. App. Ct. 668 (2007) (applying New York law); *Halifax Corp. v. Wachovia Bank*, 604 S.E. 2d 403, 412-414 (Va. 2004) (dismissing claims against a bank, where the bank accepted deposits of many large handwritten checks drawn on an account of the primary wrongdoer's employer without authorization, on the grounds that the plaintiff failed to allege facts that would permit an inference that the bank had actual knowledge of the fact that the depositor did not have authority to draw the checks).

150

is improper;" evidence supported jury's verdict holding bank liable as aider and abettor).  The proper instruction is set forth in Coquina's Aiding and Abetting instruction.

151

***Defendant's Proposed Instruction No. 82:  Provision of Basic Banking Services Not Knowledge***

**TD Bank's provision of basic banking services to Rothstein, without more, is insufficient to find that it had knowledge of the fraud.[128]**

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction, as an inaccurate statement of the facts that will be established at trial, namely that Defendant TD Bank made false misrepresentations and omissions to Coquina, that TD Bank repeatedly and regularly violated numerous federal banking laws and regulations, and provided extra-ordinary and improper "banking services" to co-Defendant Rothstein, beyond its "basic banking services" to an extreme degree.

---

[128] *Lawrence v. Bank of America, N.A.*, No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, at *5 (M.D. Fla. Aug. 30, 2010) (the provision of "basic banking services" is insufficient to hold a bank liable for aiding and abetting a fraudulent scheme allegedly perpetrated by the bank's customers).

152

*Defendant's Proposed Instruction No. 83:  Knowledge – Not Enough to Show That Defendant Could Have Known*

**Showing that TD Bank could have "connected the dots" to determine that there was a fraud is not enough to show that TD Bank knew of the fraud.[129]**

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction an inaccurate statement of the applicable law. Defendant may choose to raise such argument at trial, but is an improper instruction to the jury. Moreover, the facts will be established at trial that Defendant TD Bank knew of the fraudulent scheme.

---

[129] *MLSMK Investments Company v. J.P. Morgan Chase & Co.*, No. 09 Civ. 4049 (BSJ), 2010 WL 2925403, at *144-145 (S.D. N.Y., July 15, 2010) ("While is may be true that Defendants could have connected the dots to determine that Madoff was committing fraud, Plaintiff offers no facts to support the claim that they actually reached such a conclusion."); *see also Lawrence v. Bank of America, N.A.*, No. 8:09-cv-2162-T-33TGW2010 WL 3467501, at 3-4 (M.D. Fla. Aug. 30, 2010) (dismissing aiding and abetting claim and determining that "[a]lthough Plaintiffs have alleged that [the bank] representatives had a 'general awareness' of certain pieces of the . . . puzzle, the facts alleged are not sufficient to give rise to a plausible inference that [the bank] had put the puzzle together, or even that it had enough of the pieces to do so.").

*Defendant's Proposed Instruction No. 84:  Knowledge – High Conscious Intent*

**Coquina must prove that TD Bank acted with a "high conscious intent" to aid the fraud.**[130]

<u>OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION</u>

Coquina objects to this instruction an inaccurate statement of the applicable law. Defendant may choose to raise such argument at trial, but is an improper instruction to the jury. Moreover, the facts will be established at trial that Defendant TD Bank knew of the fraudulent scheme.

---

[130] *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd.*, C.A. No. 05-60080-CIV, 2008 WL 926513, at *6 (S.D. Fla. Mar. 31, 2008); *In re AHT Corp.*, 292 B.R. 734, 746 (S.D.N.Y. 2003) ("ordinary economic motives as insufficient to support the scienter requirement" of an aiding and abetting claim).

***Defendant's Proposed Instruction No. 85:  Substantial Assistance***

To  prove  substantial  assistance,  Coquina  must  prove  that  TD  Bank  affirmatively assisted, helped conceal, or by virtue of failing to act when required to do so enabled the fraud to proceed.[131]

Coquina  must  prove  that  TD  Bank  actively  participated  in  the  fraud.[132]   In determining whether TD Bank actively participated in the fraud, you should consider:

- the nature of the acts the Bank allegedly encouraged;

- the amount of assistance allegedly given by TD Bank;

- TD  Bank's  presence  or  absence  at  the  time  of  Rothstein's fraudulent acts;

- TD Bank's relation to Rothstein; and

- the Bank's state of mind.[133]

The  mere  inaction  of  an  alleged  aider  or  abettor  constitutes  substantial  assistance only if the defendant owes a fiduciary duty directly to the plaintiff.  In this case, TD Bank did not owe a fiduciary duty to Coquina or any of the investors associated with Coquina.

---

[131] *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1205 (11th Cir. 2003); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91 (2d Cir. 2000) (where agent of Ponzi scheme "embezzled" scheme proceeds, "[t]he bank is responsible only for making sure that the employee, at the time of the withdrawal, has the authority to make withdrawals on behalf of the account holder entity"); *Ryan v. Hunton & Williams*, No. 99-CV-5938 (JG), 2000 WL 1375265, at *9 (E.D.N.Y. Sept. 20, 2000); *Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-Civ., 2007 WL 983263, at *10 (S.D. Fla. Mar. 27, 2007).
[132] *Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-Civ., 2007 WL 983263, at *10 (S.D. Fla. Mar. 27, 2007).
[133] *Aetna Casualty and Surety Co. v. Leahy Construction Co.*, 219 F.3d 519, 537 (6th Cir. 2000) (citing section 876 of the Restatement (Second) of Torts).

155

**Therefore I instruct you not to find that any alleged inaction by TD Bank constituted substantial assistance.**[134]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as inaccurate and not a proper statement of the law. Coquina respectfully requests this Court to utilize Coquina's proposed instruction on aiding and abetting fraud as a proper statement of the law.

---

[134] *Ryan v. Hunton & Williams*, No. 99-CV-5938, 2000 WL 1375265, at *10 (E.D.N.Y. Sept. 20, 2000) (affirmative acts of opening the accounts and approving various transfers does not constitute substantial assistance ); *Renner v. Chase Manhattan Bank*, No. 98 Civ. 926(CSH, 2000 WL 781081, at **6, 21 (S.D.N.Y. June 16, 2000); *Halifax Corp. v. Wachovia Bank*, 604 S.E.2d 403, 404 (Va. 2004) (bank's acceptance and deposit of checks by depositor who embezzled funds from her employer did not constitute substantial assistance); *Hines v. Fiserv, Inc.*, 2010 WL 1249838, at *4 (M.D. Fla. March 25, 2010).

