**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-60786-Civ-Cooke/Bandstra**

COQUINA INVESTMENTS,

     Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

      Defendants.

_____

## JOINT PROPOSED VERDICT FORMS AND SPECIAL INTERROGATORIES

Plaintiff Coquina Investments ("Coquina") and Defendant TD Bank N.A. (the "Bank" or TD Bank") hereby jointly submit the following proposed verdict forms and special interrogatories pursuant to this Court's Scheduling Order.  (D.E. 42.)  The parties reserve the right to supplement or amend this submission and/or raise additional objections, in keeping with the evidence introduced at trial and the applicable law.

In addition, each party's requested verdict interrogatories should not be construed as an admission that any of the claims or defenses addressed therein is properly before this Court. Rather, each party has attempted to address all of the claims or defenses being asserted by the opposing party,  whether or not each party, respectively, believes the same are properly before the Court.   The parties, therefore, reserve the right to oppose the inclusion of certain interrogatories in any form on the grounds that such interrogatories improperly would inject irrelevant and/or immaterial issues of fact and/or law into this trial.

In accordance the Court's Order, a copy of these instructions and verdict forms have been delivered to chambers in Corel WordPerfect format at the time of filing via computer disk or emailed to Cooke@flsd.uscourts.gov.

## <u>TABLE OF CONTENTS</u>

**THE PARTIES' GENERAL OBJECTIONS** ................................................................ **4**
  Coquina .................................................................................................................. 4
  TD Bank ................................................................................................................ 5
**COUNT I     FEDERAL RICO VIOLATIONS (1962(c))** ................................... **6**
  PLAINTIFF'S COUNT I SPECIAL INTERROGATORIES ............................... 6
  OBJECTION TO PLAINTIFF'S COUNT I SPECIAL INTERROGATORIES ...... 8
  DEFENDANT'S COUNT I SPECIAL INTERROGATORIES .............................. 9
**COUNT II    CONSPIRACY TO VIOLATE FEDERAL RICO (1962(d))** ............ **14**
  PLAINTIFF'S COUNT II SPECIAL INTERROGATORIES ............................... 14
  OBJECTION TO PLAINTIFF'S COUNT II SPECIAL INTERROGATORIES ..... 14
  DEFENDANT'S COUNT II SPECIAL INTERROGATORIES ............................ 17
**COUNT III    FRAUDULENT MISREPRESENTATION** ................................... **19**
  PLAINTIFF'S COUNT III SPECIAL INTERROGATORIES .............................. 19
  OBJECTION TO PLAINTIFF'S COUNT III SPECIAL INTERROGATORIES .... 21
  DEFENDANT'S COUNT III SPECIAL INTERROGATORIES ........................... 24
**COUNT IV   AIDING AND ABETTING FRAUD** ................................................ **27**
  PLAINTIFF'S COUNT IV SPECIAL INTERROGATORIES .............................. 27
  OBJECTION TO PLAINTIFF'S COUNT IV SPECIAL INTERROGATORIES .... 28
  DEFENDANT'S COUNT IV SPECIAL INTERROGATORIES ........................... 30
**AFFIRMATIVE DEFENSES** ................................................................................ **33**
  DEFENDANT'S AFFIRMATIVE DEFENSE SPECIAL INTERROGATORIES ...... 33
  OBJECTION TO DEFENDANT'S AFFIRMATIVE DEFENSE SPECIAL
  INTERROGATORIES ............................................................................................ 34

## THE PARTIES' GENERAL OBJECTIONS
### *Coquina*

Coquina objects to all of TD Bank's proposed verdict forms and special interrogatories, individually and collectively.  Significantly, none of TD Bank's proposed verdict forms and special interrogatories are supported by citation to <u>any</u> legal authority, much less the Eleventh Circuit Pattern Instructions.

Indeed, TD Bank's lengthy proposals seek to insert additional elements and burdens of proof upon Coquina that are well beyond the scope of the Eleventh Circuit Pattern Instructions. In addition, TD Bank's proposals do not accurately reflect the law.  Moreover, TD Bank's proposals insert additional "issues of law" that are legal matters decided by a judge, not fact matters to be decided by a jury.  As a result, individually and collectively, TD Bank's proposals are inaccurate, overly burdensome, and confusing to the jury as the trier of fact.

The Eleventh Circuit Pattern Special Interrogatories should be used.  With respect to the pattern special interrogatories to the jury, the committee "recommends the submission of interrogatories to the jury in conjunction with a general charge pursuant to Federal Rule of Civil Procedure 49. The use of interrogatories not only assists the jury in an orderly decision making process, it also diminishes the likelihood of a retrial following an appeal. The jury's answer to some interrogatories may moot others; or, in the event error is found on appeal with respect to one claim or one issue, the other responses may render the error moot or harmless or may at least reduce the issues to be retried. The use of a general verdict often forecloses these advantages."

This Court has recommended the use of the Eleventh Circuit Pattern Jury Instructions, "[i]n preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the

Directions to Counsel contained therein." *Order Setting Civil Jury Trial Date and Pretrial Deadlines* (DE 42 at 3).

### TD Bank

As an initial matter, TD Bank objects to Plaintiff's Special Interrogatories as they are incomplete.  They omit essential, necessary questions as to elements that the jury must determine including, but not limited to proximate cause, the elements of vicarious liability, and elements of TD Bank's defenses.  TD Bank respectfully requests that the jury verdict questions request a finding as to all elements of each claim and defenses raised by the Bank and, accordingly, use Defendant's Proposed Special Interrogatories.  TD Bank's Special Interrogatories completely set forth the analysis of the elements that the jury must make and are required to make in order for the jury to properly render a fair verdict.  In a case this complex, and involving numerous elements, such instructions will assist the jury.

