# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-60786-Civ-COOKE/BANDSTRA

COQUINA INVESTMENTS,

      Plaintiff,

vs.

SCOTT W. ROTHSTEIN and TD BANK, N.A.,

      Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

THIS MATTER is before me on the parties' Joint Summary of Motions in *Limine* (ECF No. 462).  Defendant TD Bank has presented five motions in *limine* and Plaintiff Coquina Investments has presented one motion in *limine*.  I will review each Motion in turn.[1]

"The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  Any evidence, tending to make the existence of any fact of consequence more probable or less probable, is relevant and admissible, except as the Federal Rules of Evidence otherwise provide.  Fed. R. Evid. 401 & 402.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.

---

[1] The facts of this case are set forth in my January 20, 2011 Order denying Defendant's Motion to Dismiss.  (ECF No. 87).

I have reviewed the parties' argument, the record, and the relevant legal authorities.  For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the Defendant's Motions in *Limine* are **GRANTED in part** and **DENIED in part**, and the Plaintiff's Motion in *Limine* is **DENIED**, as follows:

1. Defendant TD Bank's Motion in *Limine* (ECF No. 215) to exclude Spinosa's deposition testimony is **GRANTED**.  At this deposition, Spinosa invoked his Fifth Amendment privilege to all substantive questions.  Spinosa is not a party to this action.  TD Bank seeks to exclude Spinosa's testimony and requests that no adverse inference be drawn against TD Bank. When determining whether an adverse inference may be drawn against a party from a non-party's invocation of the Fifth Amendment privilege, a trial court should consider: "(1) the nature of the relevant relationships; (2) the degree of control of the party over the non-party witness; (3) the compatibility of the interests of the party and non-party witness in the outcome of the litigation; and (4) the role of the non-party witness in the litigation." *SEC v. Monterosso*, 746 F. Supp. 2d 1253, 1263-64 (S.D. Fla. 2010) (citing *Libutti v. United States*, 107 F.3d 110, 123-24 (2d Cir, 1997)).  "[T]he nature of the relationship will invariably be the most significant circumstance." *LiButti*, 107 F.3d at 123.  "[T]he overarching concern is fundamentally whether the adverse inference is trustworthy under all the circumstances and will advance the search for truth." *Id*. at 124.

When Coquina took Mr. Spinosa's deposition, he was no longer a TD Bank employee because TD Bank had fired him.  Even though TD Bank was paying his legal fees at the time of his deposition, Spinosa refused to cooperate in TD Bank's internal investigation because his attorney advised him not to do so.  (DiToro Dep. 306:24-308:11).  The evidence therefore indicates that, at the time of his deposition, TD Bank and Spinosa did not have a close

relationship, and Spinosa had little, if any, loyalty to TD Bank.  Moreover, it does not appear that the fact that TD Bank continued paying Spinosa's legal fees allowed the bank to exert any control of its former employee, as he refused to communicate or cooperate with the bank's efforts to conduct an internal investigation.  *See United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 61 n.25 (D.D.C. 2007) (declining to draw adverse inference against party where non-party was no longer an employee when he invoked the privilege and party exercised no control over him).  Further, Spinosa's refusal to cooperate with the bank further demonstrates that his interests may not be compatible with those of the bank. *See generally Fujisawa Pharma. Co. v. Kapoor*, No. 92-5508, 1999 WL 543166, at *9 (N.D. Ill. 1999) (finding inference untrustworthy where non-party, former employees who invoked the privilege did not have an identity of interest with the party, their former employer).  Although Spinosa has a key role in this litigation, consideration of the factors noted above convinces me that the inference would not be trustworthy, and should be excluded under Rule 403 of the Federal Rules of Evidence.

