UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60786-Civ-COOKE/BANDSTRA

COQUINA INVESTMENTS,

    Plaintiff,

vs.

SCOTT W. ROTHSTEIN and TD BANK, N.A.,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

THIS MATTER is before me on the Plaintiff's Motion for Leave to Amend or Supplement its Complaint and for Alternative Relief. (ECF No. 562). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided in this Order, the Plaintiff's Motion is denied.

Although leave to amend is "freely given when justice so requires," it is "not an automatic right." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (citations omitted). A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Id.* (internal quotation marks omitted). "[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002).

Discovery closed in this case on April 11, 2011, with some limited exceptions for which the Court granted an extension of time. The deadline for filing dispositive motions was May 11, 2011. Trial is set to commence on October 25, 2011. Coquina seeks to amend its RICO claims, which this Court dismissed in its Order on Cross Motions for Summary Judgment (ECF No. 547). I dismissed Coquina's RICO claims because Coquina failed to present any evidence that TD Bank derived some benefit from the alleged Ponzi scheme, and Coquina specifically alleged a closed-ended pattern of racketeering activity, which failed as a matter of law.

Coquina states that its banking expert only testified to the fact that TD Bank received a significant monetary benefit from its participation in Rothstein's scheme after summary judgment. It is unclear whether Coquina's expert could testify as to that opinion at trial if the opinion was not included in her expert report. Even if I were to allow Coquina to amend its Complaint to include such allegations, the amendment would be futile, as Coquina's RICO claims would still fail for failure to establish a pattern of racketeering activity under the closed-ended continuity test. Coquina fails to show why it did not timely amend its Complaint after the close of discovery or before the deadline for filing dispositive motions to allege an open-ended pattern of racketeering activity. I find that allowing Coquina to amend its Complaint at this late stage of litigation would unduly prejudice TD Bank.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Plaintiff's Motion for Leave to Amend or Supplement its Complaint (ECF No. 562) is **DENIED**. No continuance of trial will be granted.

**DONE and ORDERED** in chambers, at Miami, Florida, this 24th day of October 2011.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*