UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COQUINA INVESTMENTS
    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.
    Defendants,

NO. 10-60786-Civ-Cooke/Bandstra

## DEFENDANT TD BANK, N.A.'S BENCH MEMORANDUM REGARDING THE TRIAL TESTIMONY OF FRANK SPINOSA

Defendant TD Bank, N.A. ("TD Bank" or the "Bank") respectfully submits this Bench Memorandum regarding Coquina's intention to call Frank Spinosa, a former TD Bank regional vice-president and non-party witness in this case, to testify at trial.

### I. If this Court Allows Mr. Spinosa to Testify, his Testimony Should be Heard Outside of the Presence of the Jury.

If this Court decides that it would like to hear testimony from Mr. Spinosa, TD Bank respectfully submits that Mr. Spinosa's testimony should be heard outside of the presence of the jury. This procedure is essential to prevent prejudice to TD Bank for two reasons. First, even if this Court decides that its Omnibus Order on Motions in Limine on October 19, 2011 (D.E. 548) (the Court's "Spinosa Order") does not apply to Mr. Spinosa's trial testimony, TD Bank respectfully submits that the case law cited and discussed in the Spinosa Order nonetheless makes clear that, where a nonparty former employee such as Spinosa intends to assert his Fifth Amendment privilege and does not have a relationship with his former employer or interests compatible with his former employer (*see* Spinosa Order at 2-3), an adverse inference from that former employee's privilege assertion would be untrustworthy and cannot be drawn (*see id.*; *see*

*also* TD Bank's Motion *in Limine* to Exclude Spinosa Deposition ("Motion *in Limine*") (D.E. 215) at 3-9 (discussing cases)).

Second, TD Bank believes that, if Mr. Spinosa is called to testify and Coquina is allowed to question him in front of the jury, Coquina will pose improper and inflammatory questions unsupported by fact designed to damage Mr. Spinosa and impermissibly link Spinosa to TD Bank, knowing that Spinosa will only assert his Fifth Amendment privilege in reply. Coquina did exactly that in its questioning during Mr. Spinosa's deposition: As shown in TD Bank's Motion in *Limine*, Coquina used Mr. Spinosa's Fifth Amendment assertions to ask a series of preposterous and leading questions aimed at establishing each of the elements of each of its claims and at laying the foundation for adverse inferences even though Coquina knew that there were no facts supporting such inferences. (*See* Motion *in Limine* at 9-10 (listing questions asked by Coquina's counsel).) To prevent the prejudice to TD Bank that would inevitably occur if Coquina is permitted to pose harmful and unsupported questions to Mr. Spinosa knowing that Mr. Spinosa will only assert his Fifth Amendment privilege in reply, this Court should allow Coquina to question Mr. Spinosa, if at all, only outside of the presence of the jury.

**II.   If this Court Requires Mr. Spinosa to Testify and Assert his Fifth Amendment Privilege in Front of the Jury, this Court Should Require Coquina to Submit a List of Proposed Questions Before His Testimony so that this Court has an Opportunity to Review and Rule on Disputed Questions.**

For the reasons stated above, TD Bank submits that Mr. Spinosa, a nonparty with no existing relationship to TD Bank who intends to assert his Fifth Amendment privilege in response to all substantive questions asked, should not testify in front of the jury, as he is being called by Coquina *solely* so that Coquina can attempt to generate adverse inferences against TD Bank. Nonetheless, TD Bank respectfully suggests that, if this Court decides to allow Coquina's counsel to question Mr. Spinosa, and decides that this questioning should be in the jury's

presence, this Court should require Coquina to submit a list of questions it intends to ask Mr. Spinosa to the Court before Mr. Spinosa testifies. This will provide an opportunity for TD Bank to object to impermissibly prejudicial questions before they are asked, and will allow Coquina to make an offer of proof as to the facts underlying its questions. This procedure will allow the Court to rule on each disputed question, and to evaluate the untrustworthiness of any inference the question suggests should be drawn (*see* Spinosa Order 2-3), before the question is asked in front of the jury.

The procedure described above is consistent with well-established federal precedent requiring that (i) before an adverse inference is drawn against a witness invoking the Fifth Amendment privilege, there must be independent, corroborating evidence admitted in the record to support the inference, (ii) there must a "good faith basis" grounded in admissible facts when questioning a witness, regardless of whether that witness asserts the Fifth Amendment or whether an adverse inference is sought, and (iii) a trial court prevents the jury from being prejudiced by inadmissible evidence and improper questions.

