UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

    Defendants.

**DEFENDANT TD BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ADMIT INTO EVIDENCE THE
DEPOSITION TESTIMONY OF SCOTT W. ROTHSTEIN**

Defendant TD Bank, N.A. ("TD Bank"), by its undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion to Admit into Evidence the Deposition Testimony of Scott W. Rothstein (the "Motion") [D.E. 718]. Coquina made absolutely no effort to take Rothstein's deposition or compel him to come to trial. In fact, Coquina **opposed** TD Bank at every turn when TD Bank sought to compel Rothstein to trial. And, when the Court specifically asked Coquina whether it intended or desired to call Rothstein at trial, Coquina's counsel emphatically said "no" and thus declined an opportunity to have a writ issued. Therefore, any exception under Fed. R. Evid. 804 is not available to Coquina. Moreover, based upon this express representation, TD Bank took no further action to secure Rothstein's testimony in his testimony in this case.

Moreover, Rothstein's testimony is inadmissible hearsay under Fed. R. Evid. 801. Coquina's argument that Rothstein's deposition is admissible as an admission against TD Bank is flawed. Fed. R. Evid. 801(d)(2) is clear -- Rothstein's testimony cannot be used as an

admission against a TD Bank, a co-party, as discussed below. Accordingly, no hearsay exceptions apply and Coquina's Motion should be denied.

I.     FACTUAL BACKGROUND

On August 2, 2011, TD Bank filed a motion with this Court seeking the issuance of a Writ of *Habeas Corpus ad Testificandum* (hereinafter, the "Motion for Writs") compelling the United States Government to produce Rothstein as a witness at the trial of this matter. On August 18, 2011, Coquina filed an opposition to the Motion for Writs, in which Coquina states flatly that "**Rothstein and Debra Villegas are not critical witnesses in this case** …." Plaintiff's Omnibus Response in Opposition to Defendant TD Bank, N.A.'s Motions for Issuance of Writs of *Habeas Corpus ad Testificandum* For Federal Prisoners Scott Rothstein and Debra Villegas ("Plaintiff's Opp.") at p.7. Significantly, during the hearing on the Motion for Writs, Coquina represented to this Court that it "absolutely" did not want Rothstein to appear as a witness during trial. Thus, it has consistently been Coquina's position in this case that Rothstein is not a critical witness and that he should not be required by this Court to appear to testify in person at this trial. TD Bank relied on Coquina's representation that it was not going to call Scott Rothstein as a witness.

Now, however, after declaring that Rothstein's testimony was not critical, and having done everything in its power to ensure that Rothstein did not appear in person to testify during this trial, Coquina takes the remarkable position that Rothstein's testimony is essential to answer "several core" questions that are "central to this litigation." This position -- that Rothstein's testimony is suddenly critical to its case -- is the polar opposite of every representation that Coquina has made to this Court regarding the importance of his testimony since August. Coquina cannot have it both ways. Indeed, the effect of Coquina's complete turnaround has the

appearance of a strategic effort to have this Court declare Rothstein unavailable so that his deposition testimony can be used without risk to Coquina. This Court should reject Coquina's stratagem.

Had Coquina indicated that it wanted to call Rothstein as a witness, TD Bank would have asked the Court to issue a writ to allow a deposition with Rothstein that was focused solely on the issues in this case. Further, Coquina was well aware that Rothstein's deposition was scheduled for December 12th, which was the same day Coquina rested its case. When TD Bank deposed Rothstein, it was without knowledge that Coquina would try to use it here. Such tactics smack of procedural gamesmanship and should not be rewarded.

## II.   LEGAL STANDARDS

Rule 32 of the Federal Rules of Civil Procedure allows that "all or part of a deposition may be used against a party" in certain, limited circumstances. See Fed. R. Civ. P. 32(a)(1). First, "the party [the deposition is being used against] was present or represented at the taking of the deposition and had reasonable notice of it." *Id*. at 32(a)(1)(A). Second, "[the deposition] is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." *Id*. at 32(a)(1)(B). Finally, the circumstances for the depositions use must be enumerated in 32(a)(2) through (8). *Id.* at 32(a)(1)(C). Because the use of Rothstein's deposition is not permitted under the Federal Rules of Evidence, the second requirement is not satisfied, and Coquina, therefore, may not introduce that deposition into evidence.

