UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-COOKE/BANDSTRA

COQUINA INVESTMENTS,

    Plaintiff,

vs.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING TD BANK, N.A.'S, AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 50(a), Plaintiff, Coquina Investments ("Coquina"), hereby moves this Court for a judgment as a matter of law as to Defendant, TD Bank, N.A. ("TD Bank's"), second, third, seventh, and eighth affirmative defenses.

### I.    BACKGROUND

Following this Court's prior rulings, the following are TD Bank's remaining affirmative defenses: Waiver; *In Pari Delicto*; Florida Statutory Law Preemption pursuant to Article 4, U.C.C.; and No Vicarious Liability. *See* Omnibus Order on Cross Motions for Summary Judgment (the "Omnibus Order") [D.E. 547]; TD Bank's Am. Answer and Affirmative Defenses [D.E. #370, 9-14]. Coquina hereby moves for judgment as a matter of law as to each of these remaining defenses. As will be shown below, there is no legally sufficient evidentiary basis to support the foregoing affirmative defenses.

## II.  MEMORANDUM OF LAW

### A.  Legal Standard for Judgment as a Matter of Law

Fed. R. Civ. P. 50 provides in relevant part:

> (1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50. As the Supreme Court set out in *Reeves v. Sanderson Plumbing Prods., Inc.,* in evaluating a Rule 50 motion:

> [T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may *not* make credibility determinations or weigh the evidence. … Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to evidence favoring the non-movant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from a disinterested witness.

530 U.S. 133, 150-151 (2000) (internal citations omitted); *see also Collado v. UPS,* 419 F.3d 1143, 1149 (11th Cir. 2005) (affirming district court's granting of Rule 50 Motion on plaintiff's claim); *Watts v. Great Atl. & Pac. Tea Co.,* 842 F.2d 307, 309 (11th Cir. 1988); *In re*

*BankAtlantic Bancorp, Sec. Litig.*, No. 07-61542-CIV, 2011 U.S. Dist. LEXIS 48057 (S.D. Fla. Apr. 25, 2011) (granting defendant's Rule 50 Motion as to plaintiff's claim).

"But 'the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." *In re BankAtlantic Bancorp*, 2011 U.S. Dist. LEXIS 48057 at *30-31 (quoting *Nebula Glass Int'l, Inc. v. Reichhold, Inc.,* 454 F.3d 1203, 1210 (11th Cir. 2006)). "Judgment as a matter of law is appropriate only if the evidence is so overwhelming in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 338 F. Supp. 2d 1299, 1303 (S.D. Fla. 2004); *quoting Middlebrooks v. Hillcrest Foods, Inc.,* 256 F.3d 1241, 1246 (11th Cir. 2001); *see also, Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000). Here, TD Bank has failed to presented any evidence to meet its burden to show a "substantial conflict in the evidence."

### B. Coquina is Entitled to Judgment As a Matter of Law On TD Bank's Second Affirmative Defense of "Waiver" Because It Is Unsupported by the Record.

The affirmative defense of waiver is based on the intentional relinquishment of a known right. *See Sembler Family P'ship v. Brinker Fla., Inc.*, No. 8:08-cv-1212-T-24 MAP, 2008 U.S. Dist. LEXIS 104707 at *11 (M.D. Fla. Dec. 19, 2008); *see also Burger King Corp. v. E-Z Eating*, 572 F.3d 1306, 1315 (11th Cir. 2009); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 U.S. Dist. LEXIS 61608 at *9 (S.D. Fla. Aug. 21, 2007). There is no evidence in the record that Coquina "intentionally relinquished any right they may have had to recover from TD Bank."

Further, after hearing all the testimony, there is no evidence presented in this trial that Coquina had "actual or constructive knowledge of Rothstein's (and his accomplices') activities, and yet invested, and continued to invest, in his Ponzi scheme." *Id.* The Bank has utterly failed

to present any evidence that Coquina knew that the structured settlements were a fraudulent scheme. The most TD Bank can claim is that the rates of return were high and therefore suspicious – such "suspicion," which Coquina's witnesses repeatedly denied, does not equate to "actual or constructive knowledge" that they were investing in a fraudulent scheme. Rather, the unrebutted testimony is that Coquina believed that the investments were legitimate, and that belief rested in significant part on TD Bank's participation in all of the transactions as well as TD Bank's direct false representations to Coquina.

Due to TD Bank's failure to prove that Coquina knowingly and intentionally waived its rights in any way, this Court should find as a matter of law against TD Bank as to the affirmative defense of waiver.

### C. Coquina is Entitled to a Judgment As a Matter of Law As To TD Bank's Third Affirmative Defense of "*In Pari Delicto*" Because It Is Unsupported by the Record.

