## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

     Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

     Defendants.

### JOINT PROPOSED JURY INSTRUCTIONS

     Plaintiff Coquina Investments ("Coquina") and Defendant TD Bank N.A. (the "Bank" or TD Bank") hereby jointly submit the following proposed jury instructions[1] pursuant to this Court's Scheduling Order (D.E. 42) and the Court's Order dated December 29, 2011 (D.E. 706), and based on the Court's rulings during the charge conference on January 13, 2011.

     The parties respectfully note the following unresolved issues:

     (i)    This Court ruled during the charge conference that Coquina's summary of its allegations against TD Bank in Instruction No. could not be used, but allowed Coquina to revise its summary of its allegations and to submit that summary.   Coquina has revised its allegations (noted in italics in Instruction No. 7); TD Bank objects to those allegations.   TD Bank's objection is explained following Instruction No. 7.

---

[1] The parties respectfully note that they worked diligently to complete these instructions by this Court's deadline of 4pm.  The parties intend to file their verdict forms as soon as possible.

1

(ii)     This Court did not decide whether Proposed Instruction No. 10, on joint and several liability, could be read to the jury.  TD Bank objects to that instruction; its objection is noted following Proposed Instruction No. 10.

(iii)    The Court did not decide on final language for Proposed Instruction No 15., TD Bank's affirmative defense of waiver.  Plaintiff's objection to this instruction follows Proposed Instruction No. 15

(iv)     The parties have noted the remaining disputed language by **bolding** language proposed by TD Bank, and *italicizing* language proposed by Coquina.  Agreed language is presented in normal font.

The parties also respectfully submit that the "greater weight of the evidence" language read by the Court during the charge conference on January 13, 2011, should be replaced with "preponderance of the evidence" language, so that the instruction is consistent with the Court's "Burden of Proof" Instruction.

<u>TD Bank's Objection Regarding the *Italicized* References to "Defendant Rothstein"</u>

As this Court instructed regarding the remove of "Defendant Rothstein" alongside TD Bank in the instructions as to the specific findings a jury must make, and for the reasons stated by TD Bank during the charge conference and in its previously submitted objections to Plaintiff's Proposed Instructions (*see* D.E. 714-1), TD Bank objects to Plaintiff's italicized references to "Defendant Rothstein" alongside TD Bank.  These references are misleading and prejudicial; in addition, they improperly misstate the law and the findings the jury must make as to TD Bank to determine its liability and damages, if any.  In this trial, there is only one defendant – TD Bank.  Plaintiff did not raise any issue of contested fact or law in its Pretrial Stipulation as to a claim against Rothstein (*see* Joint Pretrial Stipulation (D.E. 461)); in fact, at its request default judgment was entered against Rothstein on November 8, 2010 (D.E. 52).

2

Plaintiff's references to "Defendant Rothstein" alongside TD Bank, then, are an improper attempt to conflate factual allegations against Scott Rothstein with factual allegations against TD Bank in an attempt to cause the jury to believe that TD Bank engaged in conduct that, if it was committed at all, was committed by Scott Rothstein.   These references are particularly prejudicial in Plaintiff's proposed damages instructions, as the references improperly suggest that damages could be awarded against TD Bank for injury proximately caused by Rothstein.  These references should be removed.

**PLAINTIFF'S STATEMENT IN SUPPORT OF REFERENCES TO "DEFENDANT ROTHSTEIN AND DEFENDANT TD BANK"**

Coquina understood this Court's rulings to indicate that the parties should delete references to "Defendants" and replace them with "Defendant Rothstein and Defendant TD Bank," where applicable.

First, while Defendant TD Bank argues that the jury should maximize Defendant Rothstein's role in the Ponzi scheme and minimize TD Bank's role, the jury instructions should not improperly suggest that the jury should assess an "apportionment of fault" where damages are "joint and several."  Second, many of TD Bank's proposed instructions and proposed verdict forms contain language stating that the jury should calculate the amount of damages based on the "direct and proximate result of TD Bank's alleged conduct."   Coquina asserts such references are inapplicable to this case.  It is for these very reasons that Coquina further asserts that an instruction regarding "Joint and Several Liability of Joint Tortfeasors" is appropriate in this case (see proposed Instruction No. 10).

