UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

    Defendants.

## COQUINA'S PROPOSED VERDICT FORMS AND SPECIAL INTERROGATORIES AND OBJECTIONS TO TD BANK'S PROPOSED VERDICT FORMS

Plaintiff Coquina Investments ("Coquina"), by and through undersigned counsel, submits its proposed verdict forms and special interrogatories and objections to TD Bank's proposed verdict forms pursuant to this Court's rulings during the charge conference on January 13, 2012.

Coquina Investments has attempted, in good faith, to reach agreement with TD Bank regarding a joint submission of proposed verdict forms. Coquina reviewed TD Bank's proposed verdict forms and conferred with counsel telephonically in an effort to reach an agreement with respect to them. Regrettably, the parties are simply too far apart in their respective positions in order to provide the Court with a meaningful joint submission. The parties have worked to try to reach an agreement, but were unable to do so.[1]

Accordingly, Coquina submits below (1) Coquina's understanding of the Court's rulings, (2) Coquina's objections to TD Bank's proposed verdict forms, (3) a summary of Coquina's

---

[1] Counsel for Coquina Investments apologizes to the Court for the delayed filing. Counsel for Coquina and TD Bank have been working diligently in an effort to reach common ground on the interrelated jury instructions and verdict forms in order to minimize Court intervention. The parties finally were able to reach agreement on the great majority of jury instructions and have made a joint filing of them. The parties were unable to reach agreement as to the less voluminous verdict forms for the reasons stated herein.

position and (4) Coquina's proposed verdict forms and special interrogatories. A copy of Coquina's proposed verdict forms and interrogatories has been emailed to chambers (Cooke@flsd.uscourts.gov) in Microsoft Word format.

1. <u>**Coquina's Understanding of The Court's Rulings**</u>

Based on the Court's January 13, 2011, charge conference, Coquina understands that the Court has instructed the parties to prepare verdict forms that track the language of the corresponding instruction to be given to the jury. Indeed, Coquina understands that the Court wants to avoid a verdict form that includes an interrogatory that "is not the instruction that we're going to be giving [the jury]." (Charge Conf. Tr. at 211, ll. 5-6). Coquina understands that the jury verdict forms should track the language of the jury instructions "we finally ironed out" in order to reach the Court's desired middle ground between Plaintiff's "simplistic" and Defendant's "overly complicated" proposed verdict forms. (Charge Conf. Tr. at 212, ll. 21-25). Indeed, Coquina Investments believed that counsel for TD Bank had a similar understanding:

> MR. GOLDSTEIN: So Your Honor, I understand your ruling, **you want us to look at the way you revised the instruction and make the verdict form comport to the revised instruction**.
>
> THE COURT: Yes, sir. But I definitely don't want repeated at each one, you just do at the top, "do you find by a preponderance of the evidence," and then go through what you need to go through. I like the fact of how you specifically are saying, **you're matching it up, that part, I like. But it doesn't match up to what we've instructed them or plan to instruct them**.
>
> (Chart Conf. Tr. at 212, ll. 7-18) (emphasis added).

2. <u>**Coquina's Objections to TD Bank's Proposed Verdict Forms**</u>

Simply put, Coquina objects to TD Bank's proposed verdict forms and special interrogatories because Coquina does not believe they track the language of the instructions to be

given to the jury. Coquina believes that the proposed verdict forms should essentially "cut-and-paste" the Court's final instructions to be given to the jury.

For example, the parties' agreed instruction on "Fraudulent Misrepresentation" includes six elements that "Plaintiff must prove . . . by a preponderance of the evidence." Coquina believes, therefore, that the proposed verdict form should include six interrogatories that track these six elements. Conversely, TD Bank's proposed verdict form includes ten special interrogatories and other additional language not included in the "fraudulent misrepresentation" instruction.

A similar problem exists as to TD Bank's proposed verdict forms concerning Count II ("Aiding and Abetting Fraud") and "Damages" as Coquina believes TD Bank's proposal does not comport with this Court's rulings. For example, where "joint and several liability" is at issue, Coquina objects to TD Bank's repeated damages instruction asking the jury to calculate the amount of damages based solely upon the "direct and proximate result of TD Bank's alleged conduct." Coquina strongly believes such language improperly asks the jury to assess several liability. Coquina asserts that the damages instruction should either read "Defendants" or "Defendant Rothstein and Defendant TD Bank" where "joint and several" liability applies.

In short, Coquina believes that TD Bank's proposed verdict forms do not match the instructions to be given to the jury, include the "redundancies" the Court wanted to avoid, and inserts extraneous language that is not included in the corresponding instructions to the jury.

