UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

    Defendants.

**DEFENDANT TD BANK, N.A.'S NOTICE OF FILING OF ITS OBJECTIONS TO COQUINA'S PROPOSED VERDICT FORMS AND SPECIAL INTERROGATORIES**

Defendant TD Bank, N.A. ("TD Bank" or the "Bank"), by and through its undersigned counsel, respectfully submits this Notice of Filing of its objections to Coquina's Proposed Verdict Forms and Special Interrogatories and Objections to TD Bank's Proposed Verdict Forms (D.E. 734). As TD Bank explained yesterday in its Notice of Filing (D.E. 733), TD Bank was not given an opportunity to review a draft of Coquina's proposed verdict forms and, as Coquina did not file its verdict forms until very early this morning, TD Bank has had only this morning to review Coquina's filed verdict form and interrogatories.

TD Bank, for the reasons stated in its previously submitted objections (D.E. 714-1 and D.E. 714-3), respectfully submits that Coquina's proposed interrogatories do not accurately reflect Florida law as to the individual elements of Coquina's causes of actions, specifically, as to the elements of vicarious liability, reliance, and causation. TD Bank thus hereby incorporates and renews its objections to Coquina's proposed interrogatories. Coquina has the burden of proof on each of the elements of its claims, including vicarious liability, reliance, and causation,

and TD Bank is entitled to have the jury asked whether Coquina has satisfied its burden of proof as to those elements. TD Bank further states as follows:

1.  This Court already suggested during the charge conference on January 13, 2011, that TD Bank is entitled to ask the jury specific interrogatories as to whether Coquina satisfied its burden of proof on vicarious liability. During its charge conference, the Court agreed with TD Bank as to its first three proposed interrogatories (Transcript p. 209) -- two of which related specifically to vicarious liability (*see* D.E. 714-2) -- but noted that, because the language of the proposed instructions had changed, "once you get past four, it becomes very confusing." (Transcript pp. 209-10.) Coquina, then, is correct that this Court instructed both parties to revise their proposed interrogatories to conform to the Court's rulings on the instructions; however, the Court clearly indicated that TD Bank was entitled to have the jury asked specific interrogatories on vicarious liability. TD Bank respectfully submits that its revised interrogatories on both claims (*See* D.E. 733-1) accurately track the language of the Court's proposed instruction on vicarious liability. (*See* D.E. 732 (Instruction No. 11).)

2.  Coquina's proposed verdict form improperly asks the jury to award damages -- both compensatory and punitive damages -- as to each of their claims. This is improper under the law, for the reasons TD Bank has previously stated in its objections. (*See* D.E. 714-3.) Moreover, it does not follow the Court's instructions to the parties during the charge conference on January 13, 2012. In fact, TD Bank's counsel specifically asked the Court how the damage interrogatories should appear, and the Court stated that damages interrogatories should appear only once, by themselves:

> Mr. Goldstein:   Judge, do you want a verdict form at the end?
> The Court:       Yes.
> Mr. Goldstein:   On damages only, as far as on compensatory -- one for compensatory and one for punitive, just by themselves?

The Court			Just by themselves.

(Transcript pp. 213-14.) TD Bank therefore objects to Coquina's proposed verdict form insofar as it is inconsistent with the Court's instructions and damages law. TD Bank respectfully submits that its proposed damages interrogatories should be used, and that its proposed punitive damages interrogatories are necessary to ensure that the jury fully understands the burden of proof that must be satisfied, and the findings it must make, before punitive damages are awarded.

3. Accordingly, TD Bank objects to Coquina's Proposed Verdict Form.

Respectfully submitted this 16th day of January, 2011.

>GREENBERG TRAURIG, P.A.
>333 Avenue of the Americas
>Miami, Florida  33131
>Telephone:  (305) 579-0500
> Facsimile:  (305) 579-0717
>
> /s/  Mark P. Schnapp
>MARK P. SCHNAPP
>Florida Bar No. 501689
>*schnappm@gtlaw.com*
>HOLLY R. SKOLNICK
>Florida Bar No. 390860
>*skolnickh@gtlaw.com*
>
>
>GREENBERG TRAURIG, P.A.
>GLENN E. GOLDSTEIN
>Florida Bar No. 435260
>401 East Las Olas Boulevard, Suite 2000
>Fort Lauderdale, FL  33301
>Telephone:  (954) 765-0500
>Facsimile:   (954) 765-1477
>
>and
>
>GREENBERG TRAURIG, LLP
>DONNA M. EVANS
>Massachusetts Bar No. 554613
>(admitted *pro hac vice*)
>One International Center
>Boston, MA  02110
>Telephone:  (617) 310-6000
>Facsimile:   (617) 310-6001
>
>***Attorneys for TD Bank, N.A.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Mark P. Schnapp
MARK P. SCHNAPP

## SERVICE LIST

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Attorneys for Plaintiff Coquina Investments*