UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60786-Civ-Cooke/Bandstra

COQUINA INVESTMENTS,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

    Defendants.

**DEFENDANT TD BANK, N.A.'S NOTICE OF FILING OF ITS OBJECTIONS TO THE JURY INSTRUCTIONS, VERDICT FORM, AND SPECIAL INTERROGATORIES**

Defendant TD Bank, N.A. ("TD Bank" or the "Bank"), by and through its undersigned counsel, respectfully submits this Notice of Filing of its objections to the verdict form sent by the Court to TD Bank's counsel this afternoon. For the reasons stated in TD Bank's objections to Coquina's verdict form (D.E. 736), TD Bank respectfully objects that the verdict form does not properly ask the jury whether Plaintiff satisfied its burden of proof as to *each* of the elements of the Plaintiff's claims for the specific reasons below:

(i) the Count I interrogatories, for Plaintiff's fraud claim, do not ask the jury whether it found that a TD Bank employee, if the jury finds that the employee made misrepresentations in the course and scope of his or her employment, did so in furtherance of the business of the bank, and did so in a manner reasonably foreseeable based on his or her employment (TD Bank's proposed interrogatories track the language of Instruction No. 11 (vicarious liability) on both points (*see* D.E. 733-1));

(ii) the Count II interrogatories, for Plaintiff's aiding and abetting claim, do not ask the jury whether it found the *specific elements* of Rothstein's alleged conduct necessary to find that he committed a fraud -- these elements are listed on pp. 14-15 of the Court's instructions -- which are necessary to determine, *inter alia*, whether the jury found that Rothstein's misrepresentations were known or obvious to Coquina, an essential part of TD Bank's theory of defense (*see also* TD Bank's Proposed Verdict Form (D.E. 733-1));

(iii) the Count II interrogatories also do not include any language asking the jury whether, if the jury finds that a TD Bank employee substantially assisted in the Rothstein fraud, that employee did so as part of his or her scope of employment, did so in furtherance of the business of the Bank, and did so in a manner reasonably foreseeable based on his or her employee (again, these interrogatories should track the language of the Court's vicarious liability instruction, as TD Bank's interrogatories did (D.E. 733-1)); and

(iv) the Count II interrogatories do not include any language asking the jury the specific interrogatories necessary to determine that it found that the alleged conduct constituted substantial assistance and was a proximate cause of Coquina's damages (*see* TD Bank's Proposed Verdict Form (D.E. 733-1)).

TD Bank also continues to object to the inclusion in the Court's fraud instruction of Coquina's specific allegations, as several of those allegations are unsupported by any evidence on record or do not accurately characterize the evidence in the record. (*See* D.E. 714-1 (TD Bank's objections to Coquina's Jury Instructions).)

Finally, TD Bank respectfully submits that the Court had instructed the parties that there should be a single verdict form for damages, at the end of the verdict form. TD Bank quotes the Court's language in its objections to Coquina's verdict form. (*See* D.E. 736.)   TD Bank

respectfully submits that the current verdict form, which asks for two awards of damage and two awards of punitive damages, and thus effectively asks the jury for four damages awards, is confusing and prejudicial, and is inconsistent with Florida law. For the reasons stated in TD Bank's previous filings with this Court (D.E. 714-3 and D.E. 736), the jury should be asked to award damages only a single time, at the end of the verdict form, and should be given specific interrogatories to determine whether it has made the specific findings, based on the specific burden of proof required for punitive damages, necessary to award punitive damages.

Respectfully submitted this 16th day of January, 2011.

                    GREENBERG TRAURIG, P.A.
                    333 Avenue of the Americas
                    Miami, Florida  33131
                    Telephone:  (305) 579-0500
                    Facsimile:  (305) 579-0717

                    */s/  Mark P. Schnapp*
                    MARK P. SCHNAPP
                    Florida Bar No. 501689
                    *schnappm@gtlaw.com*
                    HOLLY R. SKOLNICK
                    Florida Bar No. 390860
                    *skolnickh@gtlaw.com*


                    GREENBERG TRAURIG, P.A.
                    GLENN E. GOLDSTEIN
                    Florida Bar No. 435260
                    401 East Las Olas Boulevard, Suite 2000
                    Fort Lauderdale, FL  33301
                    Telephone:  (954) 765-0500
                    Facsimile:   (954) 765-1477

                    and

                    GREENBERG TRAURIG, LLP
                    DONNA M. EVANS
                    Massachusetts Bar No. 554613
                    (admitted *pro hac vice*)
                    One International Center
                    Boston, MA  02110
                    Telephone:  (617) 310-6000
                    Facsimile:   (617) 310-6001

                    ***Attorneys for TD Bank, N.A.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Mark P. Schnapp
MARK P. SCHNAPP

## SERVICE LIST

David Scott Mandel, Esq.
Nina Stillman Mandel, Esq.
Jason Brent Savitz, Esq.
Mandel & Mandel LLP
Alfred I. DuPont Building
169 East Flagler Street
Suite 1200
Miami, Florida  33131
Telephone:  (305) 374-7771
Facsimile:  (305) 374-7776
*dmandel@mandel-law.com*
*nsmandel@mandel-law.com*
*jsavitz@mandel-law.com*

*Attorneys for Plaintiff Coquina Investments*