**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 10-60786-Civ-COOKE/BANDSTRA**

COQUINA INVESTMENTS,

     Plaintiff,

vs.

SCOTT W. ROTHSTEIN and TD BANK, N.A.,

     Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may

have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true and accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is something called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

In this case the Plaintiff claims that the Defendant Rothstein and TD Bank committed a fraud -- that Defendant Rothstein and Defendant TD Bank made certain allegedly false and fraudulent misrepresentations and omissions to the Plaintiff.  TD Bank denies that it engaged in any fraudulent conduct and denies that it made any misrepresentations to the Plaintiff.

The term "fraud" is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting injury or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by Defendant TD Bank not misleading to the Plaintiff.

In this instance the alleged misrepresentations and omissions that the Plaintiff claims Defendant Rothstein and Defendant TD Bank fraudulently made are as follows:

Defendant Rothstein fraudulently represented:

a.      That his law firm, Rothstein, Rosenfeldt & Adler, or "RRA," had various clients who were settling sexual harassment or whistle-blower

claims against wealthy, successful defendants, in exchange for series of payments over time;

b.      that these clients wanted to sell the series of payments in exchange for an immediate discounted payment;

c.      that the alleged defendant of the sexual harassment claim had already deposited the full amount of the settlement in RRA's accounts at TD Bank;

d.      that these structured settlements were available for sale, in exchange for the lump-sum payment that would be paid immediately to the alleged plaintiff.

Defendant TD Bank, through its officer former Regional Vice President Frank Spinosa, made false and fraudulent representations and omissions in personal meetings, in conversations over the telephone, and in writing, on which he knew Coquina would rely.  Specifically:

(A)     fraudulently misrepresenting the existence and value of the settlement agreements purchased by Coquina;

(B)     fraudulently misrepresenting that the settlements actually existed and had been fully funded;

(C)     fraudulently misrepresenting that the settlement agreements would be paid out to Coquina over a predetermined schedule;

9

(D)     supplying Coquina with false and fraudulent letters purporting to irrevocably restrict transfers from the Coquina account at TD BANK;

(E)     supplying Coquina with false and fraudulent bank account statements for the Coquina account at TD BANK;

(F)     TD Bank, through its officers and employees, failing to inform Coquina that the accounts at TD Bank could not be restricted in the manner represented by TD Bank in the lock letters; and

(G)     TD Bank, through its officers and employees, failing to inform Coquina that at the time the representations were made to Coquina, the bank account designated for Coquina's benefit did not contain millions of dollars, but in fact contained $100.

Each of these alleged misrepresentations and omissions should be considered and judged separately in accordance with the instructions that follow. Plaintiff does not need to prove all of them in order to recover, but must prove at least one of them.

To prevail on this claim of fraud, therefore, the Plaintiff must prove each of the following by a preponderance of the evidence:

First:     That Defendant TD Bank made one or more of those alleged misrepresentations or omissions;

<u>Second</u>:     That the misrepresentation or omission related to a material existing fact;

<u>Third</u>:      That Defendant TD Bank knew at the time it made the misrepresentation that it was false or acted with reckless disregard for its truth or falsity or that the omission made other statements materially misleading;

<u>Fourth</u>:     That Defendant TD Bank intended to induce the Plaintiff to rely and act upon the misrepresentation or omission;

<u>Fifth</u>:      That the Plaintiff relied upon the misrepresentation or omission; and

<u>Sixth</u>:      That the Plaintiff suffered injury or damage as a result.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

To make a "misrepresentation" simply means to state as a fact something that is false or untrue. To make a material "omission" is to omit or withhold the statement of a fact, knowledge of which is necessary to make other statements not misleading.

To constitute fraud, then, a misrepresentation must not only be false, or an omission must not only make other statements misleading, but must also be "material" in the sense that it relates to a matter of some importance or significance rather than a minor or trivial detail.

It must also relate to an "existing fact." Ordinarily, a promise to do something in the future does not relate to an existing fact and cannot be the basis of

a claim for fraud unless the person who made the promise did so without any present intent to perform it or with a positive intent not to perform it.  Similarly, a mere expression of opinion does not relate to an existing fact and cannot be the basis for a claim of fraud unless the person stating the opinion has exclusive or superior knowledge of existing facts that are inconsistent with such opinion.

