UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CV-60786 COOKE/BANDSTRA

COQUINA INVESTMENTS,

    Plaintiff,

vs.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.,

    Defendants.

_____/

## DEFENDANT TD BANK'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING TD BANK'S MOTION TO STRIKE

Defendant T.D. Bank, N.A. ("TD") respectfully submits this memorandum in reply to plaintiff Coquina Investments' opposition (Dkt. 890) to TD's motion to strike (Dkt. 889).

Coquina's response rests on a fundamental misunderstanding of the law. It repeatedly asserts that it is TD's burden to show good faith—in other words, that TD is guilty until it proves itself innocent. That is not the law. This Court repeatedly has held that "the moving party has the burden of proof," *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010), and that rule is no different when a party moves for sanctions and alleges bad faith. *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 1456029, at *29 (S.D. Fla. Apr. 5, 2011) (spoliation); *Hill v. Lazarou Enters., Inc.*, No. 10-61479-CIV, 2011 WL 860532, at *2 (S.D. Fla. Jan. 31, 2011) ("[T]he defendant has failed to show bad faith on the part of the plaintiff or her counsel."), *recommendation adopted*, 2011 WL 883207 (S.D. Fla. Mar. 9, 2011); *Gold Coast Prop. Mgmt., Inc. v. Valley Forge Ins. Co.*, No. 09-60029-CIV, 2010 WL 473197, at *2 (S.D. Fla. Feb. 5, 2010) ("Defendant has failed to show that

1

Plaintiff's counsel has engaged in bad faith."); *see also Stanfill v. Talton*, --- F. Supp. 2d ---, 2012 WL 1035385, at *11 (M.D. Ga. 2012) ("Plaintiff has not met his burden of showing that [Defendants] acted in bad faith."). Under this firmly established principle, Coquina cannot overcome the dearth of evidence for its accusations by simply passing the buck to TD Bank.

Coquina principally relies on cases supporting the unremarkable proposition that if a party asserts an *affirmative defense*, like inability to comply with a discovery obligation, it must prove that defense. But the burden of proving an affirmative defense arises "once the [movant] present[s] clear and convincing evidence of . . . subjective bad faith"—not *before* the movant has presented such evidence. *Leor Exploration & Prod., LLC v. Aguiar*, No. 09-60136-CIV, 2010 WL 3782195, at *8 (S.D. Fla. Sept. 28, 2010) (defense of mental health); *accord Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993) (defense of inability to comply). The other cases that Coquina cites say nothing about which party has the initial burden of proof. Rather, they simply show courts weighing the evidence when the movant has presented evidence of bad faith and the other party has offered only silence. *Cf. Immuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 572 (S.D. Fla. 2001) ("Defendants have been given an opportunity to explain this sudden change in their position . . . and have not done so."); *Arbor Int'l Foods, LLC v. Reco Sales Corp.*, No. 05 CV 256, 2006 WL 2927518, at *3 (N.D. Ga. 2006) ("Plaintiff points to no evidence attempting to excuse its failure . . . .").

Unlike the parties in those cases, TD Bank provided candid testimony by every witness the Court requested. TD's employees explained that they produced the CDD in native format to Stroz and that they produced a legible hard copy when outside counsel asked for it. *See* May 17 Hr'g Tr. at 58:10-22, 118:14-19. Far from hiding the text of the banner, TD's employee Sara Pinkus brought it to counsel's attention at her deposition. *Id.* at 62:5-7. And when counsel asked

2

about the "Standard Investigative Protocol," TD employees explained that they had produced the matrix that they called by that name. *See id.* at 170:3-14, 216:10-17. Moreover, TD had sent counsel the document actually titled "Standard Investigative Protocol" (as opposed to "Tools") in April 2011, months before the trial began. *Id.* at 228:1-6.

Coquina presented no evidence to the contrary, and now (improperly) asks the Court to infer bad faith on the basis of speculation about what the witnesses Coquina *failed* to call—despite their presence in court—*might* have said. (Indeed, this is doubly illogical: the uncontested testimony established that TD employees worked with outside counsel, not in-house counsel, to produce documents. *See, e.g.*, May 17 Hr'g Tr. at 202:19-203:1.) But if the burden of proof means anything, it means that a moving party cannot make naked accusations, then demand that its opponent prove its innocence. Here, Coquina has "been given an opportunity to explain" its position but "ha[s] not done so." *Immuno Vital*, 203 F.R.D. at 572. The Court need not and should not entertain its attempt to do so after the fact, on the basis of nonexistent testimony. Coquina's submission regarding the "evidence" of in-house counsel's silence should be stricken.[1]

---

[1] TD Bank maintains its objection to the belated Ghiglieri declaration. Coquina attempts to justify that submission by adding the word "and" to the Court's actual instruction, see May 18 Tr. 101:22, while ignoring the Court's other statements that it was requesting "post-hearing *briefs* and responses," *id.* at 6, and additional "briefing," May 17 Tr. at 158. And none of that excuses the defects inherent in the declaration itself, or Coquina's failure to present evidence at the hearing that was specifically called for that purpose, when TD Bank would have had a meaningful opportunity to confront these assertions.