156

**Defendant's Proposed Instruction No. 86:  Normal Banking Activities Not Substantial Assistance**

For a bank such as TD Bank, holding accounts, accepting deposits and withdrawals, and effecting transactions for the alleged wrongdoer does not constitute substantial assistance to the wrongdoer on the part of a bank.[135]

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not a proper statement of the law.  Defendant may choose to raise such argument at trial, but is an improper instruction to the jury.  Moreover, the

---

[135] *Lawrence v. Bank of America, N.A.*, No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, at *3 (M.D. Fla. Aug. 30, 2010) (allegations that bank allowed customers to maintain accounts, provided customers with wire transfer capability, and provided customers with a "banking platform" "'do not adequately allege that [the bank] affirmatively assisted, concealed, or otherwise knowingly rendered substantial assistance in [the wrongdoers'] alleged conversion or breach of fiduciary duty"); *Cahaly v. Benistar Prop. Exch. Trust Co., Inc.*, 68 Mass. App. Ct. 668 (2007) (applying New York law) (affirming trial court's summary judgment dismissal of aiding and abetting claim, holding that plaintiffs failed to establish substantial assistance on the part of defendant Paine Webber where record demonstrated that Paine Webber merely held accounts for and implemented certain transactions in accordance with the primary wrongdoer's instructions); *Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.*, No. 98 Civ. 4960 (MBM), 1999 WL 558141, at *8 (S.D.N.Y. July 30, 1999) (dismissing aiding and abetting claim, stating "'the mere fact that participants in a fraudulent scheme use accounts at [a bank] to perpetrate it, without more, does not rise to the level of substantial assistance necessary to state a claim for aiding and abetting liability.'") (alteration in original and citation omitted); *see also Halifax Corp. v. Wachovia Bank*, 604 S.E. 2d 403, 414 (Va. 2004) (bank's acceptance and deposit of checks by depositor who embezzled funds from her employer did not constitute substantial assistance); *Ryan v. Hunton & Williams*, No. 99-CV-5938 (JG), 2000 WL 1375265, at *9 (E.D.N.Y. Sept. 20, 2000) (affirmative acts of opening the accounts and approving various transfers does not constitute substantial assistance, and plaintiffs' allegations of a bank's inaction do not rise to the level of substantial assistance "[a]bsent a confidential or fiduciary relationship between the plaintiff and the aider and abettor").

157

facts that will be established at trial will show Defendant TD Bank's conduct grossly exceeded "basic banking activities."

FTL 108,398,551v3 10-18-11

*Defendant's Proposed Instruction No. 87: Conduct Constitutes "Substantial Assistance" Only if it Proximately Caused Coquina's Alleged Injury*

You may only find that TD Bank "substantially assisted" in the fraud causing the damages Coquina seeks to recover from TD Bank if you find that TD Bank's alleged conduct in the fraud against Coquina proximately caused those damages.

TD Bank's alleged conduct in the fraud against Coquina can only proximately cause the damages Coquina seeks to recover from TD Bank, and thereby "substantially assist" in the fraud, if you find from a preponderance of the evidence that, except for TD Bank's conduct, those damages would not have occurred. In other words, Coquina must prove that TD Bank's alleged conduct was a substantial factor in causing the damages Coquina seeks to recover from TD Bank.[136]

To show that TD Bank's alleged conduct in the fraud against Coquina was a substantial factor in proximately causing the damages Coquina seeks to recover from TD Bank, Coquina must show that if TD Bank's alleged conduct had not occurred, Coquina would not have incurred those damages. If Coquina would have incurred the same alleged damages it seeks to recover from TD Bank whether or not TD Bank's alleged conduct

---

[136] *In re Maxxim Med. Group, Inc.*, 434 B.R. 660, 683, 686 (Bankr. M.D. Fla. 2010) (judgment for defendant on aiding and abetting claim where plaintiff failed to show that defendant's assistance in the fraud caused plaintiff's losses); *Temporomandibular Joint (TMJ) Implant Recipients v. Dow Chem. Co.*, 113 F.3d 1484, 1495 (8th Cir. 1997) ("the alleged substantial assistance must be the proximate cause of plaintiffs' harm") (citations omitted); *In re Optimal U.S. Litigation*, No. 10 Civ. 4095 (SAS), 2011 WL 1676067, at *17 (S.D.N.Y. May 2, 2011) (aiding and abetting claims dismissed where plaintiff's injuries were not caused by the defendant's alleged substantial assistance in the fraud); *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 905 (W.D. Mich. 2010) (plaintiff "must demonstrate that its injury was a direct and reasonably foreseeable result of the [substantial assistance]").

159

occurred, then TD Bank's conduct did not proximately cause those damages, and TD Bank did not "substantially assist" in the fraud against Coquina.[137]


## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as unnecessary, redundant, not part of the 11th Circuit pattern instructions, and confusing to the jury. The 11th Circuit pattern instruction regarding proximate cause should be used.

---

[137] *Impac Warehouse Lending Group v. Credit Suisse First Boston LLC*, 270 Fed. Appx. 570, 572 (9th Cir. 2008) ("Substantial assistance requires that the defendants' actions be a 'substantial factor' in causing the plaintiff's injury."); *STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d 525, 542 (E.D. N.Y. 2011) (plaintiff failed to show that defendant's substantial assistance caused its injuries where "the prior purchases would have been as likely to occur had [plaintiff] never informed [defendant] of the fraud at all"); *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 905 (W.D. Mich. 2010) ("Establishing the [substantial assistance] element of aiding-and-abetting liability requires the plaintiff to show that the secondary party proximately caused the violation, or, in other words, that the encouragement or assistance was a substantial factor in causing the tort") (quotations omitted); *see also Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004) ("[F]raud cannot form the basis for recovery of damages unless the damages arise from the fraud and are causally connected to the fraud."); *Morgan Stanley & Co. Inc. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124, 1129 (Fla. 4th DCA 2007) (reversing jury verdict for plaintiff and finding that the plaintiff had failed to prove that its alleged damages would have occurred "had the representations been *true*") (emphasis in original); *Prime Equity Fund, LP v. Lichtman (In re Lichtman)*, 388 B.R. 396, 411 (M.D. Fla. 2008) (although the plaintiffs "certainly have suffered substantial losses due to their purchase of FinancialWeb stock," "the losses are not attributable to any bad act, misrepresentation, or omission" of the defendant).

160

***Defendant's Proposed Instruction No. 88:  Aiding and Abetting Fraud Compensatory Damages***

If you find that TD Bank is not liable, you need not give any consideration to the issue of damages.   If you find TD Bank liable on any of Coquina's claims, I instruct you as follows with regard to damages.

In considering the issue of **Coquina's alleged** damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all **damages you find that Coquina suffered and that you find were the proximate result of TD Bank's conduct** ~~no more and no less~~. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize **TD Bank**.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.[138]

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[139]

So, if you should find from a preponderance of the evidence that **Coquina** failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the

---

[138] This instruction is derived from the Eleventh Circuit Instructions (*see* RICO damages instruction).
[139] This instruction is derived from the Eleventh Circuit Instructions (*see* RICO damages instruction).

amount of **any damages you would otherwise award Coquina** by the amount that could have

been reasonably realized if **Coquina** had taken advantage of such opportunity.[140]


**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Coquina objects to this instruction as not part of the 11th Circuit pattern instructions, and

redundant and confusing to the jury. The 11th Circuit pattern instruction should be used.

---

[140] This instruction is derived from the Eleventh Circuit Instructions(*see* RICO damages
instruction).