The repeated references to "Defendants" are completely improper.  There is only one defendant in this trial and Plaintiff's attempts to lump Rothstein and TD Bank together and to ask the jury to answer questions about the "Defendants" is a transparent attempt to taint TD Bank, confuse the jury and prove "guilt" by association.   All such references should be removed from the Proposed Special Interrogatories.

Finally, the Bank has submitted no interrogatories regarding Coquina's original allegations of lost opportunities in reliance on Coquina's expressed written intention not to base any of its claims at trial on those allegations.

TD Bank further objects as none of the Defendant TD Bank's affirmative defenses are set forth in Plaintiff's proposed Special Interrogatories.  As such, Plaintiff's Proposed

Interrogatories do not reflect defenses that the jury must consider in making its findings and reaching its verdict.

TD Bank objects to Plaintiff's reference in its Special Interrogatories to an "open-ended" theory of continuity in its RICO claim.  This theory was not pleaded in its Complaint, and, to the extent this Court allows Plaintiff to proceed on this theory, TD Bank reserves the right to supplement its jury instructions and verdict form special interrogatories.

TD Bank reserves the right to add verdict form special interrogatories regarding the new theory and measure of damages that Plaintiff seeks to insert into the case on the eve of trial.

## COUNT I     FEDERAL RICO VIOLATIONS (1962(c))

### *PLAINTIFF'S COUNT I SPECIAL INTERROGATORIES*

Do you find from a preponderance of the evidence:

1.  That the Defendants were associated with an "enterprise" as alleged and described by the Plaintiff (and as defined in the Court's Instructions)?

Answer Yes or No _____

2.  That the Defendants "knowingly" committed at least two of the "predicate acts" (as defined in the Court's Instructions)?

Answer Yes or No _____

3.  That the predicate acts formed a pattern by having the same or similar purposes, results, participants, victims or methods of commission, or were otherwise interrelated by distinguishing

characteristics so that they were not isolated events?

Answer Yes or No _____

4. That the predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future?

Answer Yes or No _____

5. That through the commission of the two or more connected predicate acts the Defendants conducted, or participated in the conduct of, the affairs of the enterprise?

Answer Yes or No _____

6. That the enterprise was engaged in, or its activities affected, interstate commerce?

Answer Yes or No _____

7. That the Plaintiff was injured in its business or property as a proximate result of the Defendants' commission of the pattern racketeering activity?

Answer Yes or No _____

Note: If you answered No to any of the preceding questions, you need not answer any question following the question to which you gave No as the answer.

8. That the Plaintiff should be awarded the following damages:

a. Compensatory damages in the amount of $_____; and

SO SAY WE ALL.

_____

Foreperson

DATED: _____

Eleventh Circuit Civil Pattern Jury Instructions, Federal Claims Instruction 5.1 (2005).

**OBJECTION TO PLAINTIFF'S COUNT I SPECIAL INTERROGATORIES**

TD Bank objects to Plaintiff's Proposed Count I Special Interrogatories for two reasons.

First, the Count I Special Interrogatories repeatedly misstate the law in failing to differentiate between the alleged acts of TD Bank, and those of Scott W. Rothstein. Plaintiff's proposed interrogatories improperly conflate TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank, and the jury must be questioned as to each of those elements. For example, to find that TD Bank is liable for a violation of 18 U.S.C. § 1962(c), the jury must find that TD Bank knowingly committed acts of racketeering – separate and apart from whether Rothstein committed such acts. Similarly, the jury must find that TD Bank conducted and participated in the alleged "enterprise," regardless of whether it finds that Rothstein did so. Further, Plaintiff must prove that TD Bank had some part in directing the alleged enterprise's affairs and exercised some control over those affairs. Also, the jury must find alleged racketeering activity committed by TD Bank, not Rothstein, was a proximate cause of the damages which Plaintiff seeks to recover from TD Bank. If the jury fails to find that any of these elements are satisfied as to TD Bank, then Plaintiff cannot recover on its RICO claim, regardless of whether it can establish those elements as to Rothstein. The jury should be questioned as to whether it found by the preponderance of the evidence that Plaintiff proved each of these elements, and TD Bank respectfully submits that its proposed special interrogatories better reflect the elements of Plaintiff's RICO claim and whether the jury has found that those elements were established.

Second, No. 4 of Plaintiff's Count I Special Interrogatories is a question for open-ended continuity in a RICO claim although Plaintiff has specifically admitted, and repeatedly argued,

that it has only alleged closed-ended continuity. (*See*, *e.g.*, Complaint ¶ 66 (("As described throughout this Complaint, the Defendants engaged in a pattern of related and continuous predicate acts over a substantial, but closed, period of time.").) Accordingly, this Court should use the closed-ended continuity question proposed by TD Bank as it is the only claim regarding pattern that was alleged in this case by Plaintiff and on which discovery was conducted.

Third, Plaintiff's Count I Special Interrogatories are incomplete. They omit essential, necessary questions as to elements that the jury must determine including, but not limited to proximate cause, the elements of vicarious liability, and elements of TD Bank's defenses. TD Bank respectfully requests that the jury verdict questions request a finding as to each claim and defense and, accordingly, use TD Bank's Proposed Count I Special Interrogatories. TD Bank's Proposed Count I Special Interrogatories completely set forth the analysis of the elements that the jury must make and are required to make in order for the jury to properly render a fair verdict. In a case this complex, and involving numerous elements, such instructions will assist the jury.