2. Defendant TD Bank's Motions in *Limine* (ECF No. 216 and 217) to exclude TD Bank audit reports and bank polices are **DENIED without prejudice**.  TD Bank argues that the reports and policies are irrelevant, will not assist the trier of fact, will confuse the jury, and are highly prejudicial.  Violation of bank policies may be relevant to showing a bank conducted its business in an atypical way, which is circumstantial evidence of knowledge.  *See, e.g*, *Woodward v. Metro Bank of Dallas,* 522 F.2d 84, 97 (5th Cir.1975); *Am. Bank of St. Paul v. TD Bank, N.A.*, No. 09-2240, 2011 WL 1810643, at *8 (D. Minn. May 9, 2011); *Metz v. Unizan Bank,* No. 05-1510, 2008 WL 2017574, at *18 (N.D. Ohio May 7, 2008); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1120-21 (C.D. Cal. 2003).  Here, TD Bank has not specifically identified the

materials that it seeks to preclude.  Because "audit reports" and "bank polices" may encompass a range of materials—some relevant and admissible, others not so—I will refrain from entering a blanket order at this stage.  I will consider the materials on a case-by-case basis.

3.  Defendant TD Bank's Motion in *Limine* (ECF No. 218) to preclude evidence or reference to any acts alleged by other purported investors involving TD Bank is **DENIED without prejudice**.  TD Bank argues that "other than vague references to other 'victims' and unspecified acts, Coquina failed to provide the identity of these victims and the specific conduct involving TD Bank and these unidentified people."  Def.'s Mot. 2.  This Court has no means to analyze the evidence TD Bank seeks to preclude, as TD Bank apparently does not know what evidence Coquina will attempt to introduce at trial regarding other investors.  To the extent TD Bank argues Coquina may not present undisclosed evidence regarding other victims, I agree that a party may not introduce previously undisclosed evidence for the first time at trial.  However, TD Bank's motion is premature, as I cannot preclude unidentified evidence in a vacuum, without the benefit of understanding the context in which the plaintiff seeks to introduce it and its evidentiary foundation.  I will address TD Bank's objections on a case-by-case basis.

4.  Defendant TD Bank's Motion in *Limine* (ECF No. 224) to preclude evidence not previously disclosed is **DENIED**.  TD Bank seeks to preclude evidence that Spinosa made representations to Coquina that approximately $22 million was held in an RRA account.  This evidence is related to pled issues.  Coquina's Complaint alleged that Spinosa "conferred with Coquina's representatives on different occasions, both in person and via telephone, confirming that the funds that Rothstein said were held for Coquina were being maintained in a TD Bank account for the sole and exclusive benefit of Coquina."  Through deposition testimony, TD Bank learned as early as March 31, 2011, that Spinosa represented that $22 million was held in an

RRA account. The only difference between that evidence and Coquina's pleadings is the level of detail regarding Spinosa's alleged representations.  TD Bank argues that Coquina did not timely supplement its discovery responses.  However, any failure to disclose is harmless, as TD Bank has known about this evidence since March 31, 2011.  It should not be a surprise to TD Bank now that Coquina intends to use this evidence to support its case.

5. Plaintiff's Motion in *Limine* (ECF No. 453) to exclude testimony from Michael Szafranski is **DENIED**.  TD Bank intends to call Szafranski to testify as a fact witness. Szafranski brokered the investment deal between Rothstein and Coquina.  His testimony is relevant to this action.  It is possible that he may decide to invoke his Fifth Amendment right, or he may not.  If he does decide to invoke his Fifth Amendment right, a limiting instruction may be necessary.  However, this Court will not bar a properly disclosed fact witness from testifying simply because he may choose to invoke his Fifth Amendment rights.  *See FDIC v. Fidelity & Deposit Co. of Md.*, 45 F.3d 969, 978 (5th Cir. 1995) ("we refuse to adopt a rule that would categorically bar a party from calling, as a witness, a non-party who had no special relationship to the party, for the purpose of having that witness exercise his Fifth Amendment right.").  I further note that, in reviewing the *Libutti* factors, this Court is not convinced, based on the arguments and evidence presented, that an adverse inference against Coquina would be trustworthy.  However, a ruling on this issue is premature.

**DONE and ORDERED** in chambers, at Miami, Florida, this 19th day of October 2011.


_Marcia G. Cooke_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*