First, an adverse inference may only be drawn against a witness invoking his or her Fifth Amendment if there is independent, corroborating evidence to support the inference. In *Baxter v. Palimigiano*, the Supreme Court held that in a civil proceeding a witness' invocation of the Fifth Amendment privilege against self-incrimination in response to questioning could not give rise to an adverse inference unless there were facts in the record to support the inference. 425 U.S. 308, 317-18 (1976). The Court stressed the requirement that the inquiring party seeking the adverse inference offer "probative evidence" against the invoking witness. *Id.* at 318. Courts interpreting *Baxter* have been "uniform" in holding that "the key to the *Baxter* holding is that such an adverse inference can only be drawn when independent evidence exists of the fact to

3

which the party refuses to answer." *Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (emphasis added).[1] Thus, courts have consistently held that "[w]hen…no corroborating evidence…support[s] the fact under inquiry, the proponent of the fact must come forward with evidence to support the allegation." *Id.* at 1264; *see G.C. v. School Board of Seminole Cty., Florida*, 639 F. Supp. 2d 1295, 1298 n.3 (M.D. Fla. 2009) (no adverse inference where there is no independent evidence presented); *see also, e.g., Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988, 1005 (W.D. Wash. 2004) (court discussed the documentary evidence admitted into the record as to inferences supporting questions asked to witness invoking the Fifth Amendment); *In re Winstar Comms., Inc.*, 348 B.R. 234, 281-83 (Bankr. D. Del. 2005) (regarding questions asked to witness invoking the Fifth Amendment privilege, the court detailed the independent corroborative evidence used to support each inference); *Strong v. Progressive Roofing Services*, No. 05-1023-PHX-EHC, 2007 WL 2410354, *7 (D. Ariz. Aug. 20, 2007) (question to witness invoking Fifth Amendment was supported with independent evidence).

Second, whether or not the questioner intends to lay a foundation for an adverse inference, there must be a good faith basis for each question asked. *See United States v. Belk*, No. 01 CR 180(LTS), 2002 WL 264894, at *2 (S.D.N.Y. Feb. 22, 2002) (court will determine whether questioner has "demonstrated a good faith basis, by a proffer of admissible evidence…to the question of the action or credibility of the particular witness.") In fact, "[t]he trial court may, in its discretion, preclude questions for which the questioner cannot show a good faith basis."

---

[1] In *Glanzer*, the plaintiff's attorney complained that, if the Ninth Circuit's understanding of *Baxter* was correct, then "every time an individual invokes the [Fifth Amendment] privilege, the Court will be required to analyze the underlying evidence and determine its admissibility prior to any ruling on the actual claim of Privilege." 232 F. 3d at 1267. The Ninth Circuit responded that this is "exactly what the law requires of the district court." *Id.* at 1267; *see also Kontos v. Kontos*, 968 F.Supp. 400, 409 (S.D. Ind. 1997) (citing *Baxter* and concluding "an analysis of that [probative] evidence is nonetheless required.").

4

*United States v. Katsougrakis*, 715 F.2d 769, 778-79 (2d Cir. 1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984); *United States v. Adames*, 56 F.3d 737, 745 & n.5 (7th Cir. 1995) (holding that trial court properly excluded questioning of witness about murder where no good faith basis for the question existed); *United States v. Guay*, 108 F.3d 545, 552-53 (4th Cir. 1997) ("A cross-examiner inquiring into specific instances of a defendant's misconduct must have a good-faith factual basis for such questions.").

Third, and finally, this Court should prevent inadmissible evidence and improper questions asked by counsel from being heard by the jury. Federal Rule of Evidence 103(c) states, "[i]n jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." The Advisory Committee Notes to the Rule state, in relevant part, "[t]his subdivision proceeds on the supposition that a ruling which excludes evidence in a jury case is likely to be a pointless procedure if the excluded evidence nevertheless comes to the attention of the jury;" *see Williams v. Board of Regents of the Univ. System. of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980) (Fed. R. Evid. 103(c) and 104 allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury); *Adames*, 56 F.3d at 744 ("[This] court's practice of hearing matters outside the presence of the jury is in accord with Fed. R. Evid. 103(c).... The obvious purpose of this rule is to prevent evidence which should be excluded from coming to the jury's attention.").