Under Federal Rule of Evidence 801, hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Pursuant to Federal Rule of Evidence 802, the

Hearsay Rule, hearsay is not admissible unless the hearsay satisfies one of the enumerated exceptions to the rule. Rothstein's deposition testimony does not fit that strict criteria.

Coquina has argued to this Court that Rothstein's deposition testimony is admissible because Rothstein is unavailable pursuant to Federal Rule of Evidence 804 and because Rothstein's testimony is a party admission under Rule 801. Coquina is wrong on both counts.

## III.  ARGUMENT

### A.  ROTHSTEIN IS NOT "UNAVAILABLE" PURSUANT TO FEDERAL RULE OF EVIDENCE 804(a).

Rule 804 of the Federal Rules of Evidence sets forth exceptions to the hearsay rule that allow hearsay testimony to be introduced into evidence when the declarant is "unavailable." *See* Fed. R. Evid. 804. Rule of Evidence 804(a)(5) provides that a witness will be "unavailable" under the rule where the witness, "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance by process or other reasonable means." Fed. R. Evid. 804(a)(5). Moreover, Rule 804 provides that "[a] declarant is not unavailable as a witness if … absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying." Indeed, in order for a witness to be declared unavailable under Rule of Evidence 804, the proponent of the testimony must make a good faith and diligent effort to locate and compel the witness to appear. *See Perricone v. Kansas City Southern Ry. Co.*, 630 F.2d 317, 321 (5th Cir. 1980) (finding that witness was not unavailable where plaintiff in personal injury action did not act with sufficient diligence to locate and compel non-party witness to appear).[1]  Diligent or reasonable efforts include service of a subpoena on the declarant to testify at the hearing, attempts to depose the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted all decisions of the former United States Court of Appeals for the Fifth Circuit as binding precedent.

4

declarant, or some other showing of a good faith effort to secure the declarant's attendance, such as witnesses explaining why the declarant is unavailable to testify. *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 272 (S.D. Ohio 1999) (citing Fed. R. Evid. 804(a)(5) Advisory Committee Notes -- rule designed primarily to require that an attempt be made to depose a witness, as well as to seek his attendance, as a precondition to the witness being deemed unavailable); *Simulnet East Ass. v. Ramada Hotel Operating Co.*, Nos. 95–16339, 95–16340, 1997 WL 429153 * 6 (9th Cir. July 31, 1997) ("Where no attempt has been made to depose a witness, that witness cannot be said to be unavailable."); *see also In re Printup*, 264 B.R. 176, 179 (E.D. Tenn. 2001) ("To demonstrate that witness is not 'available,' for purposes of admitting his/her out-of-court statements under hearsay exception, proponent of statement must prove that reasonable, good faith steps were taken to subpoena witness, even though it appears that those efforts would possibly be fruitless.")  Because Coquina made no effort to compel Rothstein to appear at trial -- and, to the contrary, Coquina expressly opposed TD Bank's efforts to do so and answered this Court's question as to whether Coquina counsel wished to have Rothstein appear an testify at trial -- Rothstein is not unavailable as a matter of law.

As discussed above, TD Bank asked this Court to issue Writs of *Habeas Corpus ad Testificandum* for Rothstein and Villegas.  It was within this Court's power and authority to issue the writs and require Rothstein to appear to testify in this matter in person.  Coquina, however, chose to oppose that motion.  Moreover, during the hearing on September 28, 2011, this Court directly asked counsel for Coquina, David Mandel, if Coquina was "seeking to call Mr. Rothstein" as a witness during trial.  Mr. Mandel responded by telling this Court, "[n]o, absolutely not, Your Honor; I'm not."  Transcript of Status Hearing Before the Honorable Marcia G. Cooke, September 28, 2011, p. 5:11.  Thus, to the extent Rothstein cannot -- in a

timely fashion -- be made to appear during this trial, that inability to appear was created by Coquina and its counsel. It is axiomatic that "the sponsor of a declarant's former testimony may not create the condition of unavailability and then benefit therefrom." *United States v. Kimball*, 15 F.3d 54, 55-56 (5th Cir. 1994). As a result, Rothstein cannot be considered "unavailable" under the Federal Rules of Evidence, and his deposition testimony is, therefore, inadmissible during this trial.