Although Defendant originally merged this defense with the unclean hands defense, *in pari delicto* is a separate defense. *See Gastaldi v. Sunvest Resort Communities, LC*, No. 08-62076-CIV, 2010 U.S. Dist. LEXIS 9876 at *35 (S.D. Fla. Feb. 3, 2010) (noting that *in pari delicto* is a "corollary" to the unclean hands defense). *In pari delicto* is an equitable defense, literally meaning "in equal fault," which bars a party's recovery due to his own wrongful conduct, *i.e.*, his participation in the same wrongdoing. *See Pearlman v. Alexis*, No. 09-20865, 2009 U.S. Dist. LEXIS 88546 at *6 (S.D. Fla. Sept. 25, 2009). "The Supreme Court has observed that the *in pari delicto* defense 'rarely has succeeded on the facts of any particular case.'" *Id.* at *6 (*quoting Pinter v. Dahl*, 486 U.S. 622, 635 n.12 (1988)); *see also Official Comm. of Unsecured Creditors Of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1153-54 (11th Cir. 2006).

Because TD Bank has not presented any evidence whatsoever that Coquina "participated" in the fraudulent scheme, TD Bank cannot rely on the *in pari delicto* defense. TD Bank presented no evidence that Coquina participated in the *same wrongdoing* as the defendants' fraud and aiding and abetting fraud. As this defense has not been proven, it should not be submitted to the jury. The Court should grant Coquina's request and find as a matter of law against TD Bank as to the defense of *in pari delicto*.

**D. TD Bank's Affirmative Defense of "Florida Statutory Law Preemption" is Inapplicable or Otherwise Unsupported by the Facts.**

TD Bank's next affirmative defense states that Coquina's common law claims are preempted and barred by the "Uniform Commercial Code, including Article 4A, and Florida statutory laws, including Fla. Stat. § 670.101 *et seq.* and § 673.1011." [D.E. #370 at 12]. This Court should reject TD Bank's misguided attempt to fabricate two separate affirmative defenses out of the same provisions of the UCC.

It is hornbook law that the UCC is a *model law* promulgated by the American Law Institute and the National Conference of Commissioners on Uniform State Laws. The UCC is not the law anywhere in the United States. It is simply a legislative proposal addressed to fifty state legislatures. When a state legislature adopts the UCC, the UCC becomes the law of the state as adopted by the legislature. Florida Statutes §§ 670.101 *et seq.* and 673.1011 *et seq.* are acts of the Florida legislature adopting Article 4 of the UCC. Thus, contrary to TD Bank's blatant mischaracterization to the Court, UCC Article 4A is not independently applicable to this matter and is not a separate affirmative defense from Florida Statutes §§ 670.101 *et seq.* and 673.1011 *et seq.*

As this Court pointed out in its Omnibus Order [D.E. #547 at 29], in *Regions Bank v. Provident Bank, Inc.*, the Eleventh Circuit interpreted Ohio's version of UCC Article 4A and

found that that Article 4A "is not the exclusive means by which a plaintiff can seek to redress an alleged harm arising from a funds transfer." 345 F.3d 1267, 1274-75 (11th Cir. 2003).

More recently, in *Gilson v. TD Bank, N.A.*, the Court applied the Eleventh Circuit's reasoning in the *Regions* case to UCC Article 4A as adopted by Florida law (Section 670.101 *et seq.* and Section 673.1011 *et seq.*). No. 10-20535, 2011 U.S. Dist. LEXIS 7805, * at 23-25 (S.D. Fla. Jan. 27, 2011). The *Gilson* court stated that "under the test that rights and liabilities not inconsistent with those set out in Article 4A survive preemption, 'Article 4A does not preempt a state law claim if money is transferred by wire to a party that knows or should have known that the funds were obtained illegally.'" *Id.* at *25-26 (*quoting Regions Bank,* 345 F.3d at 1279). Therefore, the *Gilson* court, held that, as a matter of Florida law, Florida's version of UCC Article 4A, did not preempt plaintiffs' claim for negligence. *Id.* at *27-28. Further, nowhere in these Florida statutes is it specifically stated that fraud claims are specifically preempted. *See generally* Fla. Stat. §§ 670.101 *et seq.*& 673.1011 *et seq.*

In reviewing Florida law, the *Gilson* court found that the only applicable Florida decision addressing Florida's version of UCC Article 4A, *Corfan Banco Asuncion Paraguay v. Ocean Bank*, 715 So. 2d 967 (Fla. 3d DCA 1998), was easily distinguishable as it "concerned a wire transfer with a typographical error, precisely the type of situation firmly contemplated by Article 4A" and "did not involve alleged negligence beyond the scope of the erroneous wire transfer." *Gilson,* at *27-28.*

Coquina's claims against TD Bank are not based on TD Bank's erroneous handling of wire transfers. These claims rest on critical fraudulent misrepresentations and omissions by TD Bank's officers to Coquina, as well as TD Bank's substantial assistance to Rothstein's fraudulent scheme. TD Bank's gross reckless conduct in its handling of the RRA account, its turning a

blind eye to the mountain of red flags that accumulated over two years, in addition to TD Bank's false statements in letters (including the "lock letters"), telephone communications, and meetings with investors (known as "investor shows"), assisted Rothstein in committing an enormous Ponzi scheme, causing serious financial injury to Coquina and many other victims. Coquina's fraud and aiding and abetting claims do not come with the scope of Florida Statutes Sections 670.101 *et seq.* and 673.1011 *et seq.* Like courts in *Gilson* and *Regions Bank,* this Court should dismiss TD Bank's seventh affirmative defense in its entirety.