Coquina believes the jury instructions should generally refer to "Defendant Rothstein and Defendant TD Bank" (or "Defendants") where joint and several liability applies.  Coquina objects to instructions referring only to "Defendant TD Bank" where such instructions

improperly instruct the jury to calculate damages and assess several liability against only TD Bank.

A copy of these instructions have been emailed to chambers (Cooke@flsd.uscourts.gov) in Microsoft Word format.

**Instruction No. 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

       Plaintiff,

vs.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

       Defendants.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

**Instruction No. 2:  Consideration of the Evidence and Duty to Follow Instructions**

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

**Instruction No. 3:  Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true and accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?   Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?   Did the witness' testimony differ from other testimony or other evidence?

**Instruction No. 4:  Impeachment of Witnesses - Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Instruction No. 5:  Expert Witnesses - General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

**Instruction No. 6:  Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is something called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Instruction No. 7 - Fraudulent Misrepresentation**

In this case the Plaintiff claims that the Defendant Rothstein and TD Bank committed a fraud -- that Defendant Rothstein and Defendant TD Bank made certain allegedly false and fraudulent misrepresentations and omissions to the Plaintiff.  TD Bank denies that it engaged in any fraudulent conduct and denies that it made any misrepresentations to the Plaintiff.

The term "fraud" is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting injury or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by Defendant TD Bank not misleading to the Plaintiff.

In this instance the alleged misrepresentations and omissions that the Plaintiff claims Defendant Rothstein and Defendant TD Bank fraudulently made are as follows:

Defendant Rothstein fraudulently represented:

a.     That his law firm, Rothstein, Rosenfeldt & Adler, or "RRA," had various clients who were settling sexual harassment or whistle-blower

claims against wealthy, successful defendants, in exchange for series of payments over time;

b.      that these clients wanted to sell the series of payments in exchange for an immediate discounted payment;

c.      that the alleged defendant of the sexual harassment claim had already deposited the full amount of the settlement in RRA's accounts at TD Bank;

d.      that these "structured settlements" were available for sale, in exchange for the lump-sum payment that would be paid immediately to the alleged plaintiff.

Defendant TD Bank, through its officer former Regional Vice President Frank Spinosa, made false and fraudulent representations and omissions in personal meetings, in conversations over the telephone, and in writing, on which he knew Coquina would rely.  Specifically:

(A)     *supplying Coquina with false and fraudulent letters purporting to "irrevocably" restrict transfers from the RRA/Coquina account at TD BANK;*

(B)     *supplying Coquina with false and fraudulent bank account statements for the RRA/Coquina account at TD BANK;*

(C)    *failing to inform Coquina that the accounts at TD Bank could not be restricted in the manner represented by TD Bank in the "lock letters;" and*

(D)    *failing to inform Coquina that at the time the representations were made to Coquina, the bank account designated for Coquina's benefit did not contain millions of dollars, but in fact contained $100.*

Each of these alleged misrepresentations and omissions should be considered and judged separately in accordance with the instructions that follow. Plaintiff does not need to prove all of them in order to recover, but must prove at least one of them.

To prevail on this claim of fraud, therefore, the Plaintiff must prove each of the following by a preponderance of the evidence:

<u>First</u>:    That Defendant TD Bank made one or more of those alleged misrepresentations or omissions;

<u>Second</u>:    That the misrepresentation or omission related to a material existing fact;

<u>Third</u>:    That Defendant TD Bank knew at the time it made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading;

<u>Fourth</u>:    That Defendant TD Bank intended to induce the Plaintiff to rely and act upon the misrepresentation or omission;

<u>Fifth</u>:      That the Plaintiff relied upon the misrepresentation or omission; and

<u>Sixth</u>:      that the Plaintiff suffered injury or damage as a result.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

To make a "misrepresentation" simply means to state as a fact something that is false or untrue.  To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading.