**3. Coquina's Proposal**

Plaintiff Coquina proposes that the Court use its Count I and Count II verdict forms, which are based on on the Eleventh Circuit Pattern Instruction (Count I – fraud) and this Court's rulings on Friday, January 13, 2012. The Court directed the parties to use the court-approved language for the jury instructions and incorporate same into the verdict forms. As to Count I, in

an effort to compromise, Plaintiff has included language requested by Defendant TD Bank in paragraphs 1 and 6. Defendant's proposed instruction is confusing and misleading to the jury. In addition, each count should have a separate damages calculation, as each count stands on its own for purposes of damages.

As to Count II, Plaintiff also included the language this Court approved for the elements of the aiding and abetting jury instruction. Defendant's proposed instruction is confusing and misleading, includes many questions and factors that the jury is not required to find. The jury will already have received the Court's instructions, and contrary to the Defendant's proposal, the verdict form should re-incorporate every sentence from the instruction. Plaintiff respectfully requests the Court use its proposed special interrogatories and verdict forms for both counts. Again, the damages component should be included on the same page as each substantive claim.

4. **Coquina's Proposed Verdict Forms and Special Interrogatories**

Coquina's proposed verdict forms and special interrogatories appear below.

PLAINTIFF'S PROPOSED COUNT I -- FRAUDULENT MISREPRESENTATION

Do you find, by a preponderance of the evidence presented, that:

1. A TD Bank employee or employees made one or more misrepresentations or omissions to Coquina, acting within the scope of his or her employment?

    Answer Yes or No: _____

2. The misrepresentation or omission related to a material existing fact?

    Answer Yes or No: _____

3. TD Bank knew at the time it made the misrepresentation or omission that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading?

    Answer Yes or No: _____

4. TD Bank intended to induce Coquina to rely and act upon the misrepresentation or omission?

    Answer Yes or No: _____

5. Coquina relied upon the misrepresentation or omission?

    Answer Yes or No: _____

6. TD Bank's misrepresentations or omissions were not known or obvious to Coquina?

    Answer Yes or No: _____

7. The misrepresentation or omission related to a material existing fact?

    Answer Yes or No: _____

    Note: If you answered "no," to any of the preceding questions, please skip all remaining questions and have the Foreperson sign below.

8. Coquina should be awarded the following damages:

    a.   Compensatory Damages in the amount of $_____; and

    b.   Punitive Damages in the amount of $_____.

So say we all, this ___ day of January, 2012.

_____
Foreperson

5

PLAINTIFF'S PROPOSED COUNT II – AIDING AND ABETTING

Do you find, by a preponderance of the evidence presented, that:

1. The existence of the underlying Rothstein fraud against Coquina;

   Answer Yes or No _____

2. That TD Bank had knowledge of the fraudulent representations Rothstein made to perpetrate the fraud against Coquina;

   Answer Yes or No _____

3. That TD Bank provided substantial assistance to advance the commission of the fraud against Coquina; and

   Answer Yes or No _____

4. That Coquina was injured in its business or property as a proximate result of TD Bank's substantial assistance in Rothstein's fraud against Coquina.

   Answer Yes or No _____

Note: If you answered "no," to any of the preceding questions, please skip all remaining questions and have the Foreperson sign below.

5. Coquina should be awarded the following damages:

   a. Compensatory Damages in the amount of $_____; and

   b. Punitive Damages in the amount of $_____.

So say we all, this ___ day of January, 2012.

_____
Foreperson

CASE NO. 10-60786-Civ-Cooke/Bandstra

**AFFIRMATIVE DEFENSE**

**Proceed to the following question <u>only</u> if you have found for Coquina on one or more of the Counts above. If you have not found for Coquina on one or more of the counts above, please skip the following question and proceed to the end of this form.**

<u>*WAIVER*</u>

     **Do you find, by a preponderance of the evidence presented, that Coquina through its own conduct voluntarily and intentionally waived its right to recover in this action?**

                              **Answer Yes or No: _____**

Dated:  January 15, 2012            Respectfully submitted,

                                                     MANDEL & MANDEL LLP
                                                     169 East Flagler Street, Suite 1200
                                                     Miami, Florida  33131
                                                     Telephone: 305.374.7771
                                                     Facsimile: 305.374.7776
                                                     dmandel@mandel-law.com

                                     By:     /s/ David S. Mandel_____
                                                     DAVID S. MANDEL
                                                        Florida Bar No. 38040
                                                    NINA STILLMAN MANDEL
                                                        Florida Bar No.: 843016
                                                    JASON B. SAVITZ
                                                        Florida Bar No. 36444

                                                     *Attorneys for Coquina Investments*

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 15, 2012, a true and correct copy of the foregoing was electronically filed with the clerk of the Court using CM/ECF.

                                                     /s/ David S. Mandel _____