To constitute fraud the Plaintiff must also prove that Defendant TD Bank made the misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident.  It must be proved that Defendant TD Bank either knew of the falsity of the misrepresentation or the false effect of the omission, or that Defendant TD Bank made the misrepresentation or omission in reckless disregard for its truth or falsity.

Finally, to constitute fraud Coquina must prove that Defendant TD Bank intended for the Coquina to rely upon the misrepresentation or omission; that Coquina did in fact rely upon the misrepresentation or omission; and that the Plaintiff suffered injury or damage as a proximate result of the fraud.

(Florida Law)

When it is shown that TD Bank made a material misrepresentation with the intention that Coquina rely upon it, then, under the law, Coquina may rely upon the truth of the representation even though its falsity could have been discovered had

Coquina made an investigation, unless Coquina knows the representation to be false or its falsity is obvious to it.

Damages are the proximate or legal result of the fraud if you find from a preponderance of the evidence that, except for Defendant TD Bank's conduct, the damages would not have occurred.  The fraudulent act may be a proximate or legal cause of damages even though the act operates in combination with the act of another so long as the fraud contributes substantially to producing the damages.

Now, if you find that the Plaintiff has failed to prove the claim of fraud under these instructions, then, of course, your verdict will be for TD Bank, and you need not give any consideration to the issue of damages.

On the other hand, if you find for the Plaintiff, you must then consider any defenses as to which TD Bank has the burden of proof by a preponderance of the evidence.

The Plaintiff also claims that Defendant TD Bank aided and abetted Rothstein's fraud. To prevail on this claim of aiding and abetting fraud, the Plaintiff must prove each of the following facts:

First:    The existence of the underlying Rothstein fraud against Coquina;

Second:   That TD Bank had knowledge of the fraudulent representations Rothstein made to perpetrate the fraud against Coquina;

Third:    That TD Bank provided substantial assistance to advance the commission of the fraud against Coquina; and

Fourth:   That Coquina was injured in its business or property as a proximate result of TD Bank's substantial assistance in Rothstein's fraud against Coquina.

First, Coquina must prove each element of what it alleges is the underlying fraud by Rothstein against Coquina. To do so, it must prove that:

- (1) that Rothstein made one or more of the alleged misrepresentations to Coquina;

- (2) that the misrepresentation related to a material existing fact;

- (3) that Rothstein knew at the time he made the misrepresentations that they were false or acted with reckless disregard for their truth or falsity;

- (4) that Rothstein intended to induce Coquina to rely and act upon the misrepresentation;

- (5) that Coquina relied upon the misrepresentations, and that Rothstein's misrepresentations were not known or obvious to Coquina; and

- (6) that Coquina suffered injury or damage as a result.

In order to prove knowledge, Coquina must prove that TD Bank was generally aware of its role in Rothstein's fraud.

TD Bank's knowledge of the fraud may be inferred from circumstantial evidence. Knowledge of the fraud may be inferred from transactions that are atypical or lack business justification.

To prove substantial assistance, Coquina must prove that TD Bank affirmatively assisted Rothstein or helped conceal Rothstein's fraud against Coquina. In making this determination, you may consider the totality of the evidence.

Plaintiff must also prove that it suffered damages as a proximate result of TD Bank's aiding and abetting the fraud. Under the law, an aider-abettor is liable for damages caused by the main perpetrator. You may only find that TD Bank "substantially assisted" in the fraud causing the damages Coquina seeks to recover from TD Bank if you find that TD Bank's alleged conduct in the fraud against Coquina proximately caused those damages.

You are instructed that Defendant Scott Rothstein has defaulted on the fraud count of the complaint that Coquina filed against Defendants Rothstein and TD Bank. A "default" means that Rothstein failed to answer or otherwise defend the allegations in the Complaint. You are instructed that the effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true as to Defendant Rothstein. You are instructed that Rothstein's default judgment relates only to the allegations against Rothstein, and does not have any effect on Plaintiff's allegations against TD Bank.

On the Plaintiff's claim there is a preliminary issue for you to decide.  That issue is whether any TD Bank employee was an agent of TD Bank and was acting within the scope of his or her employment at the time relevant to this case.  An agent is a person who is employed to act for another, and whose actions are controlled by his or her employer or are subject to his or her employer's right of control.  An employer is responsible for the acts of its agent if the acts occur while the agent is performing services which he or she was employed to perform or while the agent is acting at least in part because of a desire to serve his or her employer and is doing something that is reasonably incidental to his or her employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.