Dated: June 20, 2012

          Respectfully submitted,

          *s/Marcos Daniel Jiménez*
          Marcos Daniel Jiménez (FBN 0441503)
          mjimenez@kasowitz.com
          Scott B. Cosgrove (FBN 0161365)
          scosgrove@kasowitz.com
          Audrey M. Pumariega (FBN 0085206)
          apumariega@kasowitz.com
          Kasowitz, Benson, Torres & Friedman LLP
          1441 Brickell Avenue, Suite 1420
          Miami, FL 33131
          Telephone: (786) 587-1047
          Facsimile: (305) 377-1664

          Peter J. Covington
          pcovington@mcguirewoods.com
          Jason D. Evans
          jevans@mcguirewoods.com
          201 North Tryon Street, Suite 3000
          Charlotte, NC 28202
          Telephone: (704) 343-2000
          Facsimile: (704) 343-2300

          *Attorneys for Defendant TD Bank, N.A.*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF filing on June 20, 2012 on all counsel or parties of record on the service list below.

*s/Audrey M. Pumariega*
Audrey M. Pumariega

## SERVICE LIST

| | |
|---|---|
| Camellia Noriega, Esq.<br>Mandel & Mandel LLP<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>(305) 374-7771<br>(305) 374-7776 (fax)<br>*Attorneys for Plaintiff* | David Scott Mandel, Esq.<br>Mandel & Mandel LLP<br>169 E Flagler Street, Suite 1200<br>Miami, FL 33131<br>(305) 374-7771<br>(305) 374-7776 (fax)<br>*Attorneys for Plaintiff* |
| Nina Stillman Mandel, Esq.<br>Mandel & Mandel LLP<br>169 E Flagler Street, Suite 1200<br>Miami, FL 33131<br>(305) 374-7771<br>(305) 374-7776 (fax)<br>*Attorneys for Plaintiff* | Jason Brent Savitz, Esq.<br>Mandel & Mandel LLP<br>169 E. Flagler Street, Suite 1200<br>Miami, FL 33131<br>(305) 374-7771<br>(305) 374-7776 (fax)<br>*Attorneys for Plaintiff* |
| Miguel A. Estrada<br>Gibson Dunn & Crutcher<br>1050 Connecticut Avenue NW<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8500<br>Fax: (305) 467-0539<br>*Attorneys for Plaintiff* | Richard H. Critchlow<br>Kenny Nachwalter Seymour Arnold<br>Critchlow & Spector<br>Miami Center<br>201 S Biscayne Boulevard<br>Suite 1100<br>Miami, FL 33131-4327<br>305-373-1000<br>Fax: 372-1861<br>*Attorneys for Glenn Goldstein<br>Mark Schnapp and Holly Skolnick* |
| Harvey W. Gurland, Jr., Esq.<br>Duane Morris LLP<br>200 South Biscayne Blvd, Suite 3400<br>Miami, Florida 33131<br>*Attorneys for Third-Party Amanda Spencer* | Alexander Bono, Esq.<br>Duane Morris LLP<br>30 South 17th Street<br>Philadelphia, PA 19103-4196<br>*Attorneys for Third-Party Amanda Spencer* |

Richard A. Morgan
Buchanan Ingersoll & Rooney, P.C.
Miami Tower
100 S.E. 2nd Street, Suite 3500
Miami, Florida 33131
Phone: (305) 347-4080
Fax: (305) 347-4089
*Attorneys for Third-Party, Vincent J. Auletta*

Kelly A. McGovern
Buchanan Ingersoll & Rooney, P.C.
Miami Tower
100 S.E. 2nd Street, Suite 3500
Miami, Florida 33131
Phone: (305) 347-4080
Fax: (305) 347-4089
*Attorneys for Third-Party, Vincent J. Auletta*

Jennifer Olmedo-Rodriguez
Buchanan Ingersoll & Rooney, P.C.
Miami Tower
100 S.E. 2nd Street, Suite 3500
Miami, Florida 33131
Phone: (305) 347-4080
Fax: (305) 347-4089
*Attorneys for Third-Party, Vincent J. Auletta*

Stuart H. Singer
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
Fax: (954) 356-0022
*Attorneys for Greenberg Traurig LLP*

Stephen N. Zack
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
Fax: (954) 356-0022
*Attorneys for Greenberg Traurig LLP*

Markenzy Lapointe
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 356-0011
Fax: (954) 356-0022
*Attorneys for Greenberg Traurig LLP*

Hector L. Flores
Court House Center
40 NW 3rd Street, Penthouse 1
Miami, FL 33128
Tel: (305) 374-3998
Fax: (305) 374-3985
*Attorneys for Donna M. Evans*

Thomas R. Kiley
*Pro Hac Vice*
One International Place
Suite 1820
Boston, MA 02110
Tel: (617) 439-7775
Fax: (617) 330-8774
*Attorneys for Donna M. Evans*