*FTL 108,398,551v3 10-18-11*

eleven

ight

 elev

elev

eleven

ele

ele

ele

ele

ele

**ADDITIONAL INSTRUCTIONS**

***Plaintiff's Proposed Instruction No. 89:  Respondeat Superior for Civil RICO Claims***

Ordinarily, a corporation such as Defendant TD Bank, is legally responsible for the civil RICO violations of its employees carried out in the regular course of their job duties as employees under the doctrine of Respondeat Superior, which I explained earlier.[141]  In order for TD Bank to be liable for such violations, Plaintiff must show that the bank derived some benefit from the violations.[142]

**OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION**

TD Bank objects to the first sentence of this Proposed Instruction on the same grounds that it objects to Plaintiff's Proposed Instruction on Respondeat Superior, namely, because it is misleading and does not accurately reflect Eleventh Circuit law.  First, Plaintiff's first sentence fails to acknowledge, as Plaintiff must, that it has the burden of proof in establishing respondeat superior/vicarious liability with respect to each of its claims, whether or not they are Civil RICO claims.  *See* Florida Supreme Court, Florida Standard Jury Instruction in Civil Cases §§ 401.14, 401.17;  *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (plaintiff's obligation to plead vicarious liability); *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1557 n.4 (S.D. Fla. 1996) ("emphasiz[ing] that the Plaintiff retains the difficult task

---

[141] *Quick v. Peoples Bank of Cullman County*, 993 F.2d 793, 797 (11th Cir. 1993) (respondeat superior liability may be applied in the context of 18 USC § 1962(b) only when an enterprise (bank) has derived some benefit from the RICO violation); *see also Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1406-07 (11th Cir. 1994) (citing *Quick, supra*).
[142] *Quick*, 993 F.2d at 798 (Defendant bank derived benefit from 18 USC § 1962(b) RICO violations by employee where bank ultimately accepted "ill-gotten benefits" of accrued earned interest on debt when it asked plaintiff to sign a consolidation note including them).

163

of establishing by record evidence that [the employee] was acting within the scope of his employment"); *USA Certified Merchants, LLC v. Koebel*, 262 F. Supp. 2d 319, 328 (S.D.N.Y. 2003) (plaintiff's burden to show vicarious liability in RICO claims); Restatement (Third) of Agency §7.07 cmt. c (2006).   Moreover, the Proposed Instruction incorrectly suggests that vicarious liability is an "ordinar[y]" legal principle; in fact, it is extraordinary, and under Plaintiff's own authority, can be found *only* where the jury finds that (1)   the acts alleged committed by the employee were related to and committed within the course of the employees' employment by the employer (here, TD Bank); (2) the acts by the employee were committed in furtherance of the business of the employer (TD Bank); and (3) the employer (TD Bank) authorized or subsequently acquiesced in those acts by its employees.  *See Quick v. People's Bank of Cullman Cty*, 993 F.2d 793, 797-98 (11th Cir. 1993) (cited by Plaintiff as support for their Proposed Instruction).

In fact, Plaintiff wholly misstates the willingness of courts to impose vicarious liability principles in Civil RICO actions:  actually,  courts have been extremely reluctant to impose vicarious liability under RICO, where, as here, the corporation had no knowledge of and did not itself actively participate in the scheme.  *See, e.g., DeJesus v. Sears, Roebuck & Co.*, 1995 WL 122726, at *3 (S.D.N.Y. Mar. 22, 1995), *aff'd* 87 F.3d 65 (2d Cir. 1995) (vicarious liability for civil RICO violations should be available "only in limited circumstances"); *Philan Ins., Ltd. v. Frank B. Hall & Co.*, 748 F. Supp. 190, 198 (S.D.N.Y. 1990) (corporation should be held vicariously liable only if the "company is an active perpetrator of the fraud" or a "central figure" in the scheme); *Kahn v. Chase Manhattan Bank, N.A.*, 760 F. Supp. 369, 373 (S.D.N.Y. 1991)

164

('The weight of authority in this district and in other circuits is against such an application" of vicarious liability in civil RICO claims.); *Thompson McKinnon Sec., Inc. v. Bank of N.Y.*, 147 B.R. 330, 334 (Bankr. S.D.N.Y. 1992) ("vicarious liability would defeat the purpose of RICO, which was to reach those who profited from racketeering, and not those who are victimized by it"); *see Kovian v. Fulton Cty. Nat. Bank and Trust Co.*, 100 F. Supp. 2d 129, 133 (N.D.N.Y. 2000) (summarizing additional cases denying vicarious liability on RICO claims).

Because the first sentence of Plaintiff's Proposed Instruction fails to properly explain to the jury that Plaintiff has the burden of proof with regard to this issue, because Plaintiff does not properly explain Eleventh Circuit law on respondeat superior/vicarious liability, and because courts are in fact generally reluctant to impose vicarious liability in ROC cases, TD Bank respectfully requests that this sentence not be read to the jury.

TD Bank does not object to the second sentence of this Proposed Instruction.

In light of the objectionable portions of this Plaintiff's Proposed Instruction, TD Bank respectfully requests that this Court use Defendant's Proposed Instruction on vicarious liability.

***Plaintiff's Proposed Instruction No. 90:  Respondeat Superior for Fraud***

  *Ordinarily, a corporation such as Defendant TD Bank, is legally responsible for the fraudulent actions of its employees carried out in the regular course of their job duties as employees.*[143]  *This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs.*[144]


## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

  TD Bank objects to this Proposed Instruction because it is misleading and inaccurate as it does not does not accurately reflect set forth Eleventh Circuit or Florida law.  First, Plaintiff's instruction fails to acknowledge, as Plaintiff must, that it has the burden of proof in establishing respondeat superior/vicarious liability, and that this burden exists with regard to each of its claims.  *See* Florida Supreme Court, Florida Standard Jury Instruction in Civil Cases §§ 401.14, 401.17;  *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (plaintiff's obligation to plead vicarious liability); *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F.

---

[143] *Cavic v. Grand Bahama Dev. Co.*, 701 F. 2d 879, 885 (11th Cir. 1983); *see also Sadarangani v. Bank of America*, No. 09-21001, 2009 U.S. Dist. LEXIS 68683 at *7 (S.D. Fla. July 21, 2009) (In a civil theft and conversion case on a defendant bank's motion to dismiss regarding the issue of vicarious liability, this Court found that it was "reasonable to infer" that the bank's employee, while "obviously not hired to steal the customers' money," was hired to deal with customer accounts, access customer accounts, and offer special deals); *see also* Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 2.2 (2005) ("When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.").

[144] *See* Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 1.10.1, Respondeat Superior Under 42 U.S.C. § 1983 (2005).