### DEFENDANT'S COUNT I SPECIAL INTERROGATORIES

1.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the Defendant, TD Bank, N.A. ("TD Bank"), was associated with an "enterprise" as alleged by the Plaintiff, Coquina Investments ("Coquina"), and as the term "enterprise" is defined in the Court's Instructions?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.
If you answered "yes," please proceed to the next question.

2. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank committed at least two "predicate acts" (as defined in the Court's Instructions)?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

3. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the predicate acts, if any, that you find committed by TD Bank formed a pattern by having the same or similar purposes, results, participants, victims or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

4. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the "predicate acts" committed by TD Bank occurred over a substantial period of time which period was at least eighteen (18) months?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

5. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank voluntarily and intentionally committed at least two "predicate acts"?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

6.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case that, through the commission of the two or more connected "predicate acts," TD Bank conducted, or participated in the conduct of the affairs of the "enterprise"?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

7.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the "enterprise" engaged in, or its activities affected, interstate commerce?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

8.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that  Coquina was injured in its business or property as a proximate, direct result of TD Bank's commission of the "predicate acts" such that, except for such "predicate acts" committed by TD Bank, the injury or damage claimed by Coquina would not have occurred?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

9.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that committed the "predicate acts" that you found TD Bank engaged in, committed those acts within the course and scope of his or her employment by TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

10. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that committed the "predicate acts" that you found TD Bank engaged in committed those acts in furtherance of the business of TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

11. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank itself authorized or subsequently acquiesced in the "predicate acts" of a TD Bank employee or employees?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

12. If you have answered yes to each of the preceding questions, please calculate what harm you find that Coquina suffered as a direct and proximate result of the specific racketeering activity  that you found TD Bank committed with respect to the Plaintiff, Coquina:

$ _____

## COUNT II     CONSPIRACY TO VIOLATE FEDERAL RICO (1962(d))
### *PLAINTIFF'S COUNT II SPECIAL INTERROGATORIES*

Do you find from a preponderance of the evidence:

1.  That the Defendants agreed to the overall objective of the conspiracy to violate the Federal RICO laws?

Answer Yes or No _____

2.  That the Defendants agreed to commit at least two of the "predicate acts" (as previously defined in the Court's Instructions)?

Answer Yes or No _____

3.  That the Plaintiff should be awarded the following damages:

a.      Compensatory damages in the amount of $_____; and

SO SAY WE ALL.

_____

Foreperson

DATED: _____

### *OBJECTION TO PLAINTIFF'S COUNT II SPECIAL INTERROGATORIES*

TD Bank objects to Plaintiff's Proposed Count II Special Interrogatories for three reasons.

First, Plaintiff's Proposed Count II Special Interrogatories are not supported by Eleventh Circuit law and do not accurately reflect the elements of a claim under 18 U.S.C. § 1962(d).  For

example, Plaintiff's Proposed Count II Special Interrogatories do not include a causation interrogatory, although Eleventh Circuit law clearly holds that causation is a required element of Plaintiff's claim.  *See Beck v. Prupis*, 162 F.3d 1090, 1098 (11th Cir. 1998) (affirming summary judgment against Plaintiff on RICO conspiracy claim, noting that "RICO was enacted with an express target – racketeering activity – and only those injuries that are proximately caused by racketeering activity should be actionable under the statute"); *Ironworkers Local Union No. 68 c. AstraZeneca Pharms. LP*, 585 F. Supp. 2d 1339, 1345 (M.D. Fla. 2008) (dismissing RICO conspiracy claim for lack of proximate cause).  Similarly, Plaintiff's Proposed Count II Special Interrogatories do not include an interrogatory questioning whether TD Bank knowingly and willingly became a member of the alleged conspiracy; however, Eleventh Circuit law plainly requires that the plaintiff show that the defendant knowingly and willfully join the alleged conspiracy.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1410 (11th Cir. 1994) ("To be adjudged liable, 'each defendant in a RICO conspiracy case must have joined knowingly in the scheme and been involved himself, directly or indirectly, in the commission of at least two predicate offenses.") (citation omitted).  Plaintiff's Proposed Count II Special Interrogatories also do not include an interrogatory questioning whether the jury found that an overt act constituting an act of racketeering was committed in furtherance of the conspiracy, but this is also required.  *See Beck v. Prupis*, 529 U.S. 494, 504 (2000) ("The principle that a civil conspiracy plaintiff must claim injury from an act of a tortious character was so widely accepted at the time of RICO's adoption as to be incorporated in the common law understanding of 'civil conspiracy.'… We presume, therefore, that when Congress established in RICO a civil cause of action for a person 'injured … by reason of' a 'conspir[acy],' it meant to adopt these well-established common-law civil conspiracy principles.") (citation omitted); *Lockheed Martin Corp.*

*v. Boeing Co.*, 314 F. Supp. 2d 1198, 1217 (M.D. Fla. 2004) (to prove RICO conspiracy must show that member of the conspiracy "committed an overt act of racketeering"); *see also* Fifth Circuit Civil Jury Pattern Instructions, available at http://www.lb5.uscourts.gov/juryinstructions/fifth/2006civil.pdf (same).   TD Bank respectfully submits that its proposed interrogatories for Plaintiff's RICO conspiracy better reflect Eleventh Circuit law.