Accordingly, TD Bank requests that, if this Court allows Coquina's counsel to question Mr. Spinosa in the jury's presence, this Court requires that Coquina submit a list of questions it intends to ask Mr. Spinosa to the Court before Mr. Spinosa testifies, that TD Bank has an

5

Greenberg Traurig, P.A. Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

opportunity to object to improper questions that are not supported by the record, and that this Court decide whether the disputed questions may be asked to Mr. Spinosa. TD Bank also respectfully suggests that, if Mr. Spinosa is allowed to testify in the jury's presence, this Court should provide a cautionary instruction before Spinosa testifies similar to the proposed jury instruction on adverse inferences submitted by TD Bank on October 18, 2011 (*see* D.E. 539 at 177-78), as a cautionary instruction will be essential to preventing undue prejudice to TD Bank. TD Bank respectfully requests that this Court read the following cautionary instruction to the jury:

> Frank Spinosa is a former employee of TD Bank. When Mr. Spinosa testifies, he will invoke his privilege against self-incrimination, guaranteed to him under the Fifth Amendment, in response to many of the questions he is asked. I instruct you that it is his constitutional right to do so. I further instruct you that may infer from his refusal to certain questions that the answer would have been harmful to him only if you find that the inference is warranted by the facts of the case, and that there is independent, corroborating evidence for this inference.[2] However, you are not to infer that such testimony would be adverse to TD Bank.[3]

This cautionary instruction will explain to the jury that it is not required to draw adverse inferences from Mr. Spinosa's invocation of the Fifth Amendment and that it should not do so

---

[2] *Baxter v. Palmigiano*, 425 U.S. 308, 317, 319 (1976) (quoting *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153-54 (1923); *Arango v. U.S. Dept. of the Treasury*, 115 F.3d 922, 926 (11th Cir. 1997); *United States v. Certain Real Property*, 55 F.3d 78, 82-83 (2d Cir. 1995); *FDIC v. Fidelity & Deposit Co. of Maryland*, 45 F.3d 969, 977-79 (5th Cir. 1995); *RAD Servs., Inc. v. Aetna Casualty and Surety Co.*, 808 F.2d 271, 275 (3d Cir. 1986); *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.3d 509, 512-22 (8th Cir. 1984); *Brinks, Inc. v. New York*, 717 F.2d 700, 708 (2d Cir. 1983); *Bernal v. All Am. Investment Realty, Inc.*, 479 F. Supp. 2d 1291, 1337 (S.D. Fla. 2007); *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp., Inc.*, No. 04-80132-CIV, 2006 WL 1789018, *14 (S.D. Fla. May 30, 2006).

[3] (Spinosa Order 2-3.) *See also Libutti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997); *In re WorldCom, Inc.*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007); *In re WorldCom*, 377 B.R. 77, 109 (Bankr. S.D.N.Y. 2007); *Veranda Beach Club Ltd. P'ship v. Western Surety Co.*, 936 F.2d 1364, 1374 (1st Cir. 1993); *see also U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 61 n.25 (D.D.C. 2007); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2003 WL 21998980, at *3 (S.D.N.Y. Aug. 22, 2003); *Fujisawa Pharm. Co., Ltd. v. Kapoor*, No. 99 CC 5508, 1999 WL 543166, at *9 (N.D. Ill. July 21, 1999).

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131-3238 | Tel 305.579.0500 | Fax 305.579.0717 |

unless the inference is warranted by the circumstances of the case and supported by independent, corroborating evidence. It will further explain to the jury that if it finds that an adverse inference *is* warranted against Mr. Spinosa, the jury must then consider whether an adverse inference is warranted against *TD Bank*. The instruction offered by Coquina in its proposed instructions and again in its Trial Brief improperly suggests to that jury that it may draw adverse inferences, without more, against both Mr. Spinosa and TD Bank. As this Court made clear in the Spinosa Order, the jury may not draw an adverse inference against TD Bank. (Spinosa Order 2-3.)

Respectfully submitted this 8th day of November, 2011.

> GREENBERG TRAURIG, P.A.
> 333 Avenue of the Americas
> Miami, Florida 33131
> Telephone: (305) 579-0500
> Facsimile: (305) 579-0717
>
> /s/ *Mark P. Schnapp*
> MARK P. SCHNAPP
> Florida Bar No. 501689
> *schnappm@gtlaw.com*
> HOLLY R. SKOLNICK
> Florida Bar No. 390860
> *skolnickh@gtlaw.com*
>
> GREENBERG TRAURIG, P.A.
> GLENN E. GOLDSTEIN
> Florida Bar No. 435260
> 401 East Las Olas Boulevard, Suite 2000
> Fort Lauderdale, FL 33301
> Telephone: (954) 765-0500
> Facsimile: (954) 765-1477
>
> and

GREENBERG TAURIG, LLP
DONNA M. EVANS
Massachusetts Bar No. 554613
(admitted *pro hac vice*)
One International Center
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001

***Attorneys for TD Bank, N.A.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark P. Schnapp*
MARK P. SCHNAPP

## SERVICE LIST

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida 33131
Telephone: (305) 374-7771
Facsimile: (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Counsels for Plaintiff*

Greenberg Traurig, P.A. Attorneys at Law | 333 Avenue of the Americas Suite 4400 | Miami, Fl 33131-3238