### B. ROTHSTEIN'S DEPOSITION TESTIMONY CANNOT BE USED AGAINST TD BANK UNDER FEDERAL RULE OF EVIDENCE 801(d)(2).

It is clear from Coquina's Motion that it is seeking to use Rothstein's deposition testimony, not against Rothstein, but against TD Bank. Fed. R. Evid. 801(d)(2)(A) provides an exception to the hearsay rule for an opposing party's statement when it is offered against *that opposing party*, not a co-party. Thus, Coquina could potentially use Rothstein's testimony against Rothstein (who has currently defaulted and who has not been present at trial), but not against TD Bank. Similarly, Coquina cannot claim that Rothstein's testimony can be used under the co-conspirator exception set forth in Rule 801(d)(2)(E) which allows for a hearsay exception for statements made by the party's co-conspirator during and in furtherance of the conspiracy. Even if Coquina could prove that Rothstein and TD Bank were co-conspirators, once Rothstein was arrested and, in this case -- jailed, the conspiracy was completed at the time Rothstein was deposed. Therefore, Rothstein's deposition testimony cannot be found to have been made "during and in furtherance of the conspiracy."

Because Rothstein's deposition testimony against TD Bank does not fall under either Fed. R. Evid. 801 exception, Coquina should not be permitted to use it at trial.

      **C.**    **IF THE COURT ADMITS ROTHSTEIN'S DEPOSITION, TD BANK SHOULD BE PERMITTED TO CALL ADDITIONAL WITNESSES TO CHALLENGE ROTHSTEIN'S CREDIBILITY AND GRANTED SUFFICIENT TIME TO REVIEW 10 FULL DAYS OF DEPOSITION TO COUNTER-DESIGNATE TESTIMONY.**

No one can dispute that Rothstein is a masterful liar who had no qualms about forging legal documents, forging a federal judge's order and signature, falsifying bank account statements, creating a fake TD Bank website, having his friends and employees impersonate TD Bank employees and other individuals, and ultimately stealing people's money. For his misdeeds, Rothstein is now serving a 50-year prison sentence. To be sure, the only way Rothstein can get a reduction in his sentence is if he helps the investors recover their purported losses, and the deepest pocket for potential recovery is TD Bank. Accordingly, if Coquina is permitted to read Rothstein's testimony to the jury, TD Bank should be permitted to call additional witnesses and offer evidence to challenge Rothstein's credibility and motivation for his testimony. Moreover, TD Bank should be allotted sufficient time to review the 10 full days of Rothstein deposition transcripts to be able to cross-designate all of Rothstein's testimony that it will need to have read into the trial record.

## IV. CONCLUSION

For the foregoing reasons, the Rothstein testimony is inadmissible hearsay which does not fall into any exceptions. Accordingly, Coquina's Motion should be denied.

Dated: January 12, 2012

>GREENBERG TRAURIG, P.A.
>333 Avenue of the Americas
>Miami, Florida  33131
>Telephone:  (305) 579-0500
> Facsimile:  (305) 579-0717
>
> /s/  Mark P. Schnapp
>MARK P. SCHNAPP
>Florida Bar No. 501689
>*schnappm@gtlaw.com*
>HOLLY R. SKOLNICK
>Florida Bar No. 390860
>*skolnickh@gtlaw.com*
>
>GREENBERG TRAURIG, P.A.
> GLENN E. GOLDSTEIN
> Florida Bar No. 435260
> 401 East Las Olas Boulevard, Suite 2000
> Fort Lauderdale, FL  33301
> Telephone:  (954) 765-0500
> Facsimile:   (954) 765-1477
>
>and
>
>GREENBERG TRAURIG, LLP
>DONNA M. EVANS
>Massachusetts Bar No. 554613
>(admitted *pro hac vice*)
>One International Center
>Boston, MA  02110
>Telephone:  (617) 310-6000
>Facsimile:   (617) 310-6001
>***Attorneys for TD Bank, N.A.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Mark P. Schnapp*
MARK P. SCHNAPP

**SERVICE LIST**

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Attorneys for Plaintiff Coquina Investments*