 **E. Defendant's Affirmative Defense of "No Vicarious Liability" Is Unsupported by the Record.**

In Florida, an employer is held vicariously liable for the wrongful acts of his employee when unless the acts "occur within the real or apparent scope of the employment relationship." *Goldin v. Murphy's Law Hollywood*, No. 09-60238, 2009 U.S. Dist. LEXIS 104921 at *12 (S.D. Fla. Nov. 10, 2009) (*citing City of Miami v. Simpson*, 172 So. 2d 435, 437 (Fla. 1965)). The test for determining whether an act falls under the scope of employment is whether the act (1) was the kind that the employee was hired to perform; (2) occurred within the space and time limits of the employment; and (3) was committed at least in part to serve the employer's interests. *Id.* (citing *Sussman v. Florida East Coast Props., Inc.*, 557 So. 2d 74, 75-76 (Fla. 3rd DCA 1990); *Morrison Motor Co. v. Manheim Servs. Corp.,* 346 So. 2d 102, 104 (Fla. 2d DCA 1977); *Carter v. America Online, Inc.,* 208 F. Supp. 2d 1271, 1278-79 (M.D. Fla. 2001)).

The Eleventh Circuit has held that, in a case involving fraudulent misrepresentation, a principle is liable for his agent's fraud when the agent acts within the scope of his employment, and "this principle of law is fully applicable to corporations." *Cavic v. Grand Bahama Dev. Co.*, 701 F. 2d 879, 885 (11th Cir. 1983) (quoting *Taco Bell of California v. Zappone*, 324 So. 2d 121, 123 (Fla. 2d DCA 1975)). "'Even when an agent's act is unauthorized, the principal is liable if

the agent had the apparent authority to do the act and that apparent authority was reasonably relied upon by the third party dealing with the agent. . . . Apparent authority must be the result of acts or omissions by the principal in order to subject the principal to liability for the agent's actions.'" *Cavic*, 701 F. 2d at 886 (quoting *Benson v. Seestrom*, 409 So. 2d 172, 173 (Fla. 2d DCA 1982); *Taco Bell*, 324 So.2d at 123).

The trial evidence established that several TD Bank employees, notably former Regional Vice President Frank Spinosa, Vice President and Branch Manager Rosanne Caretsky, and others, acted within the scope of their employment when they participated in the fraudulent scheme, either by making false representations and/or omissions to Coquina (Spinosa), or by aiding and abetting the fraud in numerous ways, including but not limited to, conducting fraudulent scenarios called "shows" at TD Bank branches that substantially assisted and supported the fraudulent scheme (Caretsky, Mejia, Brennan, Kerstetter, and others).

Further, the trial evidence established that these TD Bank employees benefitted from the ponzi scheme, through which hundreds of millions of dollars were deposited into the RRA accounts at TD Bank at the Weston South branch. Many employees directly benefitted from the scheme because their annual bonuses were based, in part, on those large deposits at TD Bank. And, of course, TD Bank benefitted from RRA's huge deposits, in interest from the Federal Reserve's overnight interest rate, as well as from fees associated with these accounts. Moreover, officers like Frank Spinosa continually tried to use the RRA accounts as a basis to attract additional business for TD Bank.

In sum, it is uncontroverted that the TD Bank officers and employees who directly aided and abetted the Rothstein ponzi scheme were acting within the scope of their employment when they did so. There was no evidence at trial to the contrary. TD Bank has failed to meet its

burden to prove the vicarious liability defense, without which proof there is no basis to present these defenses to the jury. *Sadarangani v. Bank of America*, No. 09-21001, 2009 U.S. Dist. LEXIS 68683 at *7 (S.D. Fla. July 21, 2009).

The Court, therefore, should grant Coquina's motion and enter a judgment against TD Bank as to these four affirmative defenses.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to grant its judgment as a matter of law against all of Defendant's Affirmative Defenses.

Respectfully submitted,

MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1200
Miami, Florida 33131
Telephone:  305.374.7771
Facsimile:   305.374.7776
dmandel@mandel-law.com

*/s/ David S. Mandel*
By: _____
DAVID S. MANDEL
Florida Bar No. 38040
NINA STILLMAN MANDEL
Florida Bar No. 843016
JASON B. SAVITZ
Florida Bar. No. 36444

*Attorneys for Coquina Investments*

## CERTIFICATE OF SERVICE

I certify that on January 12, 2012, a true and correct copy of the foregoing was electronically filed with the clerk of the Court using CM/ECF.

*/s/ David S. Mandel*
_____
DAVID S. MANDEL