To constitute fraud, then, a misrepresentation must not only be false, or an omission must not only make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact."  Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it.  Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute fraud the Plaintiff must also prove that Defendant TD Bank made the misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident. It must be proved that Defendant TD Bank either knew of the falsity of the misrepresentation or the false effect of the omission, or that Defendant TD Bank made the misrepresentation or omission in reckless disregard for its truth or falsity.

Finally, to constitute fraud Coquina must prove that Defendant TD Bank intended for the Coquina to rely upon the misrepresentation or omission; that Coquina did in fact rely upon the misrepresentation or omission; and that the Plaintiff suffered injury or damage as a proximate result of the fraud.

(Florida Law)

When it is shown that TD Bank made a material misrepresentation with the intention that Coquina rely upon it, then, under the law, Coquina may rely upon the truth of the representation even though its falsity could have been discovered had Coquina made an investigation, unless Coquina knows the representation to be false or its falsity is obvious to it.

Damages are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for *Defendant Rothstein and* Defendant TD Bank's conduct, the damages would not have occurred. The fraudulent act may be a proximate or legal cause of damages even though the act operates in

combination with the act of another so long as the fraud contributes substantially to producing the damages.

Now, if you find that the Plaintiff has failed to prove the claim of fraud under these instructions, then, of course, your verdict will be for TD Bank, and you need not give any consideration to the issue of damages.

On the other hand, if you find for the Plaintiff, you must then consider any defenses as to which TD Bank has the burden of proof by a preponderance of the evidence.

**DEFENDANT TD BANK'S OBJECTION TO THE ITALICIZED LANGUAGE IN INSTRUCTION NO. 7**

TD Bank, for the reasons stated in its previously submitted objections to this instruction and for the reasons stated during the charge conference, continues to object to the recitation of Plaintiff's specific allegations and arguments regarding TD Bank's alleged conduct.  As the Court stated as to Plaintiff's previously submitted multi-paragraph summary of its allegations, such allegations are "way too specific for a jury instruction."  (January 13, 2012 Certified Trial Transcript p. 88.)  The Court continued:

> Remember, the jury instruction is to give them the law.  You get to argue the facts based upon what the law is.  And what I'm finding here is there are a lot of, ["]let me give you all my facts and show you specifically where the law ties into the facts.["]  That's your job during summation.

(*Id.*)  TD Bank respectfully submits that Plaintiff's allegations continue to give the jury allegations and arguments, but not the law, and for that reason are prejudicial and inappropriate.

This Court has already stated that the following paragraph should be read to the jury: "Frank Spinosa, then TD Bank regional vice-president, made false and fraudulent representations and omissions in personal meetings, in conversations over the telephone, and in writing, on which he knew Coquina would rely." (*Id.* at p. 87.)  TD Bank respectfully submits that no further instruction explaining Plaintiff's specific allegations and arguments should be given.

TD Bank also specifically objects to the four paragraphs proposed by Plaintiff.  These paragraphs include prejudicial language and make factual arguments that are unsupported by any evidence in the record.  Paragraph (A), for example, refers to a "Coquina" account at TD Bank when the evidence is undisputed that Coquina was not a customer at TD Bank and never held an account at TD Bank, and that it was *Rothstein*, not TD Bank, who "supplied" the letters to Coquina.  Paragraph (B) refers to "false and fraudulent bank account statements," when the evidence is undisputed that the false bank account statements were forgeries created by Rothstein and his co-conspirators, and that, again, these statements were "supplied" by Rothstein, not TD Bank.  Paragraph (C) includes a prejudicial reference to "lock letters," a term that, as this Court recognized during oral argument, was used by Rothstein and his co-conspirators, but not by TD Bank.  Paragraph (C) also presents facts and arguments, not law.  Finally, Paragraph (D) argues a matter of proof -- the amount of money in the RRA account -- and suggests that other issues of fact -- the designation of the RRA account and the representations made to Coquina regarding that account -- have already been decided or proven.  For the reasons stated in TD Bank's previously submitted objections and during the charge conference, and for the reasons stated here, TD Bank respectfully suggests that this Court read only the paragraph above (at p. 87 of the Transcript) to explain the allegations against TD Bank in this case.