If the preponderance of the evidence does not support Plaintiff's claim on this issue, then your verdict on Plaintiff's claims should be for the Defendant.  However, if the preponderance of the evidence supports the claim of Plaintiff on this issue, then you should decide the issue in favor of Plaintiff.

Under the law, the knowledge and actions of a bank officer or director, such as Regional Vice-President Frank Spinosa, may be imputed to a bank, such as Defendant, TD Bank.  This is known as the imputation doctrine.

During the trial you heard evidence by a past employee of Defendant TD Bank, Frank Spinosa, refusing to answer certain questions on the grounds that it may tend to incriminate them based on the Fifth Amendment privilege against self-incrimination.  A witness has a constitutional right to decline to answer on the grounds that it may tend to incriminate him.  Under the law, whenever a past TD Bank employee refuses to answer questions, you may infer, but do not need to find that the answers would have been adverse to TD Bank's interests.  A TD Bank employee's assertion of the Fifth Amendment privilege alone is not a proper basis for finding TD Bank liable in this case.  However, in conjunction with other evidence that was presented, you may consider a TD Bank employee's assertion of the Fifth Amendment privilege in determining TD Bank's liability in this case.

During trial a witness, Steven Caputi, followed the instruction of his counsel and invoked his constitutional right under the Fifth Amendment to decline to answer questions.  You should not automatically assume that a witness has done something wrong because that witness asserts his or her Fifth Amendment rights.

Where a witness has refused to answer a question by invoking his or her Fifth Amendment right, for certain questions you may, but you need not, draw a negative inference against the witness based on the witness's refusal to answer a particular question.  A negative inference means that you can infer from the

witness's assertion of his Fifth Amendment privilege that the answer would have been adverse, or harmful, to the witness's interest.  You can make this inference only if that inference is warranted by the facts surrounding the case, and there is independent, corroborating evidence for the inference.  However, you need not draw such an inference.

If you find that Coquina has failed to prove any element of its two claims under these instructions, then, of course, your verdict will be for TD Bank.  On the other hand, if you find that Coquina has proved any of its claims, you must then consider TD Bank's defense to these claims.  TD Bank has raised one defense, which I will now explain.  As to this defense, TD Bank has the burden of proof by a preponderance of the evidence.

TD Bank has asserted a waiver defense.   Waiver is a defense to a charge of fraud where the party claiming to have been defrauded discovered, or reasonably should have discovered, the nature of the deception through ordinary diligence. The intent to waive a claim of fraud may be inferred from the party's conduct and the surrounding circumstances. In order to find that the Plaintiffs waived their rights to recover damages for the alleged fraud you must find that Coquina had actual or constructive knowledge of Rothstein's fraudulent activity yet continued to invest.

If you find for the Plaintiff on either fraud claim and against Defendant TD Bank on the defense to those claims, you will then consider the amount of money damages to be awarded to the Plaintiff.  In that respect you should award the Plaintiff an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.

In considering the issue of the Plaintiff's damages you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant TD Bank.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

The Plaintiff claims that punitive damages should be awarded against TD Bank for its employees' conduct in this case.  Punitive damages are warranted if you find by clear and convincing evidence that at least one TD Bank employee was personally engaged in intentional misconduct, which was a substantial cause of loss, injury, or damage to the Plaintiff, and that:

(A). TD Bank actively and knowingly participated in such conduct of its employees; or

(B).  The officers, directors, or managers of TD Bank knowingly condoned, ratified, or consented to such conduct of its employees.

If clear and convincing evidence does not show such conduct by TD Bank, punitive damages are not warranted against TD Bank.

"Intentional misconduct" means that TD Bank had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to Plaintiff and, despite that knowledge, TD Bank intentionally pursued that course of conduct, resulting in injury or damage.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

Only if you find all of the elements set forth above may you then decide the amount of punitive damages, if any, to be assessed as punishment against TD Bank and as a deterrent to others.  This amount would be in addition to the compensatory damages you have previously awarded.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish TD Bank for the specific conduct that harmed the Plaintiff in the case and for only that conduct.  For example, you cannot assess punitive damages for TD Bank being a distasteful individual or business. Punitive damages are meant to punish TD Bank for this conduct only and not for conduct that occurred at another time. Your only task is to punish TD Bank for the actions they took in this particular case.

If you find that punitive damages should be assessed against TD Bank, you may consider the financial resources of TD Bank in fixing the amount of such damages.

You may in your discretion decline to assess punitive damages.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form(s) to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form(s), date and sign it/them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.