Supp. 1549, 1557 n.4 (S.D. Fla. 1996) ("emphasiz[ing] that the Plaintiff retains the difficult task of establishing by record evidence that [the employee] was acting within the scope of his employment"); *USA Certified Merchants, LLC v. Koebel*, 262 F. Supp. 2d 319, 328 (S.D.N.Y. 2003) (plaintiff's burden to show vicarious liability in RICO claims); Restatement (Third) of Agency §7.07 cmt. c (2006).   Moreover, the Proposed Instruction incorrectly suggests that vicarious liability is an "ordinar[y]" legal principle; in fact, it is extraordinary, and under Plaintiff's own authority, can be found *only* where the jury finds that (1)  the acts alleged committed by the employee were related to and committed within the course of the employees' employment by the employer (here, TD Bank); (2) the acts by the employee were committed in furtherance of the business of the employer (TD Bank); and (3) the employer (TD Bank) authorized or subsequently acquiesced in those acts by its employees.  *See Quick v. People's Bank of Cullman Cty*, 993 F.2d 793, 797-98 (11th Cir. 1993) (cited by Plaintiff as support for their Proposed Instruction on respondeat superior, *infra*).   Because Plaintiff's instruction fails to properly explain to the jury that Plaintiff has the burden of proof with regard to this issue, and because Plaintiff does not properly explain Eleventh Circuit law on respondeat superior/vicarious liability, TD Bank respectfully requests that this Court use Defendant's its Proposed Instruction on this issue.

167

*Defendant's Proposed Instruction No. 91:  Vicarious Liability*

There is a preliminary issue for you to decide for each one of Coquina's claims.  That issue is whether the misrepresentations that Coquina has alleged were made by former TD Bank employees were made when those employees were acting as an agent of TD Bank within the scope of their employment.

An agent is a person who is employed to act for another, and whose actions are controlled by his employer or are subject to his employer's right of control.[145]

A bank such as TD Bank is not automatically responsible for the acts of its agents or employees.[146]

A bank is not responsible for the actions of its employee if those actions occur outside of the scope of their employment – in other words, if the actions are not part of the duties the employee was hired to perform, or if the actions were not performed to serve the bank and not something that would be reasonably foreseeable and reasonably to be expected of persons similarly employed.

It is important to understand and consider the employee's intention at the time of his conduct.

It is Coquina's responsibility to prove this issue to you on each of its claims by the preponderance of the evidence.  If you do not believe that Coquina has done so for one or more of its claims, then your verdict on each of those claims should be for TD Bank.  If you

---

[145] This instruction is derived from Florida Supreme Court, Florida Standard Jury Instruction in Civil Cases §§ 401.14, 401.17.

[146] This instruction is derived from an instruction given in *Konstand v. Bank of America, N.A.*, No. 3:83-CV-714-J-Alley-HTS, 2004 Jury Instr. LEXIS 355, at *19-*20 (M.D. Fla. June 10, 2004).

do believe that Coquina has proven this issue to you on one or more of its claims, than you should decide the other issues I have discussed.[147]

You should not find that TD Bank is responsible for any of the alleged wrongful acts of any of its employees unless you find all of the following:

- o **(1) the acts were related to and committed within the course of the employees' employment by TD Bank;**
- o **(2) the acts were committed in furtherance of the business of TD Bank; and**
- o **(3) TD Bank authorized or subsequently acquiesced in those acts by its employees.[148]**

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

Coquina objects to Defendant's "vicarious liability" instruction because it is inaccurately reflects the relevant Florida state standard instructions.  In addition, TD Bank's proposed instruction is unnecessarily repetitive of 11th Circuit Pattern Instruction 2.2.  See 11th Cir. Pattern Instruction 2.2 ("The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with

---

[147] This instruction is derived from Florida Supreme Court, Florida Standard Jury Instruction in Civil Cases §§ 401.14, 401.17.  *See also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (plaintiff's obligation to plead vicarious liability); *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1557 n.4 (S.D. Fla. 1996) (denying dismissal of plaintiff's claim but "emphasiz[ing] that the Plaintiff retains the difficult task of establishing by record evidence that [the employee] was acting within the scope of his employment"); *USA Certified Merchants, LLC v. Koebel*, 262 F. Supp. 2d 319, 328 (S.D.N.Y. 2003) (plaintiff's burden to show vicarious liability in RICO claims); Restatement (Third) of Agency §7.07 cmt. c (2006).
[148] *Quick v. People's Bank of Cullman Cty*, 993 F.2d 793, 797-98 (11th Cir. 1993).

as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.").  The 11th Circuit Pattern Instruction should be used.

Furthermore, TD Bank's inclusion of this separate "additional instruction" concerning vicarious liability constitutes improper burden shifting.  TD Bank has asserted "vicarious liability" as an affirmative defense, for which it bears the burden of proof.  However, TD Bank's proposed instruction is categorized as a general "additional instruction" that improperly places additional proof elements upon Coquina.  TD Bank's proposed instruction requires that "[i]t is Coquina's responsibility to prove this issue to you on each of its claims by the preponderance of the evidence."   The burden of proof for affirmative defenses rests on TD Bank.  Therefore, this instruction should be stricken.

Furthermore, to the extent TD Bank has chosen to waive vicarious liability as a potential affirmative defense, Coquina has no objection.

*FTL 108,398,551v3 10-18-11*

***Plaintiff's Proposed Instruction No. 92:  Imputation Doctrine***

*Under the law, the knowledge and actions of a bank officer or director, such as Regional Vice-President Frank Spinosa, may be imputed to a bank, such as Defendant, TD Bank.*[149]  *This is known as the imputation doctrine.*

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

For the reasons stated in TD Bank's Response to the Plaintiff's Proposed Instruction on respondeat superior, this Proposed  Instruction does not accurately reflect Eleventh Circuit or Florida law.  Plaintiff's Proposed Instruction misstates the law as it conflates actual knowledge with constructive knowledge and is inconsistent with governing law regarding vicarious liability because, for example, vicarious liability requires a finding that the employer authorized or acquiesced in the conduct of the employee.  The Proposed Instruction improperly suggests that the jury hold TD Bank liable without having made such a finding.

If the Court does give this instruction, TD Bank requests that the Court also give the following instruction:

Under the law, the knowledge and actions of Coquina's agent, Michael Szafranski, may be imputed to Coquina.  This is known as the imputation doctrine.  Therefore, if you find that Michael Szafranski was aware of Rothstein's alleged fraud, then should find that Coquina knew that it was participating in a fraudulent scheme.

---

[149]  *Tew v. Chase Manhattan Bank*, 728 F.Supp. 1551, 1559 (S.D. Fla. 1990) ("Normally, the acts and knowledge of an agent are imputed to the principal.  In the case of a corporation, it can only act through its agents.  Therefore, the rule is that the actions of corporate directors and officers are attributable to the corporate entity.").

*Defendant's Proposed Instruction No. 93:  Bank Duty to Noncustomers*

In this case, there is no claim made by Coquina that the Bank owed a duty to it.  Also, a bank does not owe any duty of care to non-customers, like Coquina.[150]

If a customer's bank account is used by the customer to perpetrate a fraud against a non-customer, that act  does not create a duty running from the Bank to the non-customer.[151]

A bank is prohibited from informing a non-customer of a customer's activities.

The law permits a bank to conduct its business with the belief that customers who have legal authority to handle an account are not misusing the funds in those accounts.

A bank is also not required to monitor customer's accounts on behalf of non-customers.[152]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

[150] *Sroka v. Compass Bank*, No. 2006-CA-001117, 2006 WL 2535656, at *1 (Fla. Cir. Ct. Aug. 31, 2006) ("[a]s a matter of law, a bank does not owe a duty to non-customers regarding the opening and maintenance of its accounts") (citing to, among others, *Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220, 222 (4th Cir. 2002)); *Carl v. Republic Sec. Bank*, 282 F. Supp. 2d 1358, 1372 (S.D. Fla. 2003), *appeal dismissed,* 2003 WL 22172202 (11th Cir. Aug. 5, 2003) (bank owed no duty of care to a plaintiff "who was not a customer of the bank").