Second, Plaintiff's Proposed Count II Special Interrogatories misstate the law for the same reason that the law is misstated in Plaintiff's Proposed Count I Special Interrogatories. Plaintiff's Proposed Count II Special Interrogatories fail to differentiate between the alleged acts of TD Bank and those of Scott W. Rothstein, and thus improperly conflate TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

Third, Plaintiff's Count II Special Interrogatories are incomplete.  They omit essential, necessary questions as to elements that the jury must determine including, but not limited to proximate cause, the elements of vicarious liability, and elements of TD Bank's defenses.  TD Bank respectfully requests that the jury verdict questions request a finding as to each claim and defense and, accordingly, use TD Bank's Proposed Count II Special Interrogatories.  TD Bank's Proposed Count II Special Interrogatories completely set forth the analysis of the elements that the jury must make and are required to make in order for the jury to properly render a fair verdict.  In a case this complex, and involving numerous elements, such instructions will assist the jury.

***DEFENDANT'S COUNT II SPECIAL INTERROGATORIES***

1. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the Defendant, TD Bank, N.A. ("TD Bank"), and Scott W. Rothstein entered into a conspiracy to commit a violation of the RICO statute, as defined in the Court's Instructions?

Answer Yes or No: _____

   If you answered "no," please proceed to the next Count.

   If you answered "yes," please proceed to the next question.

2. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the TD Bank "knowingly" and "willingly," that is, voluntarily and intentionally, became a member of the conspiracy, as the term "conspiracy" is defined in the Court's Instructions, by agreeing to either the overall objective of the conspiracy or to commit two acts of racketeering?

Answer Yes or No: _____

   If you answered "no," please proceed to the next Count.

   If you answered "yes," please proceed to the next question.

3. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank or Rothstein committed at least one overt act, that was itself an act of racketeering, in furtherance of a conspiracy?

Answer Yes or No: _____

   If you answered "no," please proceed to the next Count.

   If you answered "yes," please proceed to the next question.

4.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that Coquina was injured in its business or property as a proximate, direct result of TD Bank's participation in a conspiracy?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.
If you answered "yes," please proceed to the next question.


5.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that you found participated in a conspiracy with Rothstein engaged in a conspiracy within the course and scope of his or her employment by TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.
If you answered "yes," please proceed to the next question.


6.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that you found participated in a conspiracy with Rothstein engaged in a conspiracy in furtherance of the business of TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.
If you answered "yes," please proceed to the next question.

*FTL 108,399,345v1 10-19-11*

18

7.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank itself authorized or subsequently acquiesced in a conspiracy with Rothstein of a TD Bank employee or employees?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

8.  If you have answered yes to each of the preceding questions, please calculate what harm you find that Coquina suffered as a direct and proximate result of the conspiracy that you found TD Bank committed with respect to the Plaintiff, Coquina:

$ _____

## COUNT III   FRAUDULENT MISREPRESENTATION

### *PLAINTIFF'S COUNT III SPECIAL INTERROGATORIES*

Do you find from a preponderance of the evidence:

1.  That the Defendants made one or more of those alleged misrepresentations or omissions?

Answer Yes or No _____

2.  That the misrepresentation or omission related to a material existing fact?

Answer Yes or No _____

3.  That the Defendants knowingly, or with reckless disregard for the facts, made the misrepresentation or omitted facts that made other statements materially misleading?

Answer Yes or No _____

4. That the Defendants intended to induce the Plaintiff to rely and act upon the

misrepresentation or omission?

Answer Yes or No _____

5. That the Plaintiff relied upon the misrepresentation or omission and suffered injury or

damage as a result?

Answer Yes or No _____

Note:  If you answered No to any of the preceding Questions skip all remaining

Questions and have your Foreperson sign below.

6.  That the Plaintiff should be awarded the following damages:

a.        Compensatory damages in the amount of $_____; and

     b.     Punitive damages in the amount of $_____.

SO SAY WE ALL.

                        _____
                           Foreperson

DATED: _____

Eleventh Circuit Civil Pattern Jury Instructions, State Claims Instruction 3.1 (2005).

### *OBJECTION TO PLAINTIFF'S COUNT III SPECIAL INTERROGATORIES*

     TD Bank objects to Plaintiff's Proposed Count III Special Interrogatories on several grounds.

     First, Plaintiff's Proposed Count III Special Interrogatories include language from the Eleventh Circuit Pattern Intentional Fraud Special Interrogatories that is not applicable here: specifically, Plaintiff's Proposed Count III Special Interrogatories include optional language from the pattern interrogatories for cases where the plaintiff alleges material false *omissions* in addition to, or in lieu of, false misstatements.  Plaintiff did not allege any omission in its fraud claim (or anywhere else in its Complaint).  (*See* Complaint ¶¶ 83-89.)  In addition, under common law omission theory, unless the owner of the account expressly authorized the Bank to tell third parties how much money was in the owner's account, bank privacy laws would have barred any bank employee from disclosing that information.  In this case, Plaintiff was not a customer of the Bank, and accordingly there was no duty to Coquina.  *See Sroka v. Compass Bank*, No. 2006-CA-001117, 2006 WL 2535656, at *1 (Fla. Cir. Ct. Aug. 31, 2006) ("[a]s a matter of law, a bank does not owe a duty to non-customers regarding the opening and maintenance of its accounts") (citing to, among others, *Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220, 222 (4th Cir. 2002)); *Carl v. Republic Sec. Bank*, 282 F. Supp. 2d 1358, 1372 (S.D.

Fla. 2003), *appeal dismissed,* 2003 WL 22172202 (11th Cir. Aug. 5, 2003) (bank owed no duty of care to a plaintiff "who was not a customer of the bank").   Accordingly, the references to "omissions" in Plaintiff's Proposed Count III Special Interrogatories are improper and should be removed.