For the reasons stated during the charge conference and in its previously submitted objections to Plaintiff's Proposed Instructions (*see* D.E. 714-1), TD Bank objects to Plaintiff's italicized references to "Defendant Rothstein" alongside TD Bank.   These references are misleading and prejudicial, as Rothstein is not included in the Pretrial Stipulation or the trial.

TD Bank also respectfully submits that the sentence beginning, "In this instance" on the first page of Instruction No. 7 should be moved beneath the Rothstein allegations and stated as follows:

> In this instance the alleged misrepresentations and omissions that the Plaintiff claims Defendant TD Bank fraudulently made are as follows:

TD Bank respectfully states that this language is necessary to make clear to the jury that the statements the Court will read to the jury are *allegations* and not facts already proved.

## PLAINTIFF'S COMMENTS REGARDING LANGUAGE IN INSTRUCTION NO. 7 ("Fraudulent Misrepresentation")

With respect to the paragraph beginning "Damages are the proximate or legal result . . . .", Coquina believes that instructions regarding damages should refer to "Defendant Rothstein and Defendant TD Bank" (or "Defendants") where joint and several liability applies.  Coquina objects to damages instructions referring only to "Defendant TD Bank" where such instructions improperly instruct the jury to calculate and assess several liability against only TD Bank.

**Instruction No. 8:  Aiding and Abetting Fraud**

The Plaintiff also claims that Defendant TD Bank aided and abetted Rothstein's fraud.  To prevail on this claim of aiding and abetting fraud, the Plaintiff must prove each of the following facts:

<u>First</u>:  The existence of the underlying Rothstein fraud against Coquina*;*

<u>Second</u>:  That TD Bank had knowledge of the fraudulent representations Rothstein made to perpetrate the fraud against Coquina;

<u>Third</u>:  That TD Bank provided substantial assistance to advance the commission of the fraud against Coquina; and

<u>Fourth</u>:  That Coquina was injured in its business or property as a proximate result of TD Bank's substantial assistance in Rothstein's fraud against Coquina.

First, Coquina must prove each element of what it alleges is the underlying fraud by Rothstein against Coquina.  To do so, it must prove that:

- (1) that Rothstein made one or more of the alleged misrepresentations to Coquina;

- (2) that the misrepresentation related to a material existing fact;

- (3) that Rothstein knew at the time he made the misrepresentations that they were false or acted with reckless disregard for their truth or falsity;

- (4) that Rothstein intended to induce Coquina to rely and act upon the misrepresentation;

- (5) that Coquina relied upon the misrepresentations, and that Rothstein's misrepresentations were not known or obvious to Coquina; and

- (6) that Coquina suffered injury or damage as a result.

In order to prove knowledge, Coquina must prove that TD Bank was generally aware of its role in Rothstein's fraud.

TD Bank's knowledge of the fraud may be inferred from circumstantial evidence. Knowledge of the fraud may be inferred from transactions that are atypical or lack business justification.

To prove substantial assistance, Coquina must prove that TD Bank affirmatively assisted Rothstein or helped conceal Rothstein's fraud against Coquina. In making this determination, you may consider the totality of the evidence.

Plaintiff must also prove that it suffered damages as a proximate result of TD Bank's aiding and abetting the fraud. Under the law, an aider-abettor is liable for damages caused by the main perpetrator. You may only find that TD Bank "substantially assisted" in the fraud causing the damages Coquina seeks to recover from TD Bank if you find that TD Bank's alleged conduct in the fraud against Coquina proximately caused those damages.

**Instruction No. 9:  Default of Defendant Scott Rothstein**

You are instructed that Defendant Scott Rothstein has defaulted on the fraud count of the complaint that Coquina filed against Defendants Rothstein and TD Bank.  A "default" means that Rothstein failed to answer or otherwise defend the allegations in the Complaint.  You are instructed that the effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true as to Defendant Rothstein.  You are instructed that Rothstein's default judgment relates only to the allegations against Rothstein, and does not have any effect on Plaintiff's allegations against TD Bank.