[151] *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 549-550 (Fla. 2d DCA 2003) (the court found "no case holding that a bank breached a […] duty owed to its client by failing to investigate or disclose the manner in which the client or its authorized agents used their money").

[152] *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1205 (11th Cir. 2003); *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 549-550 (Fla. 2d DCA 2003) ("We would radically alter the law of banking if we required banks to review credit card accounts and checking accounts to make certain that their customers were spending their money wisely.").

172

Coquina objects to Defendant's instruction because it is not supported by any citation to 11th Circuit Pattern Instruction, or any other model instruction.  Furthermore, the case law cited by TD Bank does not reference jury instructions, but rather, matters of law.   Indeed, TD Bank's proposed instruction attempts to place before the jury issues of legal standing and the legal duty of care.  These are legal matters for the Court, properly asserted on a motion to dismiss, not fact matters to be decided by a jury.

Furthermore, to the extent TD Bank's inclusion of this separate "additional instruction" improperly attempts to assert and litigate a new affirmative defense, Coquina objects because such an affirmative defense has never previously been alleged by TD Bank.  See Defendant TD Bank, N.A.'s Amended Answer and Affirmative Defenses to Plaintiff's Complaint (DE 370).

*Plaintiff's Proposed Instruction No. 94:  Adverse Inference*

*During the trial you heard evidence by past or present employees of Defendant TD Bank refusing to answer certain questions on the grounds that it may tend to incriminate them based on the Fifth Amendment privilege against self-incrimination.  A witness has a constitutional right to decline to answer on the grounds that it may tend to incriminate him.  Under the law, whenever a past or present TD Bank employee refuses to answer questions, you may infer against TD Bank that the answers would have been adverse to TD Bank's interests.*[153]

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION

---

[153] *See SEC v. Monterosso*, 746 F.Supp.2d 1253, 1264 (S.D. Fla. 2010) (Lenard, J) (adverse inference appropriately drawn against defendant corporation based on individual defendant's assertion of privilege because individual acted as COO and CFO during relevant period); *Cole v. Am. Capital Partners, Ltd.*, 2008 U.S. Dist. LEXIS 59184, *13-14 (S.D. Fla. Aug. 7,  2008) (Hurley, J.) (inference was properly drawn against a corporate defendant when the individual defendants, all corporate employees, "were acting in the scope of their employment by the respective corporate defendants when they engaged in the conduct they refused to testify about."); *SEC v. Lauer*, 2008 U.S. Dist. LEXIS 73026, *88-89 (S.D. Fla. Sept. 23, 2008) (Marra, J.) (finding it appropriate to draw the inference against corporate defendant where its principals (both 10% owners) invoked the Fifth Amendment in response to questioning by SEC); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F.Supp.2d 1291, 1337 (S.D. Fla. 2006) (McAliley, Mag.), *adopted by*, 479 F.Supp.2d 1291, 1300 (S.D. Fla. 2007) (Seitz, J.) (adverse inference should be applied against all defendants (some corporate), based on a non-party's invocation); *see also LiButti v. U.S.*, 107 F.3d 110, 123-24 (2d Cir. 1997), *aff'd in part and rev'd in part on other grounds*, 178 F.3d 114, 119-120 (2d Cir. 1999) (adverse inference was admissible based on a non-party's assertion of the privilege); *FDIC v. Fidelity & Deposit Co.*, 45 F.3d 969, 977 (5th Cir. 1995) (trial court did not err in instructing the jury that it could draw the negative inference based on a non-party's invocation of the Fifth Amendment); *Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471, 1481 (8th Cir. 1987) (upholding trial court's decision to allow a non-party witness to take the stand for purposes of invoking the privilege); *RAD Servs., Inc. v. Aetna Casualty & Surety Co.*, 808 F.2d 271, 275-77 (3d Cir. 1986) (trial court both properly admitted the invocation of the privilege by non-party agents of the plaintiff in depositions and instructed the jury on the adverse inference).

174

TD Bank objects to this Proposed Instruction.  First, the instruction improperly states that the only testimony presented at trial that may involve a witness asserting his or her Fifth Amendment privilege will be testimony from a present or former TD Bank employee.  Plaintiff is fully aware that other witnesses in this matter intend to assert their Fifth Amendment privilege; accordingly, at a minimum that part of Plaintiff's Proposed Instruction should not be used.  In addition, the Proposed Instruction refers to "present employees" of TD Bank.  No present employees of TD Bank have asserted their  Fifth Amendment privilege.  The instruction refers to multiple TD Bank witnesses asserting their Fifth Amendment privileges, but only one former TD Bank employee has asserted his Fifth Amendment privileges.

Second, and more importantly, the final sentence of the Proposed Instruction does not accurately reflect the law on adverse inferences, which requires independent, corroborating evidence that supports an adverse inference before it is drawn against a witness who asserts the Fifth Amendment.  *See Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976) (party seeking adverse inference should offer "probative evidence"); *Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (emphasis added) (courts applying *Baxter* have been uniform in suggesting that "the key to the *Baxter* holding is that such an adverse inference can only be drawn when independent evidence exists of the fact to which the party refuses to answer"); *G.C. v. School Board of Seminole Cty., Florida*, 639 F. Supp. 2d 1295, 1298 n.4 (M.D. Fla. 2009) (no adverse inference where there is no independent evidence presented); *In re Einhorn*, 29 B.R. 966 970 (Bankr. E.D.N.Y. 1983) (noting that it has been "uniformly recognized" that an adverse inference based on a Fifth Amendment assertion is inappropriate unless "there is substantial evidence in addition

175

to the party's unsupported refusal to testify").  TD Bank respectfully submits that its proposed instruction better explains how a juror should decide whether or not to draw an adverse inference based on *any* witness's assertion of the Fifth Amendment.

Finally, the Proposed Instruction improperly suggests that the jury may automatically draw an adverse inference against *TD Bank* based on a current or former employee's Fifth Amendment assertion.  In fact, the jury would only (if there was corroborating evidence) be permitted to draw an adverse inference against that *employee*, not its employer.  *See In re WorldCom, Inc.*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007).  As explained in TD Bank's Response in Opposition to Plaintiff's Motion for Summary Judgment (filed under seal on June 13, 2011) its Motion *in Limine* to Exclude Spinosa Deposition Testimony (D.E. 215), Plaintiff would then need to separately establish evidence supporting an adverse inference against TD Bank, and the jury could not draw that adverse inference without finding that it was supported by the facts and circumstances surrounding the case.