Second, Question 5 to Plaintiff's Proposed Count III Special Interrogatories does not fully and accurately characterize Florida law on reliance.  The Florida Supreme Court held in *Besett* that a plaintiff may not rely on a misrepresentation where he or she "knows the representation to be false or its falsity is obvious to him." 389 So. 2d 995, 998 (Fla. 1980).  It is essential to TD Bank's defense that the Special Interrogatory on reliance accurately reflect the discussion in *Besett,* reaffirmed in *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010), that a party may not rely on a misrepresentation where the falsity of that misrepresentation is obvious. Accordingly, TD Bank respectfully submits that its special interrogatory on reliance more accurately characterizes Florida common law.

Third, Plaintiff's Proposed Count III Special Interrogatories include an interrogatory on punitive damages even though Plaintiff already includes a punitive damages interrogatory elsewhere in their Proposed Special Interrogatories.  Because this interrogatory is duplicative of other instructions in Plaintiff's Proposed Special Interrogatories, and because, as stated in TD Bank's Objections to Plaintiff's Proposed Jury Instructions on punitive damages, *supra*, the Special Interrogatory must accurately explain Florida law limiting when punitive damages are assessed against corporations, TD Bank respectfully submits that the punitive damages interrogatory should not be given here, or alternatively, that it be given only with language reflecting TD Bank's proposed additional instruction explaining how Florida law limits the award of punitive damages against corporations.

Fourth, Plaintiff's Proposed Count III Special Interrogatories misstate the law for the same reason that the law is misstated in Plaintiff's Proposed Count I Special Interrogatories. Plaintiff's Proposed Count III Special Interrogatories fail to differentiate between the alleged misrepresentations and actions of TD Bank and those of Scott W. Rothstein, and thus improperly conflates TD Bank with Rothstein, when in fact, Plaintiff must establish each of the elements of its claim, for *each of its claims*, against TD Bank.

Fifth, Plaintiff's Proposed Count III Special Interrogatories do not contain an interrogatory questioning whether the jury has found that Plaintiff proved by a preponderance of the evidence that TD Bank's alleged misrepresentations were a proximate cause of the damages Plaintiff seeks to recover for TD Bank.  Proximate cause is an essential element of a fraud claim under Florida law, and Plaintiff's Proposed Count III Special Interrogatories fail to question the jury whether it has found that Plaintiff's purported reliance on TD Bank's alleged misrepresentations was a substantial factor causing the damages Plaintiff seeks to recover from TD Bank.  The special interrogatories must contain a question reflecting the fact that if Plaintiff would have suffered its same alleged damages whether or not TD Bank's alleged misrepresentations were true, then TD Bank's alleged misrepresentations cannot be found to be a proximate  cause of those damages.  Restatement (Second) of Torts § 546 ("The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss suffered by one who justifiably relies upon the truth of the matter misrepresented, if his reliance is a substantial factor in determining the course of conduct that results in his loss."); *see Simon v. Celebration Co.*, 883 So. 2d 826, 833 (Fla. 5th DCA 2004) ("[F]raud cannot form the basis for recovery of damages unless the damages arise from the fraud and are causally connected to the fraud."); *Morgan Stanley & Co. Inc. v. Coleman (Parent) Holdings Inc.*, 955 So. 2d 1124, 1129 (Fla. 4th DCA

2007) (reversing jury verdict for plaintiff and finding that the plaintiff had failed to prove that its alleged damages would have occurred "had the representations been *true*") (emphasis in original); *Black Diamond Props., Inc. v. Haines*, 940 So. 2d 1176, 1179 (Fla. 5th DCA 2006); *see also Prime Equity Fund, LP v. Lichtman (In re Lichtman)*, 388 B.R. 396, 411 (M.D. Fla. 2008) (although the plaintiffs "certainly have suffered substantial losses due to their purchase of FinancialWeb stock," "the losses are not attributable to any bad act, misrepresentation, or omission" of the defendant).

Sixth, Plaintiff's Count III Special Interrogatories are incomplete.  They omit essential, necessary questions as to elements that the jury must determine including, but not limited to proximate cause, the elements of vicarious liability, and elements of TD Bank's defenses.  TD Bank respectfully requests that the jury verdict questions request a finding as to each claim and defense and, accordingly, use TD Bank's Proposed Count III Special Interrogatories.  TD Bank's Proposed Count III Special Interrogatories completely set forth the analysis of the elements that the jury must make and are required to make in order for the jury to properly render a fair verdict.  In a case this complex, and involving numerous elements, such instructions will assist the jury.

### *DEFENDANT'S COUNT III SPECIAL INTERROGATORIES*

1. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees made one or more false misrepresentations to Coquina?

   Answer Yes or No: _____

   If you answered "no," please proceed to the next Count.
   If you answered "yes," please proceed to the next question.

2.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that you found made one or more false representations to Coquina made such representation within the course and scope of his or her employment by TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

3.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that you found made one or more false representations to Coquina made such false representation in furtherance of the business of TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

4.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank itself authorized or subsequently acquiesced in any misrepresentation you find a TD Bank employee or employees made?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

5.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the misrepresentation related to a material existing fact?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

6.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case that, TD Bank knowingly, or with reckless disregard for the facts, made the misrepresentation?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

7.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, TD Bank intended to induce Coquina to rely and act upon the misrepresentation?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

8.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, Coquina relied upon the alleged misrepresentation by acting to its detriment based on the alleged misrepresentation?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

CASE NO. 10-60786-Civ-Cooke/Bandstra

9.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that if the representations by TD Bank that Coquina alleges were false had been true, Coquina would have suffered the losses it claims it suffered?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

10. If you have answered yes to each of the preceding questions, please calculate what harm you find that Coquina suffered as a direct and proximate result of the specific misrepresentations that you found TD Bank made to Coquina:

$ _____

## COUNT IV    AIDING AND ABETTING FRAUD

### *PLAINTIFF'S COUNT IV SPECIAL INTERROGATORIES*

Do you find from a preponderance of the evidence:

1.  That a fraud existed?

Answer Yes or No _____

2.  That Defendant TD Bank had knowledge of the fraud?

Answer Yes or No _____

3.   That Defendant TD Bank provided substantial assistance to advance the fraud's commission?

Answer Yes or No _____

Note:  If you answered No to any of the preceding Questions skip all remaining Questions and have your Foreperson sign below.