*Proposed Instruction No. 10:  Joint and Several Liability of Joint Tortfeasors*

*Even if you decide that both of the defendants committed fraud against the Plaintiff, you should determine Plaintiff's damages in a single total amount, and write that amount, in dollars, on the verdict form.*

**DEFENDANT TD BANK'S OBJECTION TO PROPOSED INSTRUCTION NO. 10**

TD Bank objects to this Proposed Instruction for the reasons stated during the charge conference, and for the following reasons.

First, the instruction is unnecessary and confusing.  The parties' proposed verdict form already includes a single line, for a single total amount, for the damages that the jury finds were proximately caused in this case.  Instructing the jury that it should determine damages "in a single total amount" is superfluous and confusing, as the jury is *only* being asked to determine the damages in a single total amount.  Equally confusing is the part of the instruction reading, "if you decide that both of the defendants committed fraud."  There were no claims against Rothstein tried as part of this trial:  None were included in the Pretrial Stipulation (D.E. 461) and default judgment has already been entered against Rothstein (D.E. 52).  As the jury is not being asked to "decide" any finding as to Rothstein in this trial including a joint liability instruction of this sort, when the jury has heard evidence and been asked to make finding as to only one defendant, would be highly confusing.

Second, the instruction as proposed has the potential to mislead the jury into punishing TD Bank for Rothstein's conduct.  Plaintiff has not alleged, let alone proven, that any of its purported damages in this case were caused only by TD Bank, or caused only by Rothstein.  Instead, Plaintiff has asserted the same damages theory, and just before trial amended that damages theory, as to all of its claims generally.  Because there is no issue in this case as to

whether some of its alleged damages were caused by one defendant or another, this instruction will only confuse and mislead the jury by suggesting that the jury should hold TD Bank collectively responsible for Rothstein's action.

Third, as TD Bank noted in its previously submitted objections and during the charge conference, the reference to "defendants" is a prejudicial instruction that conflates factual allegations against Scott Rothstein with factual allegations against TD Bank in an attempt to cause the jury to believe that TD Bank engaged in conduct or is responsible for conduct that, if it was committed at all, was committed by Scott Rothstein.

Fourth, and finally, as TD Bank stated during this Court's charge conference on January 13, 2012, Plaintiff's Proposed Instruction appears to derive its language from a Florida Supreme Court pattern instruction for comparative negligence cases.  Florida Supreme Court, Florida Standard Jury Instruction in Civil Cases § 501.9 (instructions on joint liability in comparative negligence cases, depending on whether or not the court is using a special verdict).  There is no negligence-based claim in this case.  Because the jury is only being asked to decide the liability of one defendant and is only being asked to list a single amount as damages, TD Bank respectfully submits that this Proposed Instruction is unnecessary, confusing, and, as currently written, prejudicial.

## PLAINTIFF'S STATEMENT IN SUPPORT OF INSTRUCTION NO. 10 ("Joint and Several Liability of Joint Tortfeasors")

Coquina believes the jury should receive an instruction regarding the application of "joint and several liability" in this case.  Coquina asserts that such an instruction will avoid jury confusion over the proper calculation and allocation of damages in this multi-defendant case. Coquina believes such an instruction is particularly appropriate for two reasons.  First, while Defendant TD Bank argues that the jury should maximize Defendant Rothstein's role in the

Ponzi scheme and minimize TD Bank's role, such arguments improperly suggest that the jury should assess an "apportionment of fault" of damages where "joint and several" liability applies. Second, many of TD Bank's proposed instructions and proposed verdict forms contain language stating that the jury should calculate the amount of damages based on the "direct and proximate result of TD Bank's alleged conduct." Coquina believes the instructions should refer to "Defendant Rothstein and Defendant TD Bank" (or "Defendants") where joint and several liability applies. Coquina objects to instructions referring only to "Defendant TD Bank" because such instructions improperly instruct the jury to calculate damages and assess several liability against only TD Bank.