***Defendant's Proposed Instruction No. 95:  Fifth Amendment/Adverse Inference Instructions***

During trial some witnesses followed the instruction of their counsel and invoked their constitutional right under the Fifth Amendment to decline to answer questions  You should not automatically assume that a witness has done something wrong  because that witness asserts his or her Fifth Amendment rights.[154]  The purpose of the Fifth Amendment is to protect all parties and witnesses, including the innocent.[155]

Where a witness has refused to answer a question by invoking his or her Fifth Amendment right, for certain questions you may, but you need not, draw a negative inference against the witness based on the witness's refusal to answer a particular question. A negative inference means that you can infer from the witness's assertion of his Fifth Amendment privilege that the answer would have been adverse, or harmful, to the witness's interest.  You can make this inference only if that inference is warranted by the facts

---

[154] *Baxter v. Palmigiano*, 425 U.S. 308, 317, 319 (1976) (quoting *United States ex rel. Bilokumsky v. Tod,* 263 U.S. 149, 153-54 (1923); *Grunewald v. United States*, 353 U.S. 391, 421 (1957); *Arango v. U.S. Dept. of the Treasury*, 115 F.3d 922, 926 (11th Cir. 1997); *United States v. Certain Real Property*, 55 F.3d 78, 82-83 (2d Cir. 1995); *FDIC v. Fidelity & Deposit Co. of Maryland*, 45 F.3d 969, 977-79 (5th Cir. 1995); *RAD Servs., Inc. v. Aetna Casualty and Surety Co.*, 808 F.2d 271, 275 (3d Cir. 1986); *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.3d 509, 512-22 (8th Cir. 1984); *Brinks, Inc. v. New York*, 717 F.2d 700, 708 (2d Cir. 1983); *Bernal v. All Am. Investment Realty, Inc.*, 479 F. Supp. 2d 1291, 1337 (S.D. Fla. 2007); *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp., Inc.*, No. 04-80132-CIV, 2006 WL 1789018, *14 (S.D. Fla. May 30, 2006).

[155] *Grunewald v. United States*, 353 U.S. 391, 421 (1957); *LiButti v. United States*, 107 F.3d 110, 125 (2d Cir. 1997); *United States v. Certain Real Property*, 55 F.3d 78, 82-83 (2d Cir. 1995); *RAD Servs., Inc. v. Aetna Casualty and Surety Co.*, 808 F.2d 271, 277 (3rd Cir. 1986); *Brinks, Inc. v. City of New York*, 717 F.2d 700, 707 (2d Cir. 1983).

surrounding the case, and there is independent, corroborating evidence for the inference. However, you need not draw such an inference.[156]

Even if you find that an adverse inference is warranted against a witness based on his or her refusal to answer a question based on the Fifth Amendment , you may not automatically infer that his or her answer also would have been harmful to his or her employer. Instead, you must again consider the facts and circumstances surrounding the case, and may only draw a negative inference against the witness's employer if you find that there is independent, corroborating evidence to support the inference against the employer.[157]


**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

Plaintiff objects on the grounds that TD Bank's proposed instruction because it is an improper and inaccurate reflection of the law.  Defendant's proposed instruction does not

---

[156] *Libutti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997); *Brookridge Funding Corp. v. Aquamarine, Inc.*, 675 F. Supp. 2d 227, 234 (D. Mass. 2009); *In re WorldCom*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007); *Veranda Beach Club Ltd. P'ship v. Western Surety Co.*, 936 F.2d 1364, 1374 (1st Cir. 1993); *see also U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 61 n.25 (D.D.C. 2007); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2003 WL 21998980, at *3 (S.D.N.Y. Aug. 22, 2003); *Fujisawa Pharm. Co., Ltd. v. Kapoor*, No. 99 CC 5508, 1999 WL 543166, at *9 (N.D. Ill. July 21, 1999).

[157] *Libutti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997); *In re WorldCom, Inc.*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007); *Brookridge Funding Corp. v. Aquamarine, Inc.*, 675 F. Supp. 2d 227, 234 (D. Mass. 2009); *In re WorldCom*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007); *Veranda Beach Club Ltd. P'ship v. Western Surety Co.*, 936 F.2d 1364, 1374 (1st Cir. 1993); *see also U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 61 n.25 (D.D.C. 2007); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2003 WL 21998980, at *3 (S.D.N.Y. Aug. 22, 2003); *Fujisawa Pharm. Co., Ltd. v. Kapoor*, No. 99 CC 5508, 1999 WL 543166, at *9 (N.D. Ill. July 21, 1999).

accurately reflect the law regarding drawing the adverse inference against an employer (party) based on an employee's (non-party) invocation of the privilege.   As written, TD Bank's instruction suggests that the adverse inference can only be held against the witness/employee/non-party, and not against TD Bank, the party/employer.   The citations to Plaintiff's Proposed Instruction on the adverse inference support the well-established argument that the inference is properly drawn against an employer (party) based on an employee's (non-party) invocation of the privilege.

## AFFIRMATIVE DEFENSES

***Defendant's Proposed Instruction No. 96:  Affirmative Defenses Introduction***

If you find that Coquina has failed to prove any element of any of its four claims under these instructions, then, of course, your verdict will be for TD Bank.  On the other hand, if you find that Coquina has proved any of its claims, you must then consider TD Bank's defenses to these claims.  TD Bank has raised a number of defenses, which I will now explain.  As to these defenses, TD Bank has the burden of proof by a preponderance of the evidence.[158]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Plaintiff objects because the introduction improperly suggests that each of TD Bank's affirmative defenses are applicable to each one of Plaintiff's four separate causes of action.  TD Bank should indicate which defenses are applicable to which causes of action.

---

[158] This instruction is derived from the Eleventh Circuit Instructions.

*Defendant's Proposed Instruction No. 97:  Estoppel*

  **TD Bank's first defense states that Coquina's claims are barred by the doctrine of estoppel.  The doctrine of estoppel is based on notions of equity, justice, and fairness, and it precludes a person or party from taking a position that is inconsistent with a position that the person or party previously held.[159]**

  **TD Bank claims that Coquina's claims are barred because it held itself out as a client of Rothstein, participated knowingly in its investments with Rothstein, and that TD Bank relied on Coquina's representations and changes its position to detriment in reliance on Coquina's actions.  TD Bank claims that given Coquina's silence during the profitable times and unclean hands in the process, it would be inequitable and unjust for Coquina to recover from TD Bank any of its losses.  Moreover, to the extent that Coquina's claims are inconsistent with its claims or positions in other actions or lawsuits, TD Bank claims that Coquina's action is barred by the doctrine of estoppel.**

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

  Plaintiff objects because TD Bank has not specified which cause of action this defense applies to. Plaintiff objects because TD Bank has failed to articulate the proper elements for an estoppel defense and includes alleged facts that are neither relevant to an estoppel defense nor supported by the record evidence.  Plaintiff further objects on the grounds that TD Bank's proposed instruction references its unclean hands defense, which must be proven separately.

---

[159] *See Major League Baseball v. Morsani*, 790 So. 2d 1071, 1076 (Fla. 2001) (noting that estoppel defense is based on "principles of fair play and essential justice" and "presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct"); *Quality Shell Homes & Supply Co. v. Roley*, 186 So. 2d 837, 840-411 (Fla. 1st DCA 1966).