27

4.  That the Plaintiff should be awarded the following damages:

a.        Compensatory damages in the amount of $_____; and

b.        Punitive damages in the amount of $_____.

SO SAY WE ALL.


_____
Foreperson

DATED: _____


### OBJECTION TO PLAINTIFF'S COUNT IV SPECIAL INTERROGATORIES

TD Bank objects to Plaintiff's Proposed Count IV Special Interrogatories on several grounds.

First, Plaintiff's Proposed Count IV Special Interrogatories incorrectly omit an interrogatory questioning whether the jury has found proximate cause as necessary to find that TD Bank substantially assisted in the alleged fraud against Coquina and that TD Bank's alleged conduct was a proximate cause of the damages Coquina seeks to recover from TD Bank.  As TD Bank has briefed to this Court, aiding and abetting fraud should not be recognized as a valid common law cause of action under Florida law.  However, even if it is recognized as a valid common law cause of action, to prove aiding and abetting liability, it is black letter law that Plaintiff can only establish the "substantial assistance" element of its claim by showing that TD Bank's alleged conduct in the alleged fraud against Coquina was a proximate cause of the damages that it seeks to recover from TD Bank.  *See In re Maxxim Med. Group, Inc.*, 434 B.R. 660, 683, 686 (Bankr. M.D. Fla. 2010) (judgment for defendant on aiding and abetting claim where plaintiff failed to show that defendant's assistance in the fraud caused plaintiff's losses); *Temporomandibular Joint (TMJ) Implant Recipients v. Dow Chem. Co.*, 113 F.3d 1484, 1495 (8th Cir. 1997) ("the alleged substantial assistance must be the proximate cause of plaintiffs'

harm") (citations omitted); *In re Optimal U.S. Litigation*, No. 10 Civ. 4095 (SAS), 2011 WL 1676067, at *17 (S.D.N.Y. May 2, 2011) (aiding and abetting claims dismissed where plaintiff's injuries were not caused by the defendant's alleged substantial assistance in the fraud); *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 905 (W.D. Mich. 2010) (plaintiff "must demonstrate that its injury was a direct and reasonably foreseeable result of the [substantial assistance]").  TD Bank respectfully requests that this Court use its proposed special interrogatories on substantial assistance and the proximate causation component of substantial assistance, as it believes that these proposed special interrogatories more accurately question the jury on the elements of a aiding and abetting fraud cause of action

Second, more generally, TD Bank respectfully requests that this Court use its proposed special interrogatories on Plaintiff's aiding and abetting fraud claim.  Even if the cause of action is found to exist under Florida law, the cause of action exists only where Plaintiff is able to show that a fraud *against Plaintiff* was perpetrated, that TD Bank had actual knowledge of the fraud *against Plaintiff*, and that TD Bank substantially assisted in the fraud *against Plaintiff*. Plaintiff's proposed special interrogatories inaccurately suggest that the mere exist of "a fraud" and alleged knowledge of "a fraud" are sufficient; this is not the law.  Instead, Plaintiff must show the existence of a fraud against Plaintiff, *actual* knowledge of that fraud, and TD Bank's substantial assistance (including showing that TD Bank's alleged conduct was a proximate cause of their alleged damages) in that fraud.  TD Bank's proposed special interrogatories more accurately reflect Plaintiff's burden with regard to this claim.

Third, Plaintiff's Count IV Special Interrogatories are incomplete.  They omit essential, necessary questions as to elements that the jury must determine including, but not limited to proximate cause, the elements of vicarious liability, and elements of TD Bank's defenses.  TD

Bank respectfully requests that the jury verdict questions request a finding as to each claim and defense and, accordingly, use TD Bank's Proposed Count IV Special Interrogatories.  TD Bank's Special Interrogatories completely set forth the analysis of the elements that the jury must make and are required to make in order for the jury to properly render a fair verdict.  In a case this complex, and involving numerous elements, such instructions will assist the jury.

### DEFENDANT'S COUNT IV SPECIAL INTERROGATORIES

1. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that Scott Rothstein made false statements of material fact to Coquina?

    Answer Yes or No: _____

    If you answered "no," please proceed to the next Count.
    If you answered "yes," please proceed to the next question.


2. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that it was obvious to Coquina or any of its investors that the representations by Scott Rothstein were false?

    Answer Yes or No: _____

    If you answered "yes," please proceed to the next Count.
    If you answered "no," please proceed to the next question.


3. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that Coquina relied on false statements of material fact made by Rothstein?

    Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

Answer Yes or No: _____

4.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that TD Bank had actual knowledge that Scott Rothstein was engaging in fraud by inducing Coquina to invest in confidential settlements that were fictitious?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

5.  Do you find, by a preponderance of the  evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees knowingly provided substantial assistance to advance the commission of a fraud by Rothstein against Coquina?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

6.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that you found knowingly provided substantial assistance to advance the commission of a fraud by Rothstein against Coquina did so within the course and scope of his or her employment by TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

7. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that a TD Bank employee or employees that you found knowingly provided substantial assistance to advance the commission of a fraud by Rothstein against Coquina did so in furtherance of the business of TD Bank?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

8. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, TD Bank itself authorized or subsequently acquiesced in the knowing provision of substantial assistance to advance the commission of a fraud by Rothstein against Coquina that you found a TD Bank employee or employees made?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

9. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that the damages Coquina seeks to recover were proximately caused by TD Bank's substantial assistance to Rothstein in his fraud against Coquina.?

Answer Yes or No: _____

If you answered "no," please proceed to the next Count.

If you answered "yes," please proceed to the next question.

10. If you have answered yes to each of the preceding questions, please calculate what harm you find that Coquina suffered as a direct and proximate result of TD Bank's substantial assistance in Rothstein's fraud against Coquina:

$ _____

## AFFIRMATIVE DEFENSES

### *DEFENDANT'S AFFIRMATIVE DEFENSE SPECIAL INTERROGATORIES*

Proceed to the following instructions <u>only</u> if you have found for Coquina on one or more of the Counts above.  If you have not found for Coquina on one or more of  the counts above, please skip the following questions and proceed to the end of this form.

### *UNCLEAN HANDS, WAIVER, ESTOPPEL, MITIGATION, OFFSET*

1. Do you find, by a preponderance of the evidence and based upon the facts alleged in this case, that Coquina as a result of its own wrongful or inappropriate actions bears substantially equal responsibility for its alleged losses?

Answer Yes or No: _____

2. Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that Coquina had actual or constructive notice of Rothstein's (and his accomplices') activities, and yet invested, and continued to invest, in his Ponzi scheme?

Answer Yes or No: _____

3.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that Coquina participated knowingly in its investments and therefore had unclean hands making it inequitable for Coquina to recover from TD Bank any of its losses?

Answer Yes or No: _____

4.  Do you find, by a preponderance of the evidence and based upon the facts alleged in this case, that Coquina failed to mitigate any damages suffered as a direct and proximate result of the acts of TD Bank with respect to the Plaintiff.

Answer Yes or No: _____

5.  Do you find, by a preponderance of the evidence presented and based upon the facts alleged in this case, that Coquina's claims are barred, in whole or in part, because Coquina has already recovered the amounts it claims as damages in this action or in other actions or Coquina has received any financial or tax benefit including, but not limited to, any moneys returned or otherwise paid to Coquina through its alleged investments.

Answer Yes or No: _____

### OBJECTION TO DEFENDANT'S AFFIRMATIVE DEFENSE SPECIAL INTERROGATORIES

Plaintiff objects to Defendant's Affirmative Defense Special Interrogatories.  Plaintiff's proposal is a generalized omnibus verdict form – unsupported by any citation to any legal authority – that improperly suggests that each one of TD Bank's separate affirmative defenses generally applies to all of Plaintiff's four separate causes of action.  The omnibus affirmative defense verdict form is improper in that it does not indicate which special interrogatory question applies to which defense and which defense applies to which cause of action.  Accordingly, the

verdict form is misleading and confusing to the jury.  Furthermore, TD Bank's generalized omnibus form does not accurately reflect (1) that <u>TD Bank</u> bears the burden of proof as to its affirmative defenses and (2) <u>each element</u> that must be proven by <u>TD Bank</u>.  Accordingly, Defendant should submit a separate verdict form for each separate affirmative defense, indicating the applicability of that defense to the appropriate cause of action and specifying the elements of each defense it seeks to prove.  Thus, in its current form, TD Bank's omnibus affirmative defense special interrogatories should be stricken.

More specifically, with respect to each affirmative defense, Plaintiff objects as follows:

1.      Estoppel

Plaintiff objects to the omnibus affirmative defense verdict form on estoppel because it is an improper and inaccurate reflection of the law.  The verdict form does not reflect the necessary elements of the defense.  As indicated in Plaintiff's objections to Defendant's jury instruction on estoppel, TD Bank must prove the following elements in order to succeed on this defense:

(1) Coquina misrepresented a material fact;

(2) the misrepresentation was contrary to a later-asserted position made by Coquina;

(2) TD Bank relied on that misrepresentation;

(3) in relying on that misrepresentation, TD Bank changed its position; and

(4) TD Bank's change in its position was detrimental to TD Bank.

*See Spoerr v. Manhattan Nat'l Life Ins. Co*., 2007 U.S. Dist. LEXIS 2752 at *13 (S.D. Fla. Jan. 12, 2007) (In order to prove an equitable estoppel defense, a party must establish: (1) a misrepresentation of a material fact by the actor that is contrary to a later-asserted position, (2) reliance on that misrepresentation by the other party, and (3) a change in position detrimental to the party claiming estoppel that was caused by reliance on the misrepresentation.) (citing *Lennar*

*Homes, Inc. v. Gabb Const. Serv., Inc.*, 654 So. 2d 649, 651 (Fla. 3d DCA 1995)); *see also*

*Regions Bank v. Old Jupiter, LLC*, 2010 U.S. Dist. LEXIS 131443 at \*14 (S.D. Fla. Dec. 13,

2010) ("Estoppel rests on the premise that the party asserting the estoppel has acted in reliance

upon prior inconsistent conduct of another. The essence of estoppel is that person should not be

permitted to unfairly assert inconsistent position.") (citing *Pelican Island Prop Owners Ass'n,

Inc. v. Murphy,* 554 So. 2d 1179 (Fla. 2d DCA 1989)); *Guthartz v. Park Ctr. West Corp.*, 2009

U.S. Dist. LEXIS 12409, \*11 (S.D. Fla. Feb. 5, 2009)( "equitable estoppel requires establishing

proof of fraud, misrepresentation or some other affirmative deception.").