In preparing a suggested instruction, Coquina has relied on *Florida Standard Jury Instruction 501.9* entitled "Joint Liability of Joint Tortfeasors." The full text is printed below and can also be found online

(http://www.floridasupremecourt.org/civ_jury_instructions/instructions.shtml):

### 501.9  JOINT LIABILITY OF JOINT TORTFEASORS

*a.*      *Comparative negligence cases (special verdicts):*

**Even if you decide that [both] [more than one] of the defendant[s] were negligent, you should determine [(claimant's)] [each claimant's] damages in a single total amount, and write that amount, in dollars, on the verdict form.**

*b.*      *Cases not requiring special verdicts:*

**If you find for** (claimant) **against [both] [more than one] of the defendant[s], you should assess** (claimant's) **damages in a single amount against [both defendants] [the defendants whom you find to be liable to** (claimant)**].**

While 501.9(a) is entitled "Comparative negligence cases (special verdicts)," Coquina modified the instruction by deleting "the defendants were negligent" and replacing it with "the defendants committed fraud" in order to avoid invoking the negligence standard. Coquina

believes this modification is more appropriate than trying to modify 501.9(b) to reflect the facts in this case.

Coquina is open to the Court's suggestions regarding other appropriate modifications to this instruction.  In any event, for the reasons stated above, Coquina believes a "Joint Liability of Joint Tortfeasors" instruction is appropriate in this case.

**Instruction No. 11:  Vicarious Liability for Fraud**

On the Plaintiff's claim there is a preliminary issue for you to decide.  That issue is whether any TD Bank employee was an agent of TD Bank and was acting within the scope of his or her employment at the time relevant to this case.  An agent is a person who is employed to act for another, and whose actions are controlled by his or her employer or are subject to his or her employer's right of control.  An employer is responsible for the acts of its agent if the acts occur while the agent is performing services which he or she was employed to perform or while the agent is acting at least in part because of a desire to serve his or her employer and is doing something that is reasonably incidental to his or her employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.

If the preponderance of the evidence  does not support Plaintiff's claim on this issue, then your verdict on Plaintiff's claims should be for the Defendant.  However, if the preponderance of the evidence supports the claim of Plaintiff on this issue, then you should decide the issue in favor of Plaintiff.

**Instruction No. 12:  Imputation Doctrine**

Under the law, the knowledge and actions of a bank officer or director, such as Regional Vice-President Frank Spinosa, may be imputed to a bank, such as Defendant, TD Bank.  This is known as the imputation doctrine.

**Instruction No. 13:  Fifth Amendment and Adverse Inference**

During the trial you heard evidence by a past employee of Defendant TD Bank, *Frank Spinosa*, refusing to answer certain questions on the grounds that it may tend to incriminate them based on the Fifth Amendment privilege against self-incrimination.   A witness has a constitutional right to decline to answer on the grounds that it may tend to incriminate him.   Under the law, whenever a past TD Bank employee refuses to answer questions, you may infer, but do not need to find that the answers would have been adverse to TD Bank's interests.   A TD Bank employee's assertion of the Fifth Amendment privilege alone is not a proper basis for finding TD Bank liable in this case.   However, in conjunction with other evidence that was presented, you may consider a TD Bank employee's assertion of the Fifth Amendment privilege in determining TD Bank's liability in this case.

During trial a witness, *Steven Caputi*, followed the instruction of *his* counsel and invoked *his* constitutional right under the Fifth Amendment to decline to answer questions.   You should not automatically assume that a witness has done something wrong because that witness asserts his or her Fifth Amendment rights.

Where a witness has refused to answer a question by invoking his or her Fifth Amendment right, for certain questions you may, but you need not, draw a negative inference against the witness based on the witness's refusal to answer a particular question.   A negative inference means that you can infer from the

witness's assertion of his Fifth Amendment privilege that the answer would have been adverse, or harmful, to the witness's interest.  You can make this inference only if that inference is warranted by the facts surrounding the case, and there is independent, corroborating evidence for the inference.  However, you need not draw such an inference.

## PLAINTIFF'S STATEMENT IN SUPPORT OF THE ITALICIZED LANGUAGE

Coquina suggests inserting the name of the individual who invoked the Fifth Amendment in order to distinguish the adverse inference between Frank Spinosa versus Steven Caputi.