In the alternative, Plaintiff proposes the following jury instruction on the estoppel defense:

*In order to prove an equitable estoppel defense, TD Bank must establish that:*

*(1) Coquina misrepresented a material fact;*

*(2) the misrepresentation was contrary to a later-asserted position made by Coquina;*

*(2) TD Bank relied on that misrepresentation;*

*(3) in relying on that misrepresentation, TD Bank changed its position; and*

*(4) TD Bank's change in its position was detrimental to TD Bank.*

*See Spoerr v. Manhattan Nat'l Life Ins. Co.,* 2007 U.S. Dist. LEXIS 2752 at *13 (S.D. Fla. Jan. 12, 2007) (In order to prove an equitable estoppel defense, a party must establish: (1) a misrepresentation of a material fact by the actor that is contrary to a later-asserted position, (2) reliance on that misrepresentation by the other party, and (3) a change in position detrimental to the party claiming estoppel that was caused by reliance on the misrepresentation.) (citing *Lennar Homes, Inc. v. Gabb Const. Serv., Inc.,* 654 So. 2d 649, 651 (Fla. 3d DCA 1995)); *see also Regions Bank v. Old Jupiter, LLC,* 2010 U.S. Dist. LEXIS 131443 at *14 (S.D. Fla. Dec. 13, 2010) ("Estoppel rests on the premise that the party asserting the estoppel has acted in reliance upon prior inconsistent conduct of another. The essence of estoppel is that person should not be permitted to unfairly assert inconsistent position.") (citing *Pelican Island Prop Owners Ass'n, Inc. v. Murphy*, 554 So. 2d 1179 (Fla. 2d DCA 1989)); *Guthartz v. Park Ctr. West Corp*., 2009 U.S. Dist. LEXIS 12409, *11 (S.D. Fla. Feb. 5, 2009)"equitable estoppel requires establishing proof of fraud, misrepresentation or some other affirmative deception.").

182

*Defendant's Proposed Instruction No. 98:  Waiver*

**TD Bank has also asserted a waiver defense.**  It is a general rule of law that any claim for fraud is waived if one is induced **into a transaction by misrepresentations or fraud** and, with knowledge of the fraud, does an act to ratify or affirm the **transaction** that shows an intention to abide by the **transaction** as made, with the fraud in it.  In so affirming or ratifying the **transaction** , the party has waived its right to recover damages as a result of the original misrepresentations.  The question of whether a party has waived a claim for fraud is one of the intent of the defrauded party.  Such intent, however, may be inferred from the party's conduct and the surrounding circumstances.[160]

Similarly, once a defrauded person has discovered or reasonably should have discovered the nature of the deception, that person waives and thereby gives up any right to recover damages upon receiving from the defrauding party some substantial concession or upon entering into a new and more favorable contract in response to the transaction.[161]

TD Bank claims that Coquina had actual or constructive notice of Rothstein's (and his accomplices') activities, and yet invested, and continued to invest, in his Ponzi scheme, and thus waived its right to recover from TD Bank.

**OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION**

---

[160] This instruction is derived from the Eleventh Circuit Instructions.  *See also SourceTrack, LLC v. Ariba, Inc.*, 958 So. 2d 523, 526-27 (Fla. 2d DCA 2009) ("[w]aiver operates to 'estop' one from asserting that upon which he otherwise might have relied").

[161] This instruction is derived from the Eleventh Circuit Instructions.

*FTL 108,398,551v3 10-18-11*

Coquina objects to this instruction as an improper and inaccurate statement of the law, as well as an improper "derivation" of the 11th Circuit pattern instruction. The defense of waiver requires a showing of *knowledge* of the fraud, not *"actual or constructive notice"* of the fraud. Further, TD Bank has failed to present any factual support warranting such an instruction. See, Coquina's Motion for Summary Judgment on Defendant's Affirmative Defenses.  TD Bank has no factual basis to support its claim that "Coquina had actual or constructive <u>notice</u> of Rothstein's (and his accomplices') activities…"  As a result, this instruction is inaccurate and misleading.

184

***Defendant's Proposed Instruction No. 99:  Unclean Hands, In Pari Delicto***

TD Bank has also asserted "unclean hands" and *in pari delicto* defenses.  These defenses are similar.

A party will have "unclean hands" where the party behaves unfairly in a matter that is the subject matter of the litigation.  If TD Bank proves by a preponderance of the evidence that Coquina as  a result of its own wrongly or inappropriate actions bears at equal substantial or equal responsibility for its actions, then you must find for TD Bank.[162]

The doctrine of *in pari delicto*, similarly, bars a plaintiff from recovering on its claim where the plaintiff has engaged in wrongful conduct that is "of equal fault" to the conduct of the defendant.[163]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Plaintiff objects to the instruction on unclean hands because:

1.  This defense only applies to cases involving claims for equitable relief and does not apply in cases where, as here, Plaintiff seeks to recover monetary damages.

    *See Regions Bank v. Old Jupiter, LLC*, 2010 U.S. Dist. LEXIS 131443, *16-17 (S.D. Fla. Dec. 13, 2010) (granting summary judgment for plaintiff on unclean

---

[162] *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 54 S. Ct. 146 (1933); *Official Comm. of Unsecured Creditors v. Edwards*, 437 F.3d 1145 (11th Cir. 2006); *Local Union No. 1055, International Brotherhood of Electrical Workers v. Gulf Power Company*, 182 F. Supp. 950 at 953, 954 (N.D. Fla. 1960) ("It is an elementary proposition of equity jurisprudence that one who seeks equity must do equity; that one who comes into equity must come in with clean hands."); *Rogers v. McDorman*, 521 F. 3d 381 (5th Cir. 2008); *Peregrine Funding Inc., v. Sheppard Mullin Richter & Hamilton LLP*, 133 Cal. App. 4th 658 (Cal. Ct. App. 2005).
[163] *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11 (1985).

hands defense based on a finding that the doctrine did not apply to claims for damages, which are claims for "purely legal relief"); *Mente Chevrolet Oldsmobile, Inc. v. GMAC*, 728 F. Supp. 2d 662, 673-74 (E.D. Pa. July 23, 2010) (discussing doctrine as equitable defense).

2.      The doctrine of unclean hands is inapplicable in civil RICO actions.   *See Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.,* No. 97-2866, 1999 U.S. Dist. LEXIS 15294 at *5-6 (M.D. Fla. Sept. 16, 1999) (citing cases from three circuits and granting plaintiff's motion to strike the defense).

3.      The instruction does not accurately reflect the elements of the defense.

Should this Court permit the inclusion of an unclean hands jury instruction, Plaintiff submits that TD Bank has not accurately set forth the elements of an unclean hands defense and proposes the following jury instruction:

*TD Bank has asserted an unclean hands defense.  In order to prove an unclean hands defense, TD Bank must establish that:*

*(1) Coquina engaged in egregious wrongdoing;*

*(2) Coquina's wrongdoing is directly related to this litigation;*

*(3) TD Bank was injured by Coquina's egregious wrongdoing; and*

*(4) TD Bank's injuries as a result of Coquina's egregious wrongdoing significantly changed the equities between TD Bank and Coquina.*

FTL 108,398,551v3 10-18-11

*See Southern Grouts & Mortars, Inc.  v. Minnesota Mining & Mfg. Co.,* No. 07-61388, 2008 U.S. Dist. LEXIS 70222, *22 (S.D. Fla. Sept. 16, 2008) (Cooke, J.) (party asserting unclean hands defense must show that the "actions (or inactions) of the party alleged to have unclean hands must exceed mere misconduct or neglect.  Instead, the conduct must be *egregious* and *significantly* change the equities . . ."); *Calloway v. Partners Nat'l Health Plans*, 986 F. 2d 446, 450-51 (11th Cir. 1993)( party asserting the unclean hands defense must establish: (1) the other party's alleged wrongdoing is directly related to the matter in the litigation and (2) the asserting party was injured by the offending conduct.).