2.      Waiver

Plaintiff objects to the omnibus affirmative defense verdict form on waiver because it is

an improper and inaccurate reflection of the law.  The defense of waiver requires a showing of

knowledge of the fraud, not "actual or constructive notice" of the fraud.  The omnibus verdict

form does not accurately reflect the elements necessary to prove a waiver defense as stated in the

Eleventh Circuit Pattern Jury Instructions.

3.      Unclean Hands

Plaintiff objects to the omnibus affirmative defense verdict form on unclean hands

because this defense does not apply in cases where, as here, Plaintiff seeks to recover monetary

damages and only applies to cases involving claims for equitable relief.  *See Regions Bank v. Old

Jupiter, LLC*, 2010 U.S. Dist. LEXIS 131443, \*16-17 (S.D. Fla. Dec. 13, 2010) (granting

summary judgment for plaintiff on unclean hands defense based on a finding that the doctrine

did not apply to claims for damages, which are claims for "purely legal relief"); *Mente Chevrolet

Oldsmobile, Inc. v. GMAC*, 728 F. Supp. 2d 662, 673-74 (E.D. Pa. July 23, 2010) (discussing

doctrine as equitable defense).  The doctrine of unclean hands is also inapplicable in civil RICO

actions.  *See Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866, 1999 U.S. Dist. LEXIS 15294 at *5-6 (M.D. Fla. Sept. 16, 1999) (citing cases from three circuits and granting plaintiff's motion to strike the defense).

Plaintiff further objects to the unclean hands verdict form because it is an improper and inaccurate reflection of the law.  In order to prove an unclean hands defense, TD Bank must establish that:

(1) Coquina engaged in egregious wrongdoing;

(2) Coquina's wrongdoing is directly related to this litigation;

(3) TD Bank was injured by Coquina's egregious wrongdoing; and

(4) TD Bank's injuries as a result of Coquina's egregious wrongdoing significantly changed the equities between TD Bank and Coquina.

*See Southern Grouts & Mortars, Inc.  v. Minnesota Mining & Mfg. Co*., No. 07-61388, 2008 U.S. Dist. LEXIS 70222, *22 (S.D. Fla. Sept. 16, 2008) (Cooke, J.) (party asserting unclean hands defense must show that the "actions (or inactions) of the party alleged to have unclean hands must exceed mere misconduct or neglect.  Instead, the conduct must be egregious and significantly change the equities . . ."); *Calloway v. Partners Nat'l Health Plans*, 986 F. 2d 446, 450-51 (11th Cir. 1993) (party asserting the unclean hands defense must establish: (1) the other party's alleged wrongdoing is directly related to the matter in the litigation and (2) the asserting party was injured by the offending conduct.).

4.     Offset

Plaintiff objects to the omnibus affirmative defense verdict form on offset because it is an improper and inaccurate reflection of the law.  The proper law regarding offset is as follows: "the purpose of setoff is to prevent a party from recovering twice for the same damages." *Blasland,*

*Bouck & Lee v. City of N. Miami*, 283 F.3d 1286, 1295 (11th Cir. 2002).  Coquina's "financial or tax benefits" and "damages in other actions" are not relevant to the issue of whether it has recovered twice for the same damages, i.e., the damages it seeks in this matter.

5.      Mitigation

Plaintiff objects to the omnibus affirmative defense verdict form on mitigation because it is an improper and inaccurate reflection of the law.  The verdict form does not accurately reflect the elements necessary to prove this defense as stated in the Eleventh Circuit Pattern Jury Instructions.

Respectfully submitted this 18th day of October, 2011.


By:  _/s/ David S. Mandel__                          By:  _/s/ Mark P. Schnapp_____

                                                           MARK P. SCHNAPP

MANDEL & MANDEL LLP                              Florida Bar No. 501689
169 East Flagler Street, Suite 1200              *schnappm@gtlaw.com*
Miami, Florida 33131                             HOLLY R. SKOLNICK
Telephone:  305.374.7771                         Florida Bar No. 390860
Facsimile:  305.374.7776                         *skolnickh@gtlaw.com*
                                                 GREENBERG TRAURIG, P.A.
                                                 333 Avenue of the Americas
DAVID S. MANDEL                                  Miami, Florida  33131
 Florida Bar No. 38040                           Telephone:  (305) 579-0500
dmandel@mandel-law.com                           Facsimile:  (305) 579-0717

NINA STILLMAN MANDEL                             And
 Florida Bar No. 843016

JASON B. SAVITZ                                  GLENN E. GOLDSTEIN
 Florida Bar. No. 36444                          Florida Bar No. 435260
                                                 *goldsteing@gtlaw.com*
                                                 GREENBERG TRAURIG, P.A.
*Attorneys for Coquina Investments*              401 East Las Olas Boulevard
                                                 Suite 2000
                                                 Fort Lauderdale, FL  33301
                                                 Telephone:  (954) 765-0500
                                                 Facsimile:  (954) 765-1477

                                                  And

                                                 DONNA M. EVANS, Admitted *Pro
                                                 Hac Vice*
                                                 Massachusetts Bar No. 554613
                                                 *evansd@gtlaw.com*
                                                 GREENBERG TRAURIG, LLP
                                                 One International Center
                                                 Boston, MA  02110
                                                 Telephone:  (617) 310-6000
                                                 Facsimile:  (617) 310-6001

                                                 *Attorneys for Defendant, TD Bank, N.A.*