## TD BANK'S OBJECTION TO THE ITALICIZED LANGUAGE

TD Bank objects to the italicized names in the instruction as unnecessary and as inconsistent with the instruction the Court read during the charge conference.  It will be prejudicial for this Court to specifically identify Frank Spinosa in this instruction.

<u>Instruction No. 14:  Affirmative Defenses Introduction</u>

If you find that Coquina has failed to prove any element of its two claims under these instructions, then, of course, your verdict will be for TD Bank.  On the other hand, if you find that Coquina has proved any of its claims, you must then consider TD Bank's defense to these claims.  TD Bank has raised one defense, which I will now explain.  As to this defense, TD Bank has the burden of proof by a preponderance of the evidence.

**Proposed Instruction No. 15:  Waiver**

TD Bank has asserted a waiver defense.  When a defrauded person has discovered the **nature of the** fraud, that person waives and thereby gives up any right to recover damages upon receiving from the defrauding party some substantial concession or upon entering into a new and more favorable contract in response to the transaction.  The question of whether a party has waived a claim for fraud is one of the intent of the defrauded party.  Such intent, however, may be inferred from the party's conduct and the surrounding circumstances.

TD Bank claims that Coquina had *knowledge/***actual or constructive notice** of Rothstein's **(and his accomplices')** activities, and yet invested, and continued to invest, in his Ponzi scheme, and thus waived its right to recover from TD Bank.


**PLAINTIFF'S OBJECTIONS TO LANGUAGE IN INSTRUCTION NO. 15 ("Waiver")**

Coquina objects to the waiver instruction, including that it is wholly irrelevant to the aiding and abetting claim.  That claim rests on TD Bank's substantial assistance in the Rothstein fraud.  There is no evidence that Coquina knew that TD Bank's misrepresentations (the oral, written, and in person communications with Frank Spinosa) were false.

In addition, Coquina objects to the bold language "**nature of the**" as it improperly modifies the fraud claim.

Coquina also objects to the bold language in the second paragraph as inaccurate statement of the law.  Coquina does not have to prove that TD Bank had "actual or constructive notice" of the fraud, but rather that TD Bank was generally aware of the fraud, as consistent with Court's ruling on the substantive element of aiding and abetting claim.  TD Bank's insertion in the waiver instruction of actual or construction notice is contrary to the law, and should be stricken.

*DAMAGES INSTRUCTIONS*

**Instruction No. 16:  Compensatory Damages**

If you find for the Plaintiff on either fraud claim and against *Defendant Rothstein and* Defendant TD Bank on the defense to those claims, you will then consider the amount of money damages to be awarded to the Plaintiff.  In that respect you should award the Plaintiff an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.

In considering the issue of the Plaintiff's damages you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize *Defendant Rothstein and* Defendant TD Bank.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

**Instruction No. 17:  Punitive Damages**

The Plaintiff also claims that the acts of Defendant TD Bank were done with malice or reckless indifference to the Plaintiff's rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that Defendant TD Bank did act with malice or reckless indifference to the Plaintiff's rights, the law would allow you, in your discretion, to assess punitive damages against Defendant TD Bank as punishment and as a deterrent to others.

Plaintiff claims that punitive damages should be awarded against TD Bank for its employees' conduct.  You may only assess punitive damages against TD Bank if you find by clear and convincing evidence, first, that there was intentional misconduct by TD Bank employees which was a substantial cause of damage to Plaintiff.  If clear and convincing evidence does not show such conduct by TD Bank employees, punitive damages are not warranted against TD Bank.  You do not have to award punitive damages.

"Clear and convincing evidence" differs from "preponderance of the evidence" in that it is more compelling and persuasive.

"Intentional misconduct" means that the employee had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to

the Plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

Only if you find all of the elements set forth above may you then decide the amount of punitive damages, if any, to be assessed as punishment against TD Bank and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish TD Bank for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for TD Bank being a distasteful individual or business. Punitive damages are meant to punish TD Bank for this conduct only and not for conduct that occurred at another time. Your only task is to punish TD Bank for the actions they took in this particular case.

If you find that punitive damages should be assessed against TD Bank, you may consider the financial resources of TD Bank in fixing the amount of such damages.

You may in your discretion decline to assess punitive damages.

### Instruction No. 18:  Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Instruction No. 19:  Election of Foreperson; Explanation of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form(s) to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form(s), date and sign it/them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## TD BANK'S ADDITIONAL OBJECTIONS

TD Bank respectfully notes that it has modified its Proposed Instructions in light of the Court's rulings during the charge conference on January 13, 2012, and that it is reserving and renewing the objections it previously submitted and it stated during the charge conference.  TD Bank also respectfully notes that, as to certain of this Court's rulings which combine the parties' proposed instructions into a joint instruction, the revised joint instruction is confusing and misstates the elements of Plaintiff's causes of action.  TD Bank specifically notes that the language in the revised instruction explaining knowledge and proximate causation for the aiding and abetting fraud claim is incomplete and confusing insofar as (i) as to knowledge, the instruction now states that a "general awareness" is sufficient to constitute knowledge, and (ii) as to proximate cause, the instruction now correctly states that TD Bank's alleged conduct must be the proximate cause of any of Coquina's damages, but also incorrectly states that TD Bank is liable for damages caused not by its alleged conduct, but by Rothstein (referenced in the instruction as the "main perpetrator."  The law is clear that TD Bank can only be held responsible for damages suffered by Coquina that were proximate caused by TD Bank's substantial assistance.  TD Bank respectfully notes that in addition to the authority previously cited to this Court, another recent case, *Groom v. Bank of America*, No. 8:08-cv-2467-JDW-EAJ (M.D. Fla. Jan. 9, 2012), has also held that actual knowledge is required for aiding and abetting liability.  TD Bank further objects to the omission of an instruction that the jury must find that TD Bank intended to aid and abet the underlying fraud against Coquina.  Finally, TD Bank respectfully restates its objections under Eleventh Circuit precedent and pursuant to its Seventh Amendment rights made during the charge conference, and explained in its filings with the

Court, to the removal of its Proposed Instructions on Coquina's purported settlement damages (Proposed Instruction Nos. 21, 22, and 23).

## PLAINTIFF'S STATEMENT IN OPPOSITION

Coquina objects to TD Bank's statement above to the extent it constitutes an implicit "motion for reconsideration" on jury instruction issues already decided by this Court. Coquina respectfully requests that the Court not reconsider its prior rulings at this juncture. Alternatively, Coquina respectfully requests the opportunity to respond to any prior rulings the Court intends to reconsider.

Respectfully submitted this 15th day of January, 2012.

By:  /s/ David S. Mandel

MANDEL & MANDEL LLP
169 East Flagler Street, Suite 1200
Miami, Florida 33131
Telephone:  305.374.7771
Facsimile:  305.374.7776


DAVID S. MANDEL
 Florida Bar No. 38040
dmandel@mandel-law.com

NINA STILLMAN MANDEL
 Florida Bar No. 843016

JASON B. SAVITZ
 Florida Bar. No. 36444


**Attorneys for Coquina Investments**

GREENBERG TRAURIG, P.A.
333 Avenue of the Americas
Miami, Florida  33131
Telephone:  (305) 579-0500
 Facsimile:  (305) 579-0717


 /s/ Mark P. Schnapp
MARK P. SCHNAPP
Florida Bar No. 501689
schnappm@gtlaw.com
HOLLY R. SKOLNICK
Florida Bar No. 390860
skolnickh@gtlaw.com



GREENBERG TRAURIG, P.A.
GLENN E. GOLDSTEIN
Florida Bar No. 435260
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL  33301
Telephone:  (954) 765-0500
Facsimile:   (954) 765-1477

and

GREENBERG TRAURIG, LLP
DONNA M. EVANS
Massachusetts Bar No. 554613
(admitted pro hac vice)
One International Center
Boston, MA  02110
Telephone:  (617) 310-6000
Facsimile:  (617) 310-6001

**Attorneys for TD Bank, N.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of January, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  _/s/ Mark P. Schnapp_

MARK P. SCHNAPP

## SERVICE LIST

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Attorneys for Plaintiff Coquina Investments*