Plaintiff objects to the *in pari delicto* instruction because it fails to accurately reflect the law.  This jury instruction should only be read after the Court determines whether Coquina's guilt is far less in degree than TD Bank's, so as to make the doctrine inapplicable.  *May v. Nygard Holdings Ltd.*, 2007 U.S. Dist. LEXIS 52605, *12 (M.D. Fla. July 20, 2007).   If Coquina's guilt is not far less than TD Bank's guilt, the Court should determine if applying the doctrine would be contrary to public policy.  *Id.*

Plaintiff proposes the following *in pari delicto"* jury instruction:

*TD Bank has asserted an in pari delicto defense.  The defense of in pari delicto literally means "'in equal fault'" and bars a party's recovery due to his own wrongful conduct, i.e., his participation in the same wrongdoing.*

*In order to prove this defense, TD Bank must establish that:*

*(1)     Coquina engaged in the same wrongful conduct as TD Bank; and*

*(2)     Coquina bears at least substantially equal responsibility for the violations of the law it seeks to redress against TD Bank.*

CASE NO. 10-60786-Civ-Cooke/Bandstra

However, if you determine that Coquina's guilt, i.e., its engagement in the same wrongful conduct as TD Bank, is far less in degree than TD Bank's guilt, the defense of in pari delicto does not apply.  See Pearlman v. Alexis, No. 09-20865, 2009 U.S. Dist. LEXIS 88546, *6 (S.D. Fla. Sept. 25, 2009) (Hurley, J.) (The defense of in pari delicto literally means "'in equal fault'" and bars a party's recovery due to his own wrongful conduct, i.e., his participation in the same wrongdoing.) (citations omitted); Campbell v. Moon Palace, Inc., 2011 U.S. Dist. LEXIS 92801, *5 (S.D. Fla. Aug. 19, 2011) (in pari delicto defense is available "'only where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress; and (2) preclusion of suit would not significantly interfere with the effective enforcement of [federal law].'") (citations omitted); Gastaldi v. Sunvest Resort Cmtys., LC, 2010 U.S. Dist. LEXIS 9876, *35 (S.D. Fla. Feb. 3, 2010) ("'In pari delicto refers to the plaintiff's participation in the same wrongdoing as the defendant.'") (citations omitted).

188

***Defendant's Proposed Instruction No. 100:  Offset***

TD Bank claims that Coquina's claims are barred, in whole or in part, to the extent that Coquina has already recovered the amounts it claims as damages in this action or in other actions.  TD Bank also claims that Coquina's damages should be reduced in the event that Coquina has received any financial or tax benefit including, but not limited to, any moneys returned or otherwise paid to Coquina through its alleged investments.

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Plaintiff objects because TD Bank has failed to cite any law in support of this instruction or set forth the elements that TD Bank must prove.  Plaintiff further objects because the proposed instruction does not accurately reflect the law.  "[T]he purpose of setoff is to prevent a party from recovering twice for the same damages." *Blasland, Bouck & Lee v. City of N. Miami*, 283 F.3d 1286, 1295 (11th Cir. 2002).  Plaintiff objects to the proposed instruction in that it incorrectly applies this law.  Coquina's "financial or tax benefits" and "damages in other actions" are not relevant to the issue of whether it has recovered twice for the <u>same</u> damages, i.e., the damages it seeks in this matter.

***Defendant's Proposed Instruction No. 101:  Failure to Mitigate Damages***

~~You are instructed that~~ **[A]**ny person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[164]

So, if you should find from a preponderance of the evidence that **Coquina** failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of **Coquina's** damages by the amount that could have been reasonably realized if **Coquina** had taken advantage of such opportunity.[165]

## OBJECTION TO DEFENDANT'S PROPOSED INSTRUCTION

Coquina objects to this instruction as an inaccurate version from the Eleventh Circuit Civil Pattern Jury Instruction.  In addition, Coquina objects to this instruction to the extent such instruction does not apply in an action for fraudulent misrepresentation.

---

[164] This instruction is derived from the Eleventh Circuit Instructions.
[165] This instruction is derived from the Eleventh Circuit Instructions.

190

CASE NO. 10-60786-Civ-Cooke/Bandstra

***Defendant's Proposed Instruction No. 102: Uniform Commercial Code and Florida Statutory Law Preemption***

TD Bank respectfully suggests that no proposed jury instructions are necessary for this defense, as it concerns an issue of law that will be separately presented to this Court.

FTL 108,398,551v3 10-18-11

**(Agreed) Proposed Instruction No. 103:  Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.[166]

---

[166] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 7.1 (2005).

FTL 108,398,551v3 10-18-11

***(Agreed) Proposed Instruction No. 104:  Election of Foreperson; Explanation of Verdict Form(s)***

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form(s) to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form(s), date and sign it/them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[167]

---

[167] Eleventh Circuit Civil Pattern Jury Instructions, Basic Instruction 8 (2005).

CASE NO. 10-60786-Civ-Cooke/Bandstra

TD Bank reserves the right to add jury instructions and verdict form special interrogatories regarding the new theory and measure of damages that Plaintiff seeks to insert into the case on the eve of trial.

Respectfully submitted this 18th day of October, 2011.

By:   /s/ David S. Mandel

MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1200
Miami, Florida 33131
Telephone:  305.374.7771
Facsimile:   305.374.7776


DAVID S. MANDEL
 Florida Bar No. 38040
dmandel@mandel-law.com

NINA STILLMAN MANDEL
 Florida Bar No. 843016

JASON B. SAVITZ
 Florida Bar. No. 36444


*Attorneys for Coquina Investments*

By:   /s/ Mark P. Schnapp

MARK P. SCHNAPP
Florida Bar No. 501689
*schnappm@gtlaw.com*
HOLLY R. SKOLNICK
Florida Bar No. 390860
*skolnickh@gtlaw.com*
GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
Miami, Florida  33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

And

GLENN E. GOLDSTEIN
Florida Bar No. 435260
*goldsteing@gtlaw.com*
GREENBERG TRAURIG, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL  33301
Telephone:  (954) 765-0500
Facsimile:  (954) 765-1477

 And

DONNA M. EVANS, Admitted *Pro Hac Vice*
Massachusetts Bar No. 554613
*evansd@gtlaw.com*
GREENBERG TRAURIG, LLP
One International Center
Boston, MA  02110
Telephone:  (617) 310-6000
Facsimile:  (617) 310-6001

*Attorneys for Defendant, TD